Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 1 of 133

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**

---------------------------------------------------------------

**1915 REALTY LLC,**

                                     **Petitioner,**

          - against -

**DAMIAN BATISTA,**
**SANDRA BATISTA**
1915 Billingsly Terrace, Apt. 57
Bronx, NY 10453,

                                     **Respondent.**

---------------------------------------------------------------

          **Index No. LT 310915-25/BX**

          **NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that upon the annexed affirmation of JACLYN SPENCER, ESQ.,

dated October 21, 2025, the annexed affirmation of Damian Batista, dated October 21, 2025, the

attached exhibits, and all prior papers and proceedings had herein, a motion will be made before

this Court at the courthouse located at 1118 Grand Concourse, Part C, Room 590, Bronx, New

York, on October 24, 2025, at 9:30 a.m., or as soon thereafter as counsel may be heard, requesting

the Court:

1. Granting Respondent leave to interpose an amended answer attached hereto as Exhibit A and deeming the attached Answer properly served and filed pursuant to C.P.L.R. §§ 3025(b);
2. Granting summary judgment in Respondent's favor pursuant to C.P.L.R. § 3212(b); or,
3. In the alternative, dismissing the petition pursuant to C.P.L.R. § 3211(a)(1) and (7); and
4. Granting such other and further relief as this Court may deem just and proper.

**This motion is being noticed pursuant to C.P.L.R. § 406.**

Dated: October 21, 2025
Bronx, NY

Respectfully submitted,

_____
BRONX LEGAL SERVICES
By Jaclyn Spencer, Esq.
369 E. 148th Street, 2nd Floor
Bronx, NY 10455
(718) 928-3740
*Attorneys for Respondent*

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 2 of 133

To:    EDELMAN SCHWARTZ, PLLC
848 McDonald Avenue, 2nd Floor
Brooklyn, NY 11218
(212) 710-0264
*Attorneys for Petitioner*

Clerk of Court

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**
——————————————————————X

**1915 REALTY LLC**

                              *Petitioner*,                    **Index No. LT-310915-25/BX**

        -against-

                                                      **PROPOSED AMENDED**
**DAMIAN BATISTA,**                                   **ANSWER**
**SANDRA BATISTA,**
**JOHN DOE, JANE DOE**

**1915 Billingsly Terrace, Apt. 57**
**Bronx, NY 10453,**
                              *Respondent(s)*.

——————————————————————X

PLEASE TAKE NOTICE that Respondent DAMIAN BATISTA (hereinafter "Mr. Batista"), by and through his undersigned counsel, interposes the following in answer to the petition herein. These statements are made on information and belief.

1.    Mr. Batista lacks information sufficient to form a belief with respect to the allegations in paragraph 1.

2.    Mr. Batista denies the allegations in paragraphs 2-4, except to the extent that he admits he and his wife are the tenants of record for the subject premises, which is their residence, and they are currently in possession of said premises.

3.    Mr. Batista admits the allegations in paragraph 5 to the extent that the subject premises are described as Apartment 57 in the building at 1915 Billingsley Terrace, Bronx, NY 10453, and denies all remaining allegations.

4.    Mr. Batista denies the allegations in paragraph 6.

5.    Mr. Batista denies the allegations in paragraph 7, except to the extent that he admits the premises are subject to the rent stabilization law.

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 10 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 4 of 133

6.    Mr. Batista denies the allegations in paragraphs 8-10.

7.    Mr. Batista lacks information to form a belief as to the truth of the allegations in paragraph 11, except to the extent that he admits that the subject premises is a multiple dwelling unit subject to the Housing Maintenance Code.

8.    Mr. Batista denies any remaining allegation(s) not specifically admitted.

## FIRST DEFENSE: RENT PAID

1.    The petition should be dismissed pursuant to R.P.A.P.L. § 741(4) and R.P.A.P.L. § 711(2) because it misstates the facts upon which the proceeding is based.

2.    Respondent's share of the rent demanded has already been paid to Petitioner prior to the commencement of this proceeding. Those payments were not properly accounted for in the rent demand and the petition.

3.    The rent demanded in the rent demand is $1,121.73 for December 2023, $2,050.28 for January 2024, $1,002.67 for February 2024, $1,013.28 for April 2024, $1,013.28 for May 2024, $1,036.82 for June 2024, $1,036.82 for July 2024, and $64.72 for August 2024.

4.    The rent demanded in the petition is $212.76 for May 2024, and $892.00 for each of the following months: June 2024 through March 2025.

5.    In December 2023 through May 2024, Respondent's tenant share for the subject premises was $1,038.00. A DHCR rent reduction order lowered the rent from December 11, 2023 to January 4, 2024 to $1.00. Mr. Batista paid $1,038.00 on December 4, 2023, $1,038.00 on February 8, 2024, $1,038.00 on March 4, 2024, $1,022.89 on March 15, 2024, $1,038.00 on April 5, 2024, and $1,038.00 on May 3, 2024, In June 2024 and July 2024, Respondent's tenant share for the subject premises was $1076.00 and he paid $1,076.00 on June 4, 2024 and $1,076.00 on July 1, 2024. In August 2024 through March 2025, Respondent's tenant share for the subject

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 5 of 133

premises was $892.00 and he paid $892.00 on the following dates: August 1, 2024, September 6, 2024, October 2, 2024, November 1, 2024, December 2, 2024, January 2, 2025, February 7, 2025, and March 1, 2025.

6.     Therefore, the rent demand and petition do not accurately reflect the amount paid by the Respondent.

7.     The petition is fatally defective and must be dismissed.

8.     And further, as predicate notices cannot be amended, this proceeding must be dismissed because the rent demand is incorrect.

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO DESCRIBE REGULATORY STATUS

9.     The Petition fails to accurately plead the regulatory status of the premises, in violation of Real Property Actions and Proceedings Law § 741(4).

10.     Mr. Batista is the recipient of a Section 8 voucher administered by New York City Housing Authority ("NYCHA")

11.     The petition fails to mention the regulatory status of the subject premises.

12.     The failure to comply with RPAPL § 741 deprives the court of subject matter jurisdiction and the Petition must be dismissed.

## SECOND AFFIRMATIVE DEFENSE: VIOLATIONS OF THE SECOND *WILLIAMS* CONSENT DECREE

13.     Pursuant to the Second *Williams* Consent Decree, where a landlord sues a Section 8 tenant for non-payment of rent or on grounds related to the termination of a tenant's subsidy, the landlord is required to certify to NYCHA: (a) the factual allegations underlying the proceeding; (b) the total amount of rent owed and a breakdown of the source of the arrearage; and (c) that the landlord is not seeking the subsidy portion of the rent.

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 6 of 133

14.     Petitioner is also required to plead compliance with the notification requirements of the Second *Williams* Consent Decree.

15.     Failure to comply with the Second *Williams* Consent Decree requires dismissal of the petition.

16.     Here, the petition does not include any certification to NYCHA. In fact, there is nothing in the petition to indicate that Mr. Batista is a Section 8 tenant. There is also no indication that Petitioner served NYCHA with the rent demand or Petition.

17.     Further pursuant to the Second *Williams* Consent Decree, a landlord shall not maintain a proceeding against the tenant for the subsidy portion of the rent.

18.     Here, the rent demand attached to the subject petition seeks $1,121.73 for December 2023, and it seeks $2,050.28 for January 2024, but Respondent's portion of the rent was $1,038.00 each month at this time, which is less than the amount sought by the rent demand for these two months.

19.     Therefore, the petition and rent demand are fatally defective and the proceeding must be dismissed.

### THIRD AFFIRMATIVE DEFENSE: VIOLATION OF THE CARES ACT

20.     Pursuant to the CARES Act, the lessor of a covered dwelling unit may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate.

21.     Here, the petition includes only a written 14-day rent demand.

22.     Therefore, because predicate notices may not be amended, the instant petition should be dismissed as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE: VIOLATION OF VAWA

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 7 of 133

23. The notice of termination is fatally defective because Petitioner failed to attach two mandatory Violence Against Women Act (VAWA) riders, as required by applicable federal law 24 CFR part 5, subpart L (Protection for Victims of Domestic Violence, Dating Violence, Sexual Assault, or Stalking) § 5.2005(a)(1)(i)-2(iii).

24. Pursuant to HUD Notice H 2017-05, which implemented the Violence Against Women Reauthorization Act, 34 USC § 12491(d)(2), all owners and managing agents of federally subsidized housing are required to include two VAWA Riders with any notification of eviction or termination of assistance.

25. Mr. Batista's tenancy is subject to a subsidy pursuant to Section 8 of the United States Housing Act of 1973 (42 USC § 1437f).

26. Pursuant to 34 USC § 12491(a)(3)(H), tenancies subject to such subsides are covered by VAWA.

27. The two notices are HUD 5380, a "Notice of Occupancy Rights" under VAWA, and HUD 5382, "Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking, and Alternative Documentation," which allows the tenant of self-certify as a domestic violence survivor.

28. Petitioner did not attach either of the two mandatory riders to the notice of termination, rendering the notice fatally defective.

29. As predicate notices cannot be amended, this proceeding must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE: DEFECTIVE RENT DEMAND

30. Pursuant to R.P.A.P.L. § 711(2) a proper rent demand is a prerequisite to commencement of a no-payment proceeding.

31. A proper rent demand must, minimally, provide the tenant with actual notice of

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 8 of 133

the alleged amount due and of the period for which such claim is made.

32.     Petitioner's "Fourteen (14) Day Notice" is defective in that it states the improper rent amount for December 2023 and January 2024.

33.     The rent demand attached to the subject petition seeks $1,121.73 for December 2023, and it seeks $2,050.28 for January 2024, but Respondent's portion of the rent was $1,038.00 each month at this time, which is less than the amount sought by the rent demand for these two months.

34.     Therefore, the rent demand is legally insufficient. Because predicate notices cannot be amended, this proceeding must be dismissed.

**SIXTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM: VIOLATION OF THE WARRANTY OF HABITABILITY**

35.     There exist or have existed in the subject premises conditions dangerous or detrimental to life, health, and safety. Upon information and belief, these conditions were not caused by Mr. Batista or his household and include, but are not limited to, the following:

   a.  The ceiling and walls bulged in the bathroom and bedrooms and were only recently repaired;
   b.  The bathtub faucet is loose;
   c.  The floor tiles in the kitchen were cracked and/or lifting and were only recently repaired;
   d.  Two of the four burners on the stove do not work;
   e.  The refrigerator does not get cold enough and food spoils;
   f.  Windows in two different bedrooms and in the bathroom do not close all the way;
   g.   The rest of the apartment has not been painted in seven years;

36.     Petitioner had actual or constructive notice of each of these conditions, but either failed to correct them, or allowed them to remain uncorrected for months at a time.

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 9 of 133

37.    By reason of its failure to make repairs and maintain services, Petitioner has breached the warranty of habitability under Real Property Law § 235-b, thus relieving Mr. Batista of the obligation to pay rent.

38.    Given the violations of the warranty of habitability, by reason of Petitioner's failure to make repairs and maintain services throughout the tenancy, Petitioner has caused the value of Mr. Batista's apartment to be diminished, and Mr. Batista is entitled to an abatement of the rent and/or use and occupancy in an amount to be determined by the Court, which judgment should be in the form of a counterclaim.

**SECOND COUNTERCLAIM: HOUSING CODE VIOLATIONS SHOULD BE CORRECTED AND CIVIL PENALTIES GIVEN FOR NONCOMPLIANCE WITH THE HOUSING MAINTENANCE CODE**

39.    Mr. Batista repeats and re-alleges the statements made in the paragraphs above.

40.    Pursuant to N.Y.C. Civil Court Act § 110, Mr. Batista requests that this Court issue and Order directing Petitioner to correct all Housing Code violations at the subject premises forthwith.

41.    Mr. Batista requests that this Court issue civil penalties given Petitioner's non-compliance with the Housing Maintenance Code.

**THIRD COUNTERCLAIM: REASONABLE ATTORNEY FEES**

42.    Pursuant to the original lease between the parties, the provisions of the Rent Stabilization Law and Code, and the provisions of R.P.L. § 234, Mr. Batista is entitled to collect reasonable legal fees from Petitioner if Mr. Batista is successful in this proceeding. Mr. Batista therefore seeks reasonable attorney fees, in an amount to be determined by this Court.

**WHEREFORE**, Respondent respectfully requests an order from this Court:

a.    Dismissing the petition;
b.    Entering judgment in Respondent's favor on his counterclaims;

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 10 of 133

c. Entering judgment in Respondent's favor based upon the violations of the warranty of habitability and corresponding reductions in the value of the apartment;

d. Awarding Respondent reasonable costs, disbursements, and attorney fees; and

e. Granting such other and further relief as it deems just and proper.

Dated: October 21, 2025                Respectfully submitted,
      Bronx, New York

To:    EDELMAN SCHWARTZ PLLC        BRONX LEGAL SERVICES
        848 McDonald Ave             By Jaclyn Spencer, Esq.
        2nd Floor                    369 East 148th Street, 2nd Floor
        Brooklyn, NY 11218          Bronx, New York 10455
        *Attorney for Petitioner*        *Attorneys for Respondent*

        Clerk of Court

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**
--------------------------------------------------------------

**1915 REALTY LLC,**

                                   **Petitioner,**          **Index No. LT 310915-25/BX**

          - against -

                                                             **AFFIRMATION IN SUPPORT**

**DAMIAN BATISTA,**
**SANDRA BATISTA**
1915 Billingsly Terrace, Apt. 57
Bronx, NY 10453**,**

                                   **Respondent.**
--------------------------------------------------------------

JACLYN SPENCER, an attorney duly admitted to practice in the State of New York, affirms the following under penalty of perjury:

1.      I am employed by Bronx Legal Services, the attorney for Respondent DAMIAN BATISTA (hereinafter "Respondent") in this proceeding. I am familiar with the facts herein based on a review of court documents and information and documentation provided by my client.

2.      I submit this affirmation in support of Respondent's instant motion.

**RELEVANT FACTUAL AND PROCEDURAL HISTORY**

3.      Respondent Damian Batista is the tenant of record at the subject premises. He has lived here for approximately 17 years and currently resides there with his wife and daughter. Affirmation of Damian Batista (hereinafter "Batista Affirm.") at ¶¶ 1-3.

4.      Although the Petition is silent as to the subject premises' Section 8 status, and fails to plead compliance with *Williams* or refer to or include a required Certification of Basis for Eviction, Mr. Batista is a Section 8 voucher program participant. Batista Affirm. at ¶ 4. His voucher is administered by NYCHA. *Id.*; Exhibit B (NYCHA Section 8 Tenant Share Letters); NYSCEF Doc. #1.

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 12 of 133

5.      Petitioner commenced this nonpayment proceeding with a Notice of Petition and Petition dated March 31, 2025. *See* NYSCEF Docs. # 1-2.

6.      The Fourteen (14) Day Rent Demand on which this proceeding is based alleges that Mr. Batista owed $8,339.60 based on the following months:

  a. $1,121.73 for December 2023
  b. $2,050.28 for January 2024
  c. $1,002.67 for February 2024
  d. $1,013.28 for April 2024
  e. $1,013.28 for May 2024
  f. $1,036.82 for June 2024
  g. $1,036.82 for July 2024
  h. $64.72 for August 2024

*See* NYSCEF Doc. # 1 at p. 3.

7.      Mr. Batista's tenant share for the above months is as follows:

  a. December 2023 through May 2024: $1,038.00.
  b. June 2024 through July 2024: $1,076.00.
  c. August 2024: $892.00.

*See* Exhibit B, pp. 1-3.

8.      The arrears alleged in the rent demand, therefore, are prima facie higher than Mr. Batista's tenant share for December 2023 and January 2024.

9.      Further, Petitioner's ledger dated August 20, 2025 indicates that NYCHA Section 8 did not pay its portion for January 2024 through August 2024[1]. *See* Exhibit C at p. 8. This ledger also shows that Mr. Batista paid more than his share of the rent for all of the months in the rent demand prior to the commencement of this proceeding:

  $1,038.00 was credited on December 4, 2023.
  $1.00 was credited on January 17, 2024.[2]

---

[1] NYCHA Section 8 did not pay its portion from January 2024 through November 2024; it began making payments again in December 2024, and in January 2025 it made additional payments to make up for some of the missing months. *See* Exhibit C at p. 8.

[2] *See* attached Exhibit D, Copy of Order Determining Maximum Rent/Legal Regulated Rent (Fire Damage or Health/Safety Condemnation For a Specific Time Period, which "[e]stablishes the Legal Regulated Rent of $1.00 per month as of December 11, 2023, pursuant to Section 2522.6 of the Rent Stabilization Code based upon a Vacate Order issued by the New York City Department of Buildings, effective December 11, 2023."

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 13 of 133

$1,038.00 was credited on February 8, 2024.
$1,038.00 was credited on March 4, 2024.
$1,022.89 was credited on March 15, 2024.[3]
$1,038.00 was credited on April 5, 2024.
$1,038.00 was credited on May 3, 2024.
$1,076.00 was credited on June 4, 2024.
$1,076.00 was credited on July 1, 2024.
$892.00 was credited on August 1, 2024.

*Id.; see also* Exhibit D, bank record for rent payment transactions.

10.     While the Petition does not ask for more than Mr. Batista's portion of the rent (it seeks a balance of $212.76 for May 2024, and $892.00 for each month from June 2024 through March 2025), it does not correspond with the rent demand, rent ledger, or take into account the above payments he made satisfying his entire tenant portion. *See* NYSCEF Doc. #1 and Exhibit C.

11.     Additionally, the ledger, rent demand and Petition reflect an overcharge because DHCR issued an order determining that the maximum rent for Mr. Batista's apartment for December 11, 2023 to January 4, 2024 was $1.00. *See* Exhibit E. This is not reflected in Petitioner's rent ledger; full rent was charged for both December 2023 and January 2024. *See* Exhibit C at p.6.

12.     Furthermore, Mr. Batista received a $2,500.00 settlement from an earlier group lawsuit, and Petitioner's ledger shows the $2,500.00 credit on February 12, 2025, but Petitioner applied the credit to the total arrears, which include arrears accumulated because NYCHA Section 8 did not pay for many months in 2024.  Petitioner should have applied the credit only to Mr. Batista's portion of the rent. *Id.*

13.     Lastly, DHCR issued a rent reduction order after Mr. Batista filed a complaint.  *See* Exhibit F. DHCR determined that:

> [t]he legal regulated rent is reduced to the level in effect prior to the most recent guidelines adjustment for the tenant's lease which commenced before the effective

---

[3] March 2024 is not included in the Rent Demand, but the two payments made this month must be included here to show that full payments were made each month; Mr. Batista made two payments in March 2024 because rent arrears had improperly accrued from January 2024, despite the fact that the subject premises were under the rent reduction order. *See* Batista Affirm. at ¶ 14.

date of this Order. No rent adjustments may be collected after the effective date of this rent reduction Order, 03/01/2024, until a rent restoration order has been issued.

*Id.* at p.2.

14.    The legal regulated rent for the subject premises on March 1, 2024 was $2,051.28. *See* Exhibit B at p. 1. Petitioner requested a rent restoration order, but it was denied on September 12, 2025. *See* Exhibit F at p. 5. Despite the rent reduction order, Petitioner's ledger shows that Petitioner improperly raised the rent to $2,112.82 in June 2024 and then raised it again to $2,170.92 in June 2025. *See* Exhibit C at pp. 6-7.

15.    When Mr. Batista received the notice of petition and petition, he went to court to file an answer. *See* NSYCEF Doc. # 4 and Batista Affirm. at ¶ 18. In his *pro se* answer, Mr. Batista indicated that the rent had been paid, that Petitioner was seeking the Section 8 part of the rent, and that there were conditions in the apartment that needed to be addressed. Mr. Batista was not aware of the additional defenses that Bronx Legal Services later identified. *Id.* at ¶ 31.

16.    After Mr. Batista retained Bronx Legal Services, Mr. Batista's counsel also reached out to Petitioner's counsel to request that the instant case be discontinued because Mr. Batista cannot be held responsible for the NYCHA Section 8 portion of the rent. *See* Exhibit G.

17.    Mr. Batista, through counsel, now moves for summary judgment under CPLR § 3212(b) because Mr. Batista has been unlawfully overcharged. In the alternative, Mr. Batista through counsel moves for dismissal because there are several fatal defects in the petition, including Petitioner's failure to comply with the *Williams* Consent Decree, failure to adhere to the CARES Act and VAWA, and its failure to plead that Respondent's tenancy is subject to a NYCHA-administered Section 8 voucher.

## ARGUMENT

**A. PURSUANT TO C.P.L.R. § 3025(b), THIS COURT SHOULD GRANT RESPONDENT LEAVE TO AMEND HIS ANSWER**

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 15 of 133

18.     Mr. Batista is entitled to amend his answer to assert additional defenses and clarify already-asserted defenses. He needs to amend her answer to take full advantage of his legal counsel, and there is no prejudice to Petitioner.

19.     It is well-settled that pleadings may be amended absent prejudice to the opposing party and "leave shall be freely given upon such terms as may be just." C.P.L.R. § 3025(b); *see also Jacobson v. McNeil Consumer & Specialty Pharmaceuticals*, 68 A.D.3d 652, 653 (1st Dept. 2009); *Ortega v. Bisogno & Meyerson*, 769 N.Y.S.2d 279, 281 (2d Dept. 2003) (finding that leave to "amend a pleading should be freely given… provided that the amendment is not palpably insufficient, does not prejudice or surprise the opposing party, and is not patently devoid of merit"). Courts place a burden upon the non-moving party to prove the existence of prejudice. In citing appellate authority, the Supreme Court has previously found that:

> In order to defeat a motion to amend there must be some proof of prejudice to the non-moving party. Prejudice has been defined by the Court as "some special right lost in the interim, some change of position or some trouble or expense that could have been avoided had the original pleading contained what the amended one wants to add."

*Mark G. By and Through Jones v. Sabol*, 169 Misc.2d 242, 244 (Sup. Ct. N.Y. Co. 1996) (citing *Barbour v. Hospital for Special Surgery*, 169 A.D.2d 385 (1st Dept. 1991)).

20.     The Court of Appeals has also found that delay alone is insufficient to establish prejudice and has previously granted leave to amend in the midst of trial. *See, e.g., Shine v. Duncan Petroleum Transp.*, 60 N.Y.2d 22, 27 (N.Y. 1983). In *Edenwald Contr. Co. v. City of New York*, the Court of Appeals reiterated that delay must be coupled with significant prejudice to bar amendment. 60 N.Y.2d 957, 959 (N.Y. 1983); *see also Barbour v. Hospital for Special Surgery*, 169 A.D.2d 385, 386 (1st Dept. 1991); *Sass v. Mack Trucks, Inc.*, 158 A.D.2d 332, 333 (1st Dept. 1990) (permitting amendment of the answer after seven and a half years of litigation).

21. Further, an amendment that does not fundamentally change the nature of the allegations or defenses should be allowed. *Nassi v. Joseph DiLemme Const. Corp.*, 250 A.D.2d 658, 659 (2nd Dept. 1998).

22. Courts regularly allow tenants to amend their answers to properly allege their warranty of habitability claims and defenses. In *NYCHA Coney Is. Houses v. Ramos*, the Court found that Respondent was entitled to amend his answer to allege a breach of the warranty of habitability. *NYCHA Coney Is. Houses v. Ramos*, 41 Misc.3d 702 (Civ. Ct. Kings Co. 2013) (allowing amendment of a pro se answer upon retaining counsel to assert warranty of habitability defense); *see also* R.P.L. § 235-b. The Court did not find Petitioner to be prejudiced by this amendment because Respondent raised these issues earlier in the proceeding. *Id*.

23. Here, to receive the full benefit of counsel, Mr. Batista should be allowed to amend his answer based on counsel's advice. First, Mr. Batista has several meritorious defenses, including a rent overcharge, violations of the Second *Williams* Consent Decree, the CARES Act, and VAWA, and failure to plead the premises' regulatory status, as well as rent paid and violations to the warranty of habitability.

24. Second, properly and completely documenting Mr. Batista's meritorious defenses and counterclaims is necessary to ensure Mr. Batista's rights and defenses are heard, particularly in the event this matter proceeds to a hearing or trial. Petitioner, on the other hand, is unable to demonstrate any prejudice or an excessive passage of time. First, Mr. Batista moves to amend his answer on his third appearance before this Court. Second, Petitioner has actual or constructive knowledge of the information asserted herein, as Mr. Batista's defenses are in direct response to the pleadings prepared and filed by Petitioner. For the foregoing reasons, including the need for Mr. Batista to avail himself of counsel's advice and the lack of prejudice to Petitioner, Mr. Batista's motion to interpose the annexed Proposed Amended Answer should be granted. Exhibit A.

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 11 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 17 of 133

## B. <u>THIS COURT SHOULD GRANT SUMMARY JUDGMENT IN MR. BATISTA'S FAVOR AND HOLD THAT HE HAS BEEN OVERCHARGED</u>

25.     This court must grant summary judgment in Mr. Batista's favor and hold that Mr. Batista has been overcharged.

26.     CPLR § 3212 grants a court authority to grant summary judgment when the nonmoving party is unable to establish a triable issue of material fact. The purpose of summary judgment is to "expedite all civil cases by eliminating from the Trial Calendar claims which can properly be resolved as a matter of law." *Andre v. Pomeroy*, 35 N.Y.2d 361 (1974); *see also Pollak v. Lake Tibet Estates*, 19 A.D.2d 747 (2d Dept. 1963); *Di Sabato v. Soffes*, 9 A.D.2d 297 (1st Dept. 1959), *appeal dismissed* 11 A.D.2d 660 (1960); *Appel v. Root*, 236 N.Y.S.2d 376 (Sup. Ct. Kings Co. 1962), aff'd 18 A.D.2d 686 (2nd Dept. 1962), *aff'd* 13 N.Y.2d 748 (1963); *O'Brien v. Purpura*, 25 Misc.2d 1009 (Sup. Ct. Kings Co. 1960). "[W]hen there is no genuine issue to be resolved at trial, the case should be summarily decided, and an unfounded reluctance to employ the remedy will only serve to swell the Trial Calendar and thus deny to other litigants the right to have their claims promptly adjudicated." *Andre*, 35 N.Y.2d at 364.

27.     "The party moving for summary judgment must make a *prima facie* showing of entitlement to judgment as a matter of law and tender sufficient evidence in admissible form demonstrating the absence of material issues of fact." *Anderson A to Anderson G LLC v. Sanchez*, 68 Misc. 3d 436, 441 (Bronx Co. Civ. Ct. 2020).

28.     Once the moving party has made out its *prima facie* entitlement to a judgment as a matter of law, the burden shifts to the non-moving party "to submit in opposition evidentiary facts or materials, by affidavit or otherwise, demonstrating the existence of a triable issue of ultimate fact." *Adam v. Cutner & Rathkopf*, 238 A.D.2d 234, 240 (1st Dep't 1997).

29.     The CFR unequivocally states that the tenant "is not responsible for payment of the portion of the rent to owner covered by the housing assistance payment under the HAP contract

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 11 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 18 of 133

between the owner and the PHA." 24 C.F.R. § 982.310(b)(1).  Further, 24 C.F.R. § 982.310(b)(2)

states that nonpayment by the PHA are not grounds for termination of the tenancy.

30.     As held in the First Department,

> [a] Section 8 tenant agrees in the Section 8 lease only to pay the tenant share of the rent. Absent a showing by the landlord of a new agreement . . . a Section 8 tenant does not become liable for the Section 8 share of the rent as 'rent' even after the termination of the subsidy.

*Prospect Place HDFC v. Gaildon*, 6 Misc3d 135(A) (App. Term, 1st Dep't 2005) (internal

quotation and citation omitted).  *See also Dawkins v. Ruff*, 10 Misc.3d 88, 810 N.Y.S.2d 783 (App.

Term 2d Dep't 2005) (emphasis added); *Licht v. Moses*, 11 Misc.3d 76, 813 N.Y.S.2d 849 (App.

Term 2d Dep't 2006); *Pinnacle Bronx West v. Jennings*, 2010 WL 3584380 (App. Term 1st Dep't

2010).

31.     Here, the documentary evidence establishes the following: first, the arrears for two

months (December 2023 and January 2024) alleged in the rent demand are *prima facie* higher than

Mr. Batista's tenant share. Second, Mr. Batista's bank transactions and Petitioner's own rent ledger

clearly show that Mr. Batista has consistently paid his share of the rent for all of the months sought

by the Petition and rent demand, yet this is not reflected by the Petition. Third, the settlement

amount of $2,500.00 is shown in Petitioner's ledger as having been applied to the outstanding

arrears that are a result of NYCHA Section 8's lack of payments for January 2024 through August

2024. Finally, the Petitioner's ledger shows that it has not adhered to the DHCR rent reduction

orders for the subject premises ($1.00 for December 11, 2023 to January 4, 2024) and an order that

no rent adjustments may be collected after March 1, 2024 until a rent restoration order has been

issued; an order issued September 12, 2025, denied the Petitioner's application to restore the rent.

**C.** **IN THE ALTERNATIVE, THIS COURT SHOULD DISMISS THE PETITION PURSUANT TO C.P.L.R. § 3211(a)(1) AND (7) BECAUSE THERE ARE SEVERAL FATAL DEFECTS IN THE PETITION**

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 19 of 133

**1.** **Petitioner violated the Second *Williams* Consent Decree**

32. Because Mr. Batista is a participant in the Section 8 voucher program administered by NYCHA, his tenancy is subject to the dictates of the federal consent decree in *Diedre Williams et al. v. New York City Housing Authority*. *See* Second Partial Consent Judgment, *Williams v. NYCHA*, No. 81 Civ. 1801 RJW (S.D.N.Y 1981) ("Second *Williams* Consent Decree") attached as Exhibit H.

33. Pursuant to the Second *Williams* Consent Decree, where a landlord sues a Section 8 tenant for non-payment of rent or on grounds related to the termination of a tenant's subsidy, the landlord is required to certify to NYCHA: (a) the factual allegations underlying the proceeding; (b) the total amount of rent owed and a breakdown of the source of the arrearage; and (c) that the landlord is not seeking the subsidy portion of the rent. *See* Exhibit E.

