CIVIL COURT OF CITY OF NEW YORK
COUNTY OF BRONX  HOUSING PART

Index No. L/T

1915 REALTY LLC

*Petitioner (Landlord),*

against

BATISTA DAMIAN
BATISTA SANDRA

*Respondents (Tenants)*

Address:

1915 BILINGSLY TERRACE
APT. 57
BRONX , NY 10453

**PETITION**

**NON-PAYMENT DWELLING**

JOHN DOE
JANE DOE

*Respondents (Undertenants)*
Address:

1915 BILINGSLY TERRACE
APT. 57
BRONX , NY 10453

*First Name of Tenant and/or Undertenant being fictitious and unknown to petitioner.*
*Person intended being in possession of the premises herein described.*

THE PETITION OF 1915 REALTY LLC,  alleges, upon information and belief:

1. Petitioner(s) is(are) the landlord(s) and owner of the premises.

2. Respondent(s) BATISTA DAMIAN, BATISTA SANDRA,  is(are) tenant(s) in possession of said premises pursuant to a(n) WRITTEN lease agreement  wherein respondents promised to pay to landlord or landlord(s) predecessor as rent  $892.00 each month in advance on the 1ST day of each month. Respondent(s) JOHN DOE, JANE DOE is(are) the undertenant(s) of the aforesaid respondent(s) tenant(s).

3. Respondent(s) are now in possession of said premises.

4. The premises are the residence of the tenant(s) and the undertenant(s) herein.

5. The premises for which removal is sought was rented for dwelling purposes and are described as follows: All Rooms, Apt. 57 in the building known as  1915 Bilingsly Terrace Bronx, NY 10453, situated within the territorial jurisdiction of the Civil Court Of The City Of New York, County of BRONX.

6. Pursuant to said agreement there was due from respondent tenant(s), the sum of  $9,132.76 in rent and additional rent as follows:

| | |
|---|---|
| **Mar 25** | **$892.00** |
| **Feb 25** | **$892.00** |
| **Jan 25** | **$892.00** |
| **Dec 24** | **$892.00** |
| **Nov 24** | **$892.00** |
| **Oct 24** | **$892.00** |
| **Sep 24** | **$892.00** |
| **Aug 24** | **$892.00** |
| **Jul 24** | **$892.00** |
| **Jun 24** | **$892.00** |
| **May 24** | **$212.76** |

**7. The dwelling is subject to the Rent Stabilization Law of 1969, as amended, and the premises are registered with the New York State Division of Housing and Community Renewal, ("DHCR. ") and the owner is in compliance with the Rent Stabilization Law and Code. The rent demanded herein does not exceed the lawful stabilized rent permitted the owner under any applicable Law, Code or any appropriate Rent Guidelines Board Order as registered with the DHCR.**

8. Said rent has been demanded from the tenants since same became due by a fourteen day written-notice, a copy of which, with proof of service is annexed hereto.

DKCK -1915-57          FILE NO:   28569

10. Respondent(s) have defaulted in the payment thereof and continue in possession of premises without permission after said default.

11. The premises are a multiple dwelling and pursuant to the Housing Maintenance Code Article 41 there is a currently effective registration statement on file with the Office of Code Enforcement which designates the managing agent named below, a natural person over 21 years of age, to be in control of and responsible for the maintenance and operation of the dwelling.

    **Agent:**  YONAH ROTH
              1417 AVE J, BROOKLYN, NY 11230

    **Multiple Dwelling No. 202648**

WHEREFORE Petitioner requests a final judgment against respondents(s) for the rent demanded therein, awarding possession of the premises to the petitioner landlord, and directing the issuance of a warrant to remove respondent(s) from possession of the premises together with the costs and disbursements of this proceeding.

1915 REALTY LLC,                                    Dated March 31, 2025

STATE OF NEW YORK, COUNTY OF KINGS

The Undersigned affirms under penalty of perjury that he is one of the attorneys for the petitioner, that he has read the foregoing petition and knows the contents thereof: that the same are true to his own knowledge except as to matters stated to be upon information and belief: and as to those matters he believes them to be true.

The grounds of his belief as to matters not stated upon his knowledge are statements and/or records provided by the petitioner, its agents and/or employees and contained in the file in the Attorney's office. Petitioner is not in the County in which Attorney's office is located. This verification is made

This verification is made pursuant to the provisions of RPAPL 741.

