INDEX NO. LT-306051-24/BX
RECEIVED NYSCEF: 02/14/2025

Case 1:26-cv-02557-JSR    Document 3-10    Filed 03/30/26    Page 1 of 7

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF BRONX: HOUSING PART H

-------------------------------------------------------------------X

1915 BILLINGSLEY TENANT ASSOCIATION
ENILDA MOREL, LETICIA ORTIZ, CARMEN
MARTINEZ, MIRIAM RODRIGUEZ, MELIDA
OLAVARRIA, BERTHA ORTIZ, PEDRO RODRIGUEZ,
NARCISO TEJADA, FRANCISCO RODRIGUEZ
MARIA BARE, MONICA CHRISTIAN, SOBEIDA
RODRIGUEZ, JOSE TORIBIO-GOMEZ, ROSA DIAZ,
YUDERCA MORA, AMPARO SUERO, JOHNY JIMENEZ,
RAZA CHAUDHRY, YURITZA RIVERA, EVANGELISTA
SUAREZ, DINA ACOSTA, LILIANA PAREDES,
JACQUELINE TOMLINSON, ROYER ALEXANDER,
ANA RODRIGUEZ, FELIX CADENA, RENEE THOMAS,
PRISCILLA RIVERA JUAN RICART, LAURA RODRIGUEZ,
ROBERTO HERNANDEZ, DAMIAN BATISTA

**INDEX**:
LT-306051-24/BX

**STIPULATION OF
SETTLEMENT**

Petitioner-Tenants,

- against -

DAVID KLEINER, YONAH ROTH, 1915 REALTY LLC,
BINYOMIN HERZL

Respondent-Owners,

Subject Premises:
1915 Billingsley Terr.
Bronx, NY  10453

NEW YORK CITY DEPARTMENT OF BUILDINGS,
NEW YORK CITY DEPARTMENT OF HOUSING
PRESERVATION AND DEVELOPMENT,
NEW YORK CITY DEPARTMENT OF HEALTH
AND MENTAL HYGIENE

Respondent-City Agencies.

-------------------------------------------------------------------X

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties as follows:

1. The proceeding is discontinued as against respondent Yonah Roth.

2. It is the understanding of the undersigned attorneys that petitioner Maria Bare is no longer residing at the subject building and she has not been in contact with her undersigned attorneys at The Legal Aid Society. Notwithstanding the foregoing, the remaining petitioners wish to proceed with this Stipulation of Settlement (the "Stipulation"). To the extent that petitioner Maria Bare has any claims against Respondents-Owners in this

Case 1:26-cv-02557-JSR   Document 3-10   Filed 03/30/26   Page 2 of 7

proceeding, those claims are hereby preserved (as set forth in the Petition) and marked off calendar.

3. Except as otherwise stated herein, any claims for harassment by Petitioners through the date of this Stipulation are settled to date in accordance with the terms herein.

4. Petitioners' motion for contempt (motion seq. no. 1 and identified by NYSCEF Doc. Nos. 29 – 34) is withdrawn, with prejudice. The parties acknowledge and agree that Petitioners are not prohibited from the filing of another motion for contempt based upon Respondents-Owners' failure to comply with the Order to Correct and terms and conditions set forth herein.

5. The Order to Correct dated April 12, 2024 (see NYSCEF Doc. No. 26) remains in full force and effect but Respondents-Owner's time to correct the violations associated the collapsed section of the subject building is extended through and including May 1, 2025. The parties are not precluded from seeking judicial intervention if additional time to complete repairs is required or if there is a default of any of the terms of this Stipulation.

6. In full settlement of all of Petitioners' harassment claims to date, except as otherwise stated herein, Respondent-Owners agree to provide a prospective rent credit in the amount of $2,500 (the "Rent Credit") to each apartment that is occupied by the Petitioners herein at the subject building (in other words, each apartment that is occupied by the Petitioners as referenced in Schedule A annexed hereto shall receive the aforementioned Rent Credit) as identified in the Schedule A annexed hereto. In connection with the foregoing, the parties further agree as follows:

    i. The Rent Credit shall be credited on the rent ledgers associated with the Petitioners' respective apartments beginning on March 1, 2025 and shall be credited for rent due on or after that date. The rent credit shall not apply to arrears, if any, prior to March 1, 2025 and, to the extent that there are any such arrears, the parties reserve all rights and defenses related to the collection of such arrears;

