**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------ x

DAMIAN BATISTA, SANDRA BATISTA,

                                                            No: 1:26-CV-2557

                            Plaintiffs,

                -against-

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ,
1915 REALTY LLC,
YONAH ROTH, and BINYOMIN HERZL,

                            Defendants.

------------------------------------------------------------------ x

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS EDELMAN SCHWARTZ PLLC'S**
**<u>AND ZEV SCHWARTZ'S MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

**Pages(s)**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS ....................................................................................................... 2

STANDARD OF REVIEW ....................................................................................................... 7

ARGUMENT ............................................................................................................................. 8

I.   PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE
     IT IS TIME-BARRED AND PLAINTIFFS HAVE FAILED TO PLEAD
     ARTICLE III STANDING…………………………………………...…………….............8

     A.  Plaintiffs' FDCPA Claim is Time-Barred Under the
         Applicable 1-Year Statute of Limitations.................................................................8

     B.  Plaintiffs' FDCPA Claim Should Be Dismissed Because
         Plaintiffs Lack Article III Standing.......................................................................11

II.  PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF
     SUBJECT MATTER JURISDICTION……………………………………….......…..14

III. EVEN IF THIS COURT RETAINS JURISDICTION OVER
     THE STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE
     DISMISSED AS A MATTER OF LAW..................................................................16

     A.  Plaintiffs' Claim Under N.Y. General Business Law § 349
         Fails as a Matter of Law.......................................................................................16

     B.  Plaintiffs' Claim under N.Y. Judiciary Law § 487 Fails as a Matter of Law........20

     C.  Plaintiffs' Claim for Gross Negligence Fails as a Matter of Law........................22

CONCLUSION....................................................................................................................... 23

## TABLE OF AUTHORITIES

**Pages(s)**

**Cases**

*Aguaiza v. Vantage Properties, LLC*,
   69 A.D.3d 422 (1st Dep't 2010) ........................................................................................19

*Amalfitano v. Rosenberg*,
   12 N.Y.3d 8 (2009) ............................................................................................................22

*Andrews v. Sony/ATV Music Publishing, LLC*,
   2017 U.S. Dist. LEXIS 27034 (S.D.N.Y. Feb. 23, 2017) ...................................................8

*Anwar v. Fairfield Greenwich Ltd.*,
   728 F. Supp. 2d 372 (S.D.N.Y. 2010) ...............................................................................23

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .............................................................................................................8

*Baldeo v. Airbnb, Inc.*,
   2023 U.S. Dist. LEXIS 176085 (S.D.N.Y. Sept. 29, 2023) ..............................................17

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007) ........................................................................................................7, 8

*Bidar v. Eckert, Seamans, Chrin & Mellott, LLC*,
   2026 U.S. Dist. LEXIS 67866 (E.D.N.Y. Mar. 30, 2026) ................................................14

*Bisono v. Fin. Recovery Servs., Inc.*,
   2019 U.S. Dist. LEXIS 129677 (E.D.N.Y. Aug. 2, 2019) ................................................16

*Brake v. Slochowsky & Slochowsky, LLP*,
   504 F. Supp. 3d 103 & n.6 (E.D.N.Y. 2020) ...............................................................20, 21

*Bryant v. Silverman*,
   284 F. Supp. 3d 458 (S.D.N.Y. 2018) ...............................................................................20

*Calka v. Kucker, Kraus & Bruh, LLP*,
   1998 U.S. Dist. LEXIS 11868 ...........................................................................................10

*Campbell v. MBI Assocs., Inc.*,
   98 F. Supp. 3d 568 (E.D.N.Y. 2015) .................................................................................14

*Carnegie-Mellon Univ. v. Cohill*,
   484 U.S. 343 (1988).............................................................................................................15

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976) ...........................................................................................................14

*Currier v. First Resolution Inv. Corp.*,
762 F.3d 529 (6th Cir. 2014) ................................................................14

*Deutsche Lufthansa AG v. Boeing Co.*,
2007 U.S. Dist. LEXIS 9519 (S.D.N.Y. Feb. 2, 2007) ............................................22

*Finch v. Slochowsky & Slochowsky, LLP*,
2020 U.S. Dist. LEXIS 181698 (E.D.N.Y. Sept. 30, 2020) ..........................................15, 18, 20

*Gomez v. Resurgent Capital Servs., L.P.*,
129 F. Supp. 3d 147 (S.D.N.Y. 2015) ................................................................12

*Gottlieb Dev. LLC v. Paramount Pictures Corp.*,
590 F. Supp. 2d 625 (S.D.N.Y. 2008) ................................................................17

*Green v. Brown*,
2025 U.S. Dist. LEXIS 44257 (E.D.N.Y. Mar. 11, 2025) ............................................8

*Harris v. Mills*,
572 F.3d 66 (2d Cir. 2009) ................................................................8

*Hongying Zhao v. JPMorgan Chase & Co.*,
2019 US Dist. LEXIS 40673 (S.D.N.Y. Mar. 13, 2019) ............................................22

*John v. Whole Foods Mkt. Grp., Inc.*,
858 F.3d 732 (2d Cir. 2017) ................................................................8

*Kolari v. New York Presbyterian Hosp.*,
455 F.3d 118 (2d Cir. 2006)................................................................15

*Lacourte v. Foster & Garbus LLP*,
2014 U.S. Dist. LEXIS 25508 (S.D.N.Y. Feb. 20, 2014) ............................................16

*Lane v. Fein, Such & Crane, LLP*,
767 F. Supp. 2d 382 (E.D.N.Y. 2011) ................................................................4, 23

*Lautman v. 2800 Coyle St. Owners Corp.*,
2014 U.S. Dist. LEXIS 72703 ................................................................20

*Maddox v. Bank of New York Mellon Tr. Co., N.A.*,
19 F.4th 58 (2d Cir. 2021) ................................................................14

*Maguire v. Citicorp. Retail Servs.*,
147 F.3d 232 (2d Cir. 1998) ................................................................8

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) ................................................................8

*Maurizio v. Goldsmith*,
230 F.3d 518 (2d Cir. 2000) ................................................................16

*Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*,
  930 F. Supp. 2d 532 (S.D.N.Y. 2013) ...............................................................11

*Morton v. Cty. of Erie*,
  796 F. App'x 40 (2d Cir. 2019) ........................................................................16

*Obal v. Deutsche Bank Nat'l Trust Co.*,
  2015 U.S. Dist LEXIS 18124 (S.D.N.Y. Feb. 13, 2015) .................................19

*Oliver v. U.S. Bancorp.*,
  2015 U.S. Dist. LEXIS 88713 (S.D.N.Y. July 8, 2015) ......................9, 10, 11, 12, 14

*Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,
  85 N.Y.2d 20 (1995) ........................................................................................17

*Parker v. Pressler & Pressler, LLP*,
  650 F. Supp. 2d 326 (D. N.J. 2009) .................................................................11

