# EXHIBIT 1

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 2 of 9

**CIVIL COURT OF THE CITY OF NEW YORK**
**COUNTY OF BRONX: HOUSING PART C**
————————————————————————X

**1915 REALTY LLC**

                       *Petitioner*,           **Index No. LT-310915-25/BX**

    -against-

**DAMIAN BATISTA,**                                  **PROPOSED AMENDED**
**SANDRA BATISTA,**                                 **ANSWER**
**JOHN DOE, JANE DOE**

**1915 Billingsly Terrace, Apt. 57**
**Bronx, NY 10453,**

                      *Respondent(s)*.

————————————————————————X

      **PLEASE TAKE NOTICE** that Respondent DAMIAN BATISTA (hereinafter "Mr. Batista"),

by and through his undersigned counsel, interposes the following in answer to the petition herein.

These statements are made on information and belief.

      1.      Mr. Batista lacks information sufficient to form a belief with respect to the

allegations in paragraph 1.

      2.      Mr. Batista denies the allegations in paragraphs 2-4, except to the extent that he

admits he and his wife are the tenants of record for the subject premises, which is their residence,

and they are currently in possession of said premises.

      3.      Mr. Batista admits the allegations in paragraph 5 to the extent that the subject

premises are described as Apartment 57 in the building at 1915 Billingsley Terrace, Bronx, NY

10453, and denies all remaining allegations.

      4.      Mr. Batista denies the allegations in paragraph 6.

      5.      Mr. Batista denies the allegations in paragraph 7, except to the extent that he admits

the premises are subject to the rent stabilization law.

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 3 of 9

6.      Mr. Batista denies the allegations in paragraphs 8-10.

7.      Mr. Batista lacks information to form a belief as to the truth of the allegations in paragraph 11, except to the extent that he admits that the subject premises is a multiple dwelling unit subject to the Housing Maintenance Code.

8.      Mr. Batista denies any remaining allegation(s) not specifically admitted.

**FIRST DEFENSE: RENT PAID**

1.      The petition should be dismissed pursuant to R.P.A.P.L. § 741(4) and R.P.A.P.L. § 711(2) because it misstates the facts upon which the proceeding is based.

2.      Respondent's share of the rent demanded has already been paid to Petitioner prior to the commencement of this proceeding. Those payments were not properly accounted for in the rent demand and the petition.

3.      The rent demanded in the rent demand is $1,121.73 for December 2023, $2,050.28 for January 2024, $1,002.67 for February 2024, $1,013.28 for April 2024, $1,013.28 for May 2024, $1,036.82 for June 2024, $1,036.82 for July 2024, and $64.72 for August 2024.

4.      The rent demanded in the petition is $212.76 for May 2024, and $892.00 for each of the following months: June 2024 through March 2025.

5.      In December 2023 through May 2024, Respondent's tenant share for the subject premises was $1,038.00. A DHCR rent reduction order lowered the rent from December 11, 2023 to January 4, 2024 to $1.00. Mr. Batista paid $1,038.00 on December 4, 2023, $1,038.00 on February 8, 2024, $1,038.00 on March 4, 2024, $1,022.89 on March 15, 2024, $1,038.00 on April 5, 2024, and $1,038.00 on May 3, 2024, In June 2024 and July 2024, Respondent's tenant share for the subject premises was $1076.00 and he paid $1,076.00 on June 4, 2024 and $1,076.00 on July 1, 2024. In August 2024 through March 2025, Respondent's tenant share for the subject

premises was $892.00 and he paid $892.00 on the following dates: August 1, 2024, September 6, 2024, October 2, 2024, November 1, 2024, December 2, 2024, January 2, 2025, February 7, 2025, and March 1, 2025.

6. Therefore, the rent demand and petition do not accurately reflect the amount paid by the Respondent.

7. The petition is fatally defective and must be dismissed.

8. And further, as predicate notices cannot be amended, this proceeding must be dismissed because the rent demand is incorrect.

## FIRST AFFIRMATIVE DEFENSE: FAILURE TO DESCRIBE REGULATORY STATUS

9. The Petition fails to accurately plead the regulatory status of the premises, in violation of Real Property Actions and Proceedings Law § 741(4).

10. Mr. Batista is the recipient of a Section 8 voucher administered by New York City Housing Authority ("NYCHA")

11. The petition fails to mention the regulatory status of the subject premises.

12. The failure to comply with RPAPL § 741 deprives the court of subject matter jurisdiction and the Petition must be dismissed.

## SECOND AFFIRMATIVE DEFENSE: VIOLATIONS OF THE SECOND *WILLIAMS* CONSENT DECREE

13. Pursuant to the Second *Williams* Consent Decree, where a landlord sues a Section 8 tenant for non-payment of rent or on grounds related to the termination of a tenant's subsidy, the landlord is required to certify to NYCHA: (a) the factual allegations underlying the proceeding; (b) the total amount of rent owed and a breakdown of the source of the arrearage; and (c) that the landlord is not seeking the subsidy portion of the rent.

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 5 of 9

14.     Petitioner is also required to plead compliance with the notification requirements of the Second *Williams* Consent Decree.

15.     Failure to comply with the Second *Williams* Consent Decree requires dismissal of the petition.

16.     Here, the petition does not include any certification to NYCHA. In fact, there is nothing in the petition to indicate that Mr. Batista is a Section 8 tenant. There is also no indication that Petitioner served NYCHA with the rent demand or Petition.

17.     Further pursuant to the Second *Williams* Consent Decree, a landlord shall not maintain a proceeding against the tenant for the subsidy portion of the rent.

18.     Here, the rent demand attached to the subject petition seeks $1,121.73 for December 2023, and it seeks $2,050.28 for January 2024, but Respondent's portion of the rent was $1,038.00 each month at this time, which is less than the amount sought by the rent demand for these two months.

19.     Therefore, the petition and rent demand are fatally defective and the proceeding must be dismissed.

**THIRD AFFIRMATIVE DEFENSE: VIOLATION OF THE CARES ACT**

20.     Pursuant to the CARES Act, the lessor of a covered dwelling unit may not require the tenant to vacate the covered dwelling unit before the date that is 30 days after the date on which the lessor provides the tenant with a notice to vacate.

21.     Here, the petition includes only a written 14-day rent demand.

22.     Therefore, because predicate notices may not be amended, the instant petition should be dismissed as a matter of law.

**FOURTH AFFIRMATIVE DEFENSE: VIOLATION OF VAWA**

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 6 of 9

23.    The notice of termination is fatally defective because Petitioner failed to attach two mandatory Violence Against Women Act (VAWA) riders, as required by applicable federal law 24 CFR part 5, subpart L (Protection for Victims of Domestic Violence, Dating Violence, Sexual Assault, or Stalking) § 5.2005(a)(1)(i)-2(iii).

24.    Pursuant to HUD Notice H 2017-05, which implemented the Violence Against Women Reauthorization Act, 34 USC § 12491(d)(2), all owners and managing agents of federally subsidized housing are required to include two VAWA Riders with any notification of eviction or termination of assistance.

25.    Mr. Batista's tenancy is subject to a subsidy pursuant to Section 8 of the United States Housing Act of 1973 (42 USC § 1437f).

26.    Pursuant to 34 USC § 12491(a)(3)(H), tenancies subject to such subsidies are covered by VAWA.

27.    The two notices are HUD 5380, a "Notice of Occupancy Rights" under VAWA, and HUD 5382, "Certification of Domestic Violence, Dating Violence, Sexual Assault, or Stalking, and Alternative Documentation," which allows the tenant of self-certify as a domestic violence survivor.

28.    Petitioner did not attach either of the two mandatory riders to the notice of termination, rendering the notice fatally defective.

29.    As predicate notices cannot be amended, this proceeding must be dismissed.

### FIFTH AFFIRMATIVE DEFENSE: DEFECTIVE RENT DEMAND

30.    Pursuant to R.P.A.L. § 711(2) a proper rent demand is a prerequisite to commencement of a no-payment proceeding.

31.    A proper rent demand must, minimally, provide the tenant with actual notice of

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 7 of 9

the alleged amount due and of the period for which such claim is made.

32.     Petitioner's "Fourteen (14) Day Notice" is defective in that it states the improper rent amount for December 2023 and January 2024.

33.     The rent demand attached to the subject petition seeks $1,121.73 for December 2023, and it seeks $2,050.28 for January 2024, but Respondent's portion of the rent was $1,038.00 each month at this time, which is less than the amount sought by the rent demand for these two months.

34.     Therefore, the rent demand is legally insufficient. Because predicate notices cannot be amended, this proceeding must be dismissed.

### SIXTH AFFIRMATIVE DEFENSE AND FIRST COUNTERCLAIM: VIOLATION OF THE WARRANTY OF HABITABILITY

35.     There exist or have existed in the subject premises conditions dangerous or detrimental to life, health, and safety. Upon information and belief, these conditions were not caused by Mr. Batista or his household and include, but are not limited to, the following:

    a. The ceiling and walls bulged in the bathroom and bedrooms and were only recently repaired;

    b. The bathtub faucet is loose;

    c. The floor tiles in the kitchen were cracked and/or lifting and were only recently repaired;

    d. Two of the four burners on the stove do not work;

    e. The refrigerator does not get cold enough and food spoils;

    f. Windows in two different bedrooms and in the bathroom do not close all the way;

    g. The rest of the apartment has not been painted in seven years;

36.     Petitioner had actual or constructive notice of each of these conditions, but either failed to correct them, or allowed them to remain uncorrected for months at a time.

Case 1:26-cv-02557-JSR    Document 26-1    Filed 05/22/26    Page 8 of 9

37.     By reason of its failure to make repairs and maintain services, Petitioner has breached the warranty of habitability under Real Property Law § 235-b, thus relieving Mr. Batista of the obligation to pay rent.

38.     Given the violations of the warranty of habitability, by reason of Petitioner's failure to make repairs and maintain services throughout the tenancy, Petitioner has caused the value of Mr. Batista's apartment to be diminished, and Mr. Batista is entitled to an abatement of the rent and/or use and occupancy in an amount to be determined by the Court, which judgment should be in the form of a counterclaim.

**SECOND COUNTERCLAIM: HOUSING CODE VIOLATIONS SHOULD BE CORRECTED AND CIVIL PENALTIES GIVEN FOR NONCOMPLIANCE WITH THE HOUSING MAINTENANCE CODE**

39.     Mr. Batista repeats and re-alleges the statements made in the paragraphs above.

40.     Pursuant to N.Y.C. Civil Court Act § 110, Mr. Batista requests that this Court issue and Order directing Petitioner to correct all Housing Code violations at the subject premises forthwith.

41.     Mr. Batista requests that this Court issue civil penalties given Petitioner's non-compliance with the Housing Maintenance Code.

**THIRD COUNTERCLAIM: REASONABLE ATTORNEY FEES**

42.     Pursuant to the original lease between the parties, the provisions of the Rent Stabilization Law and Code, and the provisions of R.P.L. § 234, Mr. Batista is entitled to collect reasonable legal fees from Petitioner if Mr. Batista is successful in this proceeding. Mr. Batista therefore seeks reasonable attorney fees, in an amount to be determined by this Court.

**WHEREFORE**, Respondent respectfully requests an order from this Court:

a.  Dismissing the petition;
b.  Entering judgment in Respondent's favor on his counterclaims;

FILED: BRONX CIVIL COURT – L&T 10/21/2025 11:31 AM INDEX NO. LT-310915-25/BX
NYSCEF DOC. NO. 10 RECEIVED NYSCEF: 10/21/2025

Case 1:26-cv-02557-JSR Document 26-1 Filed 05/22/26 Page 9 of 9

c. Entering judgment in Respondent's favor based upon the violations of the warranty of habitability and corresponding reductions in the value of the apartment;

d. Awarding Respondent reasonable costs, disbursements, and attorney fees; and

e. Granting such other and further relief as it deems just and proper.

Dated: October 21, 2025
       Bronx, New York

Respectfully submitted,

BRONX LEGAL SERVICES
By Jaclyn Spencer, Esq.
369 East 148th Street, 2nd Floor
Bronx, New York 10455
*Attorneys for Respondent*

To:    EDELMAN SCHWARTZ PLLC
       848 McDonald Ave
       2nd Floor
       Brooklyn, NY 11218
       *Attorney for Petitioner*

       Clerk of Court