UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------X

DAMIAN BATISTA and
SANDRA BATISTA,

                      Plaintiffs,                  Case No. 26 Civ. 2557 (JSR)

  - against -

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ, 1915 REALTY LLC,
YONAH ROTH, and BINYOMIN HERZL,

                      Defendants.

--------------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF THE
## LANDLORD DEFENDANTS' MOTION TO DISMISS

BERRY LAW PLLC
*Attorneys for plaintiffs*
*1915 Realty LLC,  Yonah Roth*
*and Binyomin Herzl*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777

New York, New York
May 22, 2026

**TABLE OF CONTENTS**

**Page**

Table of Authorities .................................................................................................iii

**INTRODUCTION**...................................................................................................1

    A.  Background ......................................................................................................1

    B.  Plaintiffs' Allegations against the Landlord Defendants ..................................2

        (1)  The Fraudulent Rent Collection Allegations.............................................3

        (2)  The Non-Housing Court Allegations ........................................................3

**ARGUMENT**........................................................................................................4

    **Point I**..............................................................................................................4

    The Deceit Allegations Should Be Dismissed Since the Exhibits to the
Complaint Show That Plaintiffs Did Not Rely on the Overstated Rent Charges ....4

        (A)  The Batistas' Failure to Plausibly Allege that they Were Misled By the
Overcharges ...........................................................................................4

        (B)  The Alleged Failure to Comply With Rent Reduction Orders and
Attempts to Collect the NYCHA Portion Are Not Actionable Under
GBL §349...............................................................................................7

            (i)  The Rent Reduction Orders...............................................................7

            (ii)  Attempts to Collect the Portions that NYCHA Failed to Pay...............8

        (C)  The Landlord Defendants' Overstatement of Arrears and Efforts in
Housing Court to Enforce Overstated Rent Demands Are Not Actionable
Under GBL §349......................................................................................8

        (D)  The Allegation that the Landlord Defendants Did Not Submit
Certifications to NYCHA Before Rent Increases Does Not State a Claim
Under GBL §349......................................................................................9

        (E)  The Claims Based on the August and September 2022 Overpayments
Are Time-Barred...................................................................................10

    **Point II** ..........................................................................................................10

    The Batistas Cannot Show Justifiable Reliance as Required to State a Deceit-
Based Gross Negligence Claim .............................................................................10

**Table of Contents (con'd)**

**Page**

**Point III**...................................................................................................10

To the Extent the Court Does Not Dismiss the Deceit Allegations Pursuant to Rule 12(b)(6), it Should Decline Supplemental Jurisdiction Over Them in Accordance with 28 U.S.C. §1367(c)(1) ...............................................................10

**Point IV** ...................................................................................................12

The Court Should Decline to Exercise Supplemental Jurisdiction Over the Allegations that Will Remain Following Determination of the Rule 12(b)(6) Motion...................................................................................................12

**CONCLUSION** ...............................................................................................15

## TABLE OF AUTHORITIES

**Case**                                                                                          **Page(s)**

*Aguaiza v. Vantage Properties, LLC*
   69 A.D.3d 422, 893 N.Y.S.2d 19 (1st Dept. 2010)..................................................11

*Amidax Trading Group v. S.W.I.F.T. SCRL*
   671 F.3d 140 (2d Cir. 2011)....................................................................................4

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*
   701 F.Supp.2d 340 (E.D.N.Y. 2010) .......................................................................8

*Calixto v. A. Balsamo & Rosenblatt, P.C.*
   244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) .............................................11

*Cavender v. Sutter Lakeside Hosp., Inc.*
   2005 WL 2171714 (N.D. Cal. Sept. 6, 2005) ........................................................14

*Chambers v. Time Warner, Inc.*
   282 F.3d 147 (2d Cir. 2002)....................................................................................4

*Cherensky v. New York Life Ins. Co.*
   942 F.Supp.2d 388 (S.D.N.Y. 2013)......................................................................12

*Chufen Chen v. Dunkin' Brands, Inc.*
   954 F.3d 492 (2d Cir. 2020).....................................................................................5

*Collazo v. Netherland Property Assets LLC*
   155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept. 2017)...............................................11

*Collazo v. Netherland Property Assets LLC*
   35 N.Y.3d 987, 125 N.Y.S.3d 337 (2020) .............................................................11

*Corsello v. Verizon N.Y., Inc.*
   18 N.Y.3d 777, 944 N.Y.S.2d 732 (2012) .............................................................10

*DiFolco v. MSNBC Cable L.L.C.*
   622 F.3d 104 (2d Cir. 2010).....................................................................................4

*Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*
   2018 WL 2247206 (S.D.N.Y. May 16, 2018) .......................................................12

*Eng v. Pacific Clinics*
   2013 WL 12129611 (C.D. Cal. May 17, 2013) .....................................................14

*Fathi v. Pfizer Inc.*
   2009 WL 2950876 (Sup. Ct., N.Y. Co. 2009) .........................................................9

*Figurowski v. Marbil Investors, LLC*
   2015 WL 4000500 (E.D.N.Y. July 1, 2015).........................................................14

**Table of Authorities (con'd)**

| Case | Page(s) |
|------|---------|

*Fink v. Time Warner Cable*
714 F.3d 739 (2d Cir. 2013)........................................................................5

*Heard v. MTA North Commuter R. Co.*
2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003)........................................11

*Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*
2013 WL 5460196 (E.D.N.Y. Sept. 25, 2013) .........................................13

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP*
*v. Matthew Bender & Company, Inc.*
37 N.Y.3d 169, 150 N.Y.S.3d 79 (2021) ...................................................5

*Lautman v. 2800 Coyle St. Owners Corp.*
2014 WL 2200909 (E.D.N.Y. May 23, 2014) ....................................passim

*Lorentzen v. Curtis*
18 F.Supp.2d 322 (S.D.N.Y. 1998) ...........................................................6

*Lyon v. Whisman*
45 F.3d 758 (3d Cir. 1995)........................................................................14

*Meckel v. Continental Resources Co.*
758 F.2d 811 (2d Cir. 1985)........................................................................6

*People by Latisha James v. River Valley Estates, LLC*
2025 WL 2970801 (Sup. Ct., Sullivan Co., Oct. 14, 2025)....................11

*Rotterdam Ventures, Inc. v. Ernst & Young LLP*
300 A.D.2d 963, 752 N.Y.S.2d 746 (3d Dept. 2002) .............................10

*Schuh v. Drukman & Sinel, LLP*
2008 WL 542504 (S.D.N.Y. Feb. 29, 2008).........................................7, 9

*Shearon v. Comfort Tech Mech. Co.*
2014 WL 1330751 (E.D.N.Y. Mar. 31, 2014).........................................14

*Sokolsky v. Trans Union Corp.*
53 F.Supp.2d 307 (E.D.N.Y. 1999) ...........................................................6

*Town of Oyster Bay v. Northrop Grumman System Corp.*
2010 WL 11623604 (E.D.N.Y. May 21, 2010) ........................................14

*Water Street Leasehold LLC v. Deloitte & Touche LLP*
19 A.D.3d 183, 796 N.Y.S.2d 598 (1st Dept. 2005)...............................10

**United States Code**
15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act).........passim
28 U.S.C. §1367(c) ................................................................................1, 2
28 U.S.C. §1367(c)(1)........................................................................10, 11
28 U.S.C. §1367(c)(2).........................................................................12, 14

**Table of Authorities (con'd)**

**Case** **Page(s)**

**Code of Federal Regulations**

24 C.F.R. §982.310(b) ...............................................................................3
24 C.F.R. §982.451(b)(4)(ii)......................................................................3

**Federal Rules**

Fed. R. Civ. P. 10(c) ..................................................................................4
Fed. R. Civ. P. 12(b)(1)...........................................................................1, 15
Fed. R. Civ. P. 12(b)(6).......................................................................passim
Fed. R. Evid. 406 .......................................................................................5

**New York General Business Law**

New York General Business Law §349.........................................passim
New York General Business Law §349(a) ...........................................1

Defendants 1915 Realty LLC, Yonah Roth and Binyomin Herzl ("Landlord Defendants") respectfully submit this memorandum of law in support of their motion for dismissal of part of the allegations against them pursuant to Fed. R. Civ. P. 12(b)(6) and, in accordance with Rule 12(b)(1) and 28 U.S.C. §1367(c) (1) and (2), an order declining to exercise supplemental jurisdiction over the allegations against them that remain after the Rule 12(b)(6) motion is decided.

**INTRODUCTION**

**A. Background**

Plaintiffs Damian and Sandra Batista reside at 1915 Billingsley Terrace, Bronx, New York, a building owned by 1915 Realty. The Batistas assert a claim under the Federal Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* against the Landlord Defendants' Housing Court attorneys ("Attorney Defendants"). However, the complaint does not include a federal claim against the Landlord Defendants; the Landlord Defendants are purely pendent parties. Instead, plaintiffs allege that the Landlord Defendants violated §349(a) of the General Business Law in connection with a Housing Court matter (Second Claim), and committed gross negligence (Fourth Claim). GBL §349 outlaws and provides a damages remedy for unfair, deceptive and abusive acts and business and trade practices. (Citations to case law, substantive statutes and the ECF citations to the Complaint's exhibits are hyperlinked.)

The principal GBL §349 allegations are that the Landlord Defendants issued rent bills and served rent demands and a non-payment petition that deceptively overstated the rent due—essentially the same factual allegations underlying the FDCPA claims against the Attorney Defendants. The claims of fraudulent rent collection efforts should be dismissed because the exhibits to the complaint show that plaintiffs were not misled by the allegedly overstated rent

demands. *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, \*8 (E.D.N.Y., May 23, 2014) (dismissing GBL §349 claim since "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings").

The remaining charges against the Landlord Defendants—those that do not relate to their rent collection efforts—allege misconduct in connection with administrative proceedings before New York City Housing Authority ("NYCHA"), failure to comply with rent reduction orders by the New York State Division of Housing and Community Renewal ("DHCR") and habitability violations.  These "non-Housing Court" allegations span a period of time that is lengthier and a set of transactions that is much broader than events underlying the rent collection claims against the Landlord Defendants and the FDCPA claims against the Attorney Defendants.  The Court should, as permitted under 28 U.S.C. §1367(c), decline to exercise supplemental jurisdiction over these non-Housing Court allegations since they "substantially" predominate over the FDCPA claim.  *Lautman*, *supra*, 2014 WL 2200909, *supra* (declining to exercise supplemental jurisdiction over GBL §349 claims against a landlord  based on "conduct other than in housing court" since they spanned a "substantially longer period of time" than the remaining FDCPA claims against the attorneys and involved "numerous rent bills and letters").

**B. Plaintiffs' Allegations against the Landlord Defendants**

The Batistas receive a Section 8 Housing Choice Voucher, a rent subsidy program administered by NYCHA.  Complaint (ECF 3), ¶¶ 19, 28.  1915 Realty LLC owns the building where the Batistas reside. Yonah Roth and Binyomin Herzl are alleged to manage it. *Id.,* ¶¶ 11-14.

2

Under Section 8, NYCHA — not the landlord — calculates the tenant's monthly share of the contract rent and notifies the tenant of that share in writing. 24 C.F.R. §982.310(b); Complaint **Exhibit D** [ECF 3-4] (NYCHA Tenant Share Letter addressed to Damian Batista). NYCHA pays the balance, the "Housing Assistance Payment," directly to the landlord. 24 C.F.R. § 982.451(b)(4)(ii).

### (1) The Fraudulent Rent Collection Allegations

The Batistas allege that, after they fell behind on the NYCHA-calculated tenant share, 1915 Realty served a 14-day rent demand and commenced a non-payment proceeding, *1915 Realty LLC v. Batista*, Index No. LT-310915-25/BX (Civ. Ct., Bronx Co.). Complaint ¶¶ 43-58; **Exhibit A** [ECF 3-1].  They further allege that the rent stated in the demand and petition was in excess of the legal rent, and that the rent bills demanded the full contract rent instead of just the NYCHA-calculated tenant share.  *Id.*, ¶¶ 33–42; **Exhibit C** [ECF 3-3].  The Batistas allege that this conduct deceived them and violated GBL §349.

### (2) The non-Housing Court Allegations

 The Batistas also allege wrongful conduct outside the rent collection process and the Housing Court case.  They assert that the Landlord Defendants mishandled the Housing Assistance Payments received from NYCHA (Complaint ¶¶ 49–58) and failed to comply with DHCR rent reduction orders, including a $1.00 order dated February 26, 2025 (Complaint, ¶ 35; **Exhibit G** [ECF 3-7]).  The Batistas also claim that similar conduct was directed at other Section 8 tenants at 1915 Billingsley Terrace.  Complaint, ¶¶82-98.

**ARGUMENT**

**Point I**

**The Deceit Allegations Should Be Dismissed Since the
Exhibits to the Complaint Show That Plaintiffs
Did Not Rely on the Overstated Rent Charges**

Plaintiffs' GBL §349 claims attribute six categories of rent overstatement to the Landlord

Defendants.  These are the claims that derive from the allegations at issue in the FDCPA claims

against the Attorney Defendants.  They should be dismissed pursuant to Rule 12(b)(6) since they

are refuted by the exhibits to the complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-

153 (2d Cir. 2002) ("the complaint is deemed to include any written instrument attached to it as

an exhibit"); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering

a motion . . . pursuant to Rule 12(b)(6), a district court may consider . . .  documents incorporated

by reference in the complaint.");  Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an

exhibit to a pleading is a part of the pleading[.]"); *Amidax Trading Group v. S.W.I.F.T. SCRL*,

671 F.3d 140, 146-147 (2d Cir. 2011) ("where a conclusory allegation in the complaint is

contradicted by a document attached to the complaint, the document controls and the allegation is

not accepted as true").

**(A)  The Batistas' Failure to Plausibly Allege that
they Were Misled By the Overcharges**

The Batistas allege that rent bills, (Complaint, **Exhibit C** [ECF 3-3]), the Housing

Court petition (Complaint, **Exhibit A** [ECF 3-1]) and a 14-Day Notice appended to the Housing

Court petition *(id.*, at Page 3 of 11) demanded more rent than was due from them.  Complaint, ¶¶

4

33-42, ¶¶43-48.[1]  However, those allegations do not state a claim under GBL §349 because the Batistas always knew the amount legally due from them, and were not misled by the incorrect charges stated in the rent bills, petition and 14-day notice.

Under GBL §349, "[d]eceptive acts are acts that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013)); *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.,* 37 N.Y.3d 169, 178-179, 150 N.Y.S.3d 79, 86 (2021) (dismissing complaint alleging that legal publisher misrepresented accuracy and completeness of litigation resource materials since sales contract contained publisher's express disclaimer of accuracy and completeness).

The Batistas acknowledge that the tenant's rent share is determined by NYCHA. Complaint, ¶29, ¶45. NYCHA reset the Tenant's Share—on July 1, 2021; August 1, 2022; June 1, 2023; June 1, 2024; August 1, 2024; and September 1, 2025.  *Id.*, ¶29.  While the complaint purports to attach the "Tenant Share Letter*s*" (plural), *id.*, ¶29, in fact it attaches only one, that dated August 14, 2025, setting the rent for the period September 1, 2025 forward.  Complaint, **Exhibit D** [ECF 3-4].  The August 14, 2025 letter is sent by NYCHA and addressed to Damian Batista. *Id.*

Since the complaint attaches the August 14, 2025 Tenant Share letter addressed by NYCHA to Batista, under Federal Rule of Evidence 406 it can be presumed that the letters for

---

[1]The rent bills are dated between February 6, 2024 (Complaint, **Exhibit C** [ECF 3-3], Page 9 of 9) and February 23, 2025 (*id.*, Page 1 of 9).

prior periods were likewise timely sent and received. *Meckel v. Continental Resources Co.*, 758 F.2d 811 (2d Cir. 1985) (routine office mailing practice sufficient to invoke presumption of receipt).

The complaint does *not* allege that the Batistas failed to timely receive the prior Tenant Share letters, *i.e.*, those for the periods starting July 1, 2021; August 1, 2022; June 1, 2023, June 1, 2024 and August 1, 2024.

Since the Batistas timely received the Tenant Share Letters setting the portion legally due from them, they cannot plausibly allege they were misled by overcharges stated in the rent bills, Housing Court Petition and 14-day notice. *Lautman*, *supra* (dismissing deceit allegation in a GBL §349 case since "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings"). Since plaintiffs received these communications overstating the rent well after the NYCHA Tenant Shares letters stating the actual legal rent, they were not deceived by the overstatements. *Sokolsky v. Trans Union Corp.*, 53 F.Supp.2d 307, 315 (E.D.N.Y. 1999) ("Unlike the FDCPA, Section 349 is violated, not when the 'least sophisticated consumer' would be confused, but when 'a reasonable consumer would have been misled by defendant's conduct.'" (citations omitted)); *Lorentzen v. Curtis*, 18 F.Supp.2d 322, 327 (S.D.N.Y. 1998) (dismissing RICO claims and noting with respect to certain mail fraud predicates: "Curtis does not—and cannot—assert his own reliance on the alleged misstatements contained in these letters, as he would have known of the statements' falsity immediately upon receipt of the letters and thus could not have relied upon them.")

**(B)    The Alleged Failure to Comply With Rent Reduction
          Orders and Attempts to Collect the NYCHA
          Portion Are Not Actionable Under GBL §349**

### (i) The Rent Reduction Orders

DHCR's October 24, 2024 order froze the total contract rent at $2,051.28 effective March 1, 2024 (Complaint, **Exhibit Q** [ECF 3-17], ¶7). The tenant share is set by NYCHA, not DHCR. It was $1,038 from June 2023 through May 2024, $1,076 in June–July 2024, $892 from August 2024 through August 2025, and $707 from September 1, 2025 forward (Complaint, **Exhibit Q** [ECF 3-17], ¶5, ¶¶9-11; Exhibit D [ECF 3-4]).  The Batistas obtained the DHCR orders, obviously knew about them, and moved in Housing Court to enforce both the DHCR and NYCHA rent determinations.   Complaint, **Exhibit G** [ECF 3-7], **Exhibit H** [ECF 3-8], and **Exhibit U** [ECF 3-21]; *see also* Complaint, ¶ 35.  Since at all relevant times the Batistas knew both the rent determined by DHCR and their rent share, as determined by NYCHA, they were not deceived.

 In similar circumstances, *Schuh v. Drukman & Sinel, LLP.*, 2008 WL 542504, *10 (S.D.N.Y., Feb. 29, 2008), in granting a mortgage lender's motion to dismiss the borrower's RICO claims, held:

> [T]he complaint does not allege any facts that suggest (let alone "plausibly" suggest) that the plaintiffs actually "believed and justifiably relied" on any statements made by the defendants with respect to the amounts required to pay off their mortgage or on any other statements alleged by plaintiffs to have been false. To the contrary, *the pleadings and the state court papers reflect that the plaintiffs repeatedly questioned or denied the amounts that the defendants asserted were required to be paid and other statements that had been made by the defendants.*

*Id.*, at *10 (emphasis added.)

**(ii) Attempts to Collect the Portions that NYCHA Failed to Pay**

The Batistas allege that the Landlord Defendants tried to collect from them the portion of the rent NYCHA had stopped paying.  Complaint ¶¶ 49-51,  ¶¶ 53–54.  However, the Batistas knew that NYCHA had stopped paying, asserted as much and refused to pay the NYCHA share. **Exhibit M** [ECF 3-13] (Batista's Feb. 5, 2024 letter to 1915 Realty requesting that it call NYCHA to request that voucher payments resume), **Exhibit N** [ECF 3-14]) (Feb. 10, 2024 letter to NYCHA requesting restoration of voucher payments), and **Exhibit O** [ECF 3-15] (Batista's Apr. 23, 2024 hand written letter to 1915 Realty stating that he was paying the tenants' share and it was 1915 Realty's responsibility to call NYCHA and restart the voucher payments). *See also:* Complaint ¶47, ¶57.

**(C)  The Landlord Defendants' Overstatement of Arrears and Efforts in Housing Court to Enforce  Overstated Rent Demands Are Not Actionable Under GBL §349**

The Batistas allege that the Landlord Defendants attempted to collect overstated rent and arrears during the Housing Court proceeding. Complaint ¶¶ 66–67, 69–70, 73, 75.

First, as a matter of law, misrepresentations within civil litigation are not sufficient to state a claim under §349. *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F.Supp.2d 340, 355 (E.D.N.Y.2010) (adopting Magistrate's opinion that allegedly false misrepresentations made within civil litigation are not sufficient to state a claim under §349); *Lautman*, *supra* (misleading the Housing Court was not consumer-oriented conduct).

Second, Batistas were not misled by the Landlord Defendants' Housing Court pleadings. To the contrary, the Batistas were disputing the Landlord Defendants' rent claims.

Damian Batista's Housing Court affirmation states he "communicated with my landlord

8

multiple times to explain that my rent ledger included more than my share of the rent, and I was not responsible for paying that rent." Complaint, **Exhibit Q** [ECF 3-17], ¶13; Complaint, ¶67. The Batistas' lawyer emails of September 23 and October 1, 2025 on the Batistas' behalf (Complaint **Exhibits R** [ECF 3-18] and **T** [ECF 3-20]) demanded dismissal and attached the bank records, DHCR orders and NYCHA letters. Complaint, ¶¶69-70.  On October 21, 2025, in the Housing Case, the Batistas filed a motion to enforce the NYCHA determination and the DHCR rent reduction orders.  Complaint, **Exhibit U** [ECF 3-21].  The Batistas' lawyers disputed the rent claims in emails to Landlord Defendants on December 12, 2025 (Complaint, **Exhibit W** [ECF 3-23]) and February 3, 2026 (Complaint, **Exhibit Y** [ECF 3-25]); *see also* Complaint, ¶71. *Schuh*, *supra* (plaintiffs were not misled since "the pleadings and the state court papers reflect that the plaintiffs repeatedly questioned or denied the amounts that the defendants asserted").

**(D)  The Allegation that the Landlord Defendants Did Not  Submit Certifications to NYCHA Before Rent Increases  Does Not State a Claim Under GBL §349**

Plaintiffs allege that the Landlord Defendants did not submit required certifications to NYCHA before raising rent.  Complaint, ¶59.   For example, where pharmaceutical manufacturers are required to disclose safety information to physicians, rather than patients, under the learned intermediary doctrine, GBL §349 is inapplicable since "there is . . . no consumer directed conduct[,]" *Fathi v. Pfizer Inc.*, 2009 WL 2950876, *2 n.4 (Sup. Ct., New York Co.); *Lautman*, *supra* ("To the extent [plaintiff's] argument is that defendants misled the Housing Court, that argument must fail because it does not show consumer-oriented deception.")

9

**(E) The Claims Based on the August and September
    2022 Overpayments Are Time-Barred**

The statute of limitations for GBL §349 claims is three years. Any claims based on the

August and September 2022 overpayments expired nine and eight months ago. The limitations

period for §349 is three years and commences upon injury, and there is no discovery rule.

*Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 739-740 (2012).

**Point II**

**The Batistas Cannot Show Justifiable
Reliance as Required to State a
Deceit-Based Gross Negligence Claim**

Since the Batistas were not misled by the rent overcharges, they cannot state a gross

negligence claim based on these facts. *Rotterdam Ventures, Inc. v. Ernst & Young LLP*, 300

A.D.2d 963, 965, 752 N.Y.S.2d 746, 748 (3d Dept. 2002) (when a plaintiff pleads gross

negligence based on deceptive conduct, the claim "sound[s] in fraud" and must satisfy all fraud

elements including justifiable reliance); *Water Street Leasehold LLC v. Deloitte & Touche LLP*,

19 A.D.3d 183, 185-186, 796 N.Y.S.2d 598, 600 (1st Dept. 2005) (even if a separate gross

negligence cause of action exists, "inability to demonstrate detrimental reliance" required

dismissal).

**Point III**

**To the Extent the Court Does Not Dismiss the Deceit
Allegations Pursuant to Rule 12(b)(6), it Should
Decline Supplemental Jurisdiction Over Them
in Accordance with 28 U.S.C. §1367(c)(1)**

28 U.S.C. §1367(c)(1) permits the Court to decline supplemental jurisdiction where the

state court claim "raises a novel or complex issue of State law[.]"

10

The First Department has held on at least two occasions that GBL §349 does not apply to "private disputes between landlords and tenants." *Aguaiza v. Vantage Properties, LLC*, 69 A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dept. 2010).   In *Collazo v. Netherland Property Assets LLC*, 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept.  2017), the First Department adhered to *Aguaiza*.  In *Collazo*, the Court of Appeals affirmed the dismissal of the §349 claim on different grounds in a decision that "assume[d] without deciding" that "a claim may lie under General Business Law §349 based upon a landlord's alleged misrepresentation *to the public* that an apartment was exempt from rent regulation[.]" *Collazo v. Netherland Property Assets LLC*  35 N.Y.3d 987, 991, 125 N.Y.S.3d 337, 339 (2020) (Emphasis added.)  The First Department approach has been applied in the trial Courts. *People by Latisha James v. River Valley Estates, LLC*, 2025 WL 2970801,*14 (Sup. Ct., Sullivan Co., Oct. 14, 2025) ("[Since petitioners do not allege that respondents' conduct was aimed at any persons with whom respondents did not already have a contractual relationship, . . . petitioner has not sufficiently met the first prong of proof required to maintain its action pursuant to Section 349[.]")

By contrast, the Second Department holds that allegations that a landlord sued for "more than the amount owed and misrepresent[ed] the amount owed to the court" states a claim under GBL §349.  *Calixto v. A. Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674, 677, 246 N.Y.S.3d 446, 450 (2d Dept. 2025).

If the deceit allegations are not dismissed under Rule 12(b)(6), *see* Point I, *supra*, the Court should decline supplemental jurisdiction under §1367(c)(1) since the conflict between the First and Second Departments should be resolved in the state courts.  *Heard v. MTA North Commuter R. Co.*, 2003 WL 22176008*, *5 (S.D.N.Y., Sept. 22, 2003) (declining supplemental

11

jurisdiction based on "the dispute among state courts over the proper standard for individual liability under the New York State Human Rights Law"); *Cherensky v. New York Life Ins. Co.*, 942 F.Supp.2d 388, 395 (S.D.N.Y., Mar. 11, 2013) ("comity is especially implicated when state law has not been definitively interpreted by the state courts").

**Point IV**

**The Court Should Decline to Exercise
Supplemental Jurisdiction Over the
Allegations that Will Remain Following
Determination of the Rule 12(b)(6) Motion**

"[T]he facts material to the GBL [§349] claim are indeed much broader in scope than those that support the FDCPA claim. The threshold issue to be determined in the GBL claim is whether the conduct at issue is 'consumer oriented.'" *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*, 2018 WL 2247206, *8 (S.D.N.Y., May 16, 2018). Because of the additional evidence needed regarding business practices at large for a GBL §349 claim, "[r]esolution of the FDCPA claim . . . would not decide the GBL claim." *Id.* at *10.

In *Lautman*, *supra*, the Court first granted the landlord a Rule 12(b)(6) dismissal of deceit-based GBL §349 allegations arising from the housing court case at issue in the FDCPA claims against his lawyers. *Lautman* then declined under §1367(c)(2) to assume supplemental jurisdiction of the remaining GBL §349 allegation since they "substantially predominated over" the FDCPA claims. *Lautman* reasoned:

> An evaluation of plaintiff's [non-housing court] section 349 claims would require the court to examine the conduct of the defendants against whom the federal claims have been dismissed spanning a substantially longer period of time and involving numerous rent bills and letters sent by those defendants as well as their alleged actions subsequent to the voluntary dismissal of the relevant Housing Court proceeding.

12

*Id.*

In *Lautman* the Court declined to exercise jurisdiction over the surviving claims, even though those claims, like the FDCPA claims against the lawyers, involved rent overcharges. In this case, the §349 claims that will remain if the Rule 12(b)(6) motion is granted alleged:

●Failure to submit certifications to NYCHA before raising the rent. Complaint, ¶59.

●Failure to maintain the apartment to NYCHA Housing Quality Standards, which can trigger subsidy suspension. Complaint, ¶¶ 23–27.

●A partial collapse of the building and a vacate order.  Complaint, ¶34-¶37 and ¶ 49.

●Allegations the Landlord Defendants knew NYCHA had suspended the voucher payments, but did not call to restart them. Complaint, ¶¶ 50–52.

- and -

●Overcharges in connection with other Section 8 tenants. Complaint, ¶¶77-98.

These allegations are even more complex and involve even a broader assemblage of events than those the Court declined to exercise supplemental jurisdiction over in *Lautman*. The broader claims in this case relate to City and State administrative proceedings, rather than the Housing Court; and habitability issues.

In these circumstances, the federal courts routinely decline to exercise supplemental jurisdiction, as in *Lautman*.  For example, in *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 2013 WL 5460196, *6 (E.D.N.Y. Sept. 25, 2013), the magistrate's report recommended that the Court decline supplemental jurisdiction over claims alleging violation of State and NYC age discrimination statutes.  The report reasoned that the age discrimination

13

claims "require significantly more proof and resolution of much broader issues" than the federal Fair Labor Standards Act claim to which they were appended.  *Id.*, at 6.  The District Court confirmed the report, holding that though "a reduction of Plaintiff's hours in comparison to younger employees," was relevant to the state law age discrimination claims it was not sufficient to establish them.  *Id.* at 6.  *Accord:  Figurowski v. Marbil Investors, LLC*, 2015 WL 4000500, *3-*4 & n.3 (E.D.N.Y., July 1, 2015).  *See also: Shearon v. Comfort Tech Mech. Co.*, 2014 WL 1330751, *3 (E.D.N.Y.  Mar. 31, 2014) ("bare link" that both FLSA claim and state law disability discrimination claims arose out of plaintiff's employment "does not establish supplemental jurisdiction"); *Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995) (declining supplemental jurisdiction over breach of contract claim concerning promised bonus since relevant facts were "quite distinct" from the FLSA allegations).

The outcome should be the same if the allegations remaining following the Rule 12(b)(6) determination are viewed as a gross negligence claim, rather than one under §349. *Town of Oyster Bay v. Northrop Grumman System Corp.*, 2010 WL 11623604*, *3 (E.D.N.Y., May 21, 2010) (declining supplemental jurisdiction under §1367(c)(2) since the "state claims for negligence, ultra-hazardous and/or abnormally dangerous activities, unjust enrichment and contribution differ in proof and scope in comparison to defendants' CERCLA claims"); *Eng v. Pacific Clinics,* 2013 WL 12129611, *6 (C.D. Cal., May 17, 2013) (declining supplemental jurisdiction under §1367(c)(2) since, compared to the §1983 allegations, "the state law claims raise a much wider scope of issues, including negligence"); *Cavender v. Sutter Lakeside Hosp., Inc.*, 2005 WL 2171714, *6 (N.D. Cal, Sept. 6, 2005) (declining supplemental jurisdiction over a  negligence claim involving an entire course of treatment as "significantly

14

broader than" the Emergency Medical Treatment and Labor Act claim that was based

"exclusively on events that occurred in the early hours of August 1, 2003").

## CONCLUSION

For the foregoing reasons, the Second and Fourth Claims should be dismissed pursuant

to Rule 12(b)(6) and the Court should decline to exercise supplemental jurisdiction over any

claims or allegations that are not dismissed under Rule 12(b)(6) and instead dismiss them

under Rule 12(b)(1).

Dated:  New York, New York        Berry Law PLLC
       May 22, 2026              /s/Eric W. Berry

                         By: _____

                             Eric W. Berry [NY2069524]
*Attorney for plaintiffs 1915 Realty LLC,*
  *Yonah Roth and Binyomin Herzl*
745 Fifth Avenue, 5th Floor
New York, New York   10151
(212) 355-0777

15