UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------x
DIEDRE WILLIAMS, et al.,

          Plaintiffs,

    -against-

NEW YORK CITY HOUSING
AUTHORITY, et al.,

         Defendants.
-----------------------------------x

81 Civ. 1801
(R.J.W.)

SECOND PARTIAL
CONSENT JUDGMENT

Upon the consent of the undersigned parties by their attorneys,

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

1.     The provisions of this Consent Judgment supersede ¶¶ 1 through 7 of the Stipulation and Order dated June 9, 1982, governing the New York City Housing Authority's ("the Authority") role in eviction proceedings brought by private landlords participating in the Section 8 program administered by the Authority against Section 8 tenants.

## Class Certification

2.     By Order of this Court, entered April 27, 1994, this action has been certified as a plaintiff and defendant class action pursuant to Fed. R. Civ. P. 23(b)(1) and 23(b)(2). The plaintiff class is comprised of all families who are or will be assisted under the Section 8 Existing Housing or Voucher program administered by the Authority. The defendant class is comprised of all property owners or managers who do or will participate as landlords in the Section 8 Existing Housing Certificate or Voucher program administered by the Authority. The defendant class representatives are Mr. Alan Fein and Mr. Victor Fein (serving as a single entity), Elizabeth Cullen, Esq., Joseph J. Sbiroli, Esq., Mr. Martin R. Goldin, Mr. Joseph St.Rose, Ms. Harley Brooke-Hitching, Mr. Maxwell Stein, and Mr. Daran E. Porter. Neither plaintiff nor defendant class members may "opt out" of their respective classes.

## Good Cause for Eviction

3.     Eviction proceedings brought against tenants in the Section 8 Existing Housing Certificate or Voucher program administered by the Authority must

comply with 42 U.S.C. § 1437f, all applicable federal regulations, and the procedures and provisions herein.

4.    Good cause for eviction is a necessary element in all eviction proceedings, including proceedings brought after the Section 8 lease and Housing Assistance Payments ("HAP") or Housing Voucher contract terminate or expire, where the grounds for eviction arose while the lease and contract were in effect or where such grounds for eviction relate to the Section 8 tenancy.

### Old-Form Leases and Contracts

5.    For tenants whose current leases, or the HAP contracts providing Section 8 assistance on their behalf, were entered into before October 1, 1981, or contain language providing that the Authority shall have the sole right to give the notice to vacate, the Authority shall have the sole right to give a notice to vacate, with the landlord having the right to make representation to the Authority of good cause existing for termination of the tenancy. The Authority may not issue a notice to vacate unless there exists good cause for termination of the tenancy. Said notice to vacate shall be issued in compliance with the provisions of this Consent Judgment regarding eviction procedures.

### Notice and Certification Procedure

6.    For all other Section 8 tenants:

a.    The landlord may bring eviction proceedings, based on the following grounds, only after having complied with the procedures set forth in ¶¶ 7-16 of this Consent Judgment regarding the certification of the basis for eviction (hereafter, "the certification procedure"):

(1) non-payment of rent; or

(2) grounds which arise out of or are related to the termination or suspension of the Section 8 subsidy, or the actual or alleged termination of the HAP contract, except where the tenant has been offered the opportunity for an administrative hearing pursuant to the 1984 Consent Judgment in this action.

The Authority shall require compliance with the certification procedure.

- 2 -

b. With regard to eviction proceedings to which the certification procedure does not apply, the landlord shall:

(1) mail or deliver to the Authority a copy of such notice as any applicable provision of law may require it to serve upon the tenant as a prerequisite to commencement of an eviction proceeding and afford the Authority no less prior notice of the commencement of said proceeding than the landlord is required to afford the tenant under applicable law; and

(2) upon commencement of the proceeding, serve a copy of the Notice of Petition and Petition on the Authority or send a copy of said documents to the Authority by overnight mail.

7. Where certification of the basis for eviction is required, the landlord shall notify the tenant and the Authority of its intention to commence an eviction proceeding against a Section 8 tenant at least twenty-five (25) days prior to commencement of the proceeding, subject to the provisions of ¶ 15 of this Consent Judgment. If notice to the Authority is provided by mail, five additional days shall be allowed for mailing. Notification shall be given by delivering or mailing to the tenant and the Authority a completed Certification of Basis for Eviction Proceeding, copies of which are attached to this Consent Judgment as Exhibits A and B. If the landlord delivers the Certification to the Authority by hand, the Authority shall provide a receipt acknowledging delivery. The tenant shall have ten (10) days from the date the Certification is mailed or delivered to respond to it orally or in writing to the Authority. The Certification shall be executed by someone with personal knowledge of the relevant facts, which may be based on the landlord's books and records. The Certification shall include, at a minimum:

a. factual allegations with sufficient specificity to enable the tenant to prepare a response or defense;

b. for proposed non-payment proceedings, the total amount of rent owed and an accurate breakdown of the source of the arrearage, indicating the total amount claimed from the Authority, if any, for each month at

- 3 -

issue, and the total amount claimed from the tenant for each month at issue; and

c.    a certification that the landlord will not commence a nonpayment proceeding against a Section 8 tenant for the housing assistance payment ("subsidy portion of the rent").

The copy of the form delivered or mailed to the Authority shall also include proof that a copy of the Certification was delivered or mailed to the tenant.

8.    The Authority shall examine each certification and shall object to the Certification where:

a.    The landlord fails to state specific factual allegations regarding the basis for the eviction proceeding;

b.    The stated facts, if proved, would fail to set forth good cause to evict;

c.    The proposed nonpayment proceeding seeks to recover from the tenant more than the share of rent for which the tenant is responsible; or

d.    The landlord has failed to comply with Section 8 procedures applicable to the tenant and unit at issue in the eviction proceeding, including those set forth in this Consent Judgment; or

e.    The landlord is seeking to withdraw the tenant's unit from the Section 8 program, where such withdrawal would violate any provision of federal, state or local law.

The Authority shall state the grounds for objection with specificity.

9.    Within twenty (20) days from the date of receipt of the landlord's notice, the Authority shall determine whether it accepts or objects to the Certification. The Authority's determination must be communicated to the landlord and tenant in writing and may not be communicated orally. The Authority shall communicate its determination by completing the lower portion of the Certification form submitted by the landlord (Exhibit B), entitled "New York City Housing Authority's Reply to Notice of Intention to Commence Eviction Proceedings," and providing a copy of the completed form to the landlord and another copy to the tenant. The Authority's

- 4 -

determination to accept or object to the Certification shall not be collateral estoppel or *res judicata* on any legal or factual issue.

## Commencement of Eviction Proceedings

10.    A Section 8 landlord shall not maintain against a Section 8 tenant:

a.    A proceeding that seeks a judgment against the tenant for the subsidy portion of the rent; or

b.    A proceeding based on grounds different from those set forth in the landlord's Certification.

11.    Where the Authority accepts the landlord's Certification, the landlord may commence an eviction proceeding against the tenant in accordance with the procedures set forth below.

12.    Where (a) the Authority objects to the landlord's Certification; (b) the landlord seeks to recover from the Authority an amount in excess of the tenant's share of the rent; or (c) the landlord has certified grounds for a hold-over proceeding, and the landlord commences an eviction proceeding against the tenant, the landlord shall name and serve the Authority as a necessary party and shall commence a single proceeding against the tenant and the Authority. The failure to name and serve the Authority as a party shall require dismissal of the proceeding without prejudice. In a nonpayment proceeding brought pursuant to this paragraph in which the Authority is named and served as a necessary party, the landlord shall state the total amount claimed from the Authority and the amount claimed for each month at issue, and the total amount claimed from the tenant and the amount claimed for each month at issue. A landlord shall not commence an eviction proceeding when the sole ground for the proceeding is nonpayment by the Authority of the subsidy portion of the rent.

13.    Where the landlord has complied with ¶ 6 of this Consent Judgment, but the Authority fails to respond to the landlord's Certification within twenty-five (25) days after in-hand delivery of the Certification by the landlord on the Authority, or thirty (30) days where the Certification is mailed to the Authority, the landlord may commence an eviction proceeding against the tenant, in accordance with the requirements of this Consent Judgment. The landlord shall serve a copy of the Notice of Petition and Petition and all attachments on the Authority or send a copy of said

- 5 -

documents to the Authority by overnight mail. The Authority shall, within 48 hours of receipt of said documents, respond in writing to the Certification in the manner set forth in ¶ 8 above. Where the Authority's response is to object to the Certification, the Authority shall move expeditiously to intervene in the eviction proceeding and, if judgment has already been entered against the tenant, move to vacate the judgment.

14.    Where, in violation of the requirements of this Consent Judgment, the landlord commences an eviction proceeding (a) based solely on nonpayment, in whole or in part, of the subsidy portion of the rent; (b) based on grounds different from those set forth in the landlord's Certification; or (c) after having failed to notify the Authority of its intention to commence an eviction proceeding or having done so untimely, the Authority shall be a necessary party to the proceeding. The failure to join the Authority as a party shall require dismissal of the proceeding, without prejudice.

15.    Where certification of the basis for eviction is required by this Consent Judgment, a Section 8 landlord may not commence an eviction proceeding earlier than twenty-five (25) days after in-hand delivery of the Certification by the landlord on the Authority, or earlier than thirty (30) days where the Certification is mailed to the Authority. However, the landlord may commence the eviction proceeding before the twenty-five or thirty day period has elapsed, where the landlord has already received the Authority's response. If the Authority is a necessary party, the landlord shall serve the Authority, in a manner prescribed by law, with a copy of the Notice of Petition and Petition, including all attachments, within twenty-four (24) hours of service of the Notice of Petition and Petition on the tenant(s).

16.    Where certification of the basis for eviction is required by this Consent Judgment, a Section 8 landlord who commences an eviction proceeding shall include in the petition the following statements, and the Authority shall require such statements as a condition of participating in the Section 8 program:

a.    That the Authority and the tenant have been given notice of the landlord's intention to commence the eviction proceeding;

b.    The reason for eviction given by the landlord to the Authority;

- 6 -

c.    That the Authority either accepted or objected to the Certification, or failed to respond within the applicable period of time set forth in ¶ 15 of this Consent Judgment; and

d.    That the landlord does not seek to recover from the tenant the subsidy portion of the rent.

The landlord may satisfy the requirements of this paragraph by attaching to the Notice of Petition and Petition a copy of the notice served on the tenant, with proof of service; a copy of the notice delivered to the Authority, with proof of service; and a copy of the Authority's reply.

17.    Where the Authority learns that any landlord has commenced or proposed to commence eviction proceedings against a Section 8 tenant in violation of the procedures set forth in this Consent Judgment, the Authority will notify such landlord, the tenant, and the Housing Court, in writing, that the landlord is proceeding improperly, and, for that purpose, shall employ a form appended to this Consent Judgment as Exhibit C. If the landlord has already commenced such a proceeding, the Authority shall advise the tenant to answer the petition or, where judgment has already been entered, advise the tenant to move to vacate the judgment. The Authority shall notify plaintiffs' counsel and join in any motion to vacate the judgment. Whenever counsel for plaintiffs learns that a landlord is attempting to evict a Section 8 tenant in violation of this Consent Judgment, counsel will forward such information to the Authority's Leased Housing Department in writing. The Leased Housing Department will respond, in writing, to any such written communications, as well as to similar written inquiries by landlords, tenants, or tenant representatives concerning individual cases. If a tenant or tenant's representative makes such an inquiry, the Authority will mail a copy of its response to the landlord.

18.    The Authority shall promptly notify all landlords in its Section 8 Existing Housing Program, in writing, of the provisions of this Consent Judgment, and of the relevant responsibilities of the landlords and the Authority. A copy of the notice, which shall be in English and Spanish, is attached to this Consent Judgment as Exhibit D. The Authority shall also include a copy of the notice in the briefing packet for each new Section 8 tenant and provide each new Section 8 landlord with a

- 7 -

copy of the notice. The Authority shall also provide a copy of that notice to the Administrative Judge of the New York City Civil Court (the "Administrative Judge"). The parties shall meet with the Administrative Judge to establish procedures for the expeditious processing and filing by the Housing Court of notices to the Court.

### Special Provision Regarding Rent Determinations

19.    If, prior to commencement of an eviction proceeding based on non-payment of the tenant's Section 8 share of rent, the tenant requested that the Authority (a) recalculate the tenant's rent share at issue in that eviction proceeding, or (b) conduct a conference or hearing to challenge the rent determination, then the provisions of this paragraph shall apply:

a.    In the letter accepting the landlord's Certification, the Authority will advise the landlord and tenant of its intention to partici-pate in the proceeding and request that the landlord advise the Authority of the index number, date, time and location of the Housing Court hearing.

b.    Where the tenant has requested a hearing to challenge a rent determination, the letter responding to the Certification will state that the rent hearing is being expedited. Notwithstanding ¶ 20(b), infra, where a rent hearing is expedited pursuant to this paragraph, the Authori-ty shall give the tenant no less than five days' advance notice of the date fixed for the hearing. The Authority shall conduct the expedited rent hearing and the hearing officer shall render a decision within 30 days following the acceptance of the Certification. The Authority shall join in any request to the Court for an adjournment of the eviction proceeding pending completion of the rent determination hearing.

c.    If the Authority is advised of the date, time and location of the court hearing and the index number of the proceeding, the Authority will participate in the eviction proceeding as a witness or as a party on motion of the landlord or tenant or at the request of the court, with regard to the determination of the tenant's share of rent.

d.    In the course of any eviction proceeding in which the Authority appears pursuant to this paragraph, the Authority shall provide

- 8 -

the court with such information as the court may require to determine whether the rent at issue was properly computed. Documents presented to the Authority in court shall be accepted by the Authority's representative and shall thereupon become part of the tenant's file.

e. Until such time as the Authority renders a final decision in a rent determination hearing, the court may set the tenant's share of rent covering the months specifically at issue in the eviction proceeding. The tenant shall be liable for this share of rent, subject to any abatement or defenses adjudicated by the court, until the tenant's share of rent is subsequently redetermined in an annual or interim income review or as the result of a rent determination hearing. A copy of the court order establishing the tenant's share of rent shall be made part of the Authority's file.

f. If the Authority renders a final decision in a rent determination hearing before the court renders a decision regarding the tenant's share of rent, the Authority's resolution and decision shall be binding on the landlord and tenant. The Authority shall provide the judge before whom the proceeding is being heard with a copy of the rent determination hearing decision.

g. In the event the tenant defaults in appearing at an eviction proceeding covered by this paragraph, if the tenant wishes the Authority to be present at the hearing of an application to the court to reopen that default, he or she shall advise the Authority of the date, time and location of the hearing of that application.

h. Nothing in this paragraph creates a requirement of exhaustion of administrative remedies.

20. Where the Authority makes a determination regarding the amount of a tenant's share of rent, subject to the reservations set forth in ¶ 23, *infra*, the Authority shall:

a. Employ a form of notice that sets forth the calculations used in arriving at the tenant's rent. The notice shall include, at a minimum:

- 9 -

(1)    for a tenant in the rental certificate program: the tenant's projected gross income, including the source(s) of income; projected annual deductions from income; projected annual net income; the tenant's monthly share of rent; the basis for the tenant's monthly share of rent; the utility allowance; the tenant's previous share of rent and the amount of any change in the tenant's share of rent;

(2)    for a tenant in the rental voucher program: the tenant's projected gross income, including the source(s) of income; projected annual deductions from income; projected annual net income; the Authority's monthly subsidy; the basis for the monthly subsidy; the previous monthly subsidy and the amount of any change in subsidy.

A sample notice for the rental certificate program is appended to this Consent Judgment as Exhibit E. For the rental voucher program, the notice will be virtually identical to that employed in the rental certificate program, and will differ only to the extent necessary to address the computational differences between the rental voucher and rental certificate programs; and

b.    Follow procedures consistent with those set forth in the 1984 Consent Judgment in this action.

### Effect on Other Issues or Proceedings

21.    The provisions of this Consent Judgment shall be Section 8 program requirements of the Authority. Landlords shall cooperate by supplying to the Authority on request information and documents necessary for the enforcement of this Consent Judgment.

22.    Nothing in this Consent Judgment supersedes any other obligation imposed on a landlord by federal, state or local law. The notification required by ¶ 7 of this Consent Judgment may be served prior to, or together with, other notices required by federal, state or local law as conditions precedent to commencement of summary proceedings.

23.    This Consent Judgment resolves all outstanding issues in this litigation with the exception of:

a.    the issue of whether the Authority may properly adjust the rental subsidy to $0 prior to a final determination after the hearing;

b.    unresolved claims for damages by individual named plaintiffs against the Authority and/or the named defendant landlords; and

c.    claim(s) for attorney's fees and costs against any party, except that this Consent Judgment resolves any claims for attorney's fees and costs against the defendant class, or members of the defendant class who are not named parties to this action, which accrued on or before the date of entry of this Consent Judgment.

24.    During the three years following the date of the entry of this Consent Judgment:

a.    For the period ending June 30, 1995, and for each subsequent six-month period through December 31, 1997, the Authority shall provide to counsel for plaintiffs a report containing the following information:

(1)    the number of cases, and the tenant's name, the court, and index number for each summary hold-over proceeding where the landlord accorded the Authority notice of commencement of the proceeding, but did not certify the grounds for eviction, pursuant to ¶ 6(b) of this Consent Judgment;

(2)    the number of cases, and the tenant's name, court, and index number for each summary proceeding in which the Authority, pursuant to ¶¶ 12, 13, 14 or 17 of this Consent Judgment, (a) objected to a landlord's Certification; (b) failed to respond in a timely manner to the landlord's Certification; (c) was joined as a necessary party; (d) moved to intervene or to vacate a judgment; or (e) issued the letter described in this Consent Judgment as Exhibit C;

(3)    the number of Certifications received where there has been a prior request by the tenant for a rent redetermination;

- 11 -

(4)    the number of such tenancies in which the request for a rent redetermination was resolved by a conference in the Authority's Leased Housing Department;

(5)    with respect to all rent determination hearings conducted during the reporting period:

(a)    the number of such hearings;

(b)    the name and address of each tenant for whom a rent determination hearing was conducted;

(6)    the number of such hearings that were ordered expedited pursuant to ¶ 19(a)(2) of this Consent Judgment;

(7)    with respect to those tenancies reported in ¶ 24(a)(2) of this Consent Judgment, the number of such cases where the Authority was advised of the date, time and location of the Housing Court hearing (i) by the tenant only; (ii) by the landlord only and (iii) by both the landlord and tenant;

(8)    for each tenancy in which the Authority is advised of the pendency of a summary proceeding in which it is required to appear pursuant to ¶ 19 of this Consent Judgment, the tenant's name, and the court and index number of the summary proceeding.

When the Authority provides each report to counsel for plaintiffs required by this ¶ 24(a), the Authority shall also provide to counsel for the defendant-landlords a report containing the number of cases, by category, reported in accordance with ¶¶ 24(a)(1) - (a)(8), above.

b.    Counsel for plaintiffs shall be provided access to Authority documents, as follows:

(1)    with each annual report:

(a)    for each tenancy reported in ¶ 24(a)(3) of this Consent Judgment, each written response from a landlord advising the Authority of the date, time, location and index number of the Housing Court hearing;

- 12 -

(b)    a copy of each rent change notice (Exhibit E) issued to each tenant identified pursuant to ¶ 24(a)(5)(b) of this Consent Judgment.

(2)    upon request by counsel for plaintiffs, the Authority shall make available for inspection and copying the file of each tenant identified pursuant to ¶ 24(a) of this Consent Judgment.

c.    Counsel for plaintiffs and the representatives of the class of defendant landlords shall each designate a single office to receive reports required by this paragraph.

d.    All identifying information, such as names, addresses and Social Security numbers, provided to counsel regarding any tenant identified pursuant to this paragraph shall remain confidential, and shall not be used or divulged by counsel for any purpose outside this action, without either the tenant's express, written consent, or, upon notice to the Authority and, if possible, the tenant, pursuant to court order.

e.    The provisions of this paragraph shall not diminish any right of access to Authority documents which any person may possess under State law or under the 1984 Consent Judgment herein.

DATED:    New York, New York
          February 2, 1995

JEFFREY SCHANBACK, ESQ.
General Counsel
New York City Housing Authority
75 Park Place
New York, New York 10007
(212) 776-5145

RAPHAEL SAMUEL, of Counsel
MARK WALTER, of Counsel
Attorney for defendants
New York City Housing Authority
et. al.

By _____
        Raphael Samuel (RS-6502)

THE LEGAL AID SOCIETY
    Civil Appeals & Law Reform
    Unit
        11 Park Place, 18th Floor
        New York, New York 10007
        Tel: (212) 406-0745
        SCOTT A. ROSENBERG, Of Counsel

    Bronx Neighborhood Office
MARSHALL GREEN, ESQ.
    Attorney-In-Charge,
        953 Southern Blvd.
        Bronx, New York 10459
    Tel: (212) 991-4600
        DAVID H. MITCHELL, Of Counsel

- 13 -

GUTMAN, MINTZ, BAKER &
SONNENFELDT, P.C.
813 Jericho Turnpike
New Hyde Park, New York 11040
Tel: (516) 775-7007
Attorneys for Defendant
River Park Associates

By /Neil D. Sonnenfeldt (by Gl Hand)/
    Neil D. Sonnenfeldt
    (NS-5287)

THE DEFENDANT CLASS
OF PARTICIPATING LANDLORDS
IN THE SECTION 8
EXISTING HOUSING PROGRAM

Mr. Alan Fein
Mr. Victor Fein
Liaisons for the
Defendant Class Representatives
3000 Bronx Park East
Bronx, New York 10467
Tel: (718) 798-4900

By Alan Fein (by right Hand)/
    Alan Fein

SO ORDERED:

Brooklyn Office for the Aging
    MARTIN PRICE, ESQ.
Attorney-In-Charge
1685 East 15th Street
    Brooklyn, New York 11229
Tel: (718) 645-3111

BROOKLYN LEGAL SERVICES CORP.
South Brooklyn Office
    JOHN C. GRAY, JR., ESQ.
105 Court Street
    Brooklyn, New York 11201
    Tel: (718) 237-5500
RAUN J. RASMUSSEN,
of Counsel

Attorneys for Plaintiff and
Plaintiff-Intervenors

By /Scott A. Rosenberg/
    Scott A. Rosenberg (SR-5579)

---

U. S. D. J.

- 14 -

EXHIBIT :

## CERTIFICATION OF BASIS FOR EVICTION PROCEEDING AGAINST TENANT PARTICIPATING IN THE SECTION 8 EXISTING HOUSING PROGRAM

Date _____

TO: [Tenant]

I.  The undersigned landlord intends to commence an eviction proceeding against you on the following grounds and certifies that the grounds constitute a lawful basis for eviction of a tenant-participant in the Section 8 program.

☐   Non-payment of the tenant's share of rent, at $_____ per month, for the months of _____, for a total of    $_____.

Explanation and itemization of rent demand (if necessary):

☐   Holdover proceeding based on termination or suspension of Section 8 assistance, as follows:

II.  (FILL OUT THIS SECTION ONLY IF YOU HAVE A CLAIM AGAINST THE TENANT FOR THE TENANT'S SHARE OF THE RENT AND IF YOU ALSO INTEND TO SUE THE AUTHORITY FOR THE SUBSIDY PORTION OF THE CONTRACT RENT.)  The undersigned intends to include in the eviction proceeding a claim against the Housing Authority for non-payment of the subsidy portion of the contract rent, at $_____ per month, for the months of _____, for a total of $_____.  The landlord will not seek recovery of this amount from the tenant.

SIGNED _____ Address:

For landlord:_____

THIS CERTIFICATION MUST BE EXECUTED BY SOMEONE WITH PERSONAL KNOWLEDGE OF THE RELEVANT FACTS, WHICH MAY BE BASED ON THE LANDLORD'S BOOKS AND RECORDS.

-------------------------------------------------------------------------

## NOTICE TO TENANT

**PLEASE ADVISE THE HOUSING AUTHORITY WITHIN 10 DAYS OF THE DATE THIS CERTIFICATION IS MAILED OR DELIVERED OF ANY REASON WHY EVICTION PROCEEDINGS SHOULD NOT BE BROUGHT AGAINST YOU.** You may respond or object by calling (212) 306-4124 at the Housing Authority or by writing to: NEW YORK CITY HOUSING AUTHORITY, LEASED HOUSING EVICTION REVIEW, 250 BROADWAY, ROOM 1009, NEW YORK, NY 10007.
In approximately 20 days, the Housing Authority will send you a copy of its Reply.
  --Your landlord must have good cause to evict you.
  --Your landlord may not sue you for the subsidy portion of the rent.

**IF YOUR LANDLORD TAKES YOU TO COURT, YOU MUST ANSWER ALL COURT PAPERS AND APPEAR IN COURT ON ALL DATES.** YOU MAY RAISE IN COURT ANY DEFENSES THAT YOU HAVE.
  --Your landlord must prove in court that there is good cause to evict you.
  --Your landlord may not sue you based on any grounds other than those stated above in this letter.

YOU MAY WISH TO OBTAIN LEGAL REPRESENTATION OR ADVICE FROM A LAWYER.
WHEN YOU APPEAR IN COURT, TAKE THIS LETTER WITH YOU AND SHOW IT TO THE JUDGE.

CALL THE HOUSING AUTHORITY AT (212) 306-4124 IF YOU HAVE QUESTIONS.

[SEE REVERSE SIDE FOR ADDITIONAL INFORMATION]

EXHIBIT B

**CERTIFICATION OF BASIS FOR EVICTION PROCEEDING
AGAINST TENANT PARTICIPATING IN THE SECTION 8
EXISTING HOUSING PROGRAM**

Date_____

TO: (Tenant)

I.  The undersigned landlord intends to commence an eviction proceeding against you on the following grounds and certifies that the grounds constitute a lawful basis for eviction of a tenant-participant in the Section 8 program.

☐  Non-payment of the tenant's share of rent, at $_____ per month, for the months of _____, for a total of   $____.

Explanation and itemization of rent demand (if necessary):

☐  Holdover proceeding based on termination or suspension of Section 8 assistance, as follows:

II.  (FILL OUT THIS SECTION ONLY IF YOU HAVE A CLAIM AGAINST THE TENANT FOR THE TENANT'S SHARE OF THE RENT AND IF YOU ALSO INTEND TO SUE THE AUTHORITY FOR THE SUBSIDY PORTION OF THE CONTRACT RENT.)  The undersigned intends to include in the eviction proceeding a claim against the Housing Authority for non-payment of the subsidy portion of the contract rent, at $_____ per month, for the months of _____, for a total of $_____.  The landlord will not seek recovery of this amount from the tenant.

SIGNED _____ Address:

For landlord:_____

THIS CERTIFICATION MUST BE EXECUTED BY SOMEONE WITH PERSONAL KNOWLEDGE OF THE RELEVANT FACTS, WHICH MAY BE BASED ON THE LANDLORD'S BOOKS AND RECORDS.
-----------------------------------------------------------------------------

**NEW YORK CITY HOUSING AUTHORITY'S REPLY TO
CERTIFICATION OF BASIS FOR EVICTION PROCEEDING**

Date _____

TO THE ABOVE-NAMED LANDLORD AND TENANT:

☐  I.   The Housing Authority ACCEPTS the Landlord's Certification on the grounds stated above.

☐  II.  The Housing Authority OBJECTS TO the Certification for the reason(s) checked below:

   ☐  A.   The Certification fails to state specific factual allegations regarding the basis for the proceeding.

   ☐  B.   The proposed nonpayment proceeding seeks to recover from the tenant more than the share of rent for which the tenant is responsible.  The correct tenant's share of rent per month is $_____.  Explanation (if any):
_____

   ☐  C.   Failure to allege facts which, if proven, would establish good cause to evict.

   ☐  D.   The landlord is seeking to terminate the Section 8 tenancy in violation of law or a program requirement: _____
_____
_____

BY: _____

CALL THE HOUSING AUTHORITY AT (212) 306-4124 IF YOU HAVE QUESTIONS.

## TAKE THIS FORM WITH YOU TO COURT

(SEE REVERSE SIDE FOR ADDITIONAL INFORMATION)

[Print on Back of Exhibits A and B]

## FURTHER INFORMATION REGARDING SECTION 8 EVICTION PROCEDURES

The procedures governing eviction proceedings involving tenants in the Section 8 Existing Housing Program are set forth in the Second Partial Consent Judgment in Williams v. New York City Housing Authority, 81 Civ. 1801 (RJW)(1993).

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if
*you would like a copy of the Second Partial Consent Judgment;
*you have any questions; or
*you want the Housing Authority to appear in court or provide additional information.

Before Commencing An Eviction Proceeding based on Non-Payment of Rent or the Termination or Suspension of Section 8 Assistance, a Section 8 Landlord:
*Shall deliver or mail a Certification of Basis for Eviction Proceeding to the tenant and the Authority (see reverse side);
*Shall wait a minimum of 25 days (30 days if the Certification is mailed) before commencing the proceeding, or until the landlord receives the Authority's Reply, whichever is earlier.

Upon Receipt of the Landlord's Certification the Authority Shall:
*Determine whether it ACCEPTS or OBJECTS TO the Certification;
*Provide a written Reply to the landlord and tenant of its determination.

A Section 8 Landlord Shall Not Maintain A Proceeding Where:
*The grounds are different from those stated in the Certification;
*The proceeding seeks a judgment against the tenant for the subsidy portion of the rent;
*The landlord has not waited 25 days (30 days if the Certification was mailed to the Authority), unless the landlord has already received the response from the Authority.

A Section 8 Landlord Who is Required to Certify the Basis for Eviction and who Commences An Eviction Proceeding Shall:
*State in the petition, or attach to it, all notices showing
--that the Authority and tenant were given the Certification;
--the reason for the eviction;
--the Authority's response:
--that the grounds are the same as in the Certification;
--that the landlord does not seek to recover the subsidy     portion from the tenant;
*Join and serve the Authority, at the commencement of the proceeding, where the Authority OBJECTS or where the landlord seeks the subsidy portion from the Authority;
*Deliver or mail by overnight mail to the Authority, at the commencement of the proceeding, the petition where no Reply was received from the Authority.

The Authority Will Appear In Court:
*As a necessary party if the Authority OBJECTS TO the Certification, if the Landlord is seeking the subsidy portion from the Authority, if the Landlord certifies grounds for a holdover proceeding, or if the Landlord fails to comply with these procedures;
*As a witness or party where the Tenant previously requested that the Authority recalculate the rent but the Authority has not done so.
*In any other eviction proceeding, if subpoenaed either as a witness or to provide further information, or at the Court's request.

## ADDITIONAL NOTICES TO THE TENANT

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if you have questions; if you would like additional information; if you want the Authority to appear in court as a witness or a party; or if you previously requested that the Authority recalculate the rent but the Authority has not done so.

YOU MUST ANSWER ALL COURT PAPERS AND APPEAR IN COURT ON ALL DATES. YOU MAY WISH TO OBTAIN LEGAL REPRESENTATION OR ADVICE FROM A LAWYER. WHEN YOU APPEAR IN COURT, TAKE THIS LETTER WITH YOU AND SHOW IT TO THE JUDGE.
**Unless the Housing Authority terminates you from the Section 8 program, YOU MAY REMAIN IN THE PROGRAM EVEN IF YOU ARE EVICTED.

EXHIBIT C

SUPPLEMENTAL STATEMENT REGARDING PROCEEDINGS TO EVICT
A TENANT-PARTICIPANT IN THE SECTION 8 EXISTING HOUSING PROGRAM

TO: NEW YORK CITY HOUSING COURT, _____, COUNTY
    [Landlord and Tenant]

Re: [Title and Index Number of Proceeding]

The above-captioned proceeding was commenced improperly against a tenant who is a participant in the Section 8 Existing Housing Program administered by the Housing Authority. This proceeding was commenced in violation of the terms of the Second Partial Consent Judgment in Williams v. New York City Housing Authority, 81 Civ. 1801 (RJW)(SDNY) (Williams Consent Judgment) and should be dismissed because:

☐ Prior to commencing the proceeding, the landlord did not certify to the Housing Authority that the grounds for the proceeding constitute a lawful basis for eviction of a Section 8 tenant-participant.

☐ The landlord did not provide the Housing Authority with a copy of the Notice of Petition and Petition, although required to do so.

☐ The landlord failed to join the Housing Authority to the proceeding, although required to do so.

☐ The proceeding seeks a judgment against the tenant for the subsidy portion of the rent.

☐ The proceeding is based on grounds different from those stated in the Landlord's Certification.

☐ Other violation: _____
_____
_____

The Williams Consent Judgment requires that the eviction proceeding be dismissed. Accordingly, the landlord should withdraw this proceeding. If the proceeding is not withdrawn:
    a. The Authority is a necessary party to this proceeding;
    b. The landlord's non-compliance with the Williams procedures is a defense to the Petition;
    c. If judgment has not been entered, the tenant should answer the petition and move to dismiss the Petition, and provide the Authority with a copy of any motion papers;
    d. If judgment has been entered against the tenant, it has been entered in violation of the Williams Consent Judgment. The tenant should move to vacate the judgment and to dismiss the Petition and should provide the Authority with a copy of any motion papers.

The Housing Authority will join in any motion to vacate the judgment and dismiss the petition.

The Landlord, the Tenant or the Court may CALL THE HOUSING AUTHORITY AT (212) 306-4124 if
    *you would like a copy of the Williams Consent Judgment;
    *you have any questions; or
    *you want the Housing Authority to appear in court or provide additional information.

NEW YORK CITY HOUSING AUTHORITY

BY: _____

EXHIBIT D

## NOTICE REGARDING SECTION 8 EVICTION PROCEDURES

The procedures governing eviction proceedings involving tenants in the Section 8 Existing Housing Program are set forth in the Second Partial Consent Judgment in <u>Williams v. New York City Housing Authority</u>, 81 Civ. 1801 (RJW)(1993). These procedures must be followed in addition to any procedures required by state or local law. This notice summarizes the procedures set forth in the Consent Judgment.

CALL THE HOUSING AUTHORITY AT (212) 306-4124 if
*you would like a copy of the Second Partial Consent Judgment;
*you have any questions; or
*you are requesting that the Housing Authority appear in court or provide additional information.

### Before Commencing An Eviction Proceeding based on Non-Payment of Rent or the Termination or Suspension of Section 8 Assistance:

*A Section 8 landlord shall deliver or mail a Certification of Basis for Eviction Proceeding to the tenant and the Authority.
*The Certification shall be on two pre-printed forms that may be obtained from the Housing Authority. Both forms shall include:
(1) a statement of the factual allegations and the legal ground on which the landlord relies; and
(2) a statement that the tenant may, within 10 days of the date the Certification is mailed or delivered, respond or object to the allegations therein to the Housing Authority.
*Where the proceeding is a nonpayment proceeding, the landlord's factual allegations shall also identify:
(1) the total amount of rent owed; and
(2) an accurate breakdown of the source of the arrearage, indicating the total due from the Housing Authority, if any, for each month claimed, and the total due from the tenant, if any, for each month claimed.
*A Section 8 landlord shall wait a minimum of 25 days (30 days if the Certification is mailed) before commencing the proceeding, or until the landlord receives the Authority's Reply, whichever is earlier.

### Upon Receipt of the Landlord's Certification the Authority Shall:

*Determine whether it ACCEPTS or OBJECTS TO the Certification;
*Provide written notice to the landlord and tenant of its determination. The Authority shall state the grounds for its objection, if any, with specificity.

### A Section 8 Landlord Shall Not Maintain A Proceeding Where:
*The grounds are different from those in the Certification;
*The proceeding seeks a judgment against the tenant for the <u>subsidy</u> portion of the rent;
*If certification is required, the landlord has not waited 25 days (30 days if the Certification was mailed to the Authority), unless the landlord has already received the response from the Authority.

### Where Certification is Required, a Section 8 Landlord Who Commences An Eviction Proceeding Shall:

*State in the petition, or attach to it, all documents showing:
--that the Authority and tenant were given the Landlord's Certification;
--the reason for the eviction;
--the Authority's response, if any, or that the time for the Authority to respond has elapsed, but it has not done so;
--that the grounds are the same as in the Certification;
--that the landlord does not seek to recover the subsidy portion from the tenant.
*Join and serve the Authority, at the commencement of the proceeding, where the Authority OBJECTS or where the landlord seeks the subsidy portion from the Authority;
*Deliver or mail by overnight mail to the Authority, at the commencement of the proceeding, the petition where no Reply was received from the Authority.

### The Authority Will Appear In Court:

*As a necessary party if the Authority OBJECTS TO the Certification, if the Landlord is seeking the subsidy portion from the Authority, if the Landlord has certified grounds for a hold-over proceeding, or if the Landlord fails to comply with these procedures;
*As a witness or party where the Tenant previously requested that the Authority recalculate the rent but the Authority has not done so.
*In any other eviction proceeding, if subpoenaed either as a witness or to provide further information, or at the Court's request.