34. Petitioner is also required to plead compliance with the notification requirements of the Second *Williams* Consent Decree. *Michael M. Lee & Co. v. Wilson*, N.Y.L.J. June 28, 2002 (Civ. Ct. Queens Co.); *see also 2921 Assoc. v. Willis*, N.Y.L.J. July 20, 2001 (Civ. Ct. Kings Co.); *Ardito v. Rosse*, N.Y.L.J. May 26, 2003, p. 26, c. 3 (Civ. Ct. Kings Co.) (dismissing the petition where petitioner "fail[ed] to plead compliance with the federal rules and regulations regarding Section 8 tenancies."

35. Failure to comply with the Second *Williams* Consent Decree requires dismissal of the Petition. *See, e.g., Dawkins v. Ruff*, 10 Misc.3d 88 (App. Term 2nd & 11th Jud. Dists. 2005) (vacating stipulation where tenant agreed to a final judgment which included NYCHA share in violation of *Williams*); *Cashmere Realty Corp. Hersi*, N.Y.L.J., 12/28/2005 (Civ. Ct. NY Co.); *Fishel v. Walker*, N.Y.L.J. October 18, 1985 p.16 c.3 (App. Term 2nd & 11th Jud. Dists); *Erskine v. Bengazi*, N.Y.L.J. Dec. 3, 1991, p. 30, c. 6 (App. Term 2d &11th); *Michael M. Lee & Co. v. Wilson*, N.Y.L.J. June 28, 2002, p. 24, c. 6 (Civ. Ct. Queens. Co.). Landlords "must abide by the

FILED: BRONX CIVIL COURT – L&T 10/21/2025 11:31 AM
INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 11
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 20 of 133

strictures of the *Williams* order or they must refrain from bringing eviction proceedings against their Section 8 tenants." *Alawlaqi v. Kelly*, 1175 Misc.2d 570, 571, 669 N.Y.S.2d 152, 153 (Civ. Ct. Kings Co. 1997).

36.     This Court has echoed such, continuously dismissing cases where Petitioner fails to strictly adhere to the requirements set forth under *Williams*. *See, e.g., 1098 Anderson Realty Inc. v. Torres*, 36072/2016, NYLJ 1202778231289, at *1 (Civ. Ct. Bx., Decided January 17, 2017) (Judge Lutwak dismissed the petition, reiterating "[s]trict compliance with the *Williams* Consent Decree is required."); *ELG 1275 LLC v. Reyes*, 2016 NY Slip Op 51489(U) (Civ. Ct. Bx. Co. 2016) ("once NYCHA objected to the Certification, strict compliance with the *Williams* Consent Decree required petitioner to name and serve NYCHA as a necessary party and its failure to do so warrants dismissal of this proceeding.")**.**

37.     The requirements of *Williams* are designed to "give notice to the public housing agency administering section 8 funding that the continued possession of occupants in whom it has a substantial interest is threatened." *Homestead Equities, Inc. v. Washington*, 672 N.Y.S.2d 980, 984 (Civ. Ct. Kings Co. 1998).

38.     Here, in spite of the fact that Mr. Batista is a participant of the NYCHA Section 8 program, the court file does not include the requisite affidavit of personal service upon NYCHA for either the rent demand or the Petition itself. NYSCEF Doc. #1. Review of the court file reveals that there is no evidence that Petitioner served NYCHA at the commencement of this case. In fact, there is no document provided by Petitioner that mentions NYCHA or Respondent's Section 8 status, and there is no mention of Petitioner having completed the certification process as required by *Williams*. NYSCEF Doc. #1. Petitioner has failed to comply with 24 C.F.R. § 982.310(e)(2)(ii) and the *Williams* Consent Decree, requiring summary judgment in Mr. Batista's favor as the petition is fatally defective.

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 21 of 133

## 2. **Petitioner failed to provide 30-day notice to vacate as required by the CARES Act.**

39.     Pursuant to § 4024(c) of the CARES Act, 15 U.S.C. § 9058(c) ("the CARES Act"), the lessor of a covered dwelling unit may not require the tenant to vacate the covered dwelling unit before a date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate. 15 U.S.C. § 9058(c). A "covered dwelling" is a dwelling that is occupied by a tenant, with or without a lease, on or in a "covered property." 15 U.S.C. § 9058(a)(1). A property is covered by the CARES Act if it is "a covered housing program (as defined in section 12491(a) of Title 34)," which covers "any other Federal housing programs providing affordable housing to low- and moderate-income persons by means of restricted rents or rental assistance." 15 U.S.C. § 9058(a)(2)(A)(ii); 34 U.S.C. §12491(a)(3)(P). Subsection (c) of the CARES Act, which provides for 30-day notice, is not subject to the sunset provision which applies to the eviction moratorium under subsection (b). 15 U.S.C. § 9058. In a non-payment proceeding where the premises is subject to the CARES Act 30-day notice requirement, but only a 14-day rent demand is made, "dismissal is warranted under CPLR §3211(a)(1) based on documentary evidence and under CPLR §3211(a)(7) for failure to state a cause of action ..." *Andrews Plaza Housing Associates LP v. Juan Rodriguez*, LT-310838-23/BX, Decision made 08/15/23 (Civ. Ct. Bx. Cty., J. Lutwak) (Exhibit I). *See also Riverdale Osborne Towers v Berrian,* 2023 N.Y. Misc. LEXIS 7712 (2023 Kings Co Civ Ct.) (nonpayment proceeding dismissed because Petitioner only served 14 day rent demand and not a 30-day notice as required by the CARES Act).

40.     The subject premises in this case participates in a Section 8 low-income housing assistance program under 42 U.S.C 1437f, a covered program as defined in section 41411(a) of the Violence Against Women Act of 1994. 34 U.S.C. 12491(a). Mr. Batista pays a portion of his rent equivalent to 30% of his household income, and a public housing agency covers the remaining share to cover the full contract rent. *Id.* Therefore, it is a covered dwelling under the CARES Act.

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 22 of 133

Mr. Batista was not given 30-days' notice to vacate, and therefore the rent demand is defective. Subsection (c) of the CARES Act, which provides for 30-day notice is not subject to the sunset provision which applies to the moratorium under subsection (b). 15 U.S.C. § 9058.

### 3. <u>Petitioner violated the Violence Against Women Act (VAWA)</u>

41. Summary judgment should be granted in Mr. Batista's favor pursuant to CPLR § 3211(a)(7) because the Petitioner failed to attach two (2) VAWA riders to the predicate notice in contravention of both HUD regulations and federal law thereby barring the Petitioner's right of recovery in the instant nonpayment proceeding. A petition must be dismissed under CPLR § 3211 (a)(7) if it does not allow for the right of recovery. *See Connaughton v. Chipotle Mexican Grill, Inc.*, 29 N.Y.3d 137, 142 (2017); *see also 170 West 85th Street Tenants Ass'n v. Cruz*, 173 A.D.2d 338 (1st Dept. 1991) ("The failure of a petitioner to comply with a statutory notice requirement, where applicable, represents […] the failure to comply with a condition precedent to suit.*"); N.Y. Hous. Auth. V. Fountain*, 172 Misc. 2d 784, 787-88 (Civ. Ct. Bronx County 1997) ("It is well settled that summary proceedings are solely statutory creations and, thus, in order for courts to assert jurisdiction, there must be strict compliance with the statute.").

42. Eviction notices must be served in compliance with federal, state, and local law pursuant to 24 C.F.R. § 982.310(e)(2)(i). *See 170 West 85th Street Tenants Ass'n v. Cruz*, 173 A.D.2d 338, 339 (1st Dept. 1991), 560 N.Y.S.2d 705 (App. Div. 1991); *see also ATM Four, LLC v. Miller*, 37 Misc.3d 1208(A); 1208A (Dist. Ct. Nassau Co. 2021); ("[A] defective predicate notice provides a tenant with a successful defense against the proceeding, as compliance with the statutory prerequisites constitutes a fact on which the proceeding is based and which the petitioner must plead and provide as part of its prima facie case."); *B&K 236 LLC v. Dipremizo*, NYLJ, Dec. 13, 2018 at 5-6 (Civ. Ct. NY Co. 2018) ("Although the court notes that a defective predicate notice

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM
NYSCEF DOC. NO. 11
INDEX NO. LT-310915-25/BX
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 23 of 133

does not deprive the court of subject matter jurisdiction, failure to comply with predicate notice requirements prove fatal to petitioner's case").

43.     Under 34 U.S.C. 12491(1)(d)(2), "each public housing agency or owner or manager of housing assisted under a covered housing program shall provide" notices developed by the department of Housing and Urban Development to notify tenants of their rights under the Violence Against Women Act. 34 U.S.C. 12491. 24 C.F.R. § 5.2005(a)(2)(iii) further mandates that a "Notice of Occupancy Rights under the Violence Against Women Act," in addition to a certification form, "must be provided to an applicant or tenant . . . with any notification of eviction or notification of termination of assistance," by a covered housing provider. 24 C.F.R. § 5.2005(a) (emphasis added). Covered housing providers include owners in covered housing programs, comprised of both tenant-based and project-based Section 8 rental assistance programs. 24 C.F.R. 5.2003(8). The courts have consistently been finding that landlords' failures to attach the VAWA riders mandate dismissal of the petition. *See, e.g., Pact Renaissance Collaborative LLC v. Drake*, NYLJ 4-11-24 (Civ. Ct. NY Co.); *Sea Park E., L.P. v. Thompson*, 2024 NY Slip Op 24310 (Kings Co. 2024); *Diego Beekman Mutual Housing Assn. HDFC v. McClain, et al*, Index No. LT-320287-23/BX, October 11, 2024 (unreported, Gurung, J.) Exhibit J.

44.     Accordingly, as the subject premises are subject to a Section 8 voucher, Petitioner's failure to attach the requisite VAWA riders mandates summary judgment in favor of Mr. Batista.

### 4. Petitioner fails to describe the regulatory status of the premises

45.     It is well-established that, pursuant to R.P.A.P.L. § 741(4), the petition in a summary eviction proceeding must accurately allege the specific regulatory status of the subject premises and that a petitioner's failure to do so warrants dismissal of the proceeding. R.P.A.P.L.§ 741; *MSG Pomp Corp. v. Doe,* 185 A.D.2d 798, 800 (1st Dept. 1992) (affirming dismissal where petition falsely alleged premises were not subject to rent regulation).

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 24 of 133

46.     Courts have unequivocally held that R.P.A.P.L. § 741 requires that the regulatory status of a premises be pled in every petition accurately, completely, and with specificity. R.P.A.P.L. § 741. *See also 546 W. 156th HDFC v. Smalls*, 43 A.D.3d 7, 11 (1st Dept. 2007) (finding that "deliberate misrepresentation of the rent-stabilized status of a leasehold subjects a petition to strict construction as a matter of equity, subjecting the summary proceeding to dismissal); *Park Properties Associates, L.P. v. Williams*, 959 N.Y.S.2d 798 (A.T. 9th and 10th Dist. 2012)(holding that a petition must set forth the tenant's regulatory status as it may determine the scope of a tenant's rights and failure to do so requires dismissal); *East 168th St. Assocs. v. Castillo*, 79 N.Y.S.3d 485 (Civ. Ct. Bx. Co. 2018) (non-payment proceeding dismissed for not sufficiently stating the regulatory status of the premises and merely stating that the premise was a HUD building receiving assistance under Section 8).

47.     Further, Courts have repeatedly found that "where a tenant…participates in a Section 8 program, the petition must allege the Section 8 status of the tenant and the premises and must allege [the landlord's] compliance with the Section 8 regulatory scheme." *Homestead Equities, Inc. v. Washington*, 176 Misc.2d 459, 462 (Civ. Ct. Kings Co. 1998) (citing *Sheridan 164th St. Assocs. v. Fountaine*, N.Y.L.J., Feb. 24, 1995, p. 30, col. 5 (A.T. 1st Dept.); *see also Capital Green Apartments v. De Rosier*, 29 Misc. 3d 1232(A), 920 N.Y.S.2d 239 (Albany City Ct. 2010) (landlord failed to serve Albany Housing Authority with copy of notice of petition and petition, and also failed to plead Section 8 status in petition resulting in a dismissal).

48.     The Appellate Division of the First Department emphasized in *433 West Assoc. v. Murdock* that pleading the Section 8 status is an "essential element" to the landlord's case, and with this requirement noncompliance constitutes a defense to the petition. 276 A.D.2d 360 (1st Dep't 2000). Moreover, when the respondent receives Section 8, the petitioner is required to state

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 25 of 133

specifically which Section 8 program applies. *McKenzie v. Linnen*, N.Y.L.J. 9/14/1994, p.21 (Civ. Ct. Kings. Co.).

49.     This Court has followed the overwhelming weight of authority in finding that pleading Section 8 is essential. *See Joseph Klein v. Nieves Gantier, et al.*, Index No. LT-335962-23/BX (unreported) (Civ. Ct., Bx. Co., 2024, J. Tovar) (annexed as Exhibit K) (holding that failure to plead a respondent's Section 8 status in the petition deprives Respondent and the Court of notice of potential defenses and protections, thus rendering the petition fatally defective).

50.     In *East 168th Street Assocs. v. Castillo,* this Court reaffirmed that R.P.A.P.L. § 741 requires that a "precise and complete description of regulatory status is essential" to the purpose of notifying the respondent to the claims and defenses that may be available to them. 60 Misc. 3d 774, 782 (Civ. Ct. Bx. Co. 2018) (dismissing proceeding where petition failed to specify to which federal Section 8 program premises were subject).

51.     As this Court contemplated in *Castillo, supra*, Petitioner's failure to provide a "precise and complete description" of the regulatory status prejudices Mr. Batista by failing to notify him of the claims and defenses that may be available to him. Here, Petitioner has failed to plead that the unit is subject to a federal Section 8 program. Nor does it plead that Petitioner certified with NYCHA as discussed *supra*. NYSCEF Doc. # 1. Mr. Batista's counsel was only able to determine the regulatory status of the apartment after interviewing Mr. Batista and analyzing documents received by Respondent from NYCHA. Accordingly, the petition fails to meet the standard set by R.P.A.P.L. § 741 and summary judgment must be granted to Mr. Batista.

## CONCLUSION

52.     Based on the foregoing, Respondent should be permitted to interpose his amended answer and then summary judgment should be granted in favor of Mr. Batista pursuant to CPLR § 3212 based upon Petitioner's overcharge, including seeking the Section 8 share of the rent,

FILED: BRONX CIVIL COURT – L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 11 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 26 of 133

failing to credit Respondents' payments, failing to adhere to the rent reduction order for December 11, 2023 to January 4, 2024, failing to credit Mr. Batista with the $2,500.00 settlement, and failing to adhere to the rent reduction order that continues to the present. In the alternative, the petition should be dismissed for its fatal defects, including violations of the Second *Williams* Consent Decree, the CARES Act and VAWA, and failure to plead that Respondent's tenancy is subject to a NYCHA-administered Section 8 voucher.

**WHEREFORE,** Mr. Batista requests that the relief requested in the annexed Notice of Motion be granted.

*I affirm this 21st day of October, 2025, under the penalties of perjury under the laws of New York which may include a fine or imprisonment that the foregoing is true and I understand that this document may be filed in an action or proceeding in court of law.*

Dated: October 21, 2025
     Bronx, NY

_____
JACLYN SPENCER, Esq.

Voucher - CN

## NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

05/24/2023

A. Case #   0598547

B. Voucher #  0598547

☑ C. Annual Recertification

☐ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 06/01/2023:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1013.28 |
| **Tenant Portion:** *Paid by you* | 1038.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

<u>IMPORTANT NOTES</u>:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 28 of 133

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

05/02/2024

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

A. Case #     0598547

B. Voucher #  0598547

☑ C. Annual Recertification

☐ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 06/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 975.28 |
| **Tenant Portion:** *Paid by you* | 1076.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

**IMPORTANT NOTES:**

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 VOUCHER PAYMENT CHANGE NOTIFICATION

1 of 2



0203455000000166220413000000004

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

07/02/2024

A. Case # 0598547

B. Voucher # 0598547

☐ C. Annual Recertification

☑ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 08/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1159.28 |
| **Tenant Portion:** *Paid by you* | 892.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

<u>IMPORTANT NOTES</u>:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

**Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



0203263000000173973329700000003

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 30 of 133

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

10/05/2024

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

A. Case #    0598547

B. Voucher #  0598547

☐ C. Annual Recertification

☐ D. Interim Change

☑ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 11/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1220.82 |
| **Tenant Portion:** *Paid by you* | 892.00 |
| **Total Contract Rent:** | 2112.82 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

## IMPORTANT NOTES:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



0203828000000188235031000000002

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx, NY, 10453

08/14/2025

A. Case #   0598547

B. Voucher #  0598547

☑ C. Annual Recertification

☐ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 09/01/2025:

| | |
|---|---|
| **NYCHA Portion:** <br> *Paid by NYCHA to the Owner* | 1463.92 |
| **Tenant Portion:** <br> *Paid by you* | 707 |
| **Total Contract Rent:** | 2170.92 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

<u>IMPORTANT NOTES</u>:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**

1 of 2



0203884000000000005894000000002⁵

**FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM** INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 13 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 32 of 133

## Tenant Statement

### In Legal

08/20/25 11:56:54

| 1915 | **1915 BILLINGSLEY TERRACE** | Type: Stab | Lease: 06/01/25-05/31/26 | |
| 57 | **BATISTA, DAMIAN** Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | **BATISTA, SANDRA** | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

LB
CC
AC
MG

| Date | Description | Debit | Credit | Balance | Check #/Comment |
|------|-------------|-------|--------|---------|-----------------|
| 05/22/08 | Move in: BATISTA, DAMIAN | | | | |
| 01/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 01/02/20 | S8 Payment | | 1,127.44 | 825.00 | E7106951 |
| 01/07/20 | Rent Receipt | | 825.00 | 0.00 | MO26399720068 |
| 02/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 02/04/20 | S8 Payment | | 1,127.44 | 825.00 | E7132387 |
| 02/06/20 | Rent Receipt | | 825.00 | 0.00 | MO26399775745 |
| 02/29/20 | Rent Receipt | | 825.00 | -825.00 | MO26500323374 |
| 03/01/20 | Rent Charge | 1,952.44 | | 1,127.44 | |
| 03/03/20 | S8 Payment | | 1,127.44 | 0.00 | E7156742 |
| 04/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 04/01/20 | S8 Payment | | 1,127.44 | 825.00 | E7181286 |
| 04/06/20 | Rent Receipt | | 825.00 | 0.00 | MO26651610911 |
| 05/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 05/01/20 | Rent Receipt | | 825.00 | 1,127.44 | T000081 Damian Batista |
| 05/01/20 | S8 Payment | | 1,127.44 | 0.00 | E7205790 |
| 06/01/20 | Rent Charge | 2,001.25 | | 2,001.25 | |
| 06/01/20 | Security Charge | 48.81 | | 2,050.06 | |
| 06/01/20 | Rent Receipt | | 825.00 | 1,225.06 | T000368 Damian Batista |
| 06/04/20 | S8 Payment | | 1,127.44 | 97.62 | E7230395 |
| 07/01/20 | Rent Charge | 2,001.25 | | 2,098.87 | |
| 07/01/20 | S8 Payment | | 1,183.44 | 915.43 | E7255177 |
| 07/03/20 | Rent Receipt | | 825.00 | 90.43 | T000757 Damian Batista |
| 08/01/20 | Rent Charge | 2,001.25 | | 2,091.68 | |
| 08/03/20 | Rent Receipt | | 825.00 | 1,266.68 | T001097 Damian Batista |
| 08/05/20 | S8 Payment | | 1,183.44 | 83.24 | E7280041 |
| 09/01/20 | Rent Charge | 2,001.25 | | 2,084.49 | |
| 09/01/20 | S8 Payment | | 1,183.44 | 901.05 | E7304870 |
| 09/02/20 | Rent Receipt | | 769.00 | 132.05 | T001430 Damian Batista |
| 09/30/20 | Rent Receipt | | 769.00 | -636.95 | T001708 Damian Batista |

Page 1

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 33 of 133

## Tenant Statement

**In Legal** 08/20/25 11:56:54

| | |
|---|---|
| 1915 | **1915 BILLINGSLEY TERRACE** |
| 57 | **BATISTA, DAMIAN** Tel. (347) 758-8324 |
| Rooms: 5.0 | **BATISTA, SANDRA** |

Type: Stab
S8 - FPC#: 0598547

| | |
|---|---|
| Lease: 06/01/25-05/31/26 | |
| Rent: | 2,170.92 |
| Section 8: | 1,220.82 |
| Tenant Share: | 950.10 |
| Total Due: | 7,019.94 |

| Date | LB CC AC MG Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|
| 10/01/20 | Rent Charge | 2,001.25 | | 1,364.30 | |
| 10/01/20 | S8 Payment | | 1,183.44 | 180.86 | E7329726 |
| 11/01/20 | Rent Charge | 2,001.25 | | 2,182.11 | |
| 11/03/20 | S8 Payment | | 1,183.44 | 998.67 | E7354567 |
| 11/05/20 | Rent Receipt | | 769.00 | 229.67 | T002186 |
| | | | | | Damian Batista |
| 12/01/20 | Rent Charge | 2,001.25 | | 2,230.92 | |
| 12/01/20 | S8 Payment | | 1,183.44 | 1,047.48 | E7379438 |
| 12/04/20 | Rent Receipt | | 769.00 | 278.48 | T002512 |
| | | | | | Damian Batista |
| 01/01/21 | Rent Charge | 2,001.25 | | 2,279.73 | |
| 01/04/21 | Rent Receipt | | 769.00 | 1,510.73 | T002839 |
| | | | | | Damian Batista |
| 01/06/21 | S8 Payment | | 1,183.44 | 327.29 | E7404300 |
| 02/01/21 | Rent Charge | 2,001.25 | | 2,328.54 | |
| 02/02/21 | S8 Payment | | 1,183.44 | 1,145.10 | E7429650 |
| 02/04/21 | Rent Receipt | | 769.00 | 376.10 | T003256 |
| | | | | | Damian Batista |
| 03/01/21 | Rent Charge | 2,001.25 | | 2,377.35 | |
| 03/02/21 | S8 Payment | | 1,183.44 | 1,193.91 | E7454508 |
| 03/08/21 | Rent Receipt | | 769.00 | 424.91 | T003657 |
| | | | | | Damian Batista |
| 03/30/21 | Rent Receipt | | 769.00 | -344.09 | T003890 |
| | | | | | Damian Batista |
| 04/01/21 | Rent Charge | 2,001.25 | | 1,657.16 | |
| 04/01/21 | S8 Payment | | 1,183.44 | 473.72 | E7479364 |
| 05/01/21 | Rent Charge | 2,001.25 | | 2,474.97 | |
| 05/01/21 | S8 Payment | | 1,183.44 | 1,291.53 | E7504236 |
| 05/06/21 | Rent Receipt | | 769.00 | 522.53 | T004421 |
| | | | | | Damian Batista |
| 06/01/21 | Rent Charge | 2,001.25 | | 2,523.78 | |
| 06/01/21 | S8 Payment | | 1,183.44 | 1,340.34 | E7529097 |
| 06/08/21 | Rent Receipt | | 769.00 | 571.34 | T004828 |
| | | | | | Damian Batista |
| 07/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 07/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7553869 |
| 07/05/21 | Rent Receipt | | 1,023.00 | 571.34 | T005102 |
| | | | | | Damian Batista |

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 34 of 133

## Tenant Statement

**In Legal**

08/20/25 11:56:54

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|------|--------------------------|------------|--------------------------|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

LB
CC
AC
MG

| Date | Description | Debit | Credit | Balance | Check #/Comment |
|------|-------------|-------|--------|---------|-----------------|
| 08/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 08/02/21 | Rent Receipt | | 1,023.00 | 1,549.59 | T005398 |
| | | | | | Damian Batista |
| 08/02/21 | S8 Payment | | 978.25 | 571.34 | E7578469 |
| 09/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 09/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7602878 |
| 09/08/21 | Rent Receipt | | 1,023.00 | 571.34 | T005848 |
| | | | | | Damian Batista |
| 10/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 10/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7627171 |
| 10/06/21 | Rent Receipt | | 1,023.00 | 571.34 | T006151 |
| | | | | | Damian Batista |
| 11/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 11/03/21 | S8 Payment | | 978.25 | 1,594.34 | E7651154 |
| 11/04/21 | Rent Receipt | | 1,023.00 | 571.34 | T006458 |
| | | | | | Damian Batista |
| 12/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 12/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7675065 |
| 12/05/21 | Rent Receipt | | 1,023.00 | 571.34 | T006787 |
| | | | | | Damian Batista |
| 01/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 01/05/22 | S8 Payment | | 978.25 | 1,594.34 | E7699006 |
| 01/05/22 | Rent Receipt | | 1,023.00 | 571.34 | T007143 |
| | | | | | Damian Batista |
| 02/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 02/01/22 | S8 Payment | | 978.25 | 1,594.34 | E7723986 |
| 02/08/22 | Rent Receipt | | 1,023.00 | 571.34 | T007531 |
| | | | | | Damian Batista |
| 03/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 03/02/22 | S8 Payment | | 978.25 | 1,594.34 | E7748136 |
| 03/06/22 | Rent Receipt | | 1,023.00 | 571.34 | T007840 |
| | | | | | Damian Batista |
| 03/29/22 | Rent Receipt | | 1,023.00 | -451.66 | T008051 |
| | | | | | Damian Batista |
| 04/01/22 | Rent Charge | 2,001.25 | | 1,549.59 | |
| 04/06/22 | S8 Payment | | 978.25 | 571.34 | E7772343 |
| 05/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |

*Page 3*

## Tenant Statement                    In Legal                        08/20/25 11:56:54

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

LB
CC
AC

| Date | MG Description | Debit | Credit | Balance | Check #/Comment |
|------|------------|-------|--------|---------|-----------------|
| 05/03/22 | S8 Payment | | 978.25 | 1,594.34 | E7796464 |
| 05/04/22 | Rent Receipt | | 1,023.00 | 571.34 | T008572 |
| | | | | | Damian Batista |
| 06/01/22 | Rent Charge | 2,051.28 | | 2,622.62 | |
| 06/01/22 | Security Charge | 50.03 | | 2,672.65 | |
| 06/01/22 | S8 Payment | | 978.25 | 1,694.40 | E7820480 |
| 06/06/22 | Rent Receipt | | 1,023.00 | 671.40 | T008955 |
| | | | | | Damian Batista |
| 07/01/22 | Rent Charge | 2,051.28 | | 2,722.68 | |
| 07/01/22 | S8 Payment | | 978.25 | 1,744.43 | E7844542 |
| 07/05/22 | Rent Receipt | | 1,023.00 | 721.43 | T009298 |
| | | | | | Damian Batista |
| 07/31/22 | Rent Receipt | | 1,023.00 | -301.57 | T009564 |
| | | | | | Damian Batista |
| 08/01/22 | Rent Charge | 2,051.28 | | 1,749.71 | |
| 08/01/22 | S8 Payment | | 1,028.25 | 721.46 | E7868407 |
| 09/01/22 | Rent Charge | 2,051.28 | | 2,772.74 | |
| 09/05/22 | Rent Receipt | | 1,023.00 | 1,749.74 | T010053 |
| | | | | | Damian Batista |
| 09/21/22 | S8 Payment | | 1,028.25 | 721.49 | E7892297 |
| 10/01/22 | Rent Charge | 2,051.28 | | 2,772.77 | |
| 10/03/22 | Rent Receipt | | 973.00 | 1,799.77 | T010403 |
| | | | | | Damian Batista |
| 10/03/22 | S8 Payment | | 1,028.25 | 771.52 | E7916298 |
| 11/01/22 | Rent Charge | 2,051.28 | | 2,822.80 | |
| 11/01/22 | S8 Payment | | 1,028.25 | 1,794.55 | E7940190 |
| 11/08/22 | Rent Receipt | | 973.00 | 821.55 | T010902 |
| | | | | | Damian Batista |
| 12/01/22 | Rent Charge | 2,051.28 | | 2,872.83 | |
| 12/01/22 | S8 Payment | | 1,028.25 | 1,844.58 | 7964162 |
| 12/05/22 | Rent Receipt | | 973.00 | 871.58 | T011236 |
| | | | | | Damian Batista |
| 01/01/23 | Rent Charge | 2,051.28 | | 2,922.86 | |
| 01/03/23 | S8 Payment | | 1,028.25 | 1,894.61 | E7990059 |
| 01/06/23 | Rent Receipt | | 973.00 | 921.61 | T011682 |
| | | | | | Damian Batista |
| 02/01/23 | Rent Charge | 2,051.28 | | 2,972.89 | |

Page 4

## Tenant Statement

### In Legal

08/20/25 11:56:54

| | |
|---|---|
| 1915 | 1915 BILLINGSLEY TERRACE |
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 |
| Rooms: 5.0 | BATISTA, SANDRA |

Type: Stab
S8 - FPC#: 0598547

| | |
|---|---|
| Lease: 06/01/25-05/31/26 | |
| Rent: | 2,170.92 |
| Section 8: | 1,220.82 |
| Tenant Share: | 950.10 |
| Total Due: | 7,019.94 |

LB
CC
AC
MG

| Date | | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|---|
| 02/01/23 | | S8 Payment | | 1,028.25 | 1,944.64 | E8016079 |
| 02/06/23 | MG | Rent Receipt | | 973.00 | 971.64 | T012122 |
| | | | | | | Damian Batista |
| 03/01/23 | | Rent Charge | 2,051.28 | | 3,022.92 | |
| 03/01/23 | | S8 Payment | | 1,028.25 | 1,994.67 | E8040581 |
| 03/04/23 | MG | Rent Receipt | | 973.00 | 1,021.67 | T012494 |
| | | | | | | Damian Batista |
| 04/01/23 | | Rent Charge | 2,051.28 | | 3,072.95 | |
| 04/01/23 | MG | Rent Receipt | | 973.00 | 2,099.95 | T012877 |
| | | | | | | Damian Batista |
| 04/03/23 | | S8 Payment | | 1,028.25 | 1,071.70 | E8065005 |
| 05/01/23 | | Rent Charge | 2,051.28 | | 3,122.98 | |
| 05/01/23 | | S8 Payment | | 1,028.25 | 2,094.73 | E8089429 |
| 05/05/23 | MG | Rent Receipt | | 973.00 | 1,121.73 | T013380 |
| | | | | | | Damian Batista |
| 06/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 06/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8113949 |
| 06/03/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T013807 |
| | | | | | | Damian Batista |
| 07/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 07/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8138135 |
| 07/07/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T014296 |
| | | | | | | Damian Batista |
| 08/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 08/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8162606 |
| 08/02/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T014634 |
| | | | | | | Damian Batista |
| 08/31/23 | MG | Rent Receipt | | 1,038.00 | 83.73 | T015028 |
| | | | | | | Damian Batista |
| 09/01/23 | | Rent Charge | 2,051.28 | | 2,135.01 | |
| 09/01/23 | | S8 Payment | | 1,013.28 | 1,121.73 | E8187263 |
| 10/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 10/01/23 | MG | Rent Receipt | | 1,038.00 | 2,135.01 | T015490 |
| | | | | | | Damian Batista |
| 10/02/23 | | S8 Payment | | 1,013.28 | 1,121.73 | E8212030 |
| 11/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 11/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8237398 |

*Page 5*

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 37 of 133

## Tenant Statement

**In Legal**

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

| Date | LB CC AC MG | Description | Debit | Credit | Balance | Check #/Comment |
|------|----|-------------|-------|--------|---------|-----------------|
| 11/03/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T016043 Damian Batista |
| 12/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 12/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8262151 |
| 12/04/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T016508 Damian Batista |
| 01/01/24 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 01/17/24 | | Rent Receipt | | 1.00 | 3,172.01 | MO29018384774 |
| 02/01/24 | | Rent Charge | 2,051.28 | | 5,223.29 | |
| 02/08/24 | MG | Rent Receipt | | 1,038.00 | 4,185.29 | T017656 Damian Batista |
| 02/21/24 | | Rent Receipt | | 1.00 | 4,184.29 | MO29162850344 |
| 03/01/24 | | Rent Charge | 2,051.28 | | 6,235.57 | |
| 03/04/24 | MG | Rent Receipt | | 1,038.00 | 5,197.57 | T018154 Damian Batista |
| 03/15/24 | MG | Rent Receipt | | 1,022.89 | 4,174.68 | T018392 Damian Batista |
| 04/01/24 | | Rent Charge | 2,051.28 | | 6,225.96 | |
| 04/05/24 | MG | Rent Receipt | | 1,038.00 | 5,187.96 | T018706 Damian Batista |
| 05/01/24 | | Rent Charge | 2,051.28 | | 7,239.24 | |
| 05/03/24 | MG | Rent Receipt | | 1,038.00 | 6,201.24 | T019097 Damian Batista |
| 06/01/24 | | Rent Charge | 2,112.82 | | 8,314.06 | |
| 06/01/24 | | Security Charge | 271.19 | | 8,585.25 | |
| 06/04/24 | MG | Rent Receipt | | 1,076.00 | 7,509.25 | T019583 Damian Batista |
| 07/01/24 | | Rent Charge | 2,112.82 | | 9,622.07 | |
| 07/01/24 | MG | Rent Receipt | | 1,076.00 | 8,546.07 | T019964 Damian Batista |
| 08/01/24 | | Rent Charge | 2,112.82 | | 10,658.89 | |
| 08/01/24 | MG | Rent Receipt | | 892.00 | 9,766.89 | T020414 Damian Batista |
| 09/01/24 | | Rent Charge | 2,112.82 | | 11,879.71 | |
| 09/06/24 | MG | Rent Receipt | | 892.00 | 10,987.71 | T021069 Damian Batista |
| 10/01/24 | | Rent Charge | 2,112.82 | | 13,100.53 | |

## Tenant Statement

**In Legal**

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|---|---|---|---|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

| Date | LB CC AC MG Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|
| 10/02/24 | MG Rent Receipt | | 892.00 | 12,208.53 | T021483 Damian Batista |
| 11/01/24 | Rent Charge | 2,112.82 | | 14,321.35 | |
| 11/01/24 | MG Rent Receipt | | 892.00 | 13,429.35 | T021906 Damian Batista |
| 12/01/24 | Rent Charge | 2,112.82 | | 15,542.17 | |
| 12/02/24 | MG Rent Receipt | | 892.00 | 14,650.17 | T022442 Damian Batista |
| 12/02/24 | S8 Payment | | 1,220.82 | 13,429.35 | E8566087 |
| 01/01/25 | Rent Charge | 2,112.82 | | 15,542.17 | |
| 01/02/25 | MG Rent Receipt | | 892.00 | 14,650.17 | T022996 Damian Batista |
| 01/02/25 | S8 Payment | | 1,220.82 | 13,429.35 | E8591533 |
| 01/02/25 | S8 Payment | | 3,539.38 | 9,889.97 | |
| 02/01/25 | Rent Charge | 2,112.82 | | 12,002.79 | |
| 02/03/25 | S8 Payment | | 1,220.82 | 10,781.97 | E8618475 |
| 02/07/25 | MG Rent Receipt | | 892.00 | 9,889.97 | T023706 Damian Batista |
| 02/12/25 | Rent Adjustment | | 2,500.00 | 7,389.97 | SETTELMENT |
| 03/01/25 | Rent Charge | 2,112.82 | | 9,502.79 | |
| 03/01/25 | MG Rent Receipt | | 892.00 | 8,610.79 | T024012 Damian Batista |
| 03/03/25 | S8 Payment | | 1,220.82 | 7,389.97 | E8644009 |
| 03/05/25 | Security Deposit | | 370.03 | 7,019.94 | MO29770118324 |
| 04/01/25 | Rent Charge | 2,112.82 | | 9,132.76 | |
| 04/01/25 | MG Rent Receipt | | 892.00 | 8,240.76 | T024534 Damian Batista |
| 04/01/25 | S8 Payment | | 1,220.82 | 7,019.94 | E8669366 |
| 05/01/25 | Rent Charge | 2,112.82 | | 9,132.76 | |
| 05/01/25 | MG Rent Receipt | | 892.00 | 8,240.76 | T025028 Damian Batista |
| 05/01/25 | S8 Payment | | 1,220.82 | 7,019.94 | E8694477 |
| 05/31/25 | MG Rent Receipt | | 892.00 | 6,127.94 | T025577 Damian Batista |
| 05/31/25 | CP Security Deposit | | 58.10 | 6,069.84 | T025578 Damian Batista |
| 06/01/25 | Rent Charge | 2,170.92 | | 8,240.76 | |
| 06/01/25 | Security Charge | 58.10 | | 8,298.86 | |

## Tenant Statement

**In Legal**

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|---|---|---|---|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

| Date | LB CC AC MG | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|---|
| 06/02/25 | | S8 Payment | | 1,220.82 | 7,078.04 | E8719742 |
| 06/09/25 | MG | Rent Receipt | | 58.10 | 7,019.94 | T025824 Damian Batista |
| 07/01/25 | | Rent Charge | 2,170.92 | | 9,190.86 | |
| 07/01/25 | MG | Rent Receipt | | 58.10 | 9,132.76 | T026127 Damian Batista |
| 07/01/25 | MG | Rent Receipt | | 892.00 | 8,240.76 | T026126 Damian Batista |
| 07/01/25 | | S8 Payment | | 1,220.82 | 7,019.94 | E8745186 |
| 08/01/25 | | Rent Charge | 2,170.92 | | 9,190.86 | |
| 08/01/25 | MG | Rent Receipt | | 892.00 | 8,298.86 | T026700 Damian Batista |
| 08/01/25 | | S8 Payment | | 1,220.82 | 7,078.04 | E8770575 |
| 08/08/25 | MG | Rent Receipt | | 58.10 | 7,019.94 | T026873 Damian Batista |

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 40 of 133

# Transactions

Please allow 1-2 days for your recent payments

 
**RENTAL PROP**

a payment

**$707.00** ●    Aug 31, 2025

JPMORGAN CHASE BANK **** 655…    T027154

Unit: 1915 BILLINGSLEY TERRACE, #57

**$58.10** ●    Aug 08, 2025

JPMORGAN CHASE BANK **** 655…    T026873

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** ●    Aug 01, 2025

JPMORGAN CHASE BANK **** 655…    T026700

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** ●    Jul 01, 2025

JPMORGAN CHASE BANK **** 655…    T026126

Unit: 1915 BILLINGSLEY TERRACE, #57

**$58.10** ●    Jul 01, 2025

JPMORGAN CHASE BANK **** 655…    T026127

Unit: 1915 BILLINGSLEY TERRACE, #57

**$58.10** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

Jun 09, 2025

T025824

**$892.00** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

May 31, 2025

T025577

**$58.10** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

May 31, 2025

T025578

**$892.00** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

May 01, 2025

T025028

**$892.00** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

Apr 01, 2025

T024534

**$892.00** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

Mar 01, 2025

T024012

**$892.00** ●

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

Feb 07, 2025

T023706

**$892.00** ●

Jan 02, 2025

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T022996

**$892.00** •

Dec 02, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T022442

**$892.00** •

Nov 01, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T021906

**$892.00** •

Oct 02, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T021483

**$892.00** •

Sep 06, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T021069

**$892.00** •

Aug 01, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T020414

**$1,076.00** •

Jul 01, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T019964

**$1,076.00** •

Jun 04, 2024

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T019583

**$1,038.00** ●        May 03, 2024

JPMORGAN CHASE BANK **** 655...        T019097

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Apr 05, 2024

JPMORGAN CHASE BANK **** 655...        T018706

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,022.89** ●        Mar 15, 2024

JPMORGAN CHASE BANK **** 655...        T018392

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Mar 04, 2024

JPMORGAN CHASE BANK **** 655...        T018154

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Feb 08, 2024

JPMORGAN CHASE BANK **** 655...        T017656

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Dec 04, 2023

JPMORGAN CHASE BANK **** 655...        T016508

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Nov 03, 2023

JPMORGAN CHASE BANK **** 655...        T016043

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** ●        Oct 01, 2023

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 44 of 133

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T015490

**$1,038.00** •

Aug 31, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T015028

**$1,038.00** •

Aug 02, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T014634

**$1,038.00** •

Jul 07, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T014296

**$1,038.00** •

Jun 03, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T013807

**$973.00** •

May 05, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T013380

**$973.00** •

Apr 01, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T012877

**$973.00** •

Mar 04, 2023

JPMORGAN CHASE BANK **** 655...

Unit: 1915 BILLINGSLEY TERRACE, #57

T012494

**$973.00** •    Feb 06, 2023

JPMORGAN CHASE BANK **** 655...    T012122

Unit: 1915 BILLINGSLEY TERRACE, #57

**$973.00** •    Jan 06, 2023

JPMORGAN CHASE BANK **** 655...    T011682

Unit: 1915 BILLINGSLEY TERRACE, #57

**$973.00** •    Dec 05, 2022

JPMORGAN CHASE BANK **** 655...    T011236

Unit: 1915 BILLINGSLEY TERRACE, #57

**$973.00** •    Nov 08, 2022

JPMORGAN CHASE BANK **** 655...    T010902

Unit: 1915 BILLINGSLEY TERRACE, #57

**$973.00** •    Oct 03, 2022

JPMORGAN CHASE BANK **** 655...    T010403

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Sep 05, 2022

JPMORGAN CHASE BANK **** 655...    T010053

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Jul 31, 2022

JPMORGAN CHASE BANK **** 655...    T009564

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Jul 05, 2022

JPMORGAN CHASE BANK **** 655...    T009298

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Jun 06, 2022

JPMORGAN CHASE BANK **** 655...    T008955

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    May 04, 2022

JPMORGAN CHASE BANK **** 655...    T008572

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Mar 29, 2022

JPMORGAN CHASE BANK **** 655...    T008051

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Mar 06, 2022

JPMORGAN CHASE BANK **** 655...    T007840

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Feb 08, 2022

JPMORGAN CHASE BANK **** 655...    T007531

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Jan 05, 2022

JPMORGAN CHASE BANK **** 655...    T007143

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,023.00** •    Dec 05, 2021

JPMORGAN CHASE BANK **** 655...    T006787

Unit: 1915 BILLINGSLEY TERRACE, #57

© Rental Prop

Powered by: ManageGo



**New York State Division of Housing and Community Renewal**
Gertz Plaza 92-31 Union Hall St.
Jamaica, NY 11433
Web Site www.hcr.ny.gov

Docket Number:
**MN610047S**

## Order Determining Maximum Rent/Legal Regulated Rent
### (Fire Damage or Health/Safety Condemnation)
### For a Specific Time Period

| Mailing Address Of Tenant: | Mailing Address Of Owner/Agent: |
|---|---|
| Name: **Damian Batista** | Name: **1915 Realty LLC.** |
| Number/Street: **1915 Billingsley Terrace** Apt. #: **57** | Number/Street: **P.O. Box 243** |
| City, **Bronx,** | City, **Brooklyn,** |
| State, Zip Code:**NEW YORK 10453** | State, Zip Code: **NEW YORK 11204** |

Building                    (If Different From Tenant's Mailing Address)
(Number and Street)                              (Apt. No.)          (Municipality)

After consideration of all the evidence in the record and upon the grounds stated in Section 2202.22 of the City Rent Control Regulations or Section 2522.6 of the Rent Stabilization Code, the Rent Administrator:

(Only the section filled below applies)

1. Establishes pursuant to Section 2202.22(c) that the rent on _____ was $1.00 per month, which amount is the maximum rent for the housing accommodation as of _____ the date of the fire which caused the tenant to vacate involuntarily.
2. Establishes pursuant to Section 2522.6 that the rent on _____, was $1.00 per month, which amount is the legal regulated rent for the housing accommodation as of _____, the date of the fire which caused the tenant to vacate involuntarily.
3. Establishes that the rent on _____, was $1.00 per month, for the housing accommodation as of _____, pursuant to Section 2202.22 and Section 2202.17 of the Regulations based upon a Vacate Order issued by the New York City Department of Housing Preservation and Development , effective _____.
4. Establishes the Legal Regulated Rent of $1.00 per month as of **December 11, 2023**, pursuant to Section 2522.6 of the Rent Stabilization Code based upon a Vacate Order issued by the New York City Department of Buildings, effective **December 11, 2023**

This Order entitles the tenant upon the payment of $ 1.00 per month to be restored to occupancy of the subject apartment. This payment is to be made to the owner of the subject building it should **NOT** be made to the Division of Housing and Community Renewal.

Comments:
The tenant filed an application on February 5, 2024, citing several conditions in need of repair and stated that apartment #57 was vacated on December 11, 2023, due to a partial vacate order issued on the same day by the New York City Department of Buildings (DOB). However, this proceeding is addressing emergency condition of "Partial Vacate Order issued for apartment #57 by the New York City Department of Buildings", only and other conditions cited in the tenant's application were addressed under docket #MN610078S.

The tenant's application was served to the owner on March 4, 2024.

A review of the records of the New York City Department of Buildings (DOB) revealed that vacate order issued for apartment #57 was rescinded on January 2, 2024. It is also noted that no vacate order was posted by the New York City Department of Housing Preservation and Development.

An inspection was conducted at the subject premises on May 01, 2024. The Inspector found the subject apartment habitable, gas/hot/cold water services were provided, and there was no evidence of structural damage to the subject apartment. The tenant informed the inspector at the time of inspection that she vacated the apartment on December 11, 2023, and resumed occupancy on March 3, 2024.

(See Reverse Side)

RO 36-BR                                    1

On October 8, 2024, this Agency sent notices to the tenant and owner to submit the date of return and a copy of the owner's notification to the tenant of the availability of restored apartment.

Owner's response dated October 15, 2024, stated that vacate order was rescinded on January 2, 2024, and enclosed a copy of the print out from New York City Department of Buildings indicating that vacate order for apartment #57 was rescinded on January 2, 2024. However, the owner did not submit the date of return or a copy of the notification letter to tenant indicating that apartment #57 is ready to re-occupy.

Tenant's response received on October 23, 2024, stated that the tenant was informed by a text message to pick up the keys to apartment #57 and enclosed a copy of text message from owner dated January 3, 2024, stating that keys to apartment #57 can be picked up the next day. Tenant also mentioned that they returned to the subject apartment on February 1, 2024.

Tenant's response was served on the owner on November 25, 2024.

Owner's response dated December 6, 2024, acknowledged that the tenant moved back into the apartment on February 1, 2024, and did not dispute the tenant's response received on October 23, 2024.

Based on the foregoing, a reduction of rent to $1.00 per month is warranted effective December 11, 2023, based upon a Vacate Order issued by the New York City Department of Buildings.

Simultaneously, it is ordered that the legal regulated rent be and it hereby is restored to the level prior to the date of the partial Vacate Order on December 11, 2023, plus any lawful increases, effective January 4, 2024, the date the keys to apartment #57 was ready to be picked up as stated in the owner's text message.

**Therefore, the rent is simultaneously restored effective:** <u>January 4, 2024</u>.

*Note: As the subject apartment was not voluntarily vacated, any individual apartment improvements made while the tenant was not in occupancy will not warrant a rent increase to the Legal Regulated Rent unless the tenant agrees to such an increase in writing and the improvements otherwise qualify for a rent increase. In addition, changes to the configuration or dimensions of the apartment may be subject to a rent reduction if the facts so warrant.*

If you believe this order is based on an error in law and/or fact, you may file a Petition for Administrative Review (PAR), form RAR-2, no later than 35 days after the issuance date of the order. PARs filed after the time limit specified above will be considered late and will be dismissed. Requests for an extension of time to file a PAR cannot be considered. Call (833) 499-0343 or visit your local Rent Office and request form RAR-2. This form is also available on our website at: hcr.ny.gov.

<u>February 26, 2025</u>
Issue Date

Rent Administrator

Additional Parties:

Bronx Legal Services
369 East 148th Street
2nd Floor
Bronx, NY 10455
(Tenant's Rep.)

1915 Realty LLC.
1417 Avenue J
Brooklyn, NY 11230
(Owner)

1915 Realty LLC.
Management
David Kleiner
P.O. Box 319
Brooklyn, NY 11204
(Owner's Representative)

RO 36-BR    2

| | | Docket Number |
|---|---|---|
| **State of New York** **Division of Housing and Community Renewal** Office of Rent Administration Web Site: www.hcr.ny.gov | Gertz Plaza 92-31 Union Hall Street Jamaica, NY 11433 (833) 499-0343 | **MN 610078 S** Issue Date **10/24/2024** |

## ORDER REDUCING RENT FOR
## RENT STABILIZED TENANT(S)

**Mailing Address of Owner:**

1915 Realty Llc
P.O. Box 243
Brooklyn NY   11204

**Mailing Address of Tenant(s):**

Damian Batista
Apt 57
1915 Billingsley Ter
Bronx NY   10453

**Subject Housing Accommodation:**

Apt. No: 57
1915 Billingsley Ter
Bronx NY   10453

I.   <u>FACTS:</u>  The tenant(s) filed a complaint on 02/05/2024 based upon decreases in service(s).  The owner was afforded an opportunity to respond by service of complaint on 02/28/2024.

II.  <u>FINDINGS:</u>  Based upon a complete review of the record, the DHCR finds:

<u>SERVICES NOT MAINTAINED:</u>
FLOOR LEVELING KITCHEN
BATHROOM SINK FAUCET
BEDROOM 1 DOOR
LEFT LIVING ROOM WINDOW
PAINT/PLASTER APT WIDE

<u>SERVICES MAINTAINED:</u>
PLUMBING TUB FAUCET
FLOOR/COVERING LIVING ROOM
COOKING GAS

ADDITIONAL COMMENTS:



New York State Homes and Community Renewal
DHCR - Office of Rent Administration

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025

*Sharae Russell*
Certifying Officer

To:   1915 REALTY LLC
      P.O. BOX 243
      BROOKLYN NY   11204

RO-2970  (11/2023)                          PAGE 1 OF 4

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 51 of 133



| | | |
|---|---|---|
| **State of New York**<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |

## ORDER REDUCING RENT FOR
## RENT STABILIZED TENANT(S)

An inspection was conducted at the subject premises on June 27, 2024.
The following services were found not maintained:
.
1. There is a bulging floor tile near the washer in the kitchen.
2. The bathroom sink faucet is loose.
3. Bedroom 1 wooden door is broken/chipped near the knob.
4. Left Living Room window has a loose metal balance.
   (However, no defects were found to the remaining windows
    in the apartment)
5. Defects to paint/plaster Apartment-Wide as follows:
   a) bathroom ceiling (above tub) is sagging/bubbling/cracking
      and uneven surface.
   b) Bedroom 2 has cracks and uneven surface throughout the ceiling
      and around the windows.
   c) Bedroom 3 ceiling has cracks and uneven surface.
      PROPER PLASTERING, SANDING, AND PAINTING REQUIRED.

The following services were found maintained on June 27, 2024:
.
1. The tub faucet is not loose/defective.
2. No defects to living room floor tiles.
3. Cooking gas is being provided to the apartment and building.
.
.
Regarding the Tenant's complaint of "vacate order", appropriate
action will be taken under Docket Number MN610047S.

III.  <u>DETERMINATION:</u>  The legal regulated rent is reduced to the level in effect
      prior to the most recent guidelines adjustment for the tenant's lease which
      commenced before the effective date of this Order.

      No rent adjustments may be collected after the effective date of this rent
      reduction Order, 03/01/2024, until a rent restoration order has been
      issued. The owner is directed to refund to the tenant(s) all amounts
      collected in excess of the reduced rent since the effective date of this
      rent reduction Order. If the owner fails to make a refund within thirty
      (30) days of the issue date of this Order, the tenant is authorized to
      deduct the amount from future rent(s) until the total amount has been
      refunded, unless the owner files a Petition for Administrative Review of
      this Order. The owner is directed to restore the above services not
      maintained for all apartments affected by the order within thirty (30)
      days of the issue date.

IV.   <u>EFFECTIVE DATE:</u> 03/01/2024 - which is the first of the month following
      the service of the complaint on owner.

RO-2970 (11/2023)                    PAGE 2 OF 4



| | State of New York | Gertz Plaza | Docket Number |
|---|---|---|---|
| | **Division of Housing and Community Renewal** | 92-31 Union Hall Street | **MN 610078 S** |
| | Office of Rent Administration | Jamaica, NY 11433 | Issue Date |
| | Web Site: www.hcr.ny.gov | **(833) 499-0343** | **10/24/2024** |

## ORDER REDUCING RENT FOR
## RENT STABILIZED TENANT(S)

V.    <u>PETITION FOR ADMINISTRATIVE REVIEW</u> (PAR): If you believe this order is based on an error in law and/or fact, you may file a PAR on DHCR form RAR-2, no later than 35 days after the issuance of this order. PARs filed after the time limit specified above will be considered late and will be dismissed. Requests for an extension of time to file a PAR cannot be considered. Call (833) 499-0343 or visit your local Rent Office and request form RAR-2. This form is also available on our website at hcr.ny.gov.


*Margaret Ramroop*

MARGARET RAMROOP
Rent Administrator    Issued: 10/24/2024


Attachment(s): NOTICE OF ADDITIONAL INFORMATION



**New York State Homes and Community Renewal**
**DHCR - Office of Rent Administration**

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025

*Sharae Russell*
Certifying Officer

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 16 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 53 of 133



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |
|---|---|---|

# NOTICE OF ADDITIONAL INFORMATION

I.  **ADDITIONAL INFORMATION**

(1) If the owner fails to make a refund of a retroactive reduction within thirty (30) days of the issue date of the referenced order, the tenant is authorized to deduct the amount from future rent(s) until the total amount has been refunded unless the owner files a PAR.

(2) A tenant with a valid Senior Citizen Rent Increase Exemption (SCRIE) certificate or a valid Disability Rent Increase Exemption (DRIE) certificate should notify the SCRIE or DRIE program immediately upon receipt of this Order.

(3) For a rent controlled apartment where there is already an Order Reducing Maximum Collectible Rent in effect for a service decrease specifically contained herein, or for a rent stabilized apartment where such an Order is already in effect for any type of decreased services, no further rent reduction is authorized by this Order, unless the effective date of this Order predates the effective date of the reduction already in effect.

(4) If a tenant receives a rent reduction from DHCR and also receives another abatement or a rent credit because of the same conditions, the tenant cannot get both benefits at the same time.  Therefore:

(i) If a rent-controlled tenant has received in court a credit, abatement, or offset in rent because of a breach of the warranty of habitability, and the credit, abatement, or offset applies to rent payable for the months also covered by the reduction granted herein, and the breach of the warranty of habitability relates to one or more of the same conditions as those found not maintained herein, then: that portion of the reduction ordered herein for such conditions for any month(s) to which both the reduction and the credit, abatement, or offset apply, is reduced by the amount of that portion of the credit, abatement, or offset that is received because of the conditions found not maintained herein.  If the credit, abatement, or offset is greater than the amount of the reduction ordered for the same item, the reduction shall not take effect for months in which the credit, abatement, or offset applies.

(ii) If a rent-stabilized tenant has received in court a credit, abatement, or offset in rent because of a breach of the warranty of habitability, and the credit, abatement, or offset applies to rent payable for the months also covered by the reduction granted herein, and the breach of the warranty of habitability relates to one or more of the same conditions as those found not maintained herein, then: the reduction ordered herein for any month(s) to which both the reduction and the credit, abatement, or offset apply shall not be combined with the amount of the credit, abatement, or offset so as to reduce the tenant's rent to a level lower than the level in effect prior to the most recent guidelines increase, unless the credit, abatement, or offset is greater than the reduction ordered herein, in which case the reduction does not apply for any such months.

II. **NON-COMPLIANCE**

If the owner fails to restore services, the tenant may request that compliance proceedings be initiated, by filing an Affirmation of Non-Compliance (form RA-22.1), after thirty (30) days from the issue date of the order.  The form may be requested by calling (833) 499-0343.

III. **PENALTIES**

If the owner fails to restore the service(s) as directed in the referenced order, then the DHCR may impose penalties & sanctions for each instance of non-compliance as follows:

(1) For violating an Order, a civil penalty of up to $2,000 ($1,000 minimum) for the first such offense and up to $3,000 ($2,000 minimum) for each subsequent offense. If each service, directed to be restored is not restored in a timely manner, it may constitute a separate violation.

(2) For knowingly violating any provision of the Rent Stabilization Law or Code (if applicable), a civil penalty of up to $250 for each violation. Each reduction in service may constitute a further violation separate and apart from the violation described in paragraph (1).

RO-2995 (3/1999)                     PAGE 4 OF 4



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MW 610041 OR**<br>Issue Date<br>**09/12/2025** |

### ORDER DENYING OWNER'S APPLICATION TO RESTORE RENT
### (RENT STABILIZED)

**Mailing Address of Owner:**

1915 Realty Llc
Pob 243
Brooklyn NY   11204

**Mailing Address of Tenant(s):**

Damian Batista
Apt 57
1915 Billingsley Ter
Bronx NY   10453

**Subject Housing Accommodation:**        **Related Docket:   MN610078S**

Apt. No: 57
1915 Billingsley Ter
Bronx NY   10453

I.   <u>FACTS:</u>  Rent was previously reduced by order issued on 10/24/2024 under Docket Number MN 610078 S based on decreased service(s).  The owner applied to restore rent based on restoration of service(s).  All parties were afforded an opportunity to respond by service of owner's application on 11/14/2024.

II.  <u>FINDINGS:</u>  Based upon a complete review of the record, the DHCR finds that conditions cited in the order reducing rent have been <u>partially</u> corrected.

 <u>SERVICES RESTORED:</u>
BATHROOM SINK FAUCET
BEDROOM 1 DOOR
LEFT LIVING ROOM WINDOW

 <u>SERVICES NOT RESTORED:</u>
FLOOR LEVELING KITCHEN
PAINT/PLASTER APT WIDE

 <u>ADDITIONAL COMMENTS:</u>

An inspection was conducted at the subject premises on September 04, 2025.
Present at this inspection was:
the tenant and the superintendent.



**New York State Homes and Community Renewal**
**DHCR - Office of Rent Administration**

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025

*Sharae Russell*
Certifying Officer

To:   1915 REALTY LLC
  POB 243
  BROOKLYN NY   11204

RO-3142  (6/2022)                    PAGE 1 OF 2

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 55 of 133



| State of New York **Division of Housing and Community Renewal** Office of Rent Administration Web Site: www.hcr.ny.gov | Gertz Plaza 92-31 Union Hall Street Jamaica, NY 11433 (833) 499-0343 | Docket Number **MW 610041 OR** Issue Date **09/12/2025** |
| --- | --- | --- |

## ORDER DENYING OWNER'S APPLICATION TO RESTORE RENT
### (RENT STABILIZED)

The following services were found restored:
1. No damage or defects were observed on the bathroom sink faucet.
2. The bedroom 1 door had no damage or defects.
3. The left living room window balance had no damage or defects.

The following services were found not restored on September 04, 2025:
1. The kitchen floor tiles were cracked and bulging.
2. Paint/plaster defects were found throughout the apartment as follows:
   A) The bathroom ceiling around the bathtub was bulging and sagging. Cracked and uneven plaster was observed.
   B) The bedroom 2 ceiling and walls around the window had cracked and uneven paint/plaster.
   C) The bedroom 3 ceiling was cracked and uneven. The area needs to be properly plastered, sanded, and painted.

III. <u>DETERMINATION</u>:  The owner's application to restore rent is denied.

IV.  <u>PETITION FOR ADMINISTRATIVE REVIEW (PAR)</u>:  If you believe this order is based on an error in law and/or fact, you may file a PAR on DHCR form RAR-2, no later than 35 days after the issuance date of this order.  PARs filed after the time limit specified above will be considered late and will be dismissed.  Requests for an extension of time to file a PAR cannot be considered.  Call (833) 499-0343 or visit your local Rent Office and request form RAR-2.  This form is also available on our website at hcr.ny.gov.


MARGARET RAMROOP
Rent Administrator    Issued: 09/12/2025

RO-3142 (6/2022)                    PAGE 2 OF 2

Firefox        https://outlook.office.com/mail/id/AAQkADgxNmQ5ZmI5LTFkYW...

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 56 of 133

 **Outlook**

---

## Re: LT-310915-25/BX, 1915 Realty LLC v. Damian Batista, Sandra Batista

---

**From** Jackie C. Spencer <jspencer@lsnyc.org>

**Date** Wed 10/1/2025 9:00 AM

**To** Zev Schwartz <zev@e-slaw.com>

**Cc** nyscef@e-slaw.com <nyscef@e-slaw.com>; Law Office Edelman Schwartz PLLC <office@e-slaw.com>

▌ 6 attachments (6 MB)

D Batista Rent Ledger.pdf; D Batista Payments for Months in Petition.pdf; MW610041OR.pdf; MN610078S.pdf; D Batista NYCHA Tenant share letters.pdf; D Batista Stipulation of Discontinuance.pdf;

Good afternoon,

I am writing again to request that you dismiss the case against my client with prejudice.

Mr. Batista did not, as you allege, owe approximately $9,200 in May 2025. Those arrears accrued due to missing Section 8 payments, which Mr. Batista cannot legally be held responsible for. Section 8 did not pay its share from January 2024 through November 2024. *(See attached rent ledger provided by your client.)* Section 8 began making payments again in December 2024, and in January 2025 it made additional payments to make up for some of the missing months. *Id.* But the arrears that accrued during this time were entirely from the Section 8 portion of the rent. Mr. Batista cannot be sued for this money. *(See attached NYCHA tenant share letters for Mr. Batista's portion of the rent.)*

In addition, the total monthly rent shown in the ledger is incorrect for many months because it does not adhere to the monthly rent required by the DHCR rent reduction order. *(Both the original order and denial of the landlord's request to restore the rent are attached.)*

Further, Mr. Batista was not credited the $2,500 settlement money because it should be applied only to his tenant share, and not the Section 8 portion of the rent. The attached ledger includes both Mr. Batista's tenant portion as well as the Section 8 portion, and therefore cannot demonstrate a credit of $2,500 to just the tenant portion of the rent.

As I noted in my previous email, Mr. Batista has made regular payments of his tenant share (*again, see tenant share letters attached*). These payments, shown in both the attachment with Mr. Batista's bank transactions and in the ledger provided by your client, shows that Mr. Batista has consistently paid his tenant share. Mr. Batista is not legally responsible for missing Section 8 payments, and therefore this case should be dismissed with prejudice.

I have again attached a stipulation for your signature. I request that you sign this stipulation dismissing the case with prejudice by 5pm on Monday, October 6.

Thank you,

Jackie Spencer
Staff Attorney, Housing Unit
Bronx Legal Services
369 E. 148th Street, 2nd Floor

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 57 of 133

Bronx, NY 10455
Tel: 718-928-3740
Email: jspencer@lsnyc.org

---

**From:** Zev Schwartz <zev@e-slaw.com>
**Sent:** Friday, September 26, 2025 3:44 PM
**To:** Jackie C. Spencer <jspencer@lsnyc.org>
**Cc:** nyscef@e-slaw.com <nyscef@e-slaw.com>; Law Office Edelman Schwartz PLLC <office@e-slaw.com>
**Subject:** Re: LT-310915-25/BX, 1915 Realty LLC v. Damian Batista, Sandra Batista

in may 2025 he owed around 9200 in may and we gave him 2500 credit in Feburary 2024

On Tue, Sep 23, 2025 at 9:31 AM Jackie C. Spencer <jspencer@lsnyc.org> wrote:
Good morning,

I represent Damian Batista in LT-310915-25/BX, *1915 Realty LLC v. Damian Batista, Sandra Batista*. The petition that started this proceeding alleges that Mr. Batista owed $9,132.76 in rent from May 2024 through March 2025. But as you can tell from the attached documents, that rent is not owed. Specifically, the rent is not owed because:

1) The attached bank transactions show that Mr. Batista has made and continues to make regular payments of his share of the rent. Mr. Batista receives a NYCHA Section 8 subsidy and is not and cannot be held responsible for the NYCHA Section 8 portion of the rent. Mr. Batista mailed letters to his landlord in February 2024 and April 2024 to point out that he was being charged for the NYCHA Section 8 portion, but the rent bills and rent ledgers did not change. Mr. Batista's tenant share and corresponding payments for the months sought in the petition are as follows:

| Month | Tenant Share | Payment | Transaction # | Date |
|---|---|---|---|---|
| May 2024 | $1038.00 | $1038.00 | T019097 | May 3, 2024 |
| June 2024 | $1076.00 | $1076.00 | T019583 | June 4, 2024 |
| July 2024 | $1076.00 | $1076.00 | T019964 | July 1, 2024 |
| Aug 2024 | $892.00 | $892.00 | T020414 | Aug 1, 2024 |
| Sept 2024 | $892.00 | $892.00 | T021069 | Sept 6, 2024 |
| Oct 2024 | $892.00 | $892.00 | T021483 | Oct 2, 2024 |
| Nov 2024 | $892.00 | $892.00 | T021906 | Nov 1, 2024 |
| Dec 2024 | $892.00 | $892.00 | T022442 | Dec 2, 2024 |
| Jan 2025 | $892.00 | $892.00 | T022996 | Jan 2, 2025 |
| Feb 2025 | $892.00 | $892.00 | T023706 | Feb 7, 2025 |
| Mar 2025 | $892.00 | $892.00 | T024012 | Mar 1, 2025 |

2) Mr. Batista has made and continues to make regular payments of his full tenant share that include the months in the rent demand continuing to date.
3) In addition, the $2,500.00 building-wide settlement, credited on Mr. Batista's Tenant Statement on 2/12/25, should be applied to Mr. Batista's portion of the rent, and not the NYCHA Section 8 portion.

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM  INDEX NO. LT-316915-25/BX

NYSCEF DOC. NO. 17  RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 58 of 133

The rent demand and tenant ledgers show additional accounting issues:

4) A rent reduction order was issued for December 11, 2023 to January 4, 2024. Rent was set at $1. Mr. Batista paid his full tenant share ($1,038.00) for December 2023, though he occupied the apartment for only 10 days and should be responsible for only $334.84. ($1,038.00/31 x 10).  Mr. Batista paid $1,022.89 for January 2024 (the payment was made in March 2024), though he occupied the apartment for only 28 days and should be responsible for only $937.55 ($1,038.00/31 x 28).

5) Further, a DHCR order issued 10/24/24 under Docket Number MN 610078 S (see attached) determined that "[t]he legal regulated rent is reduced to the level in effect prior to the most recent guidelines adjustment for the tenant's lease which commenced before the effective date of this order." Therefore, the total legal rent should be frozen at $2,051.28 for all of the months included in the petition, as well as all of the months to date. An order denying the owner's application to restore rent was issued on 9/12/25 under docket number MW 610041 OR (see attached), meaning the rent reduction is still in place.

Therefore, demand is made for you to sign and return to me by 5:00pm on Monday, September 29, 2025 a stipulation of dismissal with prejudice. I have drafted the attached stipulation for your review and signature.

If I do not receive a signed stipulation of dismissal order by that time I will begin to incur the time and expenses of drafting a motion for summary judgment, but I trust that will not be necessary.

Thank you,


Jackie Spencer
Staff Attorney, Housing Unit
Bronx Legal Services
369 E. 148th Street, 2nd Floor
Bronx, NY 10455
Tel: 718-928-3740
Email: jspencer@lsnyc.org



LEGAL SERVICES NYC | Demand Justice.

*This e-mail is sent by a law firm and contains information that may be privileged and confidential and may also be covered by the Health Insurance Portability and Accountability Act (HIPAA).  If you are not the intended recipient, do not disseminate; please delete the e-mail and notify us immediately.*

🌲 *Please consider the environment before printing this email message.*

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be

unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 60 of 133

# ATTACHMENTS

Payments for months in Petition

MW610041OR

MN610078S

Draft Stipulation of Discontinuance

Rent Ledger

NYCHA Tenant Share Letters

**$892.00** •            Mar 01, 2025

JPMORGAN CHASE BANK **** 655...         T024012

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Feb 07, 2025

JPMORGAN CHASE BANK **** 655...         T023706

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Jan 02, 2025

JPMORGAN CHASE BANK **** 655...         T022996

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Dec 02, 2024

JPMORGAN CHASE BANK **** 655...         T022442

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Nov 01, 2024

JPMORGAN CHASE BANK **** 655...         T021906

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Oct 02, 2024

JPMORGAN CHASE BANK **** 655...         T021483

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Sep 06, 2024

JPMORGAN CHASE BANK **** 655...         T021069

Unit: 1915 BILLINGSLEY TERRACE, #57

**$892.00** •            Aug 01, 2024

JPMORGAN CHASE BANK **** 655...         T020414

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,076.00** •          Jul 01, 2024

JPMORGAN CHASE BANK **** 655...         T019964

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,076.00** •          Jun 04, 2024

JPMORGAN CHASE BANK **** 655...         T019583

Unit: 1915 BILLINGSLEY TERRACE, #57

**$1,038.00** •          May 03, 2024

JPMORGAN CHASE BANK **** 655...         T019097

Unit: 1915 BILLINGSLEY TERRACE, #57



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>**(833) 499-0343** | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |
|---|---|---|

## ORDER REDUCING RENT FOR
## RENT STABILIZED TENANT(S)

**Mailing Address of Owner:**

1915 Realty Llc
P.O. Box 243
Brooklyn NY   11204

**Mailing Address of Tenant(s):**

Damian Batista
Apt 57
1915 Billingsley Ter
Bronx NY   10453

**Subject Housing Accommodation:**

Apt. No: 57
1915 Billingsley Ter
Bronx NY   10453

   I.   <u>FACTS:</u>  The tenant(s) filed a complaint on 02/05/2024 based upon decreases in service(s).  The owner was afforded an opportunity to respond by service of complaint on 02/28/2024.

   II.  <u>FINDINGS:</u>  Based upon a complete review of the record, the DHCR finds:

   <u>SERVICES NOT MAINTAINED:</u>
   FLOOR LEVELING KITCHEN
   BATHROOM SINK FAUCET
   BEDROOM 1 DOOR
   LEFT LIVING ROOM WINDOW
   PAINT/PLASTER APT WIDE

   <u>SERVICES MAINTAINED:</u>
   PLUMBING TUB FAUCET
   FLOOR/COVERING LIVING ROOM
   COOKING GAS

   ADDITIONAL COMMENTS:



**New York State Homes and Community Renewal**
**DHCR - Office of Rent Administration**

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025

*Sharae Russell*
Certifying Officer

   To:   1915 REALTY LLC
         P.O. BOX 243
         BROOKLYN NY   11204

RO-2970  (11/2023)                                        PAGE 1 OF 4



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |
|---|---|---|

## ORDER REDUCING RENT FOR
## RENT STABILIZED TENANT(S)

An inspection was conducted at the subject premises on June 27, 2024.
The following services were found not maintained:
.
1. There is a bulging floor tile near the washer in the kitchen.
2. The bathroom sink faucet is loose.
3. Bedroom 1 wooden door is broken/chipped near the knob.
4. Left Living Room window has a loose metal balance.
   (However, no defects were found to the remaining windows
    in the apartment)
5. Defects to paint/plaster Apartment-Wide as follows:
   a) bathroom ceiling (above tub) is sagging/bubbling/cracking
      and uneven surface.
   b) Bedroom 2 has cracks and uneven surface throughout the ceiling
      and around the windows.
   c) Bedroom 3 ceiling has cracks and uneven surface.
      PROPER PLASTERING, SANDING, AND PAINTING REQUIRED.

The following services were found maintained on June 27, 2024:
.
1. The tub faucet is not loose/defective.
2. No defects to living room floor tiles.
3. Cooking gas is being provided to the apartment and building.
.
.
Regarding the Tenant's complaint of "vacate order", appropriate
action will be taken under Docket Number MN610047S.

III. <u>DETERMINATION:</u>  The legal regulated rent is reduced to the level in effect
     prior to the most recent guidelines adjustment for the tenant's lease which
     commenced before the effective date of this Order.

     No rent adjustments may be collected after the effective date of this rent
     reduction Order, 03/01/2024, until a rent restoration order has been
     issued. The owner is directed to refund to the tenant(s) all amounts
     collected in excess of the reduced rent since the effective date of this
     rent reduction Order. If the owner fails to make a refund within thirty
     (30) days of the issue date of this Order, the tenant is authorized to
     deduct the amount from future rent(s) until the total amount has been
     refunded, unless the owner files a Petition for Administrative Review of
     this Order. The owner is directed to restore the above services not
     maintained for all apartments affected by the order within thirty (30)
     days of the issue date.

IV.  <u>EFFECTIVE DATE:</u> 03/01/2024 - which is the first of the month following
     the service of the complaint on owner.

RO-2970  (11/2023)                          PAGE 2 OF 4



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>**(833) 499-0343** | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |
|---|---|---|

### ORDER REDUCING RENT FOR RENT STABILIZED TENANT(S)

**V.**  <u>PETITION FOR ADMINISTRATIVE REVIEW</u> (PAR): If you believe this order is based on an error in law and/or fact, you may file a PAR on DHCR form RAR-2, no later than 35 days after the issuance of this order. PARs filed after the time limit specified above will be considered late and will be dismissed. Requests for an extension of time to file a PAR cannot be considered. Call (833) 499-0343 or visit your local Rent Office and request form RAR-2. This form is also available on our website at hcr.ny.gov.

*Margaret Ramroop*

MARGARET RAMROOP
Rent Administrator    Issued: 10/24/2024


Attachment(s): NOTICE OF ADDITIONAL INFORMATION



**New York State Homes and Community Renewal**
**DHCR - Office of Rent Administration**

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025        *Sharae Russell*
Certifying Officer

RO-2970 (11/2023)                          PAGE 3 OF 4



| | | |
|---|---|---|
| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MN 610078 S**<br>Issue Date<br>**10/24/2024** |

# NOTICE OF ADDITIONAL INFORMATION

I. <u>ADDITIONAL INFORMATION</u>
(1) If the owner fails to make a refund of a retroactive reduction within thirty (30) days of the issue date of the referenced order, the tenant is authorized to deduct the amount from future rent(s) until the total amount has been refunded unless the owner files a PAR.
(2) A tenant with a valid Senior Citizen Rent Increase Exemption (SCRIE) certificate or a valid Disability Rent Increase Exemption (DRIE) certificate should notify the SCRIE or DRIE program immediately upon receipt of this Order.
(3) For a rent controlled apartment where there is already an Order Reducing Maximum Collectible Rent in effect for a service decrease specifically contained herein, or for a rent stabilized apartment where such an Order is already in effect for any type of decreased services, no further rent reduction is authorized by this Order, unless the effective date of this Order predates the effective date of the reduction already in effect.
(4) If a tenant receives a rent reduction from DHCR and also receives another abatement or a rent credit because of the same conditions, the tenant cannot get both benefits at the same time. Therefore:
(i) If a rent-controlled tenant has received in court a credit, abatement, or offset in rent because of a breach of the warranty of habitability, and the credit, abatement, or offset applies to rent payable for the months also covered by the reduction granted herein, and the breach of the warranty of habitability relates to one or more of the same conditions as those found not maintained herein, then: that portion of the reduction ordered herein for such conditions for any month(s) to which both the reduction and the credit, abatement, or offset apply, is reduced by the amount of that portion of the credit, abatement, or offset that is received because of the conditions found not maintained herein. If the credit, abatement, or offset is greater than the amount of the reduction ordered for the same item, the reduction shall not take effect for months in which the credit, abatement, or offset applies.
(ii) If a rent-stabilized tenant has received in court a credit, abatement, or offset in rent because of a breach of the warranty of habitability, and the credit, abatement, or offset applies to rent payable for the months also covered by the reduction granted herein, and the breach of the warranty of habitability relates to one or more of the same conditions as those found not maintained herein, then: the reduction ordered herein for any month(s) to which both the reduction and the credit, abatement, or offset apply shall not be combined with the amount of the credit, abatement, or offset so as to reduce the tenant's rent to a level lower than the level in effect prior to the most recent guidelines increase, unless the credit, abatement, or offset is greater than the reduction ordered herein, in which case the reduction does not apply for any such months.
II. <u>NON-COMPLIANCE</u>
If the owner fails to restore services, the tenant may request that compliance proceedings be initiated, by filing an Affirmation of Non-Compliance (form RA-22.1), after thirty (30) days from the issue date of the order. The form may be requested by calling (833) 499-0343.
III. <u>PENALTIES</u>
If the owner fails to restore the service(s) as directed in the referenced order, then the DHCR may impose penalties & sanctions for each instance of non-compliance as follows:
(1) For violating an Order, a civil penalty of up to $2,000 ($1,000 minimum) for the first such offense and up to $3,000 ($2,000 minimum) for each subsequent offense. If each service, directed to be restored is not restored in a timely manner, it may constitute a separate violation.
(2) For knowingly violating any provision of the Rent Stabilization Law or Code (if applicable), a civil penalty of up to $250 for each violation. Each reduction in service may constitute a further violation separate and apart from the violation described in paragraph (1).

RO-2995 (3/1999) PAGE 4 OF 4



| | | |
|---|---|---|
| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MW 610041 OR**<br>Issue Date<br>**09/12/2025** |

## ORDER DENYING OWNER'S APPLICATION TO RESTORE RENT
### (RENT STABILIZED)

**Mailing Address of Owner:**

1915 Realty Llc
Pob 243
Brooklyn NY   11204

**Mailing Address of Tenant(s):**

Damian Batista
Apt 57
1915 Billingsley Ter
Bronx NY   10453

**Subject Housing Accommodation:**          **Related Docket:   MN610078S**

Apt. No: 57
1915 Billingsley Ter
Bronx NY   10453

   I.   <u>FACTS:</u>  Rent was previously reduced by order issued on 10/24/2024 under
Docket Number MN 610078 S based on decreased service(s).  The owner applied
to restore rent based on restoration of service(s).  All parties were afforded
an opportunity to respond by service of owner's application on 11/14/2024.

II.  <u>FINDINGS:</u>  Based upon a complete review of the record, the DHCR finds that
conditions cited in the order reducing rent have been <u>partially</u> corrected.

       <u>SERVICES RESTORED:</u>
 BATHROOM SINK FAUCET
 BEDROOM 1 DOOR
 LEFT LIVING ROOM WINDOW

       <u>SERVICES NOT RESTORED:</u>
 FLOOR LEVELING KITCHEN
 PAINT/PLASTER APT WIDE

       <u>ADDITIONAL COMMENTS:</u>

An inspection was conducted at the subject premises on September 04, 2025.
Present at this inspection was:
the tenant and the superintendent.



New York State Homes and Community Renewal
DHCR - Office of Rent Administration

This is a true and accurate copy of a DHCR/ORA document using an unaltered digital image.

Date: 9/18/2025          *Sharae Russell*
                          Certifying Officer

   To:   1915 REALTY LLC
         POB 243
         BROOKLYN NY   11204

RO-3142  (6/2022)          PAGE 1 OF 2



| State of New York<br>**Division of Housing and Community Renewal**<br>Office of Rent Administration<br>Web Site: www.hcr.ny.gov | Gertz Plaza<br>92-31 Union Hall Street<br>Jamaica, NY 11433<br>(833) 499-0343 | Docket Number<br>**MW 610041 OR**<br>Issue Date<br>**09/12/2025** |
| --- | --- | --- |

## ORDER DENYING OWNER'S APPLICATION TO RESTORE RENT
### (RENT STABILIZED)

The following services were found restored:
1. No damage or defects were observed on the bathroom sink faucet.
2. The bedroom 1 door had no damage or defects.
3. The left living room window balance had no damage or defects.

The following services were found not restored on September 04, 2025:
1. The kitchen floor tiles were cracked and bulging.
2. Paint/plaster defects were found throughout the apartment as follows:
   A) The bathroom ceiling around the bathtub was bulging and sagging. Cracked and uneven plaster was observed.
   B) The bedroom 2 ceiling and walls around the window had cracked and uneven paint/plaster.
   C) The bedroom 3 ceiling was cracked and uneven. The area needs to be properly plastered, sanded, and painted.

III. <u>DETERMINATION</u>:  The owner's application to restore rent is denied.

IV.  <u>PETITION FOR ADMINISTRATIVE REVIEW (PAR)</u>:  If you believe this order is based on an error in law and/or fact, you may file a PAR on DHCR form RAR-2, no later than 35 days after the issuance date of this order.  PARs filed after the time limit specified above will be considered late and will be dismissed.  Requests for an extension of time to file a PAR cannot be considered.  Call (833) 499-0343 or visit your local Rent Office and request form RAR-2.  This form is also available on our website at hcr.ny.gov.

MARGARET RAMROOP
Rent Administrator    Issued: 09/12/2025

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 68 of 133

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART
————————————————————X

1915 REALTY LLC

                       **Petitioner,**          Index No. LT-310915-25/BX

-against-

DAMIAN BATISTA,                     **STIPULATION OF**
SANDRA BATISTA                     **DISCONTINUANCE**
**1915 Billingsly Terrace, Apt. 57**
Bronx, NY 10453

                       **Respondent(s).**
————————————————————X

It is hereby stipulated and agreed, by and between the parties, represented by counsel, as follows:

1. Petitioner acknowledges that the rent sought in the Petition has been paid by the Respondents.

2. Petitioner acknowledges that Respondents had paid their share of the rent for the subject apartment at the time of commencement of this proceeding and has since paid their share of the rent through and including the date of this stipulation.

3. Petitioner acknowledges that the rent sought in the rent demand includes the Section 8 portion of the rent for the subject premises.

4. Petitioner agrees not to charge or collect from Respondents more than their Section 8 share of the rent as determined by NYCHA.

5. Petitioner acknowledges that there was a $2,500.00 settlement that was misapplied to the Section 8 portion of the rent. Petitioner to adjust the ledger accordingly so that the $2,500.00 is applied prospectively to Respondent's portion.

6. Petitioner acknowledges that there was a rent reduction order for December 11, 2023 to January 4, 2024. Mr. Batista's tenant share at this time was $1,038.00, or approximately $33.48/day.

   a. Mr. Batista paid $1,038.00 for December 2023, though he only occupied the apartment for 10 days, and therefore was responsible for only $334.84. Petitioner to credit Respondent's account for the difference ($703.16).

   b. Mr. Batista paid $1,022.89 towards January 2024 rent (in March 2024), though he occupied the apartment for only 28 days of the month, and therefore was

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 69 of 133

responsible for only $937.55. Petitioner to credit Respondent's account for the difference ($85.34).

7. This proceeding is discontinued with prejudice as to Respondents for all rent through and including September 2025.

Dated: Bronx, NY
October __, 2025

_____
EDELMAN SCHWARTZ, PLLC
By:
848 McDonald Ave, 2nd Floor
Brooklyn, NY 11218
(212) 710-0264
*Attorneys for Petitioner*

Clerk of Court

_____
BRONX LEGAL SERVICES
By Jaclyn Spencer, Esq.
369 E. 148th Street, 2nd Floor
Bronx, New York 10455
(718) 928-3740
jspencer@lsnyc.org
*Attorneys for Respondent*

# Tenant Statement

## In Legal

08/20/25 11:56:54

| | |
|---|---|
| 1915 | **1915 BILLINGSLEY TERRACE** |
| 57 | **BATISTA, DAMIAN** Tel. (347) 758-8324 |
| Rooms: 5.0 | **BATISTA, SANDRA** |

Type: Stab
S8 - FPC#: 0598547

Lease: 06/01/25-05/31/26
Rent: 2,170.92
Section 8: 1,220.82
Tenant Share: 950.10
Total Due: 7,019.94

LB
CC
AC
MG

| Date | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|
| 05/22/08 | Move in: BATISTA, DAMIAN | | | | |
| 01/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 01/02/20 | S8 Payment | | 1,127.44 | 825.00 | E7106951 |
| 01/07/20 | Rent Receipt | | 825.00 | 0.00 | MO26399720068 |
| 02/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 02/04/20 | S8 Payment | | 1,127.44 | 825.00 | E7132387 |
| 02/06/20 | Rent Receipt | | 825.00 | 0.00 | MO26399775745 |
| 02/29/20 | Rent Receipt | | 825.00 | -825.00 | MO26500323374 |
| 03/01/20 | Rent Charge | 1,952.44 | | 1,127.44 | |
| 03/03/20 | S8 Payment | | 1,127.44 | 0.00 | E7156742 |
| 04/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 04/01/20 | S8 Payment | | 1,127.44 | 825.00 | E7181286 |
| 04/06/20 | Rent Receipt | | 825.00 | 0.00 | MO26651610911 |
| 05/01/20 | Rent Charge | 1,952.44 | | 1,952.44 | |
| 05/01/20 | Rent Receipt | | 825.00 | 1,127.44 | T000081 Damian Batista |
| 05/01/20 | S8 Payment | | 1,127.44 | 0.00 | E7205790 |
| 06/01/20 | Rent Charge | 2,001.25 | | 2,001.25 | |
| 06/01/20 | Security Charge | 48.81 | | 2,050.06 | |
| 06/01/20 | Rent Receipt | | 825.00 | 1,225.06 | T000368 Damian Batista |
| 06/04/20 | S8 Payment | | 1,127.44 | 97.62 | E7230395 |
| 07/01/20 | Rent Charge | 2,001.25 | | 2,098.87 | |
| 07/01/20 | S8 Payment | | 1,183.44 | 915.43 | E7255177 |
| 07/03/20 | Rent Receipt | | 825.00 | 90.43 | T000757 Damian Batista |
| 08/01/20 | Rent Charge | 2,001.25 | | 2,091.68 | |
| 08/03/20 | Rent Receipt | | 825.00 | 1,266.68 | T001097 Damian Batista |
| 08/05/20 | S8 Payment | | 1,183.44 | 83.24 | E7280041 |
| 09/01/20 | Rent Charge | 2,001.25 | | 2,084.49 | |
| 09/01/20 | S8 Payment | | 1,183.44 | 901.05 | E7304870 |
| 09/02/20 | Rent Receipt | | 769.00 | 132.05 | T001430 Damian Batista |
| 09/30/20 | Rent Receipt | | 769.00 | -636.95 | T001708 Damian Batista |

*Page 1*

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 71 of 133

**Tenant Statement**                    **In Legal**                     08/20/25  11:56:54

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|------|--------------------------|------------|---------------------------|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

| Date | LB CC AC MG Description | Debit | Credit | Balance | Check #/Comment |
|------|-------------|-------|--------|---------|-----------------|
| 10/01/20 | Rent Charge | 2,001.25 | | 1,364.30 | |
| 10/01/20 | S8 Payment | | 1,183.44 | 180.86 | E7329726 |
| 11/01/20 | Rent Charge | 2,001.25 | | 2,182.11 | |
| 11/03/20 | S8 Payment | | 1,183.44 | 998.67 | E7354567 |
| 11/05/20 | Rent Receipt | | 769.00 | 229.67 | T002186 Damian Batista |
| 12/01/20 | Rent Charge | 2,001.25 | | 2,230.92 | |
| 12/01/20 | S8 Payment | | 1,183.44 | 1,047.48 | E7379438 |
| 12/04/20 | Rent Receipt | | 769.00 | 278.48 | T002512 Damian Batista |
| 01/01/21 | Rent Charge | 2,001.25 | | 2,279.73 | |
| 01/04/21 | Rent Receipt | | 769.00 | 1,510.73 | T002839 Damian Batista |
| 01/06/21 | S8 Payment | | 1,183.44 | 327.29 | E7404300 |
| 02/01/21 | Rent Charge | 2,001.25 | | 2,328.54 | |
| 02/02/21 | S8 Payment | | 1,183.44 | 1,145.10 | E7429650 |
| 02/04/21 | Rent Receipt | | 769.00 | 376.10 | T003256 Damian Batista |
| 03/01/21 | Rent Charge | 2,001.25 | | 2,377.35 | |
| 03/02/21 | S8 Payment | | 1,183.44 | 1,193.91 | E7454508 |
| 03/08/21 | Rent Receipt | | 769.00 | 424.91 | T003657 Damian Batista |
| 03/30/21 | Rent Receipt | | 769.00 | -344.09 | T003890 Damian Batista |
| 04/01/21 | Rent Charge | 2,001.25 | | 1,657.16 | |
| 04/01/21 | S8 Payment | | 1,183.44 | 473.72 | E7479364 |
| 05/01/21 | Rent Charge | 2,001.25 | | 2,474.97 | |
| 05/01/21 | S8 Payment | | 1,183.44 | 1,291.53 | E7504236 |
| 05/06/21 | Rent Receipt | | 769.00 | 522.53 | T004421 Damian Batista |
| 06/01/21 | Rent Charge | 2,001.25 | | 2,523.78 | |
| 06/01/21 | S8 Payment | | 1,183.44 | 1,340.34 | E7529097 |
| 06/08/21 | Rent Receipt | | 769.00 | 571.34 | T004828 Damian Batista |
| 07/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 07/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7553869 |
| 07/05/21 | Rent Receipt | | 1,023.00 | 571.34 | T005102 Damian Batista |

## Tenant Statement                In Legal                                08/20/25 11:56:54

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 |
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: 1,220.82 |
| | | | Tenant Share: 950.10 |
| | | | Total Due: 7,019.94 |

LB
CC
AC
MG

| Date | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|
| 08/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 08/02/21 | Rent Receipt | | 1,023.00 | 1,549.59 | T005398 |
| | | | | | Damian Batista |
| 08/02/21 | S8 Payment | | 978.25 | 571.34 | E7578469 |
| 09/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 09/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7602878 |
| 09/08/21 | Rent Receipt | | 1,023.00 | 571.34 | T005848 |
| | | | | | Damian Batista |
| 10/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 10/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7627171 |
| 10/06/21 | Rent Receipt | | 1,023.00 | 571.34 | T006151 |
| | | | | | Damian Batista |
| 11/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 11/03/21 | S8 Payment | | 978.25 | 1,594.34 | E7651154 |
| 11/04/21 | Rent Receipt | | 1,023.00 | 571.34 | T006458 |
| | | | | | Damian Batista |
| 12/01/21 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 12/01/21 | S8 Payment | | 978.25 | 1,594.34 | E7675065 |
| 12/05/21 | Rent Receipt | | 1,023.00 | 571.34 | T006787 |
| | | | | | Damian Batista |
| 01/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 01/05/22 | S8 Payment | | 978.25 | 1,594.34 | E7699006 |
| 01/05/22 | Rent Receipt | | 1,023.00 | 571.34 | T007143 |
| | | | | | Damian Batista |
| 02/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 02/01/22 | S8 Payment | | 978.25 | 1,594.34 | E7723986 |
| 02/08/22 | Rent Receipt | | 1,023.00 | 571.34 | T007531 |
| | | | | | Damian Batista |
| 03/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |
| 03/02/22 | S8 Payment | | 978.25 | 1,594.34 | E7748136 |
| 03/06/22 | Rent Receipt | | 1,023.00 | 571.34 | T007840 |
| | | | | | Damian Batista |
| 03/29/22 | Rent Receipt | | 1,023.00 | -451.66 | T008051 |
| | | | | | Damian Batista |
| 04/01/22 | Rent Charge | 2,001.25 | | 1,549.59 | |
| 04/06/22 | S8 Payment | | 978.25 | 571.34 | E7772343 |
| 05/01/22 | Rent Charge | 2,001.25 | | 2,572.59 | |

*Page 3*

## Tenant Statement   In Legal

08/20/25 11:56:54

| | |
|---|---|
| 1915 | **1915 BILLINGSLEY TERRACE** |
| 57 | **BATISTA, DAMIAN** Tel. (347) 758-8324 |
| Rooms: 5.0 | **BATISTA, SANDRA** |

Type: Stab
S8 - FPC#: 0598547

Lease: 06/01/25-05/31/26
Rent: 2,170.92
Section 8: 1,220.82
Tenant Share: 950.10
Total Due: 7,019.94

| Date | LB CC AC MG Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|
| 05/03/22 | S8 Payment | | 978.25 | 1,594.34 | E7796464 |
| 05/04/22 | Rent Receipt | | 1,023.00 | 571.34 | T008572 |
| | | | | | Damian Batista |
| 06/01/22 | Rent Charge | 2,051.28 | | 2,622.62 | |
| 06/01/22 | Security Charge | 50.03 | | 2,672.65 | |
| 06/01/22 | S8 Payment | | 978.25 | 1,694.40 | E7820480 |
| 06/06/22 | Rent Receipt | | 1,023.00 | 671.40 | T008955 |
| | | | | | Damian Batista |
| 07/01/22 | Rent Charge | 2,051.28 | | 2,722.68 | |
| 07/01/22 | S8 Payment | | 978.25 | 1,744.43 | E7844542 |
| 07/05/22 | Rent Receipt | | 1,023.00 | 721.43 | T009298 |
| | | | | | Damian Batista |
| 07/31/22 | Rent Receipt | | 1,023.00 | -301.57 | T009564 |
| | | | | | Damian Batista |
| 08/01/22 | Rent Charge | 2,051.28 | | 1,749.71 | |
| 08/01/22 | S8 Payment | | 1,028.25 | 721.46 | E7868407 |
| 09/01/22 | Rent Charge | 2,051.28 | | 2,772.74 | |
| 09/05/22 | Rent Receipt | | 1,023.00 | 1,749.74 | T010053 |
| | | | | | Damian Batista |
| 09/21/22 | S8 Payment | | 1,028.25 | 721.49 | E7892297 |
| 10/01/22 | Rent Charge | 2,051.28 | | 2,772.77 | |
| 10/03/22 | Rent Receipt | | 973.00 | 1,799.77 | T010403 |
| | | | | | Damian Batista |
| 10/03/22 | S8 Payment | | 1,028.25 | 771.52 | E7916298 |
| 11/01/22 | Rent Charge | 2,051.28 | | 2,822.80 | |
| 11/01/22 | S8 Payment | | 1,028.25 | 1,794.55 | E7940190 |
| 11/08/22 | Rent Receipt | | 973.00 | 821.55 | T010902 |
| | | | | | Damian Batista |
| 12/01/22 | Rent Charge | 2,051.28 | | 2,872.83 | |
| 12/01/22 | S8 Payment | | 1,028.25 | 1,844.58 | 7964162 |
| 12/05/22 | Rent Receipt | | 973.00 | 871.58 | T011236 |
| | | | | | Damian Batista |
| 01/01/23 | Rent Charge | 2,051.28 | | 2,922.86 | |
| 01/03/23 | S8 Payment | | 1,028.25 | 1,894.61 | E7990059 |
| 01/06/23 | Rent Receipt | | 973.00 | 921.61 | T011682 |
| | | | | | Damian Batista |
| 02/01/23 | Rent Charge | 2,051.28 | | 2,972.89 | |

*Page 4*

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 74 of 133

## Tenant Statement — In Legal

08/20/25 11:56:54

| | |
|---|---|
| 1915 | 1915 BILLINGSLEY TERRACE |
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 |
| Rooms: 5.0 | BATISTA, SANDRA |

Type: Stab
S8 - FPC#: 0598547

| | |
|---|---|
| Lease: 06/01/25-05/31/26 | |
| Rent: | 2,170.92 |
| Section 8: | 1,220.82 |
| Tenant Share: | 950.10 |
| Total Due: | 7,019.94 |

LB
CC
AC
MG

| Date | | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|---|
| 02/01/23 | | S8 Payment | | 1,028.25 | 1,944.64 | E8016079 |
| 02/06/23 | MG | Rent Receipt | | 973.00 | 971.64 | T012122 |
| | | | | | | Damian Batista |
| 03/01/23 | | Rent Charge | 2,051.28 | | 3,022.92 | |
| 03/01/23 | | S8 Payment | | 1,028.25 | 1,994.67 | E8040581 |
| 03/04/23 | MG | Rent Receipt | | 973.00 | 1,021.67 | T012494 |
| | | | | | | Damian Batista |
| 04/01/23 | | Rent Charge | 2,051.28 | | 3,072.95 | |
| 04/01/23 | MG | Rent Receipt | | 973.00 | 2,099.95 | T012877 |
| | | | | | | Damian Batista |
| 04/03/23 | | S8 Payment | | 1,028.25 | 1,071.70 | E8065005 |
| 05/01/23 | | Rent Charge | 2,051.28 | | 3,122.98 | |
| 05/01/23 | | S8 Payment | | 1,028.25 | 2,094.73 | E8089429 |
| 05/05/23 | MG | Rent Receipt | | 973.00 | 1,121.73 | T013380 |
| | | | | | | Damian Batista |
| 06/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 06/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8113949 |
| 06/03/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T013807 |
| | | | | | | Damian Batista |
| 07/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 07/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8138135 |
| 07/07/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T014296 |
| | | | | | | Damian Batista |
| 08/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 08/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8162606 |
| 08/02/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T014634 |
| | | | | | | Damian Batista |
| 08/31/23 | MG | Rent Receipt | | 1,038.00 | 83.73 | T015028 |
| | | | | | | Damian Batista |
| 09/01/23 | | Rent Charge | 2,051.28 | | 2,135.01 | |
| 09/01/23 | | S8 Payment | | 1,013.28 | 1,121.73 | E8187263 |
| 10/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 10/01/23 | MG | Rent Receipt | | 1,038.00 | 2,135.01 | T015490 |
| | | | | | | Damian Batista |
| 10/02/23 | | S8 Payment | | 1,013.28 | 1,121.73 | E8212030 |
| 11/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 11/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8237398 |

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM
INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 17
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 75 of 133

## Tenant Statement

### In Legal

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|------|--------------------------|------------|---------------------------|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

LB
CC
AC

| Date | MG | Description | Debit | Credit | Balance | Check #/Comment |
|------|-----|-------------|-------|--------|---------|-----------------|
| 11/03/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T016043 Damian Batista |
| 12/01/23 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 12/01/23 | | S8 Payment | | 1,013.28 | 2,159.73 | E8262151 |
| 12/04/23 | MG | Rent Receipt | | 1,038.00 | 1,121.73 | T016508 Damian Batista |
| 01/01/24 | | Rent Charge | 2,051.28 | | 3,173.01 | |
| 01/17/24 | | Rent Receipt | | 1.00 | 3,172.01 | MO29018384774 |
| 02/01/24 | | Rent Charge | 2,051.28 | | 5,223.29 | |
| 02/08/24 | MG | Rent Receipt | | 1,038.00 | 4,185.29 | T017656 Damian Batista |
| 02/21/24 | | Rent Receipt | | 1.00 | 4,184.29 | MO29162850344 |
| 03/01/24 | | Rent Charge | 2,051.28 | | 6,235.57 | |
| 03/04/24 | MG | Rent Receipt | | 1,038.00 | 5,197.57 | T018154 Damian Batista |
| 03/15/24 | MG | Rent Receipt | | 1,022.89 | 4,174.68 | T018392 Damian Batista |
| 04/01/24 | | Rent Charge | 2,051.28 | | 6,225.96 | |
| 04/05/24 | MG | Rent Receipt | | 1,038.00 | 5,187.96 | T018706 Damian Batista |
| 05/01/24 | | Rent Charge | 2,051.28 | | 7,239.24 | |
| 05/03/24 | MG | Rent Receipt | | 1,038.00 | 6,201.24 | T019097 Damian Batista |
| 06/01/24 | | Rent Charge | 2,112.82 | | 8,314.06 | |
| 06/01/24 | | Security Charge | 271.19 | | 8,585.25 | |
| 06/04/24 | MG | Rent Receipt | | 1,076.00 | 7,509.25 | T019583 Damian Batista |
| 07/01/24 | | Rent Charge | 2,112.82 | | 9,622.07 | |
| 07/01/24 | MG | Rent Receipt | | 1,076.00 | 8,546.07 | T019964 Damian Batista |
| 08/01/24 | | Rent Charge | 2,112.82 | | 10,658.89 | |
| 08/01/24 | MG | Rent Receipt | | 892.00 | 9,766.89 | T020414 Damian Batista |
| 09/01/24 | | Rent Charge | 2,112.82 | | 11,879.71 | |
| 09/06/24 | MG | Rent Receipt | | 892.00 | 10,987.71 | T021069 Damian Batista |
| 10/01/24 | | Rent Charge | 2,112.82 | | 13,100.53 | |

## Tenant Statement

## In Legal

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE |
|---|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 |
| Rooms: 5.0 | BATISTA, SANDRA |

Type: Stab
S8 - FPC#: 0598547

| Lease: 06/01/25-05/31/26 | |
|---|---|
| Rent: | 2,170.92 |
| Section 8: | 1,220.82 |
| Tenant Share: | 950.10 |
| Total Due: | 7,019.94 |

LB
CC
AC
MG

| Date | | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|---|
| 10/02/24 | MG | Rent Receipt | | 892.00 | 12,208.53 | T021483 |
| | | | | | | Damian Batista |
| 11/01/24 | | Rent Charge | 2,112.82 | | 14,321.35 | |
| 11/01/24 | MG | Rent Receipt | | 892.00 | 13,429.35 | T021906 |
| | | | | | | Damian Batista |
| 12/01/24 | | Rent Charge | 2,112.82 | | 15,542.17 | |
| 12/02/24 | MG | Rent Receipt | | 892.00 | 14,650.17 | T022442 |
| | | | | | | Damian Batista |
| 12/02/24 | | S8 Payment | | 1,220.82 | 13,429.35 | E8566087 |
| 01/01/25 | | Rent Charge | 2,112.82 | | 15,542.17 | |
| 01/02/25 | MG | Rent Receipt | | 892.00 | 14,650.17 | T022996 |
| | | | | | | Damian Batista |
| 01/02/25 | | S8 Payment | | 1,220.82 | 13,429.35 | E8591533 |
| 01/02/25 | | S8 Payment | | 3,539.38 | 9,889.97 | |
| 02/01/25 | | Rent Charge | 2,112.82 | | 12,002.79 | |
| 02/03/25 | | S8 Payment | | 1,220.82 | 10,781.97 | E8618475 |
| 02/07/25 | MG | Rent Receipt | | 892.00 | 9,889.97 | T023706 |
| | | | | | | Damian Batista |
| 02/12/25 | | Rent Adjustment | | 2,500.00 | 7,389.97 | SETTELMENT |
| 03/01/25 | | Rent Charge | 2,112.82 | | 9,502.79 | |
| 03/01/25 | MG | Rent Receipt | | 892.00 | 8,610.79 | T024012 |
| | | | | | | Damian Batista |
| 03/03/25 | | S8 Payment | | 1,220.82 | 7,389.97 | E8644009 |
| 03/05/25 | | Security Deposit | | 370.03 | 7,019.94 | MO29770118324 |
| 04/01/25 | | Rent Charge | 2,112.82 | | 9,132.76 | |
| 04/01/25 | MG | Rent Receipt | | 892.00 | 8,240.76 | T024534 |
| | | | | | | Damian Batista |
| 04/01/25 | | S8 Payment | | 1,220.82 | 7,019.94 | E8669366 |
| 05/01/25 | | Rent Charge | 2,112.82 | | 9,132.76 | |
| 05/01/25 | MG | Rent Receipt | | 892.00 | 8,240.76 | T025028 |
| | | | | | | Damian Batista |
| 05/01/25 | | S8 Payment | | 1,220.82 | 7,019.94 | E8694477 |
| 05/31/25 | MG | Rent Receipt | | 892.00 | 6,127.94 | T025577 |
| | | | | | | Damian Batista |
| 05/31/25 | CP | Security Deposit | | 58.10 | 6,069.84 | T025578 |
| | | | | | | Damian Batista |
| 06/01/25 | | Rent Charge | 2,170.92 | | 8,240.76 | |
| 06/01/25 | | Security Charge | 58.10 | | 8,298.86 | |

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 77 of 133

## Tenant Statement

In Legal

08/20/25 11:56:55

| 1915 | 1915 BILLINGSLEY TERRACE | Type: Stab | Lease: 06/01/25-05/31/26 | |
|---|---|---|---|---|
| 57 | BATISTA, DAMIAN Tel. (347) 758-8324 | S8 - FPC#: 0598547 | Rent: | 2,170.92 |
| Rooms: 5.0 | BATISTA, SANDRA | | Section 8: | 1,220.82 |
| | | | Tenant Share: | 950.10 |
| | | | Total Due: | 7,019.94 |

| Date | LB CC AC MG | Description | Debit | Credit | Balance | Check #/Comment |
|---|---|---|---|---|---|---|
| 06/02/25 | | S8 Payment | | 1,220.82 | 7,078.04 | E8719742 |
| 06/09/25 | MG | Rent Receipt | | 58.10 | 7,019.94 | T025824 Damian Batista |
| 07/01/25 | | Rent Charge | 2,170.92 | | 9,190.86 | |
| 07/01/25 | MG | Rent Receipt | | 58.10 | 9,132.76 | T026127 Damian Batista |
| 07/01/25 | MG | Rent Receipt | | 892.00 | 8,240.76 | T026126 Damian Batista |
| 07/01/25 | | S8 Payment | | 1,220.82 | 7,019.94 | E8745186 |
| 08/01/25 | | Rent Charge | 2,170.92 | | 9,190.86 | |
| 08/01/25 | MG | Rent Receipt | | 892.00 | 8,298.86 | T026700 Damian Batista |
| 08/01/25 | | S8 Payment | | 1,220.82 | 7,078.04 | E8770575 |
| 08/08/25 | MG | Rent Receipt | | 58.10 | 7,019.94 | T026873 Damian Batista |

In Legal

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 78 of 133

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

08/14/2025

A. Case #    0598547

B. Voucher #  0598547

[✓] C. Annual Recertification

[ ] D. Interim Change

[ ] E. Lease Renewal

[ ] F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 09/01/2025:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1463.92 |
| **Tenant Portion:** *Paid by you* | 707 |
| **Total Contract Rent:** | 2170.92 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

IMPORTANT NOTES:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**

1 of 2



02038840000000000058940000000025

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 79 of 133

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

10/05/2024

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

A. Case #   0598547

B. Voucher #  0598547

☐ C. Annual Recertification

☐ D. Interim Change

☑ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 11/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1220.82 |
| **Tenant Portion:** *Paid by you* | 892.00 |
| **Total Contract Rent:** | 2112.82 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

<u>IMPORTANT NOTES</u>:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



0203828000000188235031000000002

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM
INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 17
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 80 of 133

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

07/02/2024

A. Case #   0598547

B. Voucher # 0598547

☐ C. Annual Recertification

☑ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 08/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 1159.28 |
| **Tenant Portion:** *Paid by you* | 892.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

### IMPORTANT NOTES:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



0203263000000173973329700000003

## NEW YORK CITY HOUSING AUTHORITY
### LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City, NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

05/02/2024

A. Case #     0598547

B. Voucher #  0598547

☑ C. Annual Recertification

☐ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 06/01/2024:

| | |
|---|---|
| **NYCHA Portion:** *Paid by NYCHA to the Owner* | 975.28 |
| **Tenant Portion:** *Paid by you* | 1076.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

**IMPORTANT NOTES:**

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 VOUCHER PAYMENT CHANGE NOTIFICATION



020345500000016622041300000004

Voucher - CN

# NEW YORK CITY HOUSING AUTHORITY
## LEASED HOUSING DEPARTMENT

PO Box 19196
Long Island City. NY 11101-9196

DAMIAN BATISTA
1915 Billingsley Ter Apt 57
Bronx,NY,10453

05/24/2023

A. Case #  0598547

B. Voucher #  0598547

☑ C. Annual Recertification

☐ D. Interim Change

☐ E. Lease Renewal

☐ F. Contract Rent Change

G. Dear Tenant:

The New York City Housing Authority ("NYCHA") has reviewed the family income submitted by you, in accordance with the United States Department of Housing and Urban Development ("HUD") regulations, and has made the following rent determination, effective 06/01/2023:

| | |
|---|---|
| **NYCHA Portion:**<br>*Paid by NYCHA to the Owner* | 1013.28 |
| **Tenant Portion:**<br>*Paid by you* | 1038.00 |
| **Total Contract Rent:** | 2051.28 |

If you wish a further explanation of this notice, please contact the Customer Contact Center at (718) 707-7771.

<u>IMPORTANT NOTES</u>:

- You are required to pay your share of the rent, which is the difference between the full contract rent for the apartment and the Housing Assistance Payment subsidy paid on your behalf by NYCHA to the Owner. Any additional service charges that may be included in the lease agreement between you and the Owner/ Managing Agent are your responsibility. Please note that your share of the rent is subject to change.

- If you *do not* agree with the above determination, you may request an informal conference or impartial hearing by checking one of the boxes below and mailing this form to the P.O. Box listed above within fifteen (15) days of the date of this notice. If you request an impartial hearing, you will be given an opportunity to discuss this voucher payment change together with any new information that you wish to submit prior to the effective date of the new voucher payment and prior to the impartial hearing.

  **Regardless of whether you request a hearing, you are required to pay your new share of the rent on the effective date indicated above. Failure to pay your new share of the rent may result in termination of your subsidy.**

- NYCHA has notified the Owner of this Voucher Change Notification of your Housing Assistance Payment subsidy.

Very truly yours,

Leased Housing Department



1 of 2

NYCHA 059.205 (Rev. 6/29/20 v7) VS_20121128 **VOUCHER PAYMENT CHANGE NOTIFICATION**



FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM
INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 18
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 83 of 133

# Section 8 & The Williams Consent Decree
## Hon. Jeannine Baer Kuzniewski

There are three types of Federally Subsidized Housing Programs:

1. Section 8 Housing Choice Voucher Program.
   - this is tenant based and will transfer with the tenant.
2. Project Based Voucher Program
   - the subsidy is attached to the unit and will transfer to the next tenant who occupies the unit.
3. Public Housing are units owned by local public housing agencies that administer the subsidy and are paid by HUD.

This presentation will focus on the tenant based voucher program that is administered by NYCHA and is subject to the Second Partial Consent Judgment, hereafter referred to as the Williams Consent Decree. For a review of project based programs see *Scherer, Residential Landlord-Tenant in New York §5:111 through §5:116 (2014).*

On February 15, 1995, a consent judgment was entered into for the action Diedre Williams v. New York City Housing Authority, et al., 81 Civ. 1801 (RJW)(SDNY). The Consent Judgment is attached. This established the guidelines and rules governing Section 8 tenancies that are administered by NYCHA. The Decree requires that good cause for an eviction of a Section 8 tenant is necessary even after the Section 8 lease and Housing Assistance Payment (hereafter HAP) contract has expired or been terminated, "where the grounds for eviction arose while the lease and contract were in effect or where such grounds for eviction relate to the Section 8 tenancy." See paragraph 4.

Providing that a landlord complies with the provisions of the Decree regarding the certification procedure, a landlord may bring an eviction proceeding for:

(1) nonpayment of rent; or

(2) cases arising out of or relating to termination or suspension of subsidy or the HAP contract. See paragraph 6.

Where the termination of the tenancy does not arise out of the termination of the HAP contract, a certification is not required. However, there are still notice requirements on NYCHA for the court to have jurisdiction over the proceeding.

Where the certification procedure does not apply, a landlord must mail or deliver to the Authority any statutory notices that are required to be served upon the tenant, i.e. a 30 Notice of Termination and Petition and Notice of Petition, and they must "afford the Authority no less prior notice of the commencement of said

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 84 of 133

proceeding than the landlord is required to afford the tenant under applicable law." See paragraph 6(b)(1). NYCHA must be served a copy of the Notice of Petition and Petition or be sent copies by overnight mail. The issue has arisen as to what the Decree defined as service in this instance. The court in <u>Alawlaqi v Kelly</u>, 175 Misc. 2d 570, 571, 669 N.Y.S.2d 152, 153 (Civ. Ct. 1997) determined:

> "the NYCHA must be served the petition and notice of petition as the state law requires, or by overnight mail. (See paragraph 6(b)(2) of the *Williams* consent decree.) The order makes no other method of delivery available to the private landlord."

Accordingly, the papers must be delivered by overnight mail or pursuant to RPAPL §735. Compliance with the service should be plead in the Affidavit of Service. It should be noted that the above cite is a lower court decision, however, it is relied upon in the discussion of the manner of service in 90 N.Y. Jurisprudence 2d Real Property - Possessory Actions §204.

The petitioner may only sue for the tenant's share of the rent in housing court. A Section 8 landlord is precluded from seeking a judgment against the tenant for the subsidy portion of the rent. See paragraph 10. The landlord must sue Section 8 directly if the Section 8 subsidy is not paid. It is not uncommon that a petitioner will claim that a tenant has been terminated from Section 8 and therefore they can sue for the full rent in housing court. It is important to determine if the subsidy has in fact been *terminated or suspended*. This may require subpoenaing the tenant's Section 8 records. If the apartment failed the inspection by Section 8, a Housing Quality Standards (HQS) suspension will occur. The landlord may not seek recourse in housing court. Further, if the subsidy has been suspended for 6 consecutive months, the tenant will be terminated. However, those tenants can be reinstated by either being transferred within one year of termination, or the landlord can make the repairs and upon passing a re-inspection, the subsidy will be reinstated. If the suspension lasts for six months and the subsidy is terminated, the tenants may be given an emergency transfer voucher. The suspension of the subsidy may not be used by a landlord as "good cause" to terminate a tenancy.

> "By choosing to do nothing to remedy the rental unit's noncompliance with the quality housing standards, the petitioner prompted the public housing agency's response. While termination of the contract was an option that the agency could consider, other less drastic remedies such as repairing the premises and deducting the cost from the rent could certainly have been exercised." <u>Rosier v. Brown</u>, 158 Misc. 2d 748, 750, 601 N.Y.S.2d 554 (City Ct. 1993).

**Good Cause for Termination**

A landlord must have "good cause" for terminating a Section 8 tenancy. The

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 85 of 133

HAP contract that NYCHA and a landlord enter into specifically provides as follows:

"8. Termination of Tenancy by Owner

a. Requirements. The owner may only terminate the tenancy in accordance with the lease and HUD requirements.

b. Grounds. During the term of the lease (the initial term of the lease or any extension term), the owner may only terminate the tenancy because of:

(1) Serious or repeated violation of the lease;

(2) Violation of Federal, State, or local law that imposes obligations on the tenant in connection with the occupancy or use of the unit and the premises;

(3) Criminal activity or alcohol abuse (as provided in paragraph c); or

(4) Other good cause (as provided in paragraph d).

c. Criminal activity or alcohol abuse.

(1) The owner may terminate the tenancy during the term of the lease if any member of the household, a guest or another person under a resident's control commits any of the following types of criminal activity:

(a) Any criminal activity that threatens the health or safety of, or the right to peaceful enjoyment of the premises by, other residents (including property management staff residing on the premises);

(b) Any criminal activity that threatens the health or safety of, or the right to peaceful enjoyment of their residences by, persons residing in the immediate vicinity of the premises;

(c) Any violent criminal activity on or near the premises; or

(d) Any drug-related criminal activity on or near the premises.

(2) The owner may terminate the tenancy during the term of the lease if any member of the household is:

(a) Fleeing to avoid prosecution, or custody or confinement after conviction, for a crime, or attempt to commit a crime, that is a felony under the laws of the place from which the individual flees, or that, in the case of the State of New Jersey, is a high misdemeanor; or

(b) Violating a condition of probation or parole under Federal or State law.

(3) The owner may terminate the tenancy for criminal activity by a household member in accordance with this section if the owner determines that the household member has committed the criminal activity, regardless of whether the household member has been arrested or convicted for such activity.

(4) The owner may terminate the tenancy during the term of the lease if any member of the household has engaged in abuse of alcohol that threatens the health, safety or right to peaceful enjoyment of the premises by other residents.

d. Other good cause for termination of tenancy

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 86 of 133

(1) During the initial lease term, other good cause for termination of tenancy must be something the family did or failed to do.

(2) During the initial lease term or during any extension term, other good cause may include:

(a) Disturbance of neighbors,

(b) Destruction of property, or

(c) Living or housekeeping habits that cause damage to the unit or premises.

(3) After the initial lease term, such good cause may include:

(a) The tenant's failure to accept the owner's offer of a new lease or revision;

(b) The owner's desire to use the unit for personal or family use or for a purpose other than use as a residential rental unit; or

(c) A business or economic reason for termination of the tenancy (such as sale of the property, renovation of the unit, the owner's desire to rent the unit for a higher rent).

(5) The examples of other good cause in this paragraph do not preempt any State or local laws to the contrary.

(6) In the case of an owner who is an immediate successor in interest pursuant to foreclosure during the term of the lease, requiring the tenant to vacate the property prior to sale shall not constitute other good cause, except that the owner may terminate the tenancy effective on the date of transfer of the unit to the owner if the owner: (a) will occupy the unit as a primary residence; and (b) has provided the tenant a notice to vacate at least 90 days before the effective date of such notice. This provision shall not affect any State or local law that provides for longer time periods or addition protections for tenants. This provision will sunset on December 31, 2012 unless extended by law."

In a voucher program, the lease must allow the tenant to terminate, without cause, after the first year of the term on no more than sixty days written notice to the landlord and housing agency. 24 C.F.R § 982.309.

Where a landlord alleges that they have "good cause" to terminate a tenancy the Decree establishes the requirements that a landlord must follow for the court to have jurisdiction. Paragraph 7 of the Decree provides:

**Nonpayment Proceedings**

- A landlord must notify NYCHA (through a certification form) at least 25 days prior to commencing an eviction proceeding. Plus 5 days if done by mailing.
- Tenant has 10 days from the date the certification is mailed or delivered to respond either orally or in writing to NYCHA.

Case 1:26-cv-02557   Document 1-21   Filed 03/27/26   Page 87 of 133   RECEIVED NYSCEF: 10/21/2025

- Within 20 days of receipt of certification, NYCHA must object or accept the certification. This determination must be in writing and is done by completing the bottom portion of the certification. A copy of the completed form is to be sent to the landlord and the tenant.
- If NYCHA does not respond to the certification, they will have an additional 48 hours to object after receiving the Notice of Petition and Petition.
- The tenant has 10 days from the date of mailing/delivery of the certification to respond.
- Where the landlord has complied with the certification process and NYCHA does not timely respond, the landlord can commence an action. They must serve a copy of the Petition and Notice of Petition and all attachments on NYCHA or send a copy by overnight mail. If NYCHA objects, they are supposed to move to be made a party to the action.

**Certification Procedures**

- Nonpayment Proceeding - the certification must indicate the total rent owed, the breakdown and a statement that the landlord is only seeking the tenant's share of the rent. Confirmation that a copy was delivered or mailed to the tenant must be included.
- Holdover Proceeding - the certification must contain the specific allegation which constitutes the "good cause" for the termination. Certification is necessary when grounds arise out of the termination or suspension of Section 8 subsidy or termination of the HAP contract. Confirmation that the certification was delivered or mailed to the tenant must be included.

**Commencement of Proceeding**

- NYCHA must be made a necessary party and served as a party where
    - NYCHA objects to the certification
    - The landlord seeks to recover from NYCHA the subsidy portion of the rent,
    - Landlord has certified a holdover proceeding,
    - Landlord commences a proceeding on grounds different than those recited in the certification. See paragraphs 12 and 14 of the Decree.
  "The failure to name and serve the Authority as a party shall require dismissal of the proceeding without prejudice." Paragraph 12 and 14.
- A holdover proceeding may be commenced without the need to certify when the HAP contract is expired, the basis for the proceeding did not arise out of the termination or suspension of the subsidy or termination of the HAP contract and the grounds for the holdover did not occur while the HAP

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 88 of 133

contract was in effect. The common proceeding is a month to month holdover proceeding in a non-regulated apartment that is commenced after the HAP contract is expired. This does not apply to a rent stabilized tenant and then it must be renewed as a term and condition of the rent stabilized tenancy. The Court of Appeals held in Rosario v. Diagonal Realty, LLC, 8 N.Y.3d 755, 760, 872 N.E.2d 860, 862 (2007), "We hold that a landlord's determination to accept federal "Section 8" rent subsidy payments is a "term and condition" of a lease executed with a rent-stabilized tenant, within the meaning of Rent Stabilization Code (9 NYCRR) § 2522.5(g)(1), so that a renewal lease must continue with that term and condition. Moreover, 42 USC § 1437f (d)(1)(B)(ii) does not preempt a rent-stabilized tenant's right to a renewal lease that includes the landlord's acceptance of a Section 8 subsidy."

**Petition and Notice of Petition**
- "When certification is required, the petition should allege:
    - proper notice;
    - proper certification;
    - the housing authority's response to certification'
    - the grounds for eviction (which should be identical to those stated in the certification); and
    - an allegation that the landlord is not attempting to recover the subsidy portion of the rent from the tenant."

Landlord and Tenant Practice In New York, Volume H, 2014 Edition, §19:94.

Where certification is required and NYCHA has objected to the certification, the landlord must name and serve NYCHA as a necessary party. Failure to do so requires a dismissal. Paragraph 12.

Where the landlord has complied with the certification process and NYCHA has failed to respond, the landlord can commence the action. (See prior stated time requirements). The landlord must serve a copy of the Petition and Notice of he Petition with all attachments on NYCHA or send by overnight mail. NYCHA has 48 hours to respond in writing to the certification:

- Where certification is not required, i.e. month to month holdover proceeding, the landlord must *serve* or overnight mail a copy of the Petition and Notice of Petition to NYCHA. Paragraph 6b(2).

Keep in mind when conferencing a vacate date in a holdover proceeding that, a tenant cannot vacate outside the Section 8 requirements. Section 8 must first issue a voucher, they must find a landlord that will accept Section 8, NYCHA has to inspect the apartment and thereafter approve the move. If a tenant voluntarily vacates without this procedure being followed, their Section 8 will be terminated.

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 89 of 133

Additionally, Section 8 is not quick to advance their scheduling of the inspection and the move. Sometimes tenants are placed in the position of being evicted and placed into a shelter to allow for NYCHA to finish its process and allow a move.

Where certification is required, the Petition must include the following statements, and NYCHA "shall require such statements as a condition of participating in the Section 8 program:

a. That the Authority and the tenant have been given notice of the landlord's intention to commence the eviction proceeding;

b. The reason for eviction given by the landlord to the Authority;

c. That the Authority either accepted or objected to the Certification, or failed to respond within the applicable period of the time set forth in ¶15 of this Consent Judgment; and

d. That the landlord does not seek to recover from the tenant the subsidy portion of the rent.

The landlord may satisfy the requirements of this paragraph by attaching to the Notice of Petition and Petition a copy of the notice served on the tenant, with proof of service; a copy of the notice delivered to the Authority, with proof of service; and a copy of the Authority's reply." Paragraph 16.

The Decree further provides that "whenever counsel for plaintiffs learns that a landlord is attempting to evict a Section 8 tenant in violation of this Consent Judgment, counsel will forward such information to the Authority's Leased Housing Department in writing." Paragraph 17.

If a tenant has requested that NYCHA recalculate their rent prior to the commencement of an eviction proceeding, i.e. their income or family composition has changed, or if they wish to challenge a rent determination, the Decree establishes the procedure.

- NYCHA will state in the certification letter if it intends to participate in the landlord tenant proceeding and they will request that the landlord notify them of the court appearance details including the index number.

- Where the tenant has requested a hearing NYCHA will give the tenant no less than five days' advance notice of the hearing date. The hearing officer has 30 days to render a decision following the acceptance of the certification. NYCHA can request an adjournment from the court to allow the completion of the hearing.

- While awaiting a determination from the hearing officer, the court may set the tenant's share of the rent for the months sought in the Petition.

- If the hearing officer renders a decision determining the rent, that is binding on the landlord and the tenant. The parties' remedy to contest would be an Article 78 proceeding.

**Legal Fees**

The rulings have held that even where a lease provides that a tenant will be responsible for legal fees as " 'additional rent,' such fees may not be deemed additional rent as against a Section 8 tenant and may not be recovered against a Section 8 tenant in a summary proceeding." Fairview Hous., LLC v Wilson, 38 Misc.3d 128(A), 967 N.Y.S.2d 866 (Table), 2012 WL 6778436. The court in Spring Valley Homes Associates v. Logan, No. 2002 1115 ROC, 2003 WL 22038359 (N.Y. App. Term. July 11, 2003) ruled **"the lower court improperly awarded landlord attorney's fees in this summary proceeding. Even where there is an agreement between the parties providing for the recovery of attorney's fees as "additional rent", a landlord is not, under the statutory scheme, entitled to collect same from a Section 8 tenant in a summary proceeding (*see* 42 USC § 1437a [a][1]; *Matter of Binghamton Hous. Auth. v Douglas,* 217 AD2d 897, 898; *Port Chester Hous. Auth. v. Turner,* 189 Misc 2d 603, 604 [App Term, 9th & 10th Jud Dists]). Therefore, landlord's claim for attorney's fees is dismissed without prejudice to a separate action for the recovery of such charges."

**Pleading Section 8 Status**

The Petition must allege the Section 8 regulatory status. Additionally, there case law that states that the Notice of Termination must also plead the regulatory status. "Although petitioner served the notice of termination and petition upon the New York City Housing Authority, such service was a nullity in that those documents failed to apprise the Authority of the section 8 status. Accordingly, the notice of termination is deficient and, since a valid notice of termination is a condition precedent to commencement of an eviction proceeding against a section 8 tenant, dismissal is required. Unlike the defects in the pleadings, the defects in the notice of termination may not be cured by amendment *nunc pro tunc*. Further, the inconsistency in the notice of termination and petition is fatal." Homestead Equities, Inc. v. Washington, 176 Misc. 2d 459, 672 N.Y.S.2d 980 (Civ. Ct. 1998) However, the failure to plead the status cannot be determined to be waived. "The holdover petition failed to plead that it and the predicate termination notice were served on the New York City Housing Authority, as required by Federal consent decree and regulation (Williams v. New York City Hous. Auth., 81 Civ. 1801 [S.D.N.Y. 1995]; 24 CFR 982.310[e][2][ii]) in order to regain possession of a Federally subsidized, so-called "section 8" housing (42 USC § 1437f), and also failed to plead the tenancy's section 8 status, as required by RPAPL 741 (*see, Homestead Equities v. Washington,* 176 Misc.2d 459, 462, 672 N.Y.S.2d 980 [Civ. Ct., Kings County]). While the foregoing requirements were "essential elements" to the landlord's prima facie case (*cf., Jennie Realty Co. v. Sandberg,* 125 Misc.2d 28, 29, 480 N.Y.S.2d 268 [App. Term, 1st Dept.]), and, accordingly,

noncompliance therewith constituted defenses to the holdover petition (*see, Homestead Equities v Washington, supra; cf., Chinatown Apts. v. Chu Cho Lam,* 51 N.Y.2d 786, 433 N.Y.S.2d 86, 412 N.E.2d 1312), such defenses did not implicate the court's subject matter jurisdiction (*see generally, Jackson v. New York City Hous. Auth.,* 88 Misc.2d 121, 387 N.Y.S.2d 38 [App. Term, 1st Dept.]; *cf., 170 W. 85th St. Tenants Assn. v. Cruz,* 173 A.D.2d 338, 569 N.Y.S.2d 705), and therefore could be waived (*cf., Priel v. Priel,* N.Y.L.J., Mar. 5, 1993, at 25 [App. Term, 1st Dept.]; *Mehta v. Karrow,* N.Y.L.J., Apr. 8, 1993, at 23 [App. Term, 1st Dept.]; *2785 Ocean Parkway Assocs. v. Stern,* N.Y.L.J., Jan 11, 1995, at 25 [Civ. Ct., Kings County]). The competence of Civil Court to hear a holdover proceeding against a section 8 tenant is not derived from the *Williams* consent decree or Federal regulation but from CCA 110 (*Matter of Committed Community Assocs. v. Croswell,* 250 A.D.2d 845, 673 N.Y.S.2d 708).” 433 W. Associates v. Murdock, 276 A.D.2d 360, 360 61, 715 N.Y.S.2d 6, 7 8 (2000).

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 92 of 133

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------x

DIEDRE WILLIAMS, et al.,

            Plaintiffs,

     -against-

NEW YORK CITY HOUSING
AUTHORITY, et al.,

            Defendants.

---------------------------------x

81 Civ. 1801
(R.J.W.)

**SECOND PARTIAL
CONSENT JUDGMENT**

Upon the consent of the undersigned parties by their attorneys,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1.    The provisions of this Consent Judgment supersede ¶¶ 1 through 7 of the Stipulation and Order dated June 9, 1982, governing the New York City Housing Authority's ("the Authority") role in eviction proceedings brought by private landlords participating in the Section 8 program administered by the Authority against Section 8 tenants.

### Class Certification

2.    By Order of this Court, entered April 27, 1994, this action has been certified as a plaintiff and defendant class action pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2). The plaintiff class is comprised of all families who are or will be assisted under the Section 8 Existing Housing or Voucher program administered by the Authority. The defendant class is comprised of all property owners or managers who do or will participate as landlords in the Section 8 Existing Housing Certificate or Voucher program administered by the Authority. The defendant class representatives are Mr. Alan Fein and Mr. Victor Fein (serving as a single entity), Elizabeth Cullen, Esq., Joseph J. Sbiroli, Esq., Mr. Martin R. Goldin, Mr. Joseph St.Rose, Ms. Harley Brooke-Hitching, Mr. Maxwell Stein, and Mr. Daran E. Porter. Neither plaintiff nor defendant class members may "opt out" of their respective classes.

### Good Cause for Eviction

3.    Eviction proceedings brought against tenants in the Section 8 Existing Housing Certificate or Voucher program administered by the Authority must

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 93 of 133

comply with 42 U.S.C. § 1437f, all applicable federal regulations, and the procedures and provisions herein.

4.    Good cause for eviction is a necessary element in all eviction proceedings, including proceedings brought after the Section 8 lease and Housing Assistance Payments ("HAP") or Housing Voucher contract terminate or expire, where the grounds for eviction arose while the lease and contract were in effect or where such grounds for eviction relate to the Section 8 tenancy.

## Old-Form Leases and Contracts

5.    For tenants whose current leases, or the HAP contracts providing Section 8 assistance on their behalf, were entered into before October 1, 1981, or contain language providing that the Authority shall have the sole right to give the notice to vacate, the Authority shall have the sole right to give a notice to vacate, with the landlord having the right to make representation to the Authority of good cause existing for termination of the tenancy.  The Authority may not issue a notice to vacate unless there exists good cause for termination of the tenancy.  Said notice to vacate shall be issued in compliance with the provisions of this Consent Judgment regarding eviction procedures.

## Notice and Certification Procedure

6.    For all other Section 8 tenants:

a.    The landlord may bring eviction proceedings, based on the following grounds, only after having complied with the procedures set forth in ¶¶ 7-16 of this Consent Judgment regarding the certification of the basis for eviction (hereafter, "the certification procedure"):

(1) non-payment of rent; or

(2) grounds which arise out of or are related to the termination or suspension of the Section 8 subsidy, or the actual or alleged termination of the HAP contract, except where the tenant has been offered the opportunity for an administrative hearing pursuant to the 1984 Consent Judgment in this action.

The Authority shall require compliance with the certification procedure.

- 2 -

b.   With regard to eviction proceedings to which the certification procedure does not apply, the landlord shall:

(1) mail or deliver to the Authority a copy of such notice as any applicable provision of law may require it to serve upon the tenant as a prerequisite to commencement of an eviction proceeding and afford the Authority no less prior notice of the commencement of said proceeding than the landlord is required to afford the tenant under applicable law; and

(2) upon commencement of the proceeding, serve a copy of the Notice of Petition and Petition on the Authority or send a copy of said documents to the Authority by overnight mail.

7.   Where certification of the basis for eviction is required, the landlord shall notify the tenant and the Authority of its intention to commence an eviction proceeding against a Section 8 tenant at least twenty-five (25) days prior to commencement of the proceeding, subject to the provisions of ¶ 15 of this Consent Judgment.  If notice to the Authority is provided by mail, five additional days shall be allowed for mailing.  Notification shall be given by delivering or mailing to the tenant and the Authority a completed Certification of Basis for Eviction Proceeding, copies of which are attached to this Consent Judgment as Exhibits A and B.  If the landlord delivers the Certification to the Authority by hand, the Authority shall provide a receipt acknowledging delivery. The tenant shall have ten (10) days from the date the Certification is mailed or delivered to respond to it orally or in writing to the Authority.  The Certification shall be executed by someone with personal knowledge of the relevant facts, which may be based on the landlord's books and records. The Certification shall include, at a minimum:

a.   factual allegations with sufficient specificity to enable the tenant to prepare a response or defense;

b.   for proposed non-payment proceedings, the total amount of rent owed and an accurate breakdown of the source of the arrearage, indicating the total amount claimed from the Authority, if any, for each month at

- 3 -

issue, and the total amount claimed from the tenant for each month at issue; and

c.    a certification that the landlord will not commence a nonpayment proceeding against a Section 8 tenant for the housing assistance payment ("subsidy portion of the rent").

The copy of the form delivered or mailed to the Authority shall also include proof that a copy of the Certification was delivered or mailed to the tenant.

8.    The Authority shall examine each certification and shall object to the Certification where:

a.    The landlord fails to state specific factual allegations regarding the basis for the eviction proceeding;

b.    The stated facts, if proved, would fail to set forth good cause to evict;

c.    The proposed nonpayment proceeding seeks to recover from the tenant more than the share of rent for which the tenant is responsible; or

d.    The landlord has failed to comply with Section 8 procedures applicable to the tenant and unit at issue in the eviction proceeding, including those set forth in this Consent Judgment; or

e.    The landlord is seeking to withdraw the tenant's unit from the Section 8 program, where such withdrawal would violate any provision of federal, state or local law.

The Authority shall state the grounds for objection with specificity.

9.    Within twenty (20) days from the date of receipt of the landlord's notice, the Authority shall determine whether it accepts or objects to the Certification. The Authority's determination must be communicated to the landlord and tenant in writing and may not be communicated orally. The Authority shall communicate its determination by completing the lower portion of the Certification form submitted by the landlord (Exhibit B), entitled "New York City Housing Authority's Reply to Notice of Intention to Commence Eviction Proceedings," and providing a copy of the completed form to the landlord and another copy to the tenant. The Authority's

- 4 -

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 96 of 133

determination to accept or object to the Certification shall not be collateral estoppel or *res judicata* on any legal or factual issue.

### Commencement of Eviction Proceedings

10.    A Section 8 landlord shall not maintain against a Section 8 tenant:

a.    A proceeding that seeks a judgment against the tenant for the subsidy portion of the rent; or

b.    A proceeding based on grounds different from those set forth in the landlord's Certification.

11.    Where the Authority accepts the landlord's Certification, the landlord may commence an eviction proceeding against the tenant in accordance with the procedures set forth below.

12.    Where (a) the Authority objects to the landlord's Certification; (b) the landlord seeks to recover from the Authority an amount in excess of the tenant's share of the rent; or (c) the landlord has certified grounds for a hold-over proceeding, and the landlord commences an eviction proceeding against the tenant, the landlord shall name and serve the Authority as a necessary party and shall commence a single proceeding against the tenant and the Authority. The failure to name and serve the Authority as a party shall require dismissal of the proceeding without prejudice. In a nonpayment proceeding brought pursuant to this paragraph in which the Authority is named and served as a necessary party, the landlord shall state the total amount claimed from the Authority and the amount claimed for each month at issue, and the total amount claimed from the tenant and the amount claimed for each month at issue. A landlord shall not commence an eviction proceeding when the sole ground for the proceeding is nonpayment by the Authority of the subsidy portion of the rent.

13.    Where the landlord has complied with ¶ 6 of this Consent Judgment, but the Authority fails to respond to the landlord's Certification within twenty-five (25) days after in-hand delivery of the Certification by the landlord on the Authority, or thirty (30) days where the Certification is mailed to the Authority, the landlord may commence an eviction proceeding against the tenant, in accordance with the requirements of this Consent Judgment. The landlord shall serve a copy of the Notice of Petition and Petition and all attachments on the Authority or send a copy of said

- 5 -

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 97 of 133

documents to the Authority by overnight mail. The Authority shall, within 48 hours of receipt of said documents, respond in writing to the Certification in the manner set forth in ¶ 8 above. Where the Authority's response is to object to the Certification, the Authority shall move expeditiously to intervene in the eviction proceeding and, if judgment has already been entered against the tenant, move to vacate the judgment.

14.    Where, in violation of the requirements of this Consent Judgment, the landlord commences an eviction proceeding (a) based solely on nonpayment, in whole or in part, of the subsidy portion of the rent; (b) based on grounds different from those set forth in the landlord's Certification; or (c) after having failed to notify the Authority of its intention to commence an eviction proceeding or having done so untimely, the Authority shall be a necessary party to the proceeding. The failure to join the Authority as a party shall require dismissal of the proceeding, without prejudice.

15.    Where certification of the basis for eviction is required by this Consent Judgment, a Section 8 landlord may not commence an eviction proceeding earlier than twenty-five (25) days after in-hand delivery of the Certification by the landlord on the Authority, or earlier than thirty (30) days where the Certification is mailed to the Authority. However, the landlord may commence the eviction proceeding before the twenty-five or thirty day period has elapsed, where the landlord has already received the Authority's response. If the Authority is a necessary party, the landlord shall serve the Authority, in a manner prescribed by law, with a copy of the Notice of Petition and Petition, including all attachments, within twenty-four (24) hours of service of the Notice of Petition and Petition on the tenant(s).

16.    Where certification of the basis for eviction is required by this Consent Judgment, a Section 8 landlord who commences an eviction proceeding shall include in the petition the following statements, and the Authority shall require such statements as a condition of participating in the Section 8 program:

a.    That the Authority and the tenant have been given notice of the landlord's intention to commence the eviction proceeding;

b.    The reason for eviction given by the landlord to the Authority;

- 6 -

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 98 of 133

c.      That the Authority either accepted or objected to the Certification, or failed to respond within the applicable period of time set forth in ¶ 15 of this Consent Judgment; and

d.      That the landlord does not seek to recover from the tenant the subsidy portion of the rent.

The landlord may satisfy the requirements of this paragraph by attaching to the Notice of Petition and Petition a copy of the notice served on the tenant, with proof of service; a copy of the notice delivered to the Authority, with proof of service; and a copy of the Authority's reply.

17.     Where the Authority learns that any landlord has commenced or proposed to commence eviction proceedings against a Section 8 tenant in violation of the procedures set forth in this Consent Judgment, the Authority will notify such landlord, the tenant, and the Housing Court, in writing, that the landlord is proceeding improperly, and, for that purpose, shall employ a form appended to this Consent Judgment as Exhibit C.  If the landlord has already commenced such a proceeding, the Authority shall advise the tenant to answer the petition or, where judgment has already been entered, advise the tenant to move to vacate the judgment. The Authority shall notify plaintiffs' counsel and join in any motion to vacate the judgment.  Whenever counsel for plaintiffs learns that a landlord is attempting to evict a Section 8 tenant in violation of this Consent Judgment, counsel will forward such information to the Authority's Leased Housing Department in writing.  The Leased Housing Department will respond, in writing, to any such written communications, as well as to similar written inquiries by landlords, tenants, or tenant representatives concerning individual cases.  If a tenant or tenant's representative makes such an inquiry, the Authority will mail a copy of its response to the landlord.

18.     The Authority shall promptly notify all landlords in its Section 8 Existing Housing Program, in writing, of the provisions of this Consent Judgment, and of the relevant responsibilities of the landlords and the Authority.  A copy of the notice, which shall be in English and Spanish, is attached to this Consent Judgment as Exhibit D.  The Authority shall also include a copy of the notice in the briefing packet for each new Section 8 tenant and provide each new Section 8 landlord with a

- 7 -

FILED: BRONX CIVIL COURT - L&T 10/21/2025 11:31 AM
INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 18
RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 99 of 133

copy of the notice. The Authority shall also provide a copy of that notice to the Administrative Judge of the New York City Civil Court (the "Administrative Judge"). The parties shall meet with the Administrative Judge to establish procedures for the expeditious processing and filing by the Housing Court of notices to the Court.

### Special Provision Regarding Rent Determinations

19.  If, prior to commencement of an eviction proceeding based on non-payment of the tenant's Section 8 share of rent, the tenant requested that the Authority (a) recalculate the tenant's rent share at issue in that eviction proceeding, or (b) conduct a conference or hearing to challenge the rent determination, then the provisions of this paragraph shall apply:

a.  In the letter accepting the landlord's Certification, the Authority will advise the landlord and tenant of its intention to partici-pate in the proceeding and request that the landlord advise the Authority of the index number, date, time and location of the Housing Court hearing.

b.  Where the tenant has requested a hearing to challenge a rent determination, the letter responding to the Certification will state that the rent hearing is being expedited. Notwithstanding ¶ 20(b), *infra*, where a rent hearing is expedited pursuant to this paragraph, the Authori-ty shall give the tenant no less than five days' advance notice of the date fixed for the hearing. The Authority shall conduct the expedited rent hearing and the hearing officer shall render a decision within 30 days following the acceptance of the Certification. The Authority shall join in any request to the Court for an adjournment of the eviction proceeding pending completion of the rent determination hearing.

c.  If the Authority is advised of the date, time and location of the court hearing and the index number of the proceeding, the Authority will participate in the eviction proceeding as a witness or as a party on motion of the landlord or tenant or at the request of the court, with regard to the determination of the tenant's share of rent.

d.  In the course of any eviction proceeding in which the Authority appears pursuant to this paragraph, the Authority shall provide

- 8 -

Case 1:26-cv-02557     Document 1-21     Filed 03/27/26     Page 100 of 133

the court with such information as the court may require to determine whether the rent at issue was properly computed. Documents presented to the Authority in court shall be accepted by the Authority's representative and shall thereupon become part of the tenant's file.

e.    Until such time as the Authority renders a final decision in a rent determination hearing, the court may set the tenant's share of rent covering the months specifically at issue in the eviction proceeding. The tenant shall be liable for this share of rent, subject to any abatement or defenses adjudicated by the court, until the tenant's share of rent is subsequently redetermined in an annual or interim income review or as the result of a rent determination hearing. A copy of the court order establishing the tenant's share of rent shall be made part of the Authority's file.

f.    If the Authority renders a final decision in a rent determination hearing before the court renders a decision regarding the tenant's share of rent, the Authority's resolution and decision shall be binding on the landlord and tenant. The Authority shall provide the judge before whom the proceeding is being heard with a copy of the rent determination hearing decision.

g.    In the event the tenant defaults in appearing at an eviction proceeding covered by this paragraph, if the tenant wishes the Authority to be present at the hearing of an application to the court to reopen that default, he or she shall advise the Authority of the date, time and location of the hearing of that application.

h.    Nothing in this paragraph creates a requirement of exhaustion of administrative remedies.

20.    Where the Authority makes a determination regarding the amount of a tenant's share of rent, subject to the reservations set forth in ¶ 23, *infra*, the Authority shall:

a.    Employ a form of notice that sets forth the calculations used in arriving at the tenant's rent. The notice shall include, at a minimum:

(1)    for a tenant in the rental certificate program: the tenant's projected gross income, including the source(s) of income; projected annual deductions from income; projected annual net income; the tenant's monthly share of rent; the basis for the tenant's monthly share of rent; the utility allowance; the tenant's previous share of rent and the amount of any change in the tenant's share of rent;

(2)    for a tenant in the rental voucher program: the tenant's projected gross income, including the source(s) of income; projected annual deductions from income; projected annual net income; the Authority's monthly subsidy; the basis for the monthly subsidy; the previous monthly subsidy and the amount of any change in subsidy.

A sample notice for the rental certificate program is appended to this Consent Judgment as Exhibit E. For the rental voucher program, the notice will be virtually identical to that employed in the rental certificate program, and will differ only to the extent necessary to address the computational differences between the rental voucher and rental certificate programs; and

b.    Follow procedures consistent with those set forth in the 1984 Consent Judgment in this action.

## Effect on Other Issues or Proceedings

21.    The provisions of this Consent Judgment shall be Section 8 program requirements of the Authority. Landlords shall cooperate by supplying to the Authority on request information and documents necessary for the enforcement of this Consent Judgment.

22.    Nothing in this Consent Judgment supersedes any other obligation imposed on a landlord by federal, state or local law. The notification required by ¶ 7 of this Consent Judgment may be served prior to, or together with, other notices required by federal, state or local law as conditions precedent to commencement of summary proceedings.

23.    This Consent Judgment resolves all outstanding issues in this litigation with the exception of:

- 10 -

a.    the issue of whether the Authority may properly adjust the rental subsidy to $0 prior to a final determination after the hearing;

b.    unresolved claims for damages by individual named plaintiffs against the Authority and/or the named defendant landlords; and

c.    claim(s) for attorney's fees and costs against any party, except that this Consent Judgment resolves any claims for attorney's fees and costs against the defendant class, or members of the defendant class who are not named parties to this action, which accrued on or before the date of entry of this Consent Judgment.

24.    During the three years following the date of the entry of this Consent Judgment:

a.    For the period ending June 30, 1995, and for each subsequent six-month period through December 31, 1997, the Authority shall provide to counsel for plaintiffs a report containing the following information:

(1)    the number of cases, and the tenant's name, the court, and index number for each summary hold-over proceeding where the landlord accorded the Authority notice of commencement of the proceeding, but did not certify the grounds for eviction, pursuant to ¶ 6(b) of this Consent Judgment;

(2)    the number of cases, and the tenant's name, court, and index number for each summary proceeding in which the Authority, pursuant to ¶¶ 12, 13, 14 or 17 of this Consent Judgment, (a) objected to a landlord's Certification; (b) failed to respond in a timely manner to the landlord's Certification; (c) was joined as a necessary party; (d) moved to intervene or to vacate a judgment; or (e) issued the letter described in this Consent Judgment as Exhibit C;

(3)    the number of Certifications received where there has been a prior request by the tenant for a rent redetermination;

- 11 -

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 103 of 133

(4)   the number of such tenancies in which the request for a rent redetermination was resolved by a conference in the Authority's Leased Housing Department;

(5)   with respect to all rent determination hearings conducted during the reporting period:

(a)   the number of such hearings;

(b)   the name and address of each tenant for whom a rent determination hearing was conducted;

(6)   the number of such hearings that were ordered expedited pursuant to ¶ 19(a)(2) of this Consent Judgment;

(7)   with respect to those tenancies reported in ¶ 24(a)(2) of this Consent Judgment, the number of such cases where the Authority was advised of the date, time and location of the Housing Court hearing (i) by the tenant only; (ii) by the landlord only and (iii) by both the landlord and tenant;

(8)   for each tenancy in which the Authority is advised of the pendency of a summary proceeding in which it is required to appear pursuant to ¶ 19 of this Consent Judgment, the tenant's name, and the court and index number of the summary proceeding.

When the Authority provides each report to counsel for plaintiffs required by this ¶ 24(a), the Authority shall also provide to counsel for the defendant-landlords a report containing the number of cases, by category, reported in accordance with ¶¶ 24(a)(1) - (a)(8), above.

b.    Counsel for plaintiffs shall be provided access to Authority documents, as follows:

(1)   with each annual report:

(a)   for each tenancy reported in ¶ 24(a)(3) of this Consent Judgment, each written response from a landlord advising the Authority of the date, time, location and index number of the Housing Court hearing;

(b)   a copy of each rent change notice (Exhibit E) issued to each tenant identified pursuant to ¶ 24(a)(5)(b) of this Consent Judgment.

(2)   upon request by counsel for plaintiffs, the Authority shall make available for inspection and copying the file of each tenant identified pursuant to ¶ 24(a) of this Consent Judgment.

c.   Counsel for plaintiffs and the representatives of the class of defendant landlords shall each designate a single office to receive reports required by this paragraph.

d.   All identifying information, such as names, addresses and Social Security numbers, provided to counsel regarding any tenant identified pursuant to this paragraph shall remain confidential, and shall not be used or divulged by counsel for any purpose outside this action, without either the tenant's express, written consent, or, upon notice to the Authority and, if possible, the tenant, pursuant to court order.

e.   The provisions of this paragraph shall not diminish any right of access to Authority documents which any person may possess under State law or under the 1984 Consent Judgment herein.

DATED:   New York, New York
         February 2 , 1995

JEFFREY SCHANBACK, ESQ.
General Counsel
New York City Housing Authority
75 Park Place
New York, New York 10007
(212) 776-5145

RAPHAEL SAMUEL, of Counsel
MARK WALTER, of Counsel
Attorney for defendants
New York City Housing Authority
et. al.

By _____
   Raphael Samuel (RS-6502)

THE LEGAL AID SOCIETY
   Civil Appeals & Law Reform
   Unit
      11 Park Place, 18th Floor
      New York, New York 10007
      Tel: (212) 406-0745
      SCOTT A. ROSENBERG, Of Counsel

   Bronx Neighborhood Office
MARSHALL GREEN, ESQ.
   Attorney-In-Charge,
      953 Southern Blvd.
      Bronx, New York 10459
   Tel: (212) 991-4600
      DAVID H. MITCHELL, Of Counsel

GUTMAN, MINTZ, BAKER &
SONNENFELDT, P.C.
813 Jericho Turnpike
New Hyde Park, New York 11040
Tel: (516) 775-7007
Attorneys for Defendant
River Park Associates

By _Neil D. Sonnenfeldt (by ...)_
    Neil D. Sonnenfeldt
    (NS-5287)

THE DEFENDANT CLASS
OF PARTICIPATING LANDLORDS
IN THE SECTION 8
EXISTING HOUSING PROGRAM

Mr. Alan Fein
Mr. Victor Fein
Liaisons for the
Defendant Class Representatives
3000 Bronx Park East
Bronx, New York 10467
Tel: (718) 798-4900

By _Alan Fein (by ...)_
    Alan Fein

SO ORDERED:

_____
         U. S. D. J.


Brooklyn Office for the Aging
    MARTIN PRICE, ESQ.
Attorney-In-Charge
1685 East 15th Street
    Brooklyn, New York 11229
Tel: (718) 645-3111

BROOKLYN LEGAL SERVICES CORP.
South Brooklyn Office
    JOHN C. GRAY, JR., ESQ.
105 Court Street
    Brooklyn, New York 11201
    Tel: (718) 237-5500
RAUN J. RASMUSSEN,
of Counsel

Attorneys for Plaintiff and
Plaintiff-Intervenors

By _Scott A. Rosenberg_
    Scott A. Rosenberg (SR-5579)

- 14 -

EXHIBIT :

## CERTIFICATION OF BASIS FOR EVICTION PROCEEDING AGAINST TENANT PARTICIPATING IN THE SECTION 8 EXISTING HOUSING PROGRAM

Date _____

TO: [Tenant]

I.  The undersigned landlord intends to commence an eviction proceeding against you on the following grounds and certifies that the grounds constitute a lawful basis for eviction of a tenant-participant in the Section 8 program.

☐  Non-payment of the tenant's share of rent, at $_____ per month, for the months of _____, for a total of   $____.

Explanation and itemization of rent demand (if necessary):

☐  Holdover proceeding based on termination or suspension of Section 8 assistance, as follows:

II.  (FILL OUT THIS SECTION ONLY IF YOU HAVE A CLAIM AGAINST THE TENANT FOR THE TENANT'S SHARE OF THE RENT AND IF YOU ALSO INTEND TO SUE THE AUTHORITY FOR THE SUBSIDY PORTION OF THE CONTRACT RENT.)  The undersigned intends to include in the eviction proceeding a claim against the Housing Authority for non-payment of the subsidy portion of the contract rent, at $____ per month, for the months of _____, for a total of $_____.  The landlord will not seek recovery of this amount from the tenant.

SIGNED _____    Address:

For landlord:_____

THIS CERTIFICATION MUST BE EXECUTED BY SOMEONE WITH PERSONAL KNOWLEDGE OF THE RELEVANT FACTS, WHICH MAY BE BASED ON THE LANDLORD'S BOOKS AND RECORDS.

----------------------------------------------------------------

### NOTICE TO TENANT

**PLEASE ADVISE THE HOUSING AUTHORITY WITHIN 10 DAYS OF THE DATE THIS CERTIFICATION IS MAILED OR DELIVERED OF ANY REASON WHY EVICTION PROCEEDINGS SHOULD NOT BE BROUGHT AGAINST YOU.**  You may respond or object by calling (212) 306-4124 at the Housing Authority or by writing to: NEW YORK CITY HOUSING AUTHORITY, LEASED HOUSING EVICTION REVIEW, 250 BROADWAY, ROOM 1009, NEW YORK, NY 10007. In approximately 20 days, the Housing Authority will send you a copy of its Reply.
        --Your landlord must have good cause to evict you.
        --Your landlord may not sue you for the subsidy portion of the rent.

**IF YOUR LANDLORD TAKES YOU TO COURT, YOU MUST ANSWER ALL COURT PAPERS AND APPEAR IN COURT ON ALL DATES.**  YOU MAY RAISE IN COURT ANY DEFENSES THAT YOU HAVE.
        --Your landlord must prove in court that there is good cause to evict you.
        --Your landlord may not sue you based on any grounds other than those stated above in this letter.

YOU MAY WISH TO OBTAIN LEGAL REPRESENTATION OR ADVICE FROM A LAWYER.
WHEN YOU APPEAR IN COURT, TAKE THIS LETTER WITH YOU AND SHOW IT TO THE JUDGE.

CALL THE HOUSING AUTHORITY AT (212) 306-4124 IF YOU HAVE QUESTIONS.

[SEE REVERSE SIDE FOR ADDITIONAL INFORMATION]

EXHIBIT B

**CERTIFICATION OF BASIS FOR EVICTION PROCEEDING
AGAINST TENANT PARTICIPATING IN THE SECTION 8
EXISTING HOUSING PROGRAM**

Date_____

TO: [Tenant]

      I.  The undersigned landlord intends to commence an eviction proceeding against you on the following grounds and certifies that the grounds constitute a lawful basis for eviction of a tenant-participant in the Section 8 program.

☐  Non-payment of the tenant's share of rent, at $_____ per month, for the months of _____, for a total of   $____.

    Explanation and itemization of rent demand (if necessary):

☐  Holdover proceeding based on termination or suspension of Section 8 assistance, as follows:

    II.  (FILL OUT THIS SECTION ONLY IF YOU HAVE A CLAIM AGAINST THE TENANT FOR THE TENANT'S SHARE OF THE RENT AND IF YOU ALSO INTEND TO SUE THE AUTHORITY FOR THE SUBSIDY PORTION OF THE CONTRACT RENT.) The undersigned intends to include in the eviction proceeding a claim against the Housing Authority for non-payment of the subsidy portion of the contract rent, at $____ per month, for the months of _____, for a total of $_____. The landlord will not seek recovery of this amount from the tenant.

SIGNED _____ Address:

For landlord:_____

THIS CERTIFICATION MUST BE EXECUTED BY SOMEONE WITH PERSONAL KNOWLEDGE OF THE RELEVANT FACTS, WHICH MAY BE BASED ON THE LANDLORD'S BOOKS AND RECORDS.

-----------------------------------------------------------------

**NEW YORK CITY HOUSING AUTHORITY'S REPLY TO
CERTIFICATION OF BASIS FOR EVICTION PROCEEDING**

Date _____

TO THE ABOVE-NAMED LANDLORD AND TENANT:

☐  I.  The Housing Authority ACCEPTS the Landlord's Certification on the grounds stated above.

☐  II.  The Housing Authority OBJECTS TO the Certification for the reason(s) checked below:

☐  A.  The Certification fails to state specific factual allegations regarding the basis for the proceeding.

☐  B.  The proposed nonpayment proceeding seeks to recover from the tenant more than the share of rent for which the tenant is responsible. The correct tenant's share of rent per month is $_____. Explanation (if any): _____

☐  C.  Failure to allege facts which, if proven, would establish good cause to evict.

☐  D.  The landlord is seeking to terminate the Section 8 tenancy in violation of law or a program requirement: _____
_____
_____

BY: _____

CALL THE HOUSING AUTHORITY AT (212) 306-4124 IF YOU HAVE QUESTIONS.

**TAKE THIS FORM WITH YOU TO COURT**

[SEE REVERSE SIDE FOR ADDITIONAL INFORMATION]

[Print on Back of Exhibits A and B]

## FURTHER INFORMATION REGARDING SECTION 8 EVICTION PROCEDURES

The procedures governing eviction proceedings involving tenants in the Section 8 Existing Housing Program are set forth in the Second Partial Consent Judgment in Williams v. New York City Housing Authority, 81 Civ. 1801 (RJW)(1993).

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if
*you would like a copy of the Second Partial Consent Judgment;
*you have any questions; or
*you want the Housing Authority to appear in court or provide additional information.

Before Commencing An Eviction Proceeding based on Non-Payment of Rent or the Termination or Suspension of Section 8 Assistance, a Section 8 Landlord:
*Shall deliver or mail a Certification of Basis for Eviction Proceeding to the tenant and the Authority (see reverse side);
*Shall wait a minimum of 25 days (30 days if the Certification is mailed) before commencing the proceeding, or until the landlord receives the Authority's Reply, whichever is earlier.

Upon Receipt of the Landlord's Certification the Authority Shall:
*Determine whether it ACCEPTS or OBJECTS TO the Certification;
*Provide a written Reply to the landlord and tenant of its determination.

A Section 8 Landlord Shall Not Maintain A Proceeding Where:
*The grounds are different from those stated in the Certification;
*The proceeding seeks a judgment against the tenant for the subsidy portion of the rent;
*The landlord has not waited 25 days (30 days if the Certification was mailed to the Authority), unless the landlord has already received the response from the Authority.

A Section 8 Landlord Who is Required to Certify the Basis for Eviction and who Commences An Eviction Proceeding Shall:
*State in the petition, or attach to it, all notices showing
--that the Authority and tenant were given the Certification;
--the reason for the eviction;
--the Authority's response;
--that the grounds are the same as in the Certification;
--that the landlord does not seek to recover the subsidy portion from the tenant;
*Join and serve the Authority, at the commencement of the proceeding, where the Authority OBJECTS or where the landlord seeks the subsidy portion from the Authority;
*Deliver or mail by overnight mail to the Authority, at the commencement of the proceeding, the petition where no Reply was received from the Authority.

The Authority Will Appear In Court:
*As a necessary party if the Authority OBJECTS TO the Certification, if the Landlord is seeking the subsidy portion from the Authority, if the Landlord certifies grounds for a holdover proceeding, or if the Landlord fails to comply with these procedures;
*As a witness or party where the Tenant previously requested that the Authority recalculate the rent but the Authority has not done so.
*In any other eviction proceeding, if subpoenaed either as a witness or to provide further information, or at the Court's request.

## ADDITIONAL NOTICES TO THE TENANT

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if you have questions; if you would like additional information; if you want the Authority to appear in court as a witness or a party; or if you previously requested that the Authority recalculate the rent but the Authority has not done so.

YOU MUST ANSWER ALL COURT PAPERS AND APPEAR IN COURT ON ALL DATES. YOU MAY WISH TO OBTAIN LEGAL REPRESENTATION OR ADVICE FROM A LAWYER. WHEN YOU APPEAR IN COURT, TAKE THIS LETTER WITH YOU AND SHOW IT TO THE JUDGE.
**Unless the Housing Authority terminates you from the Section 8 program, YOU MAY REMAIN IN THE PROGRAM EVEN IF YOU ARE EVICTED.

EXHIBIT C

SUPPLEMENTAL STATEMENT REGARDING PROCEEDINGS TO EVICT
A TENANT-PARTICIPANT IN THE SECTION 8 EXISTING HOUSING PROGRAM

TO: NEW YORK CITY HOUSING COURT, _____ COUNTY
[Landlord and Tenant]

Re: [Title and Index Number of Proceeding]

The above-captioned proceeding was commenced improperly against a tenant who is a participant in the Section 8 Existing Housing Program administered by the Housing Authority. This proceeding was commenced in violation of the terms of the Second Partial Consent Judgment in Williams v. New York City Housing Authority, 81 Civ. 1801 (RJW)(SDNY) (Williams Consent Judgment) and should be dismissed because:

☐ Prior to commencing the proceeding, the landlord did not certify to the Housing Authority that the grounds for the proceeding constitute a lawful basis for eviction of a Section 8 tenant-participant.

☐ The landlord did not provide the Housing Authority with a copy of the Notice of Petition and Petition, although required to do so.

☐ The landlord failed to join the Housing Authority to the proceeding, although required to do so.

☐ The proceeding seeks a judgment against the tenant for the subsidy portion of the rent.

☐ The proceeding is based on grounds different from those stated in the Landlord's Certification.

☐ Other violation: _____

_____

The Williams Consent Judgment requires that the eviction proceeding be dismissed. Accordingly, the landlord should withdraw this proceeding. If the proceeding is not withdrawn:
    a. The Authority is a necessary party to this proceeding;
    b. The landlord's non-compliance with the Williams procedures is a defense to the Petition;
    c. If judgment has not been entered, the tenant should answer the petition and move to dismiss the Petition, and provide the Authority with a copy of any motion papers;
    d. If judgment has been entered against the tenant, it has been entered in violation of the Williams Consent Judgment. The tenant should move to vacate the judgment and to dismiss the Petition and should provide the Authority with a copy of any motion papers.

The Housing Authority will join in any motion to vacate the judgment and dismiss the petition.

The Landlord, the Tenant or the Court may CALL THE HOUSING AUTHORITY AT (212) 306-4124 if
    *you would like a copy of the Williams Consent Judgment;
    *you have any questions; or
    *you want the Housing Authority to appear in court or provide additional information.

NEW YORK CITY HOUSING AUTHORITY

BY: _____

EXHIBIT D

## NOTICE REGARDING SECTION 8 EVICTION PROCEDURES

The procedures governing eviction proceedings involving tenants in the Section 8 Existing Housing Program are set forth in the Second Partial Consent Judgment in Williams v. New York City Housing Authority, 81 Civ. 1801 (RJW)(1993). These procedures must be followed in addition to any procedures required by state or local law. This notice summarizes the procedures set forth in the Consent Judgment.

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if

*you would like a copy of the Second Partial Consent Judgment;

*you have any questions; or

*you are requesting that the Housing Authority appear in court or provide additional information.

### Before Commencing An Eviction Proceeding based on Non-Payment of Rent or the Termination or Suspension of Section 8 Assistance:

*A Section 8 landlord shall deliver or mail a Certification of Basis for Eviction Proceeding to the tenant and the Authority.

*The Certification shall be on two pre-printed forms that may be obtained from the Housing Authority. Both forms shall include:

(1) a statement of the factual allegations and the legal ground on which the landlord relies; and

(2) a statement that the tenant may, within 10 days of the date the Certification is mailed or delivered, respond or object to the allegations therein to the Housing Authority.

*Where the proceeding is a nonpayment proceeding, the landlord's factual allegations shall also identify:

(1) the total amount of rent owed; and

(2) an accurate breakdown of the source of the arrearage, indicating the total due from the Housing Authority, if any, for each month claimed, and the total due from the tenant, if any, for each month claimed.

*A Section 8 landlord shall wait a minimum of 25 days (30 days if the Certification is mailed) before commencing the proceeding, or until the landlord receives the Authority's Reply, whichever is earlier.

### Upon Receipt of the Landlord's Certification the Authority Shall:

*Determine whether it ACCEPTS or OBJECTS TO the Certification;

*Provide written notice to the landlord and tenant of its determination. The Authority shall state the grounds for its objection, if any, with specificity.

### A Section 8 Landlord Shall Not Maintain A Proceeding Where:

*The grounds are different from those in the Certification;

*The proceeding seeks a judgment against the tenant for the subsidy portion of the rent;

*If Certification is required, the landlord has not waited 25 days (30 days if the Certification was mailed to the Authority), unless the landlord has already received the response from the Authority.

### Where Certification is Required, a Section 8 Landlord Who Commences An Eviction Proceeding Shall:

*State in the petition, or attach to it, all documents showing:

--that the Authority and tenant were given the Landlord's Certification;

--the reason for the eviction;

--the Authority's response, if any, or that the time for the Authority to respond has elapsed, but it has not done so;

--that the grounds are the same as in the Certification;

--that the landlord does not seek to recover the subsidy portion from the tenant.

*Join and serve the Authority, at the commencement of the proceeding, where the Authority OBJECTS or where the landlord seeks the subsidy portion from the Authority;

*Deliver or mail by overnight mail to the Authority, at the commencement of the proceeding, the petition where no Reply was received from the Authority.

### The Authority Will Appear In Court:

*As a necessary party if the Authority OBJECTS TO the Certification, if the Landlord is seeking the subsidy portion from the Authority, if the Landlord has certified grounds for a hold-over proceeding, or if the Landlord fails to comply with these procedures;

*As a witness or party where the Tenant previously requested that the Authority recalculate the rent but the Authority has not done so.

*In any other eviction proceeding, if subpoenaed either as a witness or to provide further information, or at the Court's request.

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 111 of 133

EXHIBIT E

| TENANT'S NAME | ADDRESS | APT. NO. | CERTIFICATE # |
|---|---|---|---|
|  |  |  |  |

## TENANT RENT SHARE CHANGE NOTIFICATION

Please be advised that the Housing Authority has computed your new share of the total Section 8 rent based upon family income information provided by you, and in accordance with Federal Law and Regulations. This Notification and your new share of the total Section 8 rent are in accordance with the pertinent provisions of your lease.

Your new Share of Rent' is: $_____ Effective:_____

'If your landlord separately charges you for appliances, parking, etc., you must continue to pay that charge in addition to your share of the total Section 8 rent indicated above.

Following is an explanation of how your share of the total rent was determined:

### I. PROJECTED GROSS ANNUAL INCOME

1. HEAD OF HOUSEHOLD

**NAME**                                    **SOURCE OF INCOME**

(Applicable fields will be                       Wages: $_____
printed by computer.)               Social Security: $_____
                                   Public Assistance: $_____
                                                     $_____

2. SPOUSE OR OTHER ADULT

(Same as above.)

3. OTHER ADULTS

(Each will be listed.)

4.  TOTAL PROJECTED GROSS ANNUAL INCOME:        $_____

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 112 of 133

## II. DEDUCTIONS

5. ELDERLY, DISABLED, HANDICAPPED
HEAD OF HOUSEHOLD OR SPOUSE
(Only one allowance of $400 per family.)     $_____

6. MINOR DEPENDENTS ($480 X ____)     $_____

7. DEPENDENT FULL TIME STUDENT OVER AGE 17     $_____
($480 X ____)

8. CHILD CARE EXPENSES     $_____

9. NON-REIMBURSED MEDICAL & HANDICAPPED
ASSISTANCE EXPENSES

    A. Medical     $_____
    B. Handicapped Assistance     $_____
    C. Total Non-Reimbursed
       Medical & Handicapped
       Assistance     $_____

10. TOTAL ALLOWABLE MEDICAL
& HANDICAPPED DEDUCTIONS
(Add lines 9A, 9B and 9C
and subtract 3% of
Total Projected Gross Annual
Income, line 4, above.)     $_____

11. TOTAL DEDUCTIONS
(Add lines 5, 6, 7, 8 & 10)     $_____

## III. TENANT SHARE OF RENT

12. PROJECTED ANNUAL NET INCOME
(Line 4 minus line 11.)     $_____

13. 30% OF ANNUAL NET INCOME
(Line 12 X 0.30)     $_____

14. TOTAL TENANT MONTHLY SHARE OF RENT,
INCLUDING UTILITIES (Line 13 + 12 months)     $_____

15. UTILITY ALLOWANCE     $_____

16. YOUR MONTHLY NET SHARE OF RENT
(Line 14 minus line 15)     $_____



Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 113 of 133

| TENANT RENT SHARE CHANGE NOTIFICATION MAILED OR GIVEN TO: <br> ☐ TENANT <br> on _____ by _____ <br> (Date) (Employee's name) | TENANT RENT SHARE CHANGE NOTIFICATION MAILED TO: <br> ☐ OWNER <br> on _____ by _____ <br> (Date) (Employee's name) |
|---|---|

If you wish a further explanation of this matter, please telephone me at (212) 306-____. If you do not agree with the above determination, you may request an impartial hearing. If you request a hearing, you must do so **as soon as possible**. To request a hearing, YOU MUST FILL OUT THE COUPON AT THE BOTTOM OF THIS NOTICE AND RETURN IT TO THE ADDRESS PROVIDED ON THE COUPON SO THAT IT IS RECEIVED WITHIN **FIFTEEN** DAYS OF THE DATE OF THIS NOTICE. If you request a hearing as indicated above, you will be given the opportunity to discuss the rent change, and any new information that you wish to submit, with a member of the Leased Housing Department staff prior to your impartial hearing.

Whether you ask for an impartial hearing, or not, you **must** pay your new share of rent on the effective date indicated above. If you do not pay your new share of rent, **your landlord may sue to evict you**. But note: if you request a hearing, **and** make that request **before** your landlord sues you for non-payment of rent, the Housing Authority will expedite your hearing and join any request to adjourn your court case until the hearing is decided.

NEW YORK CITY HOUSING AUTHORITY

by _____

Date _____ __ _____

[See Coupon on Next Page]

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 114 of 133

[COUPON]

To: DIRECTOR, LEASED HOUSING DEPARTMENT
    NEW YORK CITY HOUSING AUTHORITY
    250 Broadway, Room 1009
    New York, New York 10007

From:    Name    _____

         Address _____

                 _____ N.Y. _____

         I would like a hearing to contest the
         determination of my Section 8 share of rent.

         (Optional)  I would like this hearing because:

         _____

         _____

         _____


         _____
              Signature

         _____
              Date



Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 115 of 133

CIVIL COURT OF THE CITY OF NEW YORK
BRONX COUNTY:  HOUSING PART K

------------------------------------------------------------------------X     L&T Index # 310838-23/BX

ANDREWS PLAZA HOUSING ASSOCIATES LP,

                 Petitioner (Landlord),

       -against-

                                  **DECISION & ORDER**

JUAN RODRIGUEZ,

                 Respondent (Tenant).

------------------------------------------------------------------------X

Hon. Diane E. Lutwak:

       Recitation, as required by CPLR Rule 2219(A), of the papers considered in the review of Respondent's Motion to Dismiss:

| Papers | NYSCEF Doc # |
|---|---|
| Notice of Motion, Supporting Affirmation | 6, 7 |
| Affirmation in Opposition, Exhibit A | 8, 9 |
| Reply Affirmation, Exhibit A | 11, 12 |

       After argument, upon the foregoing papers and for the reasons stated below, respondent's motion pursuant to CPLR RR 3211(a)(1), 3211(a)(7) and/or 3212 is granted and this proceeding is dismissed, without prejudice.

PROCEDURAL HISTORY & FACTUAL BACKGROUND

       This is a nonpayment eviction proceeding in which the petition, dated March 6, 2023, alleges a monthly rent of $1187, Petition at ¶ 2; rent arrears of $3548[1], comprised of $1152 for January 2023, $1209 for February 2023 and $1187 for March 2023, id. at ¶ 4; that the rent was demanded by a written 14-day notice, id. at ¶ 5; and the premises are "financed by HUD and are exempt from local registration," id. at ¶ 7.  The relief stated in the petition's "Wherefore" clause includes a possessory judgment, issuance of a warrant of eviction, and a monetary judgment for $3948.  The accompanying 14-day rent demand advises respondent that he is required either to pay the sum demanded by a specified date "or surrender up the possession of said premises to the landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof."

       An answer to the petition was filed on March 23, 2023 by Florinda Rodriguez, identified as "Wife, Occupant", using the Court's answer form on which two defenses were checked off:

---

[1] The petition also seeks a "Note payable balance" of $400.00.

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 116 of 133

payment/partial payment and conditions in the apartment needing repair. The court calendared the proceeding for May 10, 2023 in Intake Part 1 and then transferred it to Part K and adjourned it to June 6, 2023. Respondent Juan Rodriguez retained counsel who appeared on June 6. The case was adjourned to August 2 and, in the interim, respondent by counsel filed a motion to dismiss which was fully briefed and marked submitted, decision reserved, on August 2.

RESPONDENT'S MOTION TO DISMISS

In his motion, respondent seeks dismissal of the petition based on documentary evidence and for failure to state a cause of action pursuant to CPLR RR 3211(a)(1) and/or 3211(a)(7) and/or for summary judgment pursuant to CPLR R 3212 based on petitioner's failure to serve a predicate 30-day notice as required by Section 4024 of the federal "CARES [Coronavirus Aid, Relief, and Economic Security] Act", 15 USC § 9058(c). The motion is supported by the affirmation of respondent's attorney, who points to the undisputed facts that the premises are exempt from local rent regulation because they are "financed by HUD", Petition at ¶ 7, and the proceeding is predicated on a 14-day rent demand, Petition at ¶ 5, and argues that the petition must be dismissed because non-compliance with the CARES Act is an unamendable defect, *Chinatown Apts v Chu Cho Lam* (51 NY2d 786, 787, 412 NE2d 1312, 433 NYS2d 86 [1980]).

In opposition petitioner makes four arguments[2]: First, that the motion to the extent it is brought under CPLR R 3211(a)(1) must be denied as such a motion can only be brought pre-answer. Second, that the motion to the extent it is brought under CPLR R 3211(a)(7) must be denied as pleadings should be liberally construed, petitioner is entitled to every favorable inference and the "sole criteria" is whether the pleading states a cause of action. Third, that the answer fails to raise a defense challenging the sufficiency of the rent demand. Fourth, that a rent demand does not fall within the CARES Act as it gives a tenant the choice to either pay or vacate and should be examined as a "Yellowstone Request".

On reply, respondent's attorney argues that where a nonpayment proceeding is based on a defective rent demand it is subject to dismissal under CPLR R 3211(a)(7) for failure to state a

---

[2] Petitioner's attorney's affirmation in opposition includes other arguments inapplicable to this proceeding, starting with an incomplete sentence (beginning with the words "the fact that the Respondent is a tenant", after ¶ 11, followed by statements that contradict petitioner's earlier arguments (for example, "While the Respondent has preserved a defense concerning the rent demand") and/or are inaccurate (for example, after stating that respondent's remedy is to seek summary judgment on this defense, asserting that, "Here, no such motion is made"; as another example, referring to documentary evidence including a rent breakdown and copies of money orders which are not part of respondent's motion). Accordingly, petitioner's arguments beginning with the words "the fact that the Respondent is a tenant" through ¶ 20 are not addressed in the body of this Decision/Order.

Page | 2

Case 1:26-cv-02557 Document 1-21 Filed 03/27/26 Page 117 of 133

cause of action, such a motion may be made at any time and the claim is not waived by failing to move prior to answering or to state the claim in an answer. As to petitioner's "Yellowstone" argument, respondent counters that such injunctions are available only in the context of commercial landlord-tenant law, citing to *Graubard Mollen Horowitz Pomeranz & Shapiro v 600 Third Ave Assoc* (93 NY2d 508, 693 NYS2d, 715 NE2d 117 [1999]).

Respondent further points out that it is undisputed that the subject premises are covered by the CARES Act and argues that a predicate notice demanding either payment of rent or surrender of possession falls squarely within the plain text of that statute and all courts that have considered this question have come to this conclusion. Respondent cites to *In re Arvada Vil Gardens LP v Garate* (529 P3d 105, 2023 CO 24 [Colorado Sup Ct May 15, 2023])(dismissing eviction proceeding against tenant with federal Section 8 voucher finding CARES Act 30-day notice requirement to still be in effect, as opposed to State law 10-day notice, and applicable to proceeding where landlord demanded that tenant "either pay overdue rent and fees or surrender the premises"); *Sherwood Auburn, LLC v Pinzon* (24 Wash App 2d 664, 521 P3d 212 [Wash Court of Appeals Dec 5, 2022], *app den*, 1 Wn 3d 1005, 526 P3d 848 [Wash Sup Ct April 5, 2023])(dismissing nonpayment eviction proceeding against tenant brought by landlord with federally-backed mortgage where landlord served both a State law 14-day predicate notice demanding either payment or vacatur of the premises and a 30-day CARES Act notice, finding that the two notices were "misleading and contradictory"); *Nwagwu v Dawkins* (2021 Conn Super LEXIS 1026 [Conn Superior Ct Mar 2, 2021, No BPHCV215004438S])(dismissing eviction proceeding based on "serious non-payment" of rent against tenant with federal Section 8 voucher where 5-day "notice to quit" rather than 30-day CARES Act notice had been served as a predicate); *Watson v Vici Community Dev Corp* (2021 US Dist LEXIS 69774 [WD Okla Apr 12, 2021, No. CIV-20-1011-F])(in a tenant's action against landlord, denying landlord's motion to dismiss CARES Act claim, where parties disputed whether the eviction proceeding in question was based on nonpayment of rent).

DISCUSSION

As is evident from the procedural history of this case described above, this is a pre-answer motion: The only answer on file was not submitted by respondent Juan Rodriguez but by Florinda Rodriguez, who identified herself as "Wife, Occupant". Accordingly, respondent's claim of a defective rent demand may be brought under either CPLR R 3211(a)(1) based on documentary evidence as it has not been waived under CPLR R 3211(e) or under CPLR R 3211(a)(7) based on failure to state a cause of action.

A motion to dismiss under CPLR R 3211(a)(1) based upon documentary evidence may be granted where the documents "conclusively establish[] a defense as a matter of law." *Goshen v Mut Life Ins Co* (98 NY2d 314, 326, 746 NYS2d 858, 865, 774 NE2d 1190, 1197 [2002]). On a motion to dismiss under CPLR R 3211(a)(7) for failure to state a cause of action the court is required to afford a liberal construction to the pleading, accept the facts alleged as true and

Page | 3

ascertain whether the petition alleges facts which fit within any "cognizable legal theory." *Leon v Martinez* (84 NY2d 83, 638 NE2d 511, 614 NYS2d 972 [1984]).

Section 4024 of the CARES Act, entitled "Temporary Moratorium on Eviction Filings", applies to this case as it is evident from the petition – and petitioner does not dispute - that respondent resides in a "covered dwelling", defined to include any property that has a "federally-backed mortgage loan". 15 USC § 9058(a)(2), (4). As to such covered properties, the CARES Act established two eviction-related requirements: The first, which applied for 120 days beginning on March 27, 2020, created a temporary moratorium against initiating a legal action against a tenant to recover possession for nonpayment of rent. The second, which commenced at the end of the 120-day temporary moratorium with no expiration date, prohibits a landlord from requiring a tenant to vacate a "covered dwelling" without first issuing a 30-day notice to vacate.

To state and maintain a cause of action for nonpayment of rent, the petition must state the facts upon which the proceeding is based. RPAPL § 741(4). One of those facts is that a proper demand for the rent was made as required by RPAPL § 711(2). *Schwartz v Weiss-Newell* (87 Misc2d 558, 561, 386 NYS2d 191 [Civ Ct NY Co 1976]), *quoted in 542 Holding Corp v Prince Fashions, Inc* (46 AD3d 309, 848 NYS2d 37 [1st Dep't 2007]). A proper predicate rent demand is a "long-established prerequisite to the maintenance of a summary proceeding" for nonpayment of rent, *Zenila Realty Corp v Masterandrea* (123 Misc2d 1, 22, 472 NYS2d 980, 987 [Civ Ct NY Co 1984]), which cannot be amended *nunc pro tunc*, *Chinatown Apts v Chu Cho Lam* (51 NY2d 786, 787, 412 NE2d 1312, 433 NYS2d 86 [1980]). *See also, e.g., 3463 Third Ave Realty LLC v Vasquez* (2018 NY Slip Op 50674[U], 59 Misc3d 1224[A]); *Vartarian v Brady* (184 Misc2d 333, 707 NYS2d 285 [Civ Ct NY Co 1999]).

The CARES Act 30-day notice requirement applies to this eviction proceeding based on nonpayment of rent where the landlord seeks either payment or surrender of the premises. This court adopts and follows the analyses set forth in *In re Arvada Vil Gardens LP v Garate* (529 P3d 105, 2023 CO 24 [Colorado Sup Ct May 15, 2023]) and *Sherwood Auburn, LLC v Pinzon* (24 Wash App 2d 664, 521 P3d 212 [Wash Court of Appeals Dec 5, 2022], *app den*, 1 Wn 3d 1005, 526 P3d 848 [Wash Sup Ct April 5, 2023]). Accordingly, dismissal is warranted under CPLR R 3211(a)(1) based on documentary evidence and under CPLR R 3211(a)(7) for failure to state a cause of action because the petition is based on a non-amendable, 14-day rent demand.

CONCLUSION

Accordingly, it is hereby ORDERED that respondent's motion is granted and this proceeding is dismissed without prejudice. This constitutes the Decision and Order of the Court, which is being uploaded on NYSCEF.

_____
Diane E. Lutwak, HCJ

Dated: Bronx, New York
August 15, 2023

APPROVED
BX-HOUSING-230 , 8/15/2023, 4:38:30 PM

Page | 4

Diego Beekman Mutual Housing Assoc. Housing Development..., Slip Copy (2019)

63 Misc.3d 1218(A), 114 N.Y.S.3d 815, 2019 N.Y. Slip Op. 50580(U)

63 Misc.3d 1218(A)

Unreported Disposition

(The decision is referenced in the New York Supplement.)

Civil Court, City of New York.

DIEGO BEEKMAN MUTUAL HOUSING ASSOC.

HOUSING DEVELOPMENT FUND CORP., Petitioner,

v.

Tomasina MCCLAIN, Respondents.

20823/18
|
Decided March 29, 2019

**Attorneys and Law Firms**

For Petitioner: Hertz, Cherson, & Rosenthal, P.C., 118-35 Queens Boulevard, 9th Floor, Forest Hills, New York 11375

For Respondent: Emilio Paesano, Esq., Mobilization for Justice, Inc., 540 East Fordham Road, Bronx, NY 10458

**Opinion**

Shorab Ibrahim, J.

**\*1** Recitation, as required by C.P.L.R. § 2219(a), of the papers considered in review of this motion:

Papers Numbered

Order to Show Cause and Affidavits Annexed 1

Supplemental Affirmation and Affidavit 2, 3

Answering Affirmation 4

Replying Affidavits & Affirmation 5, 6

Supplemental Affirmation in Further Support 7

Supplemental Affirmation in Opposition 8

Exhibits

Other

After oral argument and upon the foregoing cited papers, the decision and order on this motion is as follows:

**SUMMARY OF FACTS & PROCEDURAL POSTURE**

Diego Beekman Mutual Housing Association Housing Development Fund Corp., ("Petitioner"), commenced this summary holdover proceeding against Tomasina McClain, ("Respondent"), residing at 683 East 140th Street, Apt. 6-J, Bronx NY 10454, ("Premises"), alleging Respondent had committed a nuisance by creating "Collyer"[1] like conditions at the apartment. On April 30, 2018, the initial court date, Respondent stipulated to vacate the premises by June 30, 2018.[2] Thereafter, Respondent obtained an order to show cause returnable July 16, 2018, which was granted by order affording her until July 31, 2018 to vacate the premises. Respondent obtained counsel in early August 2018 after her pro-se order to show cause was signed but before it was heard.

Although the pending order to show cause was brought as a *pro se* request for "more time" to vacate, the motion has been treated as one seeking to vacate the April 30, 2018 stipulation. The parties have fully briefed the issue. The court heard argument on October 31, 2018 and again on March 27, 2018 after supplemental papers were served and filed.

*DISCUSSION*

Stipulations of settlement are favored by the courts and are "not lightly cast aside." (*Hallock v. State of New York,* (64 NY2d 224, 230, 485 NYS2d 510 [1984]; *Matter of Galasso,* 35 NY2d 319, 321, 361 NYS2d 871 [1974] ). As explained by the Court of Appeals, "strict enforcement not only serves the interest of efficient dispute resolution but also is essential to the management of court calendars and integrity of the litigation process." (*Hallock*, *supra* ).

However, it is well settled that the court possesses the discretionary power to relieve parties from the consequences of a stipulation "if it appears that the stipulation was entered into inadvisably or that it would be inequitable to hold the parties to it." (*Berco Realty LLC v. Thiombiano*, 45 Misc 3d 129(A), 999 NYS2d 796 [App Term, 1st Dept 2014], *quoting 1420 Concourse Corp. v. Cruz*, 135 AD2d 371, 373, 521 NYS2d 429 [1st Dept 1987], *citing Matter of Frutiger*, 29 NY2d 143, 150 [1971]; *Genesis Holding LLC v. Watson*, 5 Misc 3d 127(A), 798 NYS2d 709 [App Term, 1st Dept 2004] ). "The discretion of a court is not that closely confined [to the grounds commonly cited]" and an unjust stipulation should be vacated when the parties may be returned to their

WESTLAW © 2023 Thomson Reuters. No claim to original U.S. Government Works. 1

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 120 of 133

Diego Beekman Mutual Housing Assoc. Housing Development..., Slip Copy (2019)

63 Misc.3d 1218(A), 114 N.Y.S.3d 815, 2019 N.Y. Slip Op. 50580(U)

former status. (*Solack Estates, Inc. v. Goodman*, 102 Misc 2d 504, 506 [App Term, 1st Dept 1979], *affd* 78 AD2d 512 [1980] ). In ⚑ *144 Woodruff Corp. v. Lacrete* (154 Misc 2d 301, 305 [Civ Ct, Kings County 1992] ), the court stated that, while lack of representation is not sufficient in and of itself to vacate a stipulation, "a party's lack of representation at the time of entry into the stipulation is a significant factor to be considered in determining whether good cause exists to vacate the stipulation."

 **\*2** New York courts routinely vacate stipulations signed by *pro se* tenants who fail to realize and to assert viable defenses to their landlords' claims. (*See* ⚑ *2701 Grand Ass'n LLC v. Morel*, 50 Misc 3d 139(A), 31 NYS3d 924 [App Term, 1st Dept 2016] (vacating stipulation of previously *unrepresented* tenant who submits arguably meritorious defense); *2722 8th LLC v. Watson* (10 Misc 3d 140(A), 814 NYS2d 565 [App Term, 1st Dept 2006] ) (reversing lower court's denial of tenant motion to vacate stipulation where tenant, "now represented by counsel, has submitted documentary evidence which shows the existence of possible defenses" to the landlord's claims); *Tabak Assoc., LLC v. Vargas*, 48 Misc 3d 143(A), 20 NYS3d 294 [App Term, 1st Dept 2015] (potential meritorious defenses should not be forfeited by *uncounseled* decision to consent to judgment); *Northtown Roosevelt LLC v. Daniels*, 35 Misc 3d 137(A), 951 NYS2d 87 [App Term, 1st Dept 2012] (possible defenses sufficient for court to vacate stipulation and let tenant defend on the merits) ).

In this matter, Respondent avers she did not realize she could ask for the opportunity to cure. Indeed, it appears that a cure period could have been afforded Respondent, even after trial. (*Lincoln Terrace v. Snow*, NYLJ, Nov. 23, 1983 at 5, col 3, 1983 NY Misc LEXIS 4233 [App Term, 1st Dept 1983] (We think tenant was entitled to relief under ⚑ *RPAPL section 753(4)*. That statute directs the court to grant a ten day stay of issuance of the warrant in proceedings based upon a claim that the tenant has breached a provision of the lease, so that the tenant has an opportunity to correct the breach and preserve the tenancy. While this proceeding is couched in terms of nuisance, rather than violation of a substantial leasehold obligation, *the statute, remedial in nature, should be broadly applied wherever possible to avoid needless and unwarranted forfeitures of dwelling space)* [emphasis added]; ⚑ *222 E 12 Realty v. Yuk Kwan So*, 54 Misc 3d 63, 65, 48 NYS3d 1 [App Term, 1st Dept 2017] (We also note that efforts were previously taken to assist tenant in curing the condition so that he could avoid eviction.); *Grove Equities LLC v. Butensky*,

61 Misc 3d 130(A), 2018 NY Slip Op 51409(U) [App Term, 1st Dept 2018] (Contrary to landlord's claim, the evidence did not show that these alterations caused lasting or permanent injury to the premises or were not capable of meaningful cure. Since ⚑ RPAPL § 753[4] must be "liberally construed to spread its beneficial effects as widely as possible", the trial court appropriately provided an opportunity to cure, so as to avoid a forfeiture of this long-term (29-year) tenancy.) [internal citations omitted]; *45-48 47th Street Corp v. Murphy*, 45 Misc 3d 23, 25, 993 NYS2d 866 [App Term, 2nd Dept 2014] (it appears that tenant also inadvertently waived her right to a post-judgment period in which to cure) ).

Respondent's counsel also makes a cogent argument that Ms. McClain might qualify for a reasonable accommodation, or that such accommodation could have been offered. (See *RCG-UA Glenwood, LLC v. Young*, 9 Misc 3d 25, 801 NYS2d 481 [App Term, 2nd Dept 2005];

Recently, the Appellate Division in *Prospect Union Associates v. DeJesus*, (167 AD3d 540, 544, 91 NYS3d 36 [1st Dept 2018] ), noted:

No specific diagnosis is necessary for a person to be "handicapped" and protected under the statute. In fact, the determination may even be based upon the observations of a lay person. The appointment of an article 81 guardian for tenants sufficiently establishes that these tenants are "handicapped" within the meaning of the FHA, leading us to consider whether they are entitled to a reasonable accommodation. What is "reasonable" varies from case to case, because it is necessarily fact-specific. The overarching guiding factor, however, is that a landlord is obligated to provide a tenant with a reasonable accommodation if necessary for the tenant to keep his or her apartment. The "refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford [the handicapped individual] equal opportunity to use and enjoy a dwelling" is a discriminatory practice. A landlord does not have to provide a reasonable accommodation if it puts other tenants at risk, but should consider whether such risks can be minimized.

 **\*3** The circumstances before us warrant a hearing on whether tenants are entitled to a permanent stay of eviction as an accommodation. More narrowly, the issue is whether, with the involvement of the article 81 guardian and its management of their affairs, tenants can fulfill their lease

Diego Beekman Mutual Housing Assoc. Housing Development..., Slip Copy (2019)
63 Misc.3d 1218(A), 114 N.Y.S.3d 815, 2019 N.Y. Slip Op. 50580(U)

obligations and avoid eviction. Housing Court failed to consider whether with ongoing supportive services and suitable monitoring tenants can continue to live an orderly existence in the apartment without harming or affecting their neighbors. [internal citations omitted].

This court is further guided by the clear public policy of keeping rent-stabilized tenants in their homes whenever possible. (See *2013 Amsterdam Avenue Housing Association, L.P. v. King*, 2019 WL 1322418, 2019 NY Slip Op. 29074 [App Term, 1st Dept 2019] (We note, also, that in view of tenant's disabilities and the serious conduct at issue, that the parties should explore reasonable accommodations that will enable tenant to fulfill his lease obligations and avoid eviction, i.e., ongoing supportive services and suitable monitoring. This may even include, if warranted, the commencement of a proceeding by an appropriate party for the appointment of a Mental Hygiene Law article 81 guardian.) [internal citations omitted] ). There is also a strong policy of providing attorneys to respondents in housing court. (See generally, *2247 Webster Ave. HDFC v. Galarce*, 62 Misc 3d 1036, 1044, 90 NYS3d 872 [Civ Ct, Bronx County 2019] ("In light of the implementation of UAC and the data supporting its remedial effects, this court cannot hold that representation by an attorney would not have altered the course or the outcome of this proceeding in some meaningful way for the respondent.").

In balancing the equities, this court vacates the April 2018 stipulation and the subsequent order. It is undisputed Respondent has been in possession for more than 6 years,

that the premises are subject to rent stabilization, and that the respondent is a section 8 voucher holder who states she suffers from depression. There is a minor child in possession. Additionally, Respondent offers that she could have cured had she known it was a possibility. Her Guardian Ad Litem, Paula Campbell, alleges the nuisance condition has been abated with the help of Respondent's son. Importantly, Respondent was not represented when she entered the stipulation. The court has considered Petitioner's arguments and finds them compelling. However, while Petitioner may still prove its case at trial, without vacatur, Respondent is in immediate danger of losing her rent stabilized home.

### CONCLUSION

Based on the foregoing, it is,

SO ORDERED, Respondent's motion is granted. The April 30, 2018 stipulations is vacated as are the attendant judgment and warrant. The July 16, 2018 Order is likewise vacated. Respondent is directed to serve and file an answer within (21) days of the date on this Decision and Order. The proceeding is adjourned to May 16, 2019 for all purposes, including settlement or trial. This constitutes the Decision and Order of the court.

SO ORDERED,

**All Citations**

Slip Copy, 63 Misc.3d 1218(A), 114 N.Y.S.3d 815 (Table), 2019 WL 1716752, 2019 N.Y. Slip Op. 50580(U)

## Footnotes

1    The court uses "Collyer" as short hand for general allegations of accumulation of property throughout the apartment as described in the pleadings.

2    The court notes that a thorough allocution was done by the Hon. Kimon Thermos on April 30, 2018.

**End of Document**                    © 2023 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW   © 2023 Thomson Reuters. No claim to original U.S. Government Works.

Civil Court of the City of New York
County of Bronx

Joseph Klein

                              Petitioner(s)

          -against-

Nieves Gantier; "John" "Doe"; "Jane" "Doe"

                              Respondent(s)

Index #  **LT-335962-23/BX**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖

**Decision / Order**

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this motion:

| Papers | Numbered |
|---|---|
| Order to show Cause/ Notice of Motion and Affidavits /Affirmations annexed | 1-2, 4 |
| Answering Affidavits/ Affirmations | 5 |
| Reply Affidavits/ Affirmations | 6 |
| Memoranda of Law | _____ |
| Other | 3 |

Upon the foregoing cited papers, the Decision/ Order on the respondent's motion is granted and the

petitioner's cross-motion is denied for the following reason(s):

## BACKGROUND AND PROCEDURAL HISTORY

This holdover proceeding was commenced by Joseph Klein ("Petitioner") on the grounds there is

no lease in effect between the parties. The petitioner seeks to regain possession of unregulated

Apartment 3 ("subject premises") located within 1014 Nelson Avenue, Bronx, New York 10452

("subject building") from Nieves Gantier ("Respondent") and "John Doe" & "Jane Doe".    The

petitioner served upon the respondent a Ninety (90) day notice of notice of termination ("Notice of

Termination") dated May 5, 2023, which terminated the respondent's tenancy effective August 31, 2023

(*see* NY St Cts Elec Filing [NYSCEF] Doc No. #1 at 4, Ninety (90) day notice of notice of termination).

The proceeding was first in the intake part on November 16, 2023, at 11:30 a.m. The proceeding

was assigned to resolution Part K-SPP, and given a return date of December 13, 2023, at 11:30 a.m. On

December 13, 2023, the proceeding was adjourned to February 21, 2024, at 9:30 a.m. In the interim, the

respondent retained Bronx Legal Services as their counsel. The respondent's counsel served and filed a

motion to dismiss, and the petitioner has filed a cross-motion. To date "John Doe" & "Jane Doe" have

not appeared.

The respondent's motion seeks dismissal pursuant to Civil Practice Law and Rules (CPLR) § 3211(a)(1) and (a)(7) on the grounds the petition fails to plead the respondent's status as a recipient of New York City Housing Authority ("NYCHA") Section 8 as required by Real Property Actions and Proceedings Law (RPAPL) § 741(4). In support, respondent attaches a voucher payment change notification ("voucher") from the Leased Housing Department of NYCHA (*see* NY St Cts Elec Filing [NYSCEF] Doc No. #9, exhibit A, NYCHA Voucher). The afore-stated voucher contains the respondent's name and the address of the subject premises, which serves as proof the respondent is a recipient of NYCHA section 8.

Petitioner's cross-motion seeks to amend paragraph five of the petition pursuant to CPLR § 3025(b) and/or CPLR § 2001 to include that the respondent was a recipient of NYCHA section 8. The petitioner contends the notice of termination reflects the respondent's status as a recipient of NYCHA section 8, which was served upon the respondent and NYCHA. The petitioner argues service of the notice of termination upon the respondent and NYCHA, combined with the incorporation of the notice of termination into the petition duly apprised the respondent of their status as a recipient of NYCHA section 8 (*see* NY St Cts Elec Filing [NYSCEF] Doc No. #10, Notice of Cross-Motion, affirmation in support of cross-motion at 16-17). The petitioner concludes since the respondent was duly apprised, the petitioner should be allowed to amend the petition absent a showing of prejudice by the respondent.

The respondent's opposition seeks to strike the petitioner's affirmation in support of the cross-motion as it is unsigned. In the alternative, the respondent contends the failure to plead NYCHA section 8 is a necessary element of the proceeding. The respondent alleges the petitioner's failure to plead NYCHA section 8:

"….. has resulted in Respondent being uninformed of "the factual and legal claims that he or she will have to meet and [does not enable] the tenant to interpose whatever defenses are available." (*see* NY St Cts Elec Filing [NYSCEF] Doc No. #11, affirmation in reply and in opposition to petitioner's cross-motion at 16-17).

The court notes petitioner's reply includes a signed copy of the affirmation in support of cross-motion.

## LAW AND ITS APPLICATION

As a preliminary matter, the court considers the submission of an unsigned affirmation in support of the cross-motion by the petitioner as a defect. CPLR § 2101(f) empowers this court to disregard the defect based upon two criteria, prejudice to a substantial right of a party and waiver (*see* CPLR § 2101[f]). The court finds a substantial right of a party is not prejudiced by the defect and the respondent's failure to return the petitioner's cross-motion within 15 days of receipt to the petitioner's counsel with a statement of particular objections constitutes a waiver of the defect. Pursuant to CPLR § 2101(f) the court disregards the defect in the petitioner's affirmation in support of the cross-motion.

Real Property Actions and Proceedings Law (RPAPL) §741(4) requires that, in order to properly commence a summary proceeding, the petition is required to state the facts upon which the proceeding is based. It is well-established law that among the facts required to be plead is the applicable regulatory status of the subject premises. (*see MSG Pomp Corp v Jane Doe*, 185 AD2d 798 [1st Dept 1992]). A petition must plead the applicable regulatory status of the subject premises as well as any government contracts to which it is a party as "[t]he contract provide[s] the tenant with certain potential defenses." (*see Volunteers of Am.-Greater New York, Inc. v Almonte*, 65 AD3d 1155, 1157 [2d Dept 2009]).

To be entitled to relief in a summary proceeding, it is necessary that a landlord "plead rent regulatory status and compliance with the appropriate statutes and codes... and actually be in compliance therewith." Failure to do so renders the petition subject to dismissal. (*see Villas of Forest Hills Co. v Lumberger*, 128 AD2d 701, 702 [2d Dept 1987]["Although the failure to make the required allegation will not deprive the hearing court of jurisdiction of the matter since the defective petition may be corrected by amendment, the need to plead rent regulatory status and compliance with the appropriate

statutes and codes and to actually be in compliance therewith is necessary for a court to order the requested relief."][internal citations omitted]; *East 168th Street Associates v. Castillo*, 60 Misc 3d 774, 2018 NY Slip Op 28165 [Civ Ct, Bronx County 2018]; *Giannini v Stuart*, 6 AD2d 418 [1st Dept 1958]; *Homestead Equities v Washington*, 176 Misc 2d 459, 1998 NY Slip Op 98225 [ Civ Ct, Kings County 1998]; *Westchester Gardens, LP v Lanclos,* 43 Misc 3d 681, 2014 NY Slip Op 24062 [Civ Ct, Bronx County 2014]["Landlord's failure to particularly allege the existence of these contracts, rules and regulations appears fatal to this proceeding because neither tenant nor the court were put on notice of the laws governing the tenancy or the substantive rights involved."])

Failure to accurately state the regulatory status in a petition is a defect that "may be overlooked where no prejudice results to the tenant" and may be corrected by amendment in certain cases.   (*see PCMH Crotona, LP v. Taylor*, 57 Misc 3d 1212[A], 2017 NY Slip Op 51401[U][Civ Ct, Bronx County 2017]; *see OLR ECW, LP v Myers*, 59 Misc 3d 650, 2018 NY Slip Op 28060[Civ Ct, Bronx County 2018][motion to amend pleading granted where respondents were licensees and failure to establish prejudice from failure to plead that subject premises was subject to a regulatory agreement between petitioner and HPD]; *see Coalition Houses LP v Bonano*, 12 Misc 3d 146[A], 2006 NY Slip Op 51516[U][App Term, 1st Dept 2006]["We find no abuse of discretion in the grant of landlord's motion to amend the petition to conform to the proof concerning the rent regulatory status of the apartment premises, where tenant failed to object to the misstatement in the petition during the trial proceedings or to demonstrate that she was prejudiced by the amendment."][internal citations omitted].). It is well-settled law that leave to amend pleadings should be freely given, in the absence of significant prejudice to the opposing party. (*see Edenwald Contracting Co v New York*, 60 NY2d 957 [1983]).

While there exists some precedent for finding that failure to properly state the regulatory status of the subject premises is a defense that may be waived and will not deprive the court of subject matter jurisdiction, such cases may be distinguished from the instant proceeding in that the respondent has raised this defense. (*see 433 West Associates v Murdock*, 276 AD2d 360 [1st Dept 2000][finding that

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 126 of 133

requirement to properly plead tenancy's Section 8 status was an essential element "to the landlord's prima facie case, and, accordingly noncompliance therewith constituted defenses to the holdover petition" but that tenant had waived such defenses by executing a stipulation recognizing landlord's prima facie case and failing to appeal the judgment of possession]).

In the proceeding at bar, it is undisputed respondent is a recipient of NYCHA section 8 (*see* NY St Cts Elec Filing [NYSCEF] Doc No. #8, respondent's affirmation in support, at 6; *see* NY St Cts Elec Filing [NYSCEF] Doc No. #10 petitioner's affirmation in support of cross-motion, at 21).   The petitioner's argument that the "...Respondent was made duly aware of her Section 8 subsidy and any related claims and/or defenses…"   (*id*, at 16-17) since the notice of termination was served upon NYCHA section 8 and incorporated into the petition is unavailing. Further, petitioner provides no basis for the misstatement in the petition (*see 546 West 156th Street HDFC v Smalls*, 43 AD3d 7 [1st Dept 2007] ["Here, any perceived misstatement concerning whether the premises were subject to the Rent Stabilization Law resulted from the uncertainty surrounding the status of respondent's tenancy and cannot be ascribed to a venal motive. Thus, it was error to dismiss the petition."]).

Respondent has not waived this defense and instead moved for dismissal alleging in part "The regulatory status of the premises is inextricably linked to Respondent's rights and defenses in this proceeding" (*see* NY St Cts Elec Filing [NYSCEF] Doc No. #8, at 15).   The petitioner's failure to plead the regulatory status of the subject premises leaves the respondent unable to determine the full extent of her rights and defenses.

**CONCLUSION**

Petitioner's failure to plead the respondent's status as an NYCHA Section 8 recipient is a fatal defect. The respondent's participation in NYCHA Section 8 creates potential defenses and alerts the court to potential protections to which the court may be otherwise unaware are appropriate. Accordingly, the respondent is prejudiced by these defective pleadings.    The respondent's motion to dismiss is

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 127 of 133

granted and the petitioner's cross motion to amend pleadings is denied. This constitutes the Decision and

Order of the Court.

Date: July 10, 2024

APPROVED
BTOVAR , 7/10/2024, 11:53:22 AM

Hon. Bryant F. Tovar
Housing Court Judge

6 of 6

DocuSign Envelope ID: 8382EED4-0B08-4DAC-B4A3-DEC6B189CEFA

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**
————————————————————————X

**1915 REALTY LLC**

                    *Petitioner*,                    Index No. LT-310915-25/BX

        -against-
                                                    **AFFIRMATION IN SUPPORT**

**DAMIAN BATISTA,**
**SANDRA BATISTA**
**1915 Billingsly Terrace, Apt. 57**
**Bronx, NY 10453,**

                    *Respondent(s)*.
————————————————————————X

STATE OF NEW YORK)
COUNTY OF BRONX) SS:

        DAMIAN BATISTA affirms the following:

        1.      I live at 1915 Billingsley Terrace, Apartment 57, Bronx, NY 10453 ("my apartment.").

        2.      I live in my rent stabilized apartment with my wife and one daughter.

        3.      I moved into my apartment approximately 17 years ago.

        4.      I receive a Section 8 subsidy administered by New York Housing Authority ("NYCHA").

        5.      According to NYCHA, as of September 1, 2025, the current total contract rent for my apartment is $2,170.92 monthly; NYCHA's portion of the rent is $1,463.92, and my portion of the rent is $707.00.

        6.      Previously, from November 2024 through August 2025, the current total contract rent for my apartment according to NYCHA was $2,112.82 monthly; NYCHA's portion of the rent was $1,220.82, and my portion of the rent was $892.00.

        7.      The total contract rent for my apartment was supposed to be frozen at $2,051.28

Docusign Envelope ID: 8882EEEA-D80B-4DA5-B4F7-7DEC6B108CEA

because of an order issued by DHCR. I filed a complaint on February 5, 2024, and in response, DHCR froze the rent because there were a number of services that had not been maintained, including the kitchen floor wasn't level, the bathroom sink was loose, a bedroom door was broken, a window in the living room was broken, and the apartment needed plaster and paint throughout.

8.  My landlord requested that the rent be restored, but DHCR decided on September 12, 2025 that the landlord had only partially corrected the issues in my apartment, and so the request to restore the rent was denied.

9.  From August 2024 through October 2024, according to NYCHA, the current total contract rent for my apartment was $2,051.28 monthly; NYCHA's portion of the rent was $1,159.28, and my portion of the rent was $892.00.

10.  Before that, in June 2024 and July 2024, the current total contract rent for my apartment was $2,051.28 monthly; NYCHA's portion of the rent was $975.28, and my portion of the rent was $1,076.00.

11.  And prior to that, from June 2023 through May 2024, the current total contract rent for my apartment was $2,051.28 monthly; NYCHA's portion of the rent was $1,013.28, and my portion of the rent was $1,038.00.

12.  The tenant share letters that I provided to my attorney are true and accurate copies of the letters that I received from NYCHA.

13.  I communicated with my landlord multiple times to explain that my rent ledger included more than my share of the rent, and I was not responsible for paying that rent.

14.  I've paid my tenant share consistently throughout my time living in my apartment; I have bank records to prove this. I provided true and accurate copies of my bank transactions to my attorney to show that I've made all of my payments.

Docusign Envelope ID: 8892EEDA-0B0F-4DA3-B447-7DEC6B18FCEA

15.    My building was evacuated on December 11, 2023 because part of the building collapsed. I remained out of the building for a number of weeks. DHCR reduced the rent for my apartment to $1.00 from the time the building collapsed on December 11, 2023 until January 4, 2024.

16.    NYCHA Section 8 did not pay its share of the rent from January 2024 through November 2024. When it did start repaying the rent, it paid an extra three months to make up for some of the rent it had not paid. That means that NYCHA Section 8 did not pay its share for a total of eight months. But my landlord charged me for this rent even though I cannot be held responsible for it.

17.    I was part of a group lawsuit against my landlord, and the settlement gave me $2,500.00 towards my rent. But the landlord used it to pay the missing portion of the NYCHA Section 8 share.

18.    When I received the petition and notice of petition about this housing court case, I went to court to file an answer.

19.    I was surprised that I was sued because I always pay my rent.

20.    In my answer, I included defenses such as the rent having been paid, conditions in the subject premises that need to be repaired, and the petition seeks the Section 8 part of the rent.

21.    I have experienced severe and dangerous conditions in my apartment for years.

22.    The ceiling and walls bulged in the bathroom and bedrooms; they were recently replastered and repaired.

23.    The bathtub faucet is still loose.

24.    The floor tiles in the kitchen were cracked and/or lifting, but they were recently fixed.

DocuSign Envelope ID: 882E5EDA-D804-4DA5-B47E-7DECCB189DEA

25. Two of the four burners on the stove do not work.

26. The refrigerator does not get cold enough and food spoils.

27. Windows in two different bedrooms and in the bathroom do not close all the way.

28. The rest of the apartment has not been painted in seven years.

29. I reported these conditions to the superintendent, an employee of the landlord, many times, but the conditions continue.

30. I attended court on July 1, 2025, and was connected with an attorney from Bronx Legal Services who would help me with my case in housing court.

31. I did not know about all of my defenses and the counterclaims that were available to me until I spoke with Bronx Legal Services.

32. My wife and I have paid all of our share of the rent and it would be very unfair if my wife, daughter, and I are evicted. We will face significant hardship if we lose our long-term home; we have nowhere to go if we are forced to leave.

WHEREFORE, I respectfully request that the Court grant my requested relief.

*I affirm, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.*

Dated: October 21, 2025
Bronx, New York

Signed by:

DAMIAN BATISTA

DocuSign Envelope ID: 4F84723-1EB1-4CF1-B1EF-798E0A7EF5D1
Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 132 of 133

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**
——————————————————————X

**1915 REALTY LLC**

                   *Petitioner*,            **Index No. LT-310915-25/BX**

   -against-

                                       **AFFIRMATION OF**
                                       **TRANSLATION**

**DAMIAN BATISTA,**
**SANDRA BATISTA**
**1915 Billingsly Terrace, Apt. 57**
**Bronx, NY 10453,**

                   *Respondent(s).*
——————————————————————X

VERONICA MELENDEZ affirms:

1.      I am over the age of 18 and not a party to this action.

2.      I am fluent in both the Spanish and English languages.

3.      On October 20, 2025, I translated the within Affirmation for Damian Batista, and

he indicated to me that he understood its meaning before affixing his signature thereto.

*I affirm this 20th day of October 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.*

Dated:    October 20, 2025
           Bronx, NY

Signed by:
*Veronica Melendez*
080EBA2D0657404...
VERONICA MELENDEZ

Case 1:26-cv-02557    Document 1-21    Filed 03/27/26    Page 133 of 133

To:    EDELMAN SCHWARTZ, PLLC
       848 McDonald Avenue, 2nd Floor
       Brooklyn, NY 11218
       (212) 710-0264
       *Attorneys for Petitioner*

       Clerk of Court