March 31, 2025

_____
Zev Schwartz, Esq

Edelman Schwartz PLLC
Attorneys for Petitioner-Landlord
848 McDonald Ave, 2nd Floor
Brooklyn, NY 11218
(212) 710-0264

DKCK -1915-57        FILE NO:  28569

Case 1:26-cv-02557-JSR    Document 3-1    Filed 03/30/26    Page 3 of 11

## FOURTEEN (14) DAY NOTICE TO TENANT

TO: BATISTA DAMIAN BATISTA SANDRA
1915 BILINGSLY TERRACE
APT. 57
BRONX, NY 10453

DKCK 1915 57

**FILE NO: 28569**

February 18, 2025

**Tenant of the above named premises:**

     **TAKE NOTICE** that you are justly indebted to the Landlord of the above described premises in the sum of $8,339.60 for rent of the premises from August 1, 2024 to December 31, 2023 which you are required to pay on or before 03/10/2025, a date following expiration of fourteen (14) days from the service of this Notice or surrender up the possession of said premises to the Landlord, in default of which the Landlord will commence summary proceedings under the Statute to recover the possession thereof.

     More specifically, this notice is based upon your failure to make timely rental payments to your landlord as follows:

```
DEC23 $1,121.73
JAN24 $2,050.28
FEB24 $1,002.67
APR24 $1,013.28
MAY24 $1,013.28
JUN24 $1,036.82
JUL24 $1,036.82
AUG24    $64.72
```

Total balance due:    $8,339.60

1915 REALTY LLC , Landlord

     Under the provisions of the Fair Debt Collection Practices Act (FDCPA) the Edelman Schwartz PLLC may be considered Debt Collectors in the attempt to collect rent. Therefore, any information obtained by us from you or about you may be used for that purpose.

     This demand for payment does not eliminate your right to dispute the debt within thirty (30) days of receipt of this notice.

     Unless you dispute the validity of the debt or any portion thereof within thirty (30) days following receipt of this notice, this office will assume that the debt sought to be collected is valid.

     If you notify this office, in writing, within thirty (30) days of receipt of this notice, that the debt or any portion thereof is disputed, this office will obtain verification of the debt and or a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by this office. Additionally, upon your written request, within thirty (30) days of receipt of this notice, this office will supply you with the name and address of the original creditor if different from the current creditor.

     Please take notice that under New York State Law, your landlord is permitted following the expiration date of 03/10/2025, to commence summary proceedings under Article 7 of the Real property Actions and Proceedings Law. Thus, notwithstanding our indication that you have thirty days from receipt of this notice, to dispute the validity of the debt, if the money demanded herein is not paid by the above date, summary proceedings will be commence. If, however, this office receives a request for verification at any time during the thirty day period, this office will mail you verification of the debt.

     **FEDERAL LAW REQUIRES US TO ADVISE THAT THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

Any inquiries regarding this notice should be addressed in writing to Edelman Schwartz PLLC, 848 McDonald Ave, Second Floor, Brooklyn, NY 11218.

Case 1:26-cv-02557-JSR    Document 3-1    Filed 03/30/26    Page 3 of 11

## NOTICE TO TENANT OF APPLICABILITY OR INAPPLICABILITY OF THE NEW YORK STATE GOOD CAUSE EVICTION LAW

This notice from your landlord serves to inform you of whether or not your unit/apartment/home is covered by the New York State Good Cause Eviction Law (Article 6-A of the Real Property Law) and, if applicable, the reason permitted under the New York State Good Cause Eviction Law that your landlord is not renewing your lease. Even if your apartment is not protected by Article 6-A, known as the New York State Good Cause Eviction Law, you may have other rights under other local, state, or federal laws and regulations concerning rents and evictions. This notice, which your landlord is required to fill out and give to you, does not constitute legal advice. You may wish to consult a lawyer if you have any questions about your rights under the New York State Good Cause Eviction Law or about this notice.

**NOTICE**   (THIS SHOULD BE FILLED OUT BY YOUR LANDLORD)
**UNIT INFORMATION**
STREET:    1915 BILINGSLY TERRACE
UNIT OR APARTMENT NUMBER: 57
CITY/TOWN/VILLAGE:  BRONX
STATE:    NEW YORK
ZIP CODE:  10453

**1. IS THIS UNIT SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW? (PLEASE MARK APPLICABLE ANSWER)**

YES _____
NO   X

**2. IF THE UNIT IS EXEMPT FROM ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, WHY IS IT EXEMPT FROM THAT LAW? (PLEASE MARK ALL APPLICABLE EXEMPTIONS)**

A. Village/Town/City outside of New York City has not adopted good cause eviction under section 13 of the Real Property Law _____;

B. Unit is owned by a "small landlord," as defined in subdivision 3 of section 211 of the Real Property Law, who owns no more than 10 units for small landlords located in New York City or the number of units established as the maximum amount a "small landlord" can own in the state by a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, or no more than 10 units, as applicable. In connection with any eviction proceeding in which the landlord claims an exemption from the provisions of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, on the basis of being a small landlord, the landlord shall provide to the tenant or tenants subject to the proceeding: the name

Page 1 of 6        DKCK - 1915 - 57        FILE NO: 28569

Case 1:26-cv-02557-JSR    Document 3-1    Filed 03/30/26    Page 5 of 11

of each natural person who owns or is a beneficial owner of, directly or indirectly, in whole or in part, the housing accommodation at issue in the proceeding, the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence. If the landlord is an entity, organized under the laws of this state or of any other jurisdiction, then such landlord shall provide to the tenant or tenants subject to the proceeding: the name of each natural person with a direct or indirect ownership interest in such entity or any affiliated entity the number of units owned, jointly or separately, by each such natural person owner, and the addresses of any such units, excluding each natural person owner's principal residence (exemption under subdivision 1 of section 214 of the Real Property Law) _____;

C. Unit is located in an owner-occupied housing accommodation with no more than 10 units (exemption under subdivision 2 of section 214 of the Real Property Law) _____;

D. Unit is subject to regulation of rents or evictions pursuant to local, state, or federal law (exemption under subdivision 5 of section 214 of the Real Property Law)X_____;

E. Unit must be affordable to tenants at a specific income level pursuant to statute, regulation, restrictive declaration, or pursuant to a regulatory agreement with a local, state, or federal government entity (exemption under subdivision 6 of section 214 of the Real Property Law) _____;

F. Unit is on or within a housing accommodation owned as a condominium or cooperative, or unit is on or within a housing accommodation subject to an offering plan submitted to the office of the attorney general (exemption under subdivision 7 of section 214 of the Real Property Law) _____;

G. Unit is in a housing accommodation that was issued a temporary or permanent certificate of occupancy within the past 30 years (only if building received the certificate on or after January 1st, 2009)(exemption under subdivision 8 of section 214 of the Real Property Law) _____;

H. Unit is a seasonal use dwelling unit under subdivisions 4 and 5 of section 7-108 of the General Obligations Law (exemption under subdivision 9 of section 214 of the Real Property Law) _____;

I. Unit is in a Hospital as defined in subdivision 1 of section 2801 of the Public Health Law, continuing care retirement community licensed pursuant to Article 46 or 46-A of the Public Health Law, assisted living residence licensed pursuant to Article 46-B of the Public Health Law, adult care facility licensed pursuant to Article 7 of the Social 44 Services Law, senior plan to the attorney general, or not-for-profit independent retirement community that offers personal emergency response, housekeeping, transportation and meals to their residents (exemption under subdivision 10 of section 214 of the Real Property Law) _____;

J. Unit is a manufactured home located on or in a manufactured home park as defined in section 233 of the Real Property Law (exemption under subdivision 11 of section 214 of the Real Property Law) _____;

K. Unit is a hotel room or other transient use covered by the definition of a class B multiple dwelling under subdivision 9 of section 4 of the Multiple Dwelling Law (exemption under subdivision 12 of section 214 of the Real Property Law) _____;

L. Unit is a dormitory owned and operated by an institution of higher education or a school (exemption under subdivision 13 of section 214 of the Real Property Law) _____;

M. Unit is within and for use by a religious facility or institution (exemption under subdivision 14 of section 214 of the Real Property Law) _____;

N. Unit has a monthly rent that is greater than the percent of fair market rent established in a local law of a village, town, or city, other than New York City, adopting the provisions of Article 6-A of the Real Property Law, known as the New York Good Cause Eviction Law, or 245 percent of the fair market rent, as applicable. Fair market rent refers to the figure published by the United States Department of Housing and Urban Development, for the county in which the housing accommodation is located, as shall be published by the Division of Housing and Community Renewal no later than August 1st in any given year. The Division of Housing and Community Renewal shall publish the fair market rent and 245 percent of the fair market rent for each unit type for which such fair market rent is published by the United States Department of Housing and Urban Development for each county in New York State in the annual publication required pursuant to subdivision 7 of section 211 f the Real Property Law (exemption under subdivision 15 of section 214 of the Real Property Law) _____;

**3. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES, WHAT IS THE LANDLORD'S JUSTIFICATION FOR INCREASING THE RENT ABOVE THE THRESHOLD FOR PRESUMPTIVELY UNREASONABLE RENT INCREASES?**

(A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent.)

(PLEASE MARK AND FILL OUT THE APPLICABLE RESPONSE)

A. The rent is not being increased above the threshold for presumptively unreasonable rent increases described above: _____;

B. The rent is being increased above the threshold for presumptively unreasonable rent increases described above: _____;

B-1. If the rent is being increased above the threshold for presumptively unreasonable rent increases described above, what is the justification for the increase: _____

_____

_____

_____

_____

Page 3 of 6        DKCK - 1915 - 57        FILE NO: 28569

FILED: BRONX CIVIL COURT - L&T 03/31/2025 09:27 PM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 03/31/2025

Case 1:26-cv-02557-JSR    Document 3-1    Filed 03/30/26    Page 7 of 11

**4. IF THIS UNIT IS SUBJECT TO ARTICLE 6-A OF THE REAL PROPERTY LAW, KNOWN AS THE NEW YORK STATE GOOD CAUSE EVICTION LAW, AND THIS NOTICE SERVES TO INFORM A TENANT THAT THE LANDLORD IS NOT RENEWING A LEASE, WHAT IS THE GOOD CAUSE FOR NOT RENEWING THE LEASE?**

(PLEASE MARK ALL APPLICABLE REASONS)

A. This unit is exempt from Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law, for the reasons stated in response to question 2, above  (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED): _____;

B. The tenant is receiving this notice in connection with a first lease or a renewal lease, so the landlord does not need to check any of the lawful reasons listed below for not renewing a lease under Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law  (IF THIS ANSWER IS CHECKED, NO OTHER ANSWERS TO THIS QUESTION SHOULD BE CHECKED) _____;

C. The landlord is not renewing the lease because the unit is sublet and the sublessor seeks in good faith to recover possession of the unit for their own personal use and occupancy (exemption under subdivision 3 of section 214 of the Real Property Law): _____;

D. The landlord is not renewing the lease because the possession, use or occupancy of the unit is solely incident to employment and the employment is being or has been lawfully terminated (exemption under subdivision 4 of section 214 of the Real Property Law): _____;

E. The landlord is not renewing the lease because the tenant has failed to pay rent due and owing, and the rent due or owing, or any part thereof, did not result from a rent increase which is unreasonable. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published not later than August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph a of subdivision 1 of section 216 of the Real Property Law): _____

F. The landlord is not renewing the lease because the tenant is violating a substantial obligation of their tenancy or breaching any of the landlord's rules and regulations governing the premises other than the obligation to surrender possession of the premises, and the tenant has failed to cure the violation after written notice that the violation must cease within 10 days of receipt of the written notice. For this good cause to apply, the obligation the tenant violated cannot be an obligation that was imposed for the purpose of circumventing the intent of Article 6-A of the Real Property Law, known as the New York State Good Cause Eviction Law. The landlord's rules or regulations that the tenant has violated also must be reasonable and have been accepted in writing by the tenant or made a part of the lease at the beginning of the lease term (good cause for eviction under paragraph b of subdivision 1 of section 216 of the Real Property Law): _____;

Page 4 of 6

G.  The landlord is not renewing the lease because the tenant is either (a) committing or permitting a nuisance on the unit or the premises; (b) maliciously or grossly negligently causing substantial damage to the unit or the premises; (c) interfering with the landlord's, another tenant's, or occupants of the same or an adjacent building or structure's comfort and safety (good cause for eviction under paragraph c of subdivision1 of section 216 of the Real Property Law): _____;

H.  The landlord is not renewing the lease because the tenant's occupancy of the unit violates law, and the landlord is subject to civil or criminal penalties for continuing to let the tenant occupy he unit. For this good cause to apply, a state or municipal agency having jurisdiction must have issued an order requiring the tenant to vacate the unit. No tenant shall be removed from possession of a unit on this basis unless the court finds that the cure of the violation of law requires the removal of the tenant and that the landlord did not, through neglect or deliberate action or failure to act, create the condition necessitating the vacate order. If the landlord does not try to cure the conditions causing the violation of the law, the tenant has the right to pay or secure payment, in a manner satisfactory to the court, to cure the violation. Any tenant expenditures to cure the violation shall be applied against rent owed to the landlord. Even if removal of a tenant is absolutely essential to the tenant's health and safety, the tenant shall be entitled to resume possession at such time as the dangerous conditions have been removed. The tenant also retains the right to bring an action for monetary damages against the landlord or to otherwise compel the landlord to comply with all applicable state or municipal housing codes (good cause for eviction under paragraph d of subdivision 1 of section 216 of the Real Property Law): _____;

I.  The landlord is not renewing the lease because the tenant is using or permitting the unit or premises to be used for an illegal purpose (good cause for eviction under paragraph e of subdivision 1 of section 216 of the Real Property Law): _____;

J.  The landlord is not renewing the lease because the tenant has unreasonably refused the landlord access to the unit for the purposes of making necessary repairs or improvements required by law or for the purposes of showing the premises to a prospective purchaser, mortgagee, or other person with a legitimate interest in the premises (good cause for eviction under paragraph f of subdivision 1 of section 216 of the Real Property Law): _____;

K.  The landlord is not renewing the lease because the landlord seeks in good faith to recover possession of the unit for the landlord's personal use and occupancy as the landlord's principal residence, or for the personal use and occupancy as a principal residence by the landlord's spouse, domestic partner, child, stepchild, parent, step-parent, sibling, grandparent, grandchild, parent-in-law, or sibling-in-law. The landlord can only recover the unit for these purposes if there is no other suitable housing accommodation in the building that is available. Under no circumstances can the landlord recover the unit for these purposes if the tenant is: (a) 65 years old or older; or (b) a "disabled person" as defined in subdivision 6 of section 211 of the Real Property Law. To establish this good cause in an eviction proceeding, the landlord must establish good faith to recover possession of a housing accommodation for the uses described herein by clear and convincing evidence (good cause for eviction under paragraph g of subdivision 1 of section 216 of the Real Property Law): _____;

Page 5 of 6

L. The landlord is not renewing the lease because the landlord in good faith seeks to demolish the housing accommodation. To establish this good cause in an eviction proceeding, the landlord must establish good faith to demolish the housing accommodation by clear and convincing evidence (good cause for eviction under paragraph h of subdivision 1 of section 216 of the Real Property Law): _____;

M. The landlord is not renewing the lease because the landlord seeks in good faith to withdraw the nit from the housing rental market. To establish this good cause in an eviction proceeding, the landlord must establish good faith to withdraw the unit from the rental housing market by clear and convincing evidence (good cause for eviction under paragraph i of subdivision 1 of section 6 of the Real Property Law): _____;

N. The landlord is not renewing the lease because the tenant has failed to agree to reasonable changes at lease renewal, including reasonable increases in rent, and the landlord gave written notice of the changes to the lease to the tenant at least 30 days, but no more than 90 days, before the current lease expired. A rent increase is presumptively unreasonable if the increase from the prior rent is greater than the lower of: (a) 5 percent plus the annual percentage change in the consumer price index for all urban consumers for all items as published by the United States Bureau of Labor Statistics for the region in which the housing accommodation is located, as published by August 1st of each year by the Division of Housing and Community Renewal; or (b) 10 percent (good cause for eviction under paragraph j of subdivision 1 of section 216 of the Real Property Law):_____.

Reservation of rights: The word "tenant" as recited in this notice is solely for identification purposes, and not a statement of legal status. No admission or concession of an owner right or remedy may or should be construed from the text or sending of this notice.

STATE OF NEW YORK
COUNTY OF BRONX

**AFFIDAVIT OF SUBSTITUTE SERVICE**

**FOURTEEN (14) DAY NOTICE TO TENANT & GOOD
CAUSE EVICTION NOTICE**

### 1915 REALTY LLC
Petitioner

-against-

### BATISTA DAMIAN & BATISTA SANDRA
### 1915 BILLINGSLY TERRACE, APT. 57
### BRONX , NY 10453
Respondent

**L&T INDEX NUMBER –**

**Lawfirm File #: BATISTA DAMIAN
Client: Zev Schwartz**

KALA ROSS, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:

THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN QUEENS COUNTY, NEW YORK.

DEPONENT SERVED: **BATISTA DAMIAN** TENANTS(S) / OCCUPANT(S) BY SUBSTITUTE DELIVERY AT **1915 BILLINGSLY TERRACE, APT. 57 BRONX , NY 10453**

ON **02/19/2025** AT **06:16 PM** DEPONENT SERVED THE ATTACHED **FOURTEEN (14) DAY NOTICE TO TENANT & GOOD CAUSE EVICTION NOTICE**

DEPONENT WAS ABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION WHO RESIDES / WORKS AT SAID PROPERTY AND WAS WILLING TO RECEIVE THE SAME AT THIS TIME

DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:
GENDER: **FEMALE**        RACE: **HISPANIC**        HAIR COLOR: **BLACK**
AGE: **35 – 49 yrs**      HEIGHT: **5'4" – 5'8"**   WEIGHT: **160 – 199 lbs**

NAME OF THE SAID INDIVIDUAL SERVED: **SANDRA DOE**

SERVICE ON THE RESPONDENTS WAS COMPLETED ON **02/20/2025** WHEN DEPONENT CAUSED TRUE COPIES OF THE WITHIN **FOURTEEN (14) DAY NOTICE TO TENANT & GOOD CAUSE EVICTION NOTICE** TO BE FORWARDED TO THE RESPONDENT AT THE PREMISES, BY CERTIFIED MAIL AND BY FIRST CLASS MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

SWORN BEFORE ME ON: **02/20/2025**

X_____
Kala Ross - Process Server License No: 2124665
**City Process Servers – Agency License No: 1470749**

NAOMI TAMAR ROSENBLATT
NOTARY PUBLIC State of New York
No.01RO6340662
Qualified in Nassau County
Commission Expires April 18, 2028

Case 1:26-cv-02557-JSR    Document 3-1    Filed 03/30/26    Page 11 of 11

STATE OF NEW YORK
COUNTY OF BRONX

**AFFIDAVIT OF SUBSTITUTE SERVICE**

**FOURTEEN (14) DAY NOTICE TO TENANT & GOOD CAUSE EVICTION NOTICE**

**1915 REALTY LLC**
Petitioner

**L&T INDEX NUMBER -**

-against-

Lawfirm File #: BATISTA DAMIAN
Client: Zev Schwartz

**BATISTA DAMIAN & BATISTA SANDRA
1915 BILLINGSLY TERRACE, APT. 57
BRONX , NY 10453**
Respondent

KALA ROSS, BEING DULY SWORN DEPOSES AND SAYS AS FOLLOWS:

THAT I AM NOT A PARTY TO THE WITHIN ACTION; AM A LICENSED PROCESS SERVER OVER 18 YEARS OF AGE AND RESIDE IN QUEENS COUNTY, NEW YORK.

DEPONENT SERVED: **BATISTA SANDRA** TENANTS(S) / OCCUPANT(S) BY SUBSTITUTE DELIVERY AT **1915 BILLINGSLY TERRACE, APT. 57 BRONX , NY 10453**

ON **02/19/2025** AT **06:16 PM** DEPONENT SERVED THE ATTACHED **FOURTEEN (14) DAY NOTICE TO TENANT & GOOD CAUSE EVICTION NOTICE**

DEPONENT WAS ABLE TO FIND A PERSON OF SUITABLE AGE AND DISCRETION WHO RESIDES / WORKS AT SAID PROPERTY AND WAS WILLING TO RECEIVE THE SAME AT THIS TIME

DEPONENT DESCRIBES THE INDIVIDUAL AS FOLLOWS:
GENDER: **FEMALE**         RACE: **HISPANIC**         HAIR COLOR: **BLACK**
AGE: **35 - 49 yrs**       HEIGHT: **5'4" - 5'8"**     WEIGHT: **160 - 199 lbs**

NAME OF THE SAID INDIVIDUAL SERVED: **SANDRA DOE**

SERVICE ON THE RESPONDENTS WAS COMPLETED ON **02/20/2025** WHEN DEPONENT CAUSED TRUE COPIES OF THE WITHIN **FOURTEEN (14) DAY NOTICE TO TENANT & GOOD CAUSE EVICTION NOTICE** TO BE FORWARDED TO THE RESPONDENT AT THE PREMISES, BY CERTIFIED MAIL AND BY FIRST CLASS MAIL, BY GIVING THE SAME IN POSTPAID PROPERLY ADDRESSED ENVELOPES TO A POSTAL EMPLOYEE AT THE UNITED STATES POST OFFICE IN THE STATE OF NEW YORK, FOR PROCESSING UNDER THE EXCLUSIVE CARE AND CUSTODY OF THE UNITED STATES POSTAL SERVICE.

SWORN BEFORE ME ON: **02/20/2025**

X_____
Kala Ross - Process Server License No: 2124665
**City Process Servers – Agency License No: 1470749**

NAOMI TAMAR ROSENBLATT
NOTARY PUBLIC State of New York
No.01RO6340662
Qualified in Nassau County
Commission Expires April 18, 2028