    ii. For any Petitioners who are or have been recipients of Section 8 rental assistance, FHEPS, CityFHEPS and/or DRIE and SCRIE, or another similar rent subsidy, the Rent Credit will be applied to that Petitioner's share of the rent only and not to any rent share attributable to the subsidy, whether or not the Respondent-Owners received such subsidy. Respondent-Owners may continue to collect the rent portion paid for by any program. Nothing in this section shall prevent the Respondent-Owners from collecting the rental share due from any subsidy program;

    iii. The parties agree to work cooperatively and in good faith towards the restoration of any subsidies that may have been suspended due to living conditions, and/or any efforts to obtain rental assistance (e.g. by providing

Case 1:26-cv-02557-JSR     Document 3-10     Filed 03/30/26     Page 3 of 7

access and ensuring the apartment will pass an HQS inspection, completing and returning necessary documents, etc.);

iv.     The Rent Credit shall only be applied to the base rent due and not to any fees, attorneys' fees, security deposits or otherwise;

v.      The parties acknowledge that the Rent Credit is only in settlement of any claims by Petitioners for harassment to date and not any other cause of action or claim pending in another Court or forum;

vi.     As further consideration for the settlement of Petitioners' harassment claims to date, Respondent-Owners agree to provide Petitioner Bertha Ortiz (the former tenant of Apartment 23 at the subject building who is now occupying apartment 14A therein) a rent-stabilized lease for another apartment at the subject building within ninety (90) days of the date of this Stipulation and the rent for the new apartment shall not exceed the monthly legal regulated rent as of the date of the proposed lease. Petitioner Bertha Ortiz shall sign and return same to Respondents-Owners within fourteen (14) days of receipt thereof or advise Respondents-Owners of any issues with such proposed lease. In the event that agreeable apartment is not provided in 90 days, Bertha Ortiz shall be permitted to remain in Apt 14A until suitable apartment is found.

vii.    Respondent-Owners (through counsel) shall email Petitioners' counsel copies of rent breakdowns for each of the apartments that are the subject of this proceeding on or before March 15, 2025 that demonstrates that the above-referenced Rent Credits were correctly applied to the respective accounts. Respondent-Owners agree not to commence nonpayment proceedings until the Rent Credit is applied to the appropriate accounts. .

7.  The parties acknowledge and agree that Petitioner Laura Rodriguez, who is the tenant of apartment 45A at the subject building is not in arrears through February 1, 2025 and shall not receive the aforementioned $2,500 prospective rent credit. Instead, in full settlement of all of Petitioner Laura Rodrieguez's harassment claims to date, Respondent-Owners shall pay to Petitioner Laura Rodriguez the sum of $1,500 on or before March 15, 2025.

8.  Petitioner Leticia Ortiz, who was formally an occupant of apartment 11 at the subject building was temporarily moved to apartment 16 at the subject building. In full settlement of all of Petitioner Leticia Ortiz's harassment claims to date, Respondent-Owners agree to provide a credit for use and occupancy in the amount of $2,500 to be applied to the arrears for apartment 16 that have accrued through February 2025. In the context of the holdover proceeding entitled *1915 Realty LLC v. Leticia Ortiz et. al.* and identified by Index No. LT-336585-24/BX, provided that the parties reach an amicable resolution that would resolve that proceeding including the payment of agreed upon use and occupancy for apartment 16, Respondent-Owners further agree, as part of said agreement, to offer Petitioner Leticia Ortiz a rent-stabilized lease for apartment 16 for the legal rent of said apartment in the amount of $1,970.72 (for a 2 year term). Respondents represent that this

is the correct rent stabilized rent and does not exceed the legal regulated rent amount for the apartment.

9. Respondent-Owners shall offer Petitioner Juan Ricart a renewal lease for apartment 34 at the subject building on or before March 15, 2025, with a rent not to exceed the previous rental amount, plus any rent guidelines board increases.

10. Respondent-Owners agree to continue to provide integrative pest management services at the subject building and that such services shall continue to be made available to all apartments at the subject building. Petitioners agree to utilize the integrative pest management services that are provided and to notify the Respondents-Owners if and when additional services are needed. Respondents-Owners agree to provide additional integrative pest management services as required by law.

11. Respondent-Owners agree to continue to show available temporary apartments to vacated Petitioners who are the tenants of record of apartment 53 at the subject building.

12. Respondent-Owners agree to work in good faith towards restoring the collapsed section of the subject building and shall, commencing March 1, 2025, provide monthly updates to Petitioners counsel. Petitioners' counsel agree to use their good faith efforts to assist Respondents-Owners in having permits issued by the New York City Department of Building in connection with the work associated with the restoration of the subject building.

13. The parties agree that Petitioners ENILDA MOREL, ANA RODRIGUEZ and DINA ACOSTA are vacated from their collapsed units and intend to return to their respective apartments.

14. Petitioners counsel may reasonably request additional updates through email to Respondents-Owners' undersigned attorneys and Respondent-Owners agree to provide additional updates as reasonably requested by Petitioners' counsel.

15. Respondents-Owners may seek additional time to comply with the Order to Correct beyond May 1, 2025 upon good cause shown.

FILED: BRONX CIVIL COURT - L&T 02/14/2025 01:17 PM INDEX NO. LT-306051-24/BX
NYSCEF DOC. NO. 45 RECEIVED NYSCEF: 02/14/2025

Case 1:26-cv-02557-JSR    Document 3-10    Filed 03/30/26    Page 5 of 7

16. This Stipulation of Settlement shall be deemed to have been jointly drafted by the parties.

17. This Court shall retain jurisdiction over the parties for the purposes of enforcing this Stipulation of Settlement.

Dated: February 13, 2025
Bronx, New York


_____
Zoe Kheyman
The Legal Aid Society
Attorney for Petitioners


*/s/Glenn H. Spiegel*_____
Scott Edelstein, Attorney for Respondents
Glenn Spiegel, Attorney for Respondents

Case 1:26-cv-02557-JSR   Document 3-10   Filed 03/30/26   Page 6 of 7

## SCHEDULE A

1.  Petitioner ENILDA MOREL is in Apartment 63

2.  Petitioner CARMEN MARTINEZ is in Apartment 12A

3.  Petitioner MIRIAM RODRIGUEZ is in Apartment 15

4.  Petitioner MELIDA OLAVARRIA is in Apartment 22

5.  Petitioner BERTHA ORTIZ is in Apartment 23

6.  Petitioner PEDRO RODRIGUEZ is in Apartment 25

7.  Petitioner NARCISO TEJADA is in Apartment 26

8.  Petitioner FRANCISCO RODRIGUEZ is in Apartment 31

9.  Petitioner MONICA CHRISTIAN is in Apartment 35A

10. Petitioner SOBEIDA RODRIGUEZ is in Apartment 42

11. Petitioner JOSE TORIBIO-GOMEZ is in Apartment 44

12. Petitioner ROSA DIAZ is in Apartment 45B

13. Petitioner YUDERCA MORA is in Apartment 46

14. Petitioner AMPARO SUERO is in Apartment 47

15. Petitioner JOHNY JIMENEZ is in Apartment 51

16. Petitioner RAZA CHAUDHRY is in Apartment 55B

17. Petitioner YURITZA RIVERA is in Apartment 62

18. Petitioner EVANGELISTA SUAREZ is in Apartment 64

19. Petitioner LILIANA PAREDES is in Apartment 66

20. Petitioner JACQUELINE TOMLINSON is in Apartment 67

21. Petitioner ROYER ALEXANDER is in Apartment 54

22. Petitioner ANA RODRIGUEZ is in Apartment 43

Case 1:26-cv-02557-JSR Document 3-10 Filed 03/30/26 Page 7 of 7

23. Petitioner FELIX CADENA is in Apartment 41

24. Petitioner RENEE THOMAS is in Apartment 61

25. Petitioner PRISCILLA RIVERA is in Apartment 55A

26. Petitioner DINA ACOSTA is in Apartment 53

27. Petitioner JUAN RICART is in Apartment 34

28. Petitioner LAURA RODRIGUEZ is in Apartment 45A

29. Petitioner ROBERTO HERNANDEZ is in Apartment 36

30. Petitioner DAMIAN BATISTA is in Apartment 57

31. Petitioner LETICIA ORTIZ is in Apartment 16