*Paushok v. Ganbold*
  2021 U.S. Dist. LEXIS 51034 (S.D.N.Y. Mar. 18, 2021) ........................... 15, 16

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
  712 F.3d 705 (2d Cir. 2013) ...............................................................................7

*Ray v. Watnick*,
  182 F. Supp. 3d 23 (S.D.N.Y. 2016) ................................................................21

*Remler v. Cona Elder Law, PLLC*,
  2022 U.S. Dist. LEXIS 177660 (E.D.N.Y. Sept. 29, 2022) ....................... 18, 20

*Rotkiske v. Klemm*,
  589 U.S. 8 (2019) ................................................................................9, 10, 11

*Shad v. Zachter PLLC*,
  2024 U.S. Dist. LEXIS 40559 (S.D.N.Y. Mar. 7, 2024) .................................20

*Sierra v. Foster & Garbus*,
  48 F. Supp. 2d 393 (S.D.N.Y. 1999) ..........................................................10, 12

*Spitz v. Caine & Weiner Co., Inc.*,
  2024 U.S. Dist. LEXIS 2944 (E.D.N.Y. Jan. 5, 2024) ......................... 14, 15, 19

*Spokeo, Inc. v. Robins*,
  578 U.S. 330 (2016)..........................................................................................12

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ..........................................................................................12

*Varela v. Investors Ins. Holding Corp.*,
  81 N.Y.2d 958 (1993) ........................................................................................19

iv

*Wadsworth v. Kross, Lieberman & Stone, Inc.*,
  12 F.4th 665 (7th Cir. 2021) .........................................................................................13

## Statutes and Rules

15 U.S.C. § 1692 .................................................................................................... *passim*

28 U.S.C. §§ 1331.................................................................................................................16

28 U.S.C. § 1367 ............................................................................................................15, 16

Fed. R. Civ. P. 12.............................................................................................................1, 7, 8

N.Y. G.B.L. § 349 ................................................................................................... *passim*

N.Y. Judiciary Law § 487 ....................................................................................... *passim*

N.Y. RPAPL § 711 ............................................................................................................10

## Other Authorities

S. Rep. No. 382, 95th Cong., 1st Sess. (1977)..................................................................14

v

Defendants Edelman Schwartz PLLC and Zev Schwartz ("Attorney Defendants") respectfully submit this memorandum of law in support of their motion to dismiss ("Motion") Counts One through Four of the April 10, 2026 Complaint ("Complaint" or "Compl.") filed by Plaintiffs Damian Batista and Sandra Batista (together, "Plaintiffs").[1] Specifically, the Attorney Defendants seek dismissal of Plaintiffs' claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (Count I), violation of New York General Business Law § 349 (Count II), violation of New York Judiciary Law § 487 (Count III), and gross negligence (Count IV) pursuant to Rules 12(b)(6) and 12(b)(1) of the Federal Rules of Civil Procedure, and thus dismissal of the Complaint as against the Attorney Defendants in its entirety and without leave to replead.

## PRELIMINARY STATEMENT

Plaintiffs' FDCPA claim against the Attorney Defendants is time barred, having been brought more than a year after the Attorney Defendants' alleged improper collection efforts were engaged in violation of the statute. In any event, Plaintiffs lack standing to pursue the FDCPA claim, as they have failed to allege a concrete injury arising therefrom.

With the dismissal of Plaintiffs' FDCPA claim, the Court lacks subject matter jurisdiction over the remaining state law claims, which should be dismissed on that basis. Alternatively, the Court should dismiss each of these claims for failure to state a claim upon which relief can be granted. As discussed more fully below, the GBL § 349 claim fails to allege deceptive conduct by the Attorney Defendants (who are alleged to have done nothing more than pursue debt collection based on information provided by their clients, then withdrew the complained of Housing Court Petition following provision of evidence that no rent was due by Plaintiffs), let alone "consumer

---

[1] Unless otherwise stated herein, the defined terms in this memorandum have the same meaning as they are defined in the Complaint.

oriented" deceptive conduct. Plaintiffs also fail to allege a plausible factual basis for concluding that the Attorney Defendants intended to engage in efforts to deceive Plaintiffs, with particularized pleading of facts evidencing knowledge that there was no debt actually owed when the debt collection activity in question was commenced. Finally, Plaintiffs fail to come anywhere close to alleging facts necessary to the assertion of a gross negligence claim.

For these reasons and those set forth in more detail below, Plaintiff's Complaint against the Attorney Defendants fails as a matter of law and should be dismissed in its entirety and without leave to replead.

## STATEMENT OF FACTS[2]

Plaintiffs are tenants in a residential apartment building located at 1915 Billingsley Terrace (the "Building") in the Bronx, who were the subject of efforts commencing in February 2025 to collect upon what the Attorney Defendants were advised by their clients, Defendants 1915 Realty, LLC, Yonah Roth and Binyomin Herzl (the "Landlord Defendants") was approximately $9,000 in unpaid rent on their apartment. Plaintiffs allege that, in fact, Plaintiffs were participants in the federal Section 8 Housing Choice Voucher Program (the "Section 8 Program") available to low income New York State residents, and the unpaid portion of the rent included a portion for which the New York City Housing Authority ("NYCHA") was responsible pursuant thereto, and had lawfully refused to pay. Plaintiffs allege that, in their efforts to pursue collection of the unpaid portion of the rent in question, the Attorney Defendants violated the Federal Debt Collection Practices Act (First Claim for Relief), General Business Law § 349 (which prohibits deceptive acts or practices in the conduct of business, trade or commerce) (Second Claim for Relief), New York

---

[2] The facts set forth herein are drawn from the Complaint and accepted solely for purposes of this memorandum in support of the Attorney Defendants' motion to dismiss.

Judiciary Law § 487 (which provides a right of action against attorneys who are guilty of deceit or collusion, or consent to any deceit or collusion, with intent to deceive the Court or any party) (Third Claim for Relief), and gross negligence (Fourth Claim for Relief). (Compl. at 2.)

Specifically, Plaintiffs allege that, as "participants in the federal tenant-based Housing Choice Voucher Program ('Section 8') administered by NYCHA" (Compl. ¶ 19), they are not responsible for payment of the portion of the rent to the Landlord Defendants covered by the housing assistance payment ("HAP") contract between the owner and the New York Public Housing Authority ("PHA") (Compl. ¶ 22). And Plaintiffs allege that, under the terms of the HAP contract, the landlord must maintain the apartment in compliance with "Housing Quality Standards" required under Section 8, and if the apartment fails to pass an annual housing quality standards inspection, NYCHA may suspend the Section 8 subsidy until the landlord has remedied the failures and the apartment passes inspection. (Compl. ₱ 25). Further, Plaintiffs allege that, pursuant to the terms of the HAP contract, the tenant is not liable for the Section 8 subsidy portion of the rent, and the owner may not terminate the tenancy for nonpayment of the same. (Compl. ₱ 26).

Despite the fact that Plaintiffs have allegedly "consistently paid their tenant share throughout their time living in their apartment" (Compl. ₱ 31), Plaintiffs allege that the Landlord Defendants nonetheless charged them rent totaling at least $8,936.58 in excess of what they lawfully owed (Compl. ₱ 41) and, in fact, collected $3,389.50 in excess of the legally collectible rent from Plaintiffs, based on alleged overcharges being made to "the Batistas' ledger" commencing in July 2022 (Compl. ₱ 33), overpayments being made by Plaintiffs during a period when they were only able to reside in the apartment for a limited time due to a partial collapse of the Building (Compl. ₱₱ 34-36), the suspension of rent payments by NYCHA from January to

3

November 2024 due to failure to maintain services (including problems with the kitchen, bathroom, bedroom door, and living room window) (Compl. ⁋ 37), the failure of NYCHA to increase its payments in response to rent increases in June of 2024 and 2025 (Compl. ⁋ 40), and the failure to apply a rent credit secured as part of a stipulation of settlement obtained by the Legal Aid Society (Compl. ⁋⁋ 41-46).  Notably, the Complaint does not allege the Attorney Defendants were responsible for calculating the rents owed by Plaintiffs, that they were aware of the history forming the basis of the alleged overcharges when they commenced their rent collection efforts on behalf of the Landlord Defendants, or that they were responsible for collecting, or did collect, any of the "$3,389.50 in excess of the legally collectible rent."  (Compl. ¶ 46.)  Further, the Complaint contends that the first effort by the Attorney Defendants to collect on the allegedly wrongfully charged debt occurred on February 18, 2025 with the service upon Plaintiffs of a rent demand "claiming that [Plaintiffs] owed $8,339.60 in rental arrears" (the "February 2025 Demand"), which allegedly commenced the challenged debt collection practices more than a year prior to the commencement of this lawsuit on March 30, 2026.  (Compl. ¶ 53 & Ex. A (ECF # 3-1) at 3.)[3]

Following this initial collection effort, Plaintiffs allege that, on March 31, 2025, defendant 1915 Realty, "through the Attorney Defendants, commenced a non-payment of rent proceeding against [Plaintiffs] in Bronx Housing Court" (Compl. ¶ 55 & Ex. A (ECF # 3-1)) alleging rental arrears "amounting to $9,132.76" ("Petition") (Compl. ¶ 56.)  Plaintiffs allege that this effort was

---

[3] Notably, because the February 2025 Demand came from the Attorney Defendants, and not the Landlord Defendants, it specifically stated that, "[u]nder the provisions of the [FDCPA], Edelman Schwartz PLLC may be considered Debt Collectors in the attempt to collect rent."  (Compl. at Ex. A (ECF # 3-1) at 3.  It also stated that that, "[u]nless you dispute the validity of the debt or any portion thereof within thirty (30) days following receipt of this notice, [the Attorney Defendants] will assume that the debt sought to be collected is valid" (*id.*), and that, "following the expiration date of 3/10/2025," the Landlord Defendants are "permitted . . . commence summary proceedings under Article 7 of the Real [P]roperty Actions and Proceedings Law [("N.Y. RPAPL")]."  (*Id.*)

4

improper, and sought rents which were not, in fact, owed by Plaintiffs "because the Landlord Defendants did not properly follow the DHCR rent reduction order following the partial collapse of the subject building, did not properly apply the $2,500 settlement credit, and did not submit certification to NYCHA to increase [Plaintiffs]' rent before doing so on their rent bills and tenant statement." (Compl. ¶ 59.)

Without anywhere alleging there was, in fact, a misrepresentation made by the Attorney Defendants on this issue, the Complaint alleges that "it would have been clear that the landlord was in fact seeking the [NYCHA] subsidy portion of the rent" (Compl. ¶ 62), thus the Attorney Defendants purportedly "either misrepresented that they had performed a meaningful attorney review of the petition, or they performed a meaningful review, saw the ledgers showing the money owed was NYCHA's Section 8 subsidy rather than the portion to be paid by [Plaintiffs], and sued them anyway, knowing that [Plaintiffs] did not owe the money." (Compl. ¶ 65.) Further, while Plaintiffs allege that Mr. Batista "communicated with his landlord multiple times to explain that his rent ledger included more than his tenant share" (Compl. ¶ 67), Plaintiffs nowhere allege that he communicated any such contentions to the Attorney Defendants until September 23, 2025, when "Bronx Legal Services sent an email to Edelman Schwartz . . . explaining that [Plaintiffs] had made all of their payments for their share of the rent and requested that Edelman Schwartz dismiss the case with prejudice or a motion for summary judgment would be filed." (Compl. ¶ 69.) In fact, Plaintiffs concede that, in response, defendant Zev Schwartz sent an email on September 26, 2025, confirming that it was his understanding that "in [M]ay 2025 [Plaintiffs] owed around [$]9200 . . . and [g]ave him [$]2500 credit in February 2024." (*Id.*)

Following this exchange, Plaintiffs allege that, on October 1, 2025, an additional email was sent to the Attorney Defendants requesting dismissal, and then on October 21, 2025, Plaintiffs

5

filed a motion for an amended answer and summary judgment or, alternatively, dismissal ("Motion to Amend"). (Compl. ¶¶ 70, 71.) That motion allegedly "was accompanied by an affirmation in support of the motion, as well as all of the documentation that would demonstrate that [Plaintiffs] did not owe any rental arrears," and included "a proposed amended answer" including affirmative defenses and three counterclaims. (Compl. ¶ 71; *see also* Declaration of Peter J. Biging dated May 22, 2026 ("Biging Decl."), ¶ 3, Ex. 1 ("Amended Answer").) Significantly, although Plaintiffs had every opportunity to do so, the Amended Answer did not contain counterclaims for the alleged violations of the FDCPA, New York General Business Law, New York Judiciary Law, or gross negligence asserted in this action. (*Id.*)

Following the submission of this motion, it is alleged that no further activity occurred in the rent collection proceeding, with instead the parties then agreeing to adjourn the hearing on Plaintiffs' Motion to Amend three times, ultimately to April 22, 2026. (Compl. ¶¶ 72-76.) During this time frame, Mr. Schwartz is alleged to have responded to an email providing him "with a summary of the reasons why [Plaintiffs] do not owe any rent" by stating, "Let me review." (Compl ¶ 75.) Then, on April 22, 2026—after this action was filed—the Attorney Defendants discontinued the Petition because they "agree[d] that the Petition was satisfied." (Biging Decl. ¶ 4, Ex. 2.) With this, Plaintiffs' Motion to Amend was "withdrawn without prejudice" (*id.*) and it was agreed that any dispute about rent money in the Bronx County Housing Court was concluded.

Prior to the discontinuance of the Petition and withdrawal of the Motion to Amend, Plaintiffs filed the Complaint herein on March 30, 2026, alleging that "the Attorney Defendants either systematically misrepresent that they have performed a meaningful attorney review of the lawsuit prior to filing, or they do perform such a review and fail to plead that the consumer is a Section 8 tenant and is not responsible for the rent owed, but nonetheless sue the consumer for

6

arrears." (Compl. ¶ 80.) Plaintiffs cite three examples of petitions purportedly filed in other cases in which the Attorney Defendants' "conduct has harmed (and certainly has the potential to harm) consumers beyond [Plaintiffs]." (Compl. ¶¶ 82-98.)

The Complaint alleges that, while Plaintiffs have apparently not actually paid the overcharge complained of, Plaintiffs "feel embarrassed, humiliated, and worn down by their attorneys, and the persistent false allegations that [Plaintiffs] have not paid their share of rent." (Compl. ¶ 101.) Accordingly, despite not asserting these claims as proposed counterclaims in the Bronx Housing Court in connection with the Petition (which they had every right to do in the context of a State Court system specifically set up to handle these types of issues), Plaintiffs assert claims against the Attorney Defendants in this Court for violations of the FDCPA (Count I), New York General Business Law § 349 (Count II), New York Judiciary Law § 487 (Count III), and for gross negligence (Count IV). The Attorney Defendants now move at this time to dismiss the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

Rule 12(b)(6) mandates dismissal of a cause of action if it does not "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In meeting this pleading threshold, conclusory averments are insufficient; rather, a complaint must be buttressed by specific factual allegations, which, if accepted as true, are sufficient to support the accusation's plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). *See Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*, 712 F.3d 705, 717 (2d Cir. 2013) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). In other words, plaintiff must put forth sufficient "[f]actual allegations . . . to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. at 555. Moreover, the Court "need not give 'effect to legal conclusions couched as factual allegations.'" *Andrews v. Sony/ATV Music Publishing, LLC*, 2017 U.S. Dist. LEXIS 27034, at *7 (S.D.N.Y. Feb. 23, 2017) (citing *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, 507 F.3d 117, 121 (2d Cir. 2007).

Further, under Rule 12(b)(1), "[a] case is properly dismissed for lack of subject matter jurisdiction . . . when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "[W]ithout jurisdiction, [a] district court lacks the power to adjudicate the merits of [a] case." *John v. Whole Foods Mkt. Grp., Inc.*, 858 F.3d 732, 735 (2d Cir. 2017) (quotations omitted). When a Rule 12(b)(1) motion is "facial," *i.e.*, "based solely on the allegations of the pleading including the complaint and any exhibits attached to it," then "[t]he district court's task is to determine whether the pleading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue.'" *Green v. Brown*, 2025 U.S. Dist. LEXIS 44257, at *6-7 (E.D.N.Y. Mar. 11, 2025) (citing *Carter v. HealthPort Techs., LLC*, 882 F.3d 47, 56 (2d Cir. 2016)).

## ARGUMENT

I.  **PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED AND PLAINTIFFS HAVE FAILED TO PLEAD ARTICLE III STANDING.**

Plaintiffs' first claim—and the basis for this Court's purported subject matter jurisdiction over all of Plaintiffs' claims (*see* Compl. ¶¶ 1-2)—is for alleged violations of the FDCPA, namely 15 U.S.C. §§ 1692e and 1692f (Compl. ¶ 116), which "prohibits 'debt collectors' from using 'any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt.'" *Maguire v. Citicorp. Retail Servs.*, 147 F.3d 232, 235 (2d Cir. 1998) (citing 15 U.S.C. § 1692e). A review of the Complaint reveals that Plaintiffs' FDCPA claim fails because it is barred

by the FDCPA's one-year statute of limitation, 15 U.S.C. § 1692k(d), and that, in any event, the Plaintiffs lack Article III standing to assert it.

**A.**  **Plaintiffs' FDCPA Claim is Time-Barred Under the Applicable 1-Year Statute of Limitations.**

By the express provisions of the FDCPA, an action brought under the statute must be brought "within one year from the date on which the violation occurs." 15 U.S.C. § 1692k(d). The Supreme Court has held that, "absent the application of an equitable doctrine, the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019). Moreover, an alleged "continuing violation" of the FDCPA does not toll the one-year statute of limitations: "the claim accrues on the date of the ***initial [mis]representation***." *Oliver v. U.S. Bancorp.*, 2015 U.S. Dist. LEXIS 88713, at *6 (S.D.N.Y. July 8, 2015) (emphasis added) (collecting cases); *see also Sierra v. Foster & Garbus*, 48 F. Supp. 2d 393, 395 (S.D.N.Y. 1999).

Here, Plaintiffs allege that the Attorney Defendants violated the FDCPA by, *inter alia*, "attempt[ing] to collect a debt[] using false, deceptive or misleading representations or means; misrepresenting the character, amount, or legal status of the debt; . . . falsely representing or implying that a communication is from an attorney; . . . and collecting or seeking to collect any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." (Compl. ¶ 116.) Citing the "Fourteen-Day Rent Demand dated February 18, 2025" from the Attorney Defendants (*i.e.*, the February 2025 Demand as defined above (*see supra* p. 4 & n.3)), the Complaint alleges that the Attorney Defendants first violated the FDCPA by seeking "money that was not owed by [Plaintiffs]" on February 18, 2025. (Compl. ¶ 53.) In fact, the February 2025 Demand expressly invoked the FDCPA (*id.*), and was sent as a statutory

predicate notice required under N.Y. RPAPL § 711 as a precondition to filing a non-payment proceeding under Article 7 of the RPAPL (*id.*).

Accordingly, as alleged in the Complaint, the date of the February 2025 Demand was plainly the first "date on which the alleged FDCPA violation occur[red]," *Rotkiske*, 589 U.S. at 10, which was more than one year prior to the date that Plaintiffs brought their FDCPA claim against the Attorney Defendants in this Court on March 30, 2026. Plaintiffs' FDCPA claim against the Attorney Defendants is therefore time-barred and must be dismissed for this reason. *Accord Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6 (dismissing FDCPA claims because they "accrue[d] on the date of the initial representation," which was more than one year prior to plaintiff's suit) (collecting cases); *Calka v. Kucker, Kraus & Bruh, LLP*, 1998 U.S. Dist. LEXIS 11868, at *8-*9 ("The instant complaint was filed . . . more than one year after the [FDCPA] violation. Accordingly, the FDCPA claim is barred by the one-year period of limitations.") (citing 15 U.S.C. § 1692k(d)); *Parker v. Pressler & Pressler, LLP*, 650 F. Supp. 2d 326, 338-340 & nn.7, 8 (D. N.J. 2009) (citing *Mattson v. U.S. West Commc'ns, Inc.*, 967 F.2d 259, 261 (8th Cir. 1992) ("The date on which [defendant] mailed the letters was its last opportunity to comply with the FDCPA, and the mailing of the letters, therefore, triggered [§] 1692k(d)." (alterations in original))).

To the extent Plaintiffs attempt to argue that the Attorney Defendants' bringing of the Petition on March 31, 2025 somehow amounted to a "new" accrual date that constituted an additional alleged violation of the FDCPA that is not time-barred because it was brought within one year of the case herein (brought on March 30, 2026), such argument must be rejected. As explained in *Oliver v. U.S. Bancorp*, *supra*, "[t]he continued prosecution of a foreclosure or collection suit is not a continuing violation under the FDCPA—if the same alleged

10

misrepresentation is repeated in court filings, the claim accrues on the date of the initial representation." *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6.

Here, the Petition contains the same alleged misrepresentations that formed the basis for the February 2025 Demand—namely, that rent money was owed to the Landlord Defendants "that was not owed by [Plaintiffs]." (Compl. ¶ 53.) Under settled FDCPA jurisprudence, the Petition did not start the clock anew on Plaintiffs' FDCPA claim, whether through an alleged discovery of the purported wrong or any alleged "continuing violation." Plaintiffs' FDCPA claim accrued as of the date of the February 2025 Demand. As such, it is time barred. *See Rotkiske*, 589 U.S. at 13 ("[It] is clear from the face of § 1692(d)'s text: The FDCPA limitations period begins to run on the date the alleged FDCPA violation actually happened."); *Sierra*, 48 F. Supp. 2d at 395 (dismissing FDCPA claim because a summons and complaint did not re-start the statute of limitations where the court filings contained the same alleged deceptive representations as previous communications and noting that, "[i]f plaintiff's theory were correct . . . his cause of action could be kept alive indefinitely because each new communication would a start a fresh new statute of limitations," which is not the law); *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6 ("A new FDCPA claim only arises if a new misrepresentation is alleged.").[4]

**B.      Plaintiffs' FDCPA Claim Should Be Dismissed Because Plaintiffs Lack Article III Standing.**

The statute of limitations bar aside, Plaintiffs in any event lack standing to assert their FDCPA claim.

---

[4] The fact that the rent amounts allegedly owed in the Petition may differ slightly from the rent amounts allegedly owed in the 2025 Demand does not change this result. *Accord Oliver*, 2015 U.S. Dist. LEXIS 88713, at *9 ("Plaintiffs' allegations concern whether [defendant] is entitled to any [amounts alleged in prior communications]; plaintiffs do not allege that [defendant] misrepresented the precise amount . . . owed. As such, [defendant's] [petition] does not restart the statute of limitations . . . .").

"To have Article III standing to sue in federal court, plaintiffs must demonstrate, among other things, that they suffered concrete harm." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021). As the U.S. Supreme Court succinctly put it: "No concrete harm, no standing." *Id*. "If the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *Id.* at 423 (citation omitted). The alleged harm must be "concrete," *i.e.*, "real, and not abstract." *Id* at 424 (citing *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016)). And in assessing whether this concrete harm has been alleged, the Supreme Court has rejected the proposition that "a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578 U.S. at 341. Rather, "Article III standing requires concrete injury even in the context of a statutory violation." *Id.*

Here, Plaintiffs' claimed injuries purportedly resulting from the Attorney Defendants' alleged violations of the FDCPA are "significant emotional distress, embarrassment, humiliation, increase of blood pressure, [unstated] forgone wages because of missing work [for Court appearances], and associated transportation costs" from traveling to and from the Bronx County Housing Court. (Compl. ¶ 117.) As a review of the relevant case law makes clear, none of these alleged injuries come close to satisfying Article III's standing requirement that the injuries alleged as a result of the Attorney Defendants' purported violations of the FDCPA be "concrete [and] particularized." *TransUnion*, 594 U.S. at 423.

Indeed, "courts in the Second Circuit have generally been circumspect in awarding damages for emotional harm in FDCPA cases," *Gomez v. Resurgent Capital Servs., L.P.*, 129 F. Supp. 3d 147, 153 (S.D.N.Y. 2015), and many courts have held that, in FDCPA standing cases, "anxiety and embarrassment are not injuries in fact" and have "expressly rejected 'stress' as

constituting concrete injury following an FDCPA violation." *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (collecting cases); *see also Finch v. Slochowsky & Slochowsky, LLP*, 2020 U.S. Dist. LEXIS 181698, at *10 (E.D.N.Y. Sept. 30, 2020) ("The filing of a lawsuit to collect a debt—even if the lawsuit is meritless—is not properly understood as 'conduct the natural consequence of which is to harass, oppress, or abuse any person' under [15 U.S.C. § 1692d]").[5]

Plaintiffs do not allege that the Attorney Defendants engaged in "harassment" or multiple egregious debt-collection phone calls or interactions. Rather, they allege only that the Attorney Defendants sent one Notice to Plaintiffs—the February 2025 Demand regarding allegedly unpaid rent (Compl. ¶ 53)—and then, on behalf of the Landlord Defendants, filed the Petition in the Bronx County Housing Court seeking to collect that rent. (Compl. ¶ 55-56.)[6] Thereafter, following provision to the Attorney Defendants of a summary of the reasons Plaintiffs believed no rent was due, and documentary support for their position regarding this issue, nothing happened in the rent proceeding other than a few agreed-upon adjournments (during which time Mr. Schwartz advised he needed to review what was provided in this regard), and then a voluntary dismissal of the Petition and withdrawal of Plaintiffs' proposed counterclaims in the Amended Answer. (*See supra* pp. 5-6.) These sole allegations regarding the Attorney Defendants' conduct "do not plausibly allege that [Plaintiffs] experienced conduct analogous to negligent infliction of emotional distress,

---

[5] Nor do de minimis transportation costs to and from Bronx County Housing Court constitute a concrete injury that the FDCPA was designed to prevent. *See Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 585 (E.D.N.Y. 2015) ("[T]he Second Circuit . . . [has] refused to award statutory damages for *de minimis* or technical violations of FDCPA.") (collecting cases).

[6] In fact, the Complaint does not even allege that the February 2025 Demand was not the result of a "bona fide error," or that the Attorney Defendants did not maintain procedures to attempt to avoid such an error, both affirmative defenses to a FDCPA claim. *Cf. Currier v. First Resolution Inv. Corp.*, 762 F.3d 529, 537 (6th Cir. 2014).

13

let alone that such an analogue could establish Article III standing for an FDCPA claim." *Spitz v. Caine & Weiner Co., Inc.*, 2024 U.S. Dist. LEXIS 2944, at *11 (E.D.N.Y. Jan. 5, 2024).[7]

Accordingly, even putting aside the fact that Plaintiffs' FDCPA claim is time barred, the claim should be dismissed for lack of Article III standing due to Plaintiffs' failure to allege a concrete injury in fact.

## II. PLAINTIFFS' STATE LAW CLAIMS SHOULD BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

With the dismissal of Plaintiffs' FDCPA claim, the Court should decline to exercise

---

[7] Indeed, the FDCPA was meant to redress violations by debt collectors sending direct, false and harassing communications to consumers outside of any judicial proceeding. The non-payment Petition in Bronx Housing Court is a court filing addressed to a tribunal, not a communication to a consumer, and is subject to challenge, motion practice, discovery and judicial determination. The consumer protection rationale for FDCPA liability—protecting unsophisticated consumers from deceptive private collection communications with no neutral arbitrator—therefore does not even apply here. *See S. Rep. No. 382, 95th Cong., 1st Sess.* (1977) (FDCPA enacted to prohibit, *inter alia*, "a debt collector from engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person . . . ."). FDCPA liability does not extend to court filings, as opposed to collection letters and communications, because the statute's intent was to address collection agencies using abusive, harassing and deceptive tactics to collect consumer debts outside of any judicial supervision. *Id.* Adequate state remedies exist to address such conduct and, indeed, prior to the Attorney Defendants discontinuing their Petition, Plaintiffs brought proposed counterclaims in their Motion to Amend in Bronx Housing Court. (*See supra* p. 6; Biging Decl. ¶ 3, Ex. 1.) Although that Petition has now been discontinued and Plaintiffs' Motion to Amend and proposed counterclaims withdrawn—underscoring that Plaintiffs have not suffered concrete injury (*see supra* pp. 11-13)—they can always bring those claims (or the claims here or other claims) in that Court again, which, if brought, would further the interests of judicial economy rather than burdening this Court as a federal court of appeal for every disputed New York State non-payment proceeding. *Cf. Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817-820 (1976) (federal courts may abstain in favor of parallel state court proceedings based on judicial economy and wise administration); *Spitz*, 2024 U.S. Dist. LEXIS 2944, at *10 & n.4 ("If Plaintiff so chooses, she may pursue her claims in state court, which has jurisdiction to enforce the FDCPA and '[is] not bound to adhere to federal standing requirements.'" (quoting *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 66 n.4 (2d Cir. 2021)); *Bidar v. Eckert, Seamans, Chrin & Mellott, LLC*, 2026 U.S. Dist. LEXIS 67866, at *48-49 (E.D.N.Y. Mar. 30, 2026) (abstaining from hearing FDCPA claim and state law claims where parallel state court proceedings existed because "state procedures are adequate to protect Plaintiff's federal rights with respect to Plaintiff's FDCPA claim").

supplemental jurisdiction over the remaining state law claims (for violations of New York General Business Law § 349, New York Judiciary Law § 487, and for gross negligence) under 28 U.S.C. § 1367(c)(3).

Pursuant to 28 U.S.C. § 1367(c)(3), a court "may decline to exercise supplemental jurisdiction" in the event that it "has dismissed all claims over which it has original jurisdiction." The Court wields this discretion by balancing "the traditional values of judicial economy, convenience, fairness, and comity." *Paushok v. Ganbold*, 2021 U.S. Dist. LEXIS 51034, at *31-32 (S.D.N.Y. Mar. 18, 2021) (citing *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)). And in the event that "all federal-law claims are eliminated before trial," "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari*, 455 F.3d at 122 (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Here, the FDCPA claim is the only basis for federal subject matter jurisdiction. (*See* Compl. ¶¶ 1-2 (citing 28 U.S.C. §§ 1331 and 1367).) The parties have not yet commenced discovery,[8] and the basis for Plaintiffs' claims have already been before the Bronx County Housing Court, which exists for precisely this kind of housing dispute, has intimate familiarity with the Section 8 framework and NYCHA and, in fact, already became familiar with the parties' dispute before they agreed to discontinue it on April 22, 2026. (*See supra* pp. 5-7; Biging Decl. ¶ 4, Ex. 2.) Accordingly, if Plaintiffs' FDCPA claim is dismissed, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss them without prejudice in the interests of "judicial economy, convenience, fairness, and comity." *Morton v. Cty. of Erie*,

---

[8] To be sure, Plaintiffs did serve discovery requests on the Attorney Defendants on May 12, 2026 and deposition notices on May 15, 2026. But responses to those requests are unlikely to be fully responded to or complete by the time that this Motion is heard (and those requests may be the subject of a separate motion to stay discovery, or depositions, during the pendency of this Motion).

796 F. App'x 40, 44 (2d Cir. 2019) (citing *Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 56 (2d Cir. 2004)); *Paushok*, 2021 U.S. Dist. LEXIS 51034, at *31-32 (same); *see also*, *e.g.*, *Lacourte v. Foster & Garbus LLP*, 2014 U.S. Dist. LEXIS 25508, at *8 (S.D.N.Y. Feb. 20, 2014) (Rakoff, J.) (dismissing FDCPA claim with prejudice and "declin[ing] to exercise supplemental jurisdiction over the remaining state law claims, and therefore dismiss[ing] those claims without prejudice"); *Bisono v. Fin. Recovery Servs., Inc.*, 2019 U.S. Dist. LEXIS 129677, at *6 (E.D.N.Y. Aug. 2, 2019) (collecting cases where courts have declined to exercise supplemental jurisdiction over a plaintiff's state law claims after dismissal of FDCPA claims).

## III.   EVEN IF THIS COURT RETAINS JURISDICTION OVER THE STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW.

### A.   Plaintiffs' Claim Under N.Y. General Business Law § 349 Fails as a Matter of Law.

Even if the Court were inclined to exercise its discretion and retain jurisdiction over Plaintiffs' claim under N.Y. Gen. Bus. L. ("GBL") § 349, the claim should be dismissed as a matter of law.

Section 349 makes unlawful "deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service." N.Y. GBL § 349. To state a claim under GBL § 349, a plaintiff must allege that: "(1) the defendant's deceptive acts were directed at consumers; (2) the acts are misleading in a material way; and (3) the plaintiff has been injured as a result." *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). "The statute 'does not grant a private remedy for every improper or illegal business practice, but only for conduct that tends to deceive consumers." *Baldeo v. Airbnb, Inc.*, 2023 U.S. Dist. LEXIS 176085, at *29 (S.D.N.Y. Sept. 29, 2023); *see also Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*,

16

85 N.Y.2d 20, 25 (1995) ("Private contract disputes, unique to the parties, . . . [do] not fall within the ambit of the statute.").

For purposes of GBL § 349, consumer-oriented conduct is activity that causes any "consumer injury or harm to the public interest." *Id*. (*quoting Anderson v. Unilever United States, Inc*., 607 F. Supp.3d 441, 451 (S.D.N.Y. 2022)). "[T]here is no claim under GBL § 349 where the private transaction does not have ramifications for the public at large." *Id*.; *see also Gottlieb Dev. LLC v. Paramount Pictures Corp.*, 590 F. Supp. 2d 625, 636 (S.D.N.Y. 2008) ("Whether a plaintiff can bring a section 349 claim will depend on 'whether the matter affects the public interest in New York.'" (quoting *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995)); *Fecteau v. Safety Nat'l Cas. Corp*., 2026 U.S. Dist. LEXIS 66412, *44 (S.D.N.Y. Mar. 25, 2026). In other words, "the gravamen of the complaint" must be harm to the public interest. *Securitron*, 65 F.3d at 264; *see also Azby Brokerage, Inc. v. Allstate Ins. Co.*, 681 F. Supp. 1084, 1089 n.6 (S.D.N.Y. 1988) (same); *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 U.S. Dist. Lexis 72703, at *25 (E.D.N.Y. May 23, 2014); *Aguaiza v. Vantage Properties, LLC*, 2009 N.Y. Misc. LEXIS 5700, at *14 (Sup. Ct. N.Y. Cnty. May 21, 2009) ("[A] claim brought under this statute must be predicated on an act or practice which is 'consumer-oriented,' that is, an act having the potential to affect the public at large, as distinguished from merely a private contractual dispute. . . .") (citation omitted) (alterations in original).

Here, the Complaint alleges, in conclusory fashion, that all Defendants violated GBL § 349 "by using deceptive acts and practices in the conduct of their business," and that "[t]hese acts were done by Defendants systematically and, as such, have had a broad impact on consumers at large." (Compl. ¶ 124.) In purported support of this bald allegation, as to the Attorney Defendants, the Complaint alleges that the "Attorney Defendants have filed many cases in which rent demands

17

and/or petitions allege arrears that include or are entirely made up of the portion of the rent covered by the Section 8 subsidy and not due or owed by the tenant," provides three purported examples of such cases, and contends that defendant "Zev Schwartz filed over 500 lawsuits seeking rent from tenants in the Bronx in 2025 alone." (Compl. ¶¶ 79-98.) "But there is nothing inherently inappropriate about a debt collector suing tenants for rental arrears. And plaintiff's allegation regarding the number of eviction actions filed by a law firm, without more, does not enable a court to 'draw the reasonable inference' that defendants are engaged in a pattern of misconduct involving other tenants." *Finch*, 2020 U.S. Dist. LEXIS 181698, at *18 (citing *Iqbal*, 556 U.S. at 678).

Indeed, the crux of the allegations in the Complaint involve a single landlord/tenant relationship between the Landlord Defendants and Plaintiffs, as well as certain actions taken by the Attorney Defendants at the Landlord Defendants' instruction (namely, sending the February 2025 Demand and then filing the Petition). Putting aside the fact that there are no allegations that, prior to the filing of the February 2025 Demand or the Petition, the Attorney Defendants were aware of any of the facts proffered by Plaintiffs as evidence that they were being overcharged on their rent, this is quintessentially a "disputed private transaction [that] does not have ramifications for the public at large." *Obal v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist LEXIS 18124, at *21 (S.D.N.Y. Feb. 13, 2015).

Nor does the Complaint adequately allege that the Attorney Defendants' purported conduct was commercial activity directed at consumers generally, or that Plaintiffs were ever "deceived" by the Attorney Defendants as required by GBL § 349. *See Remler v. Cona Elder Law, PLLC*, 2022 U.S. Dist. LEXIS 177660, at *21-*22 (E.D.N.Y. Sept. 29, 2022) ("The challenged conduct here consists of filing a single complaint that suffered from various alleged deficiencies . . . . This conduct—the prosecution of an individual lawsuit—was not commercial activity directed at

18

consumers generally, nor did it have any 'ramifications for the public at large.'" (quoting *Obal*, 2015 U.S. Dist. LEXIS 18124, at *8)); *see also Aguaiza*, 2009 N.Y. Mist. LEXIS 5700, at *14-*25 ("It may be quite true that Plaintiffs were frustrated, aggravated, emotionally distressed and/or even fearful about Defendants' activities wrongly calling into question their non-violation of any substantial obligation of their leases, but they were not fooled.  To reiterate, there is not a single allegation in the [Complaint] that Plaintiffs were actually deceived and suffered an actual injury therefrom."); *Varela v. Investors Ins. Holding Corp.*, 81 N.Y.2d 958, 961 (1993) ("Whether or not defendant's actions were proper, manifestly they did not mislead plaintiffs in any material way and did not constitute 'deceptive acts' within the meaning of the statute.").[9]

Plaintiffs' claim under GBL § 349 should therefore be dismissed as a matter of law. *Accord Lautman*, , 2014 U.S. Dist. LEXIS 72703, at *25-*26 (because, *inter alia*, "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings . . . plaintiff's [GBL] section 349 claim with respect to the defendants' conduct in connection with the Housing Court proceeding must be dismissed with prejudice"); *Aguaiza v. Vantage Properties, LLC*, 69 A.D.3d 422, 423 (1st Dep't 2010) ("Plaintiff's allegations of unlawfully deceptive acts and practices under [GBL § 349] presented only private disputes between landlords and tenants, and not consumer-oriented conduct aimed at the public at large, as required by the statute.  Accordingly, this claim was properly

---

[9] Indeed, the Complaint itself alleges that Plaintiffs disputed the rental amounts they allegedly owed at every turn, including after the Petition was filed, after which the Attorney Defendants ultimately discontinued the Petition and "agree[d] that the Petition was satisfied."  (*See supra* p. 6; Biging Decl. ¶ 3, Ex. 1.)  The Attorney Defendants' actions therefore do not come close to satisfying GBL § 349's requirement that a defendant's acts be "deceptive" or that the Attorney Defendants' "injured" Plaintiffs as a result of any purported "deception."  *See Aguaiza*, 2009 N.Y. Mist. LEXIS 5700, at *24-*25.

19

dismissed. . . ."); *Finch*, 2020 U.S. Dist. LEXIS 181698, at \*18; *Remler v. Cona Elder Law, PLLC*, 2022 U.S. Dist. LEXIS 177660, at \*21-\*22.

## B.    Plaintiffs' Claim under N.Y. Judiciary Law § 487 Fails as a Matter of Law.

Plaintiffs' third cause of action against the Attorney Defendants, for a violation of N.Y. Judiciary Law § 487, likewise fails and should be dismissed.

"To establish a claim under New York Judiciary Law § 487, a plaintiff must show, at a minimum, 'that defendan[t]: (1) [is] guilty of deceit or collusion, or consent[ed] to any deceit or collusion; and (2) had an intent to deceive the court or any party.'" *Shad v. Zachter PLLC*, 2024 U.S. Dist. LEXIS 40559, at \*13-14 (S.D.N.Y. Mar. 7, 2024) (citing *Ray v. Watnick*, 182 F. Supp. 3d 23, 28 (S.D.N.Y. 2016). "Relief under a cause of action based upon Judiciary Law § 487 'is not lightly given' . . . and requires a showing of 'egregious conduct or a chronic and extreme pattern of behavior' on the part of the [Attorney Defendants] that caused damages." *Id.* (citing *Facebook, Inc. v. DLA Piper LLP (US)*, 134 A.D.3d 610, 615 (1st Dep't 2015)). In addition, a claim under Section 487 must be pleaded with particularity. *See Bryant v. Silverman*, 284 F. Supp. 3d 458, 469 (S.D.N.Y. 2018); *see also Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp. 3d 103, 116 & n.6 (E.D.N.Y. 2020) ("Hardly surprising, given the intentional nature of the harm, allegations regarding an intent to deceive must be stated with particularity [under Fed. R. Civ. P. 9(b)].").

The Complaint here does not come close to pleading a Judiciary Law § 487 claim, let alone pleading such a claim with sufficient particularity. Rather, the Complaint makes only threadbare descriptions of the statute itself (Compl. ¶¶ 136-137), and does not even identify *what* conduct Plaintiffs allege constituted violations of it. Although the Complaint contains allegations that the "Attorney Defendants either misrepresented that they had performed a meaningful attorney review of the [P]etition, or they performed a meaningful review . . . and sued [Plaintiffs] anyway, knowing

20

that [Plaintiffs] did not owe the money" (Compl. ¶ 65), this bald allegation is "devoid of any particularity concerning the attendant circumstances [and] would scarcely meet the bare plausibility standard articulated in *Twombly*, let alone the heightened pleading standard of Rule 9(b) or the 'strict test New York law imposes to satisfy § 487.'" *Brake*, 504 F. Supp. 3d at 117 (quoting *O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 597 (S.D.N.Y. 2008). Simply stated, there is no allegation that the Attorney Defendants made any representation as to any review they undertook prior to commencing the Housing Court proceeding in issue, and there is no specificity as to what was allegedly misrepresented in this regard, to whom, and how this served to perpetrate a fraud or deceit.

Indeed, as set forth above (*see supra* pp. 12-14, 17-20), the Complaint does not even allege "deceitful intent," let alone conduct that is "extreme or egregious" sufficient to satisfy the heightened pleading standards for a Judiciary Law § 487 claim. *See Ray v. Watnick*, 182 F. Supp. 3d 23, 29-31 (S.D.N.Y. 2016), as amended (May 3, 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017) (liability attaches "only if the deceit is 'extreme' or 'egregious'" and thus "the more appropriate context for analysis is not the law applicable to comparable civil torts but rather criminal law"); *see also Amalfitano v. Rosenberg*, 12 N.Y.3d 8, 14 (2009) ("The operative language at issue— 'guilty of any deceit'—focuses on the attorney's intent to deceive, not the deceit's success.").

This is particularly the case where it can be seen that the Attorney Defendants, in fact, discontinued the Petition in the Bronx Housing Court after being provided with evidence of the claimed rent overcharge, and did nothing to further pursue the proceeding before withdrawing the Petition. (*See supra* p. 6; Biging Decl. ¶ 3, Ex. 1.) Given the lack of any alleged basis for pursuing a Judiciary Law § 487 claim, the claim should be dismissed for failure to state a claim, and the dismissal should be with prejudice. *Accord Brake*, 504. F. Supp. 3d at 117 ("There is nothing to

21

suggest that plaintiff could plead additional facts that are sufficiently egregious to satisfy the statute, much less with the particularity required. Accordingly, plaintiff's Judiciary Law § 487 claim is dismissed without leave to amend.").

### C.    Plaintiffs' Claim for Gross Negligence Fails as a Matter of Law.

Finally, Plaintiffs' claim for gross negligence should also be dismissed as a matter of law.

To state a claim for gross negligence under New York law, "a plaintiff must allege (1) that the defendant owed him or her a cognizable duty of care; (2) that the defendant breached that duty; and (3) that the plaintiff suffered damage as a proximate result of that breach." *Hongying Zhao v. JPMorgan Chase & Co.*, 2019 US Dist. LEXIS 40673, at \*24-\*25 (S.D.N.Y. Mar. 13, 2019) (quoting *Di Benedetto v. Pan Am World Serv.*, 359 F.3d 627, 630 (2d Cir. 2004)). There must be allegations of "conduct that evinces a reckless disregard for the rights of others or smacks of intentional wrongdoing." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp. 2d 372, 432 (S.D.N.Y. 2010). A plaintiff must allege "a compelling demonstration of egregious intentional misbehavior evincing extreme culpability: malice, recklessness, deliberate or callous indifference to the rights of others, or an extensive pattern of wanton acts." *Deutsche Lufthansa AG v. Boeing Co.*, 2007 U.S. Dist. LEXIS 9519, at \*7 (S.D.N.Y. Feb. 2, 2007) (quoting *Net2Globe Int'l Inc. v. Time Warner Telecom of N.Y.*, 273 F. Supp. 2d 436, 454 (S.D.N.Y. 2003)).

Here, a review of the pleadings reveals that the Complaint alleges no such thing. Rather, Plaintiffs allege that "Defendants owed [Plaintiffs] a duty pursuant to the FDCPA (Compl. ¶ 144) and GBL § 349 (Compl. ¶ 146), and assert only that "Defendants breached these duties." (Compl. ¶ 147.) There is no allegation—or factual basis upon which to plausibly conclude—that the Attorney Defendants engaged in "deliberate or callous indifference to the rights of [Plaintiffs]," *Deutsche Lufthansa AG*, 2007 U.S. Dist. LEXIS 9519, at \*7, or conduct that "smacks of intentional wrongdoing." *Anwar*, 728 F. Supp 2d at 432. Rather, the Complaint alleges only that the Attorney

22

Defendants began collection efforts on behalf of their client (the Landlord Defendants) through the February 2025 Demand and subsequently brought the Petition (Compl. ¶¶ 53-55), and, thereafter, Defendants discontinued the Petition following the making of a motion for summary judgment to amend Plaintiffs' Answer and provision of evidence supporting Plaintiffs' allegations that they had been overcharged on their rent (*see* Biging Decl. ¶ 1, Ex. 3).  There is no allegation that the Attorney Defendants engaged in any "intentional wrongdoing," and it is well settled that, "under New York law, no claim lies in simple negligence against an attorney acting on behalf of a client," *Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391 (E.D.N.Y. 2011) (collecting cases), nor can a claim for gross negligence withstand a motion to dismiss where "none of the facts alleged rise[] to the level of satisfying th[e] additional element" of intentional wrongdoing.  *Id.* at 392.

The gross negligence claim should therefore be dismissed.  *Accord id.* (dismissing, *inter alia*, FDCPA claims and "cause of action for . . . gross negligence for failure to state a claim" under similar circumstances); *Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545 (S.D.N.Y. 2013) (plaintiff's "allegations are insufficient to plead gross negligence or willful misconduct" because they do not provide "a compelling demonstration of intentional misbehavior").

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed as to the Attorney Defendants, either based on dismissal of the FDCPA claim and the Court's determination not to exercise subject matter jurisdiction over the remaining state law claims, or based on the insufficiency of each and every claim as a matter of law.

Dated:  May 22, 2026
          New York, New York

                                              **GOLDBERG SEGALLA LLP**


                                       /s/ Peter J. Biging
                                       Peter J. Biging
                                       Andrew H. Reynard
                                       *Attorneys for the Attorney Defendants*
                                       711 Third Avenue
                                       New York, New York 10017
                                       pbiging@goldbergsegalla.com
                                       areynard@goldbergsegalla.com