**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------- x
DAMIAN BATISTA, SANDRA BATISTA,

                                                        No: 1:26-CV-2557

                         Plaintiffs,

               -against-

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ,
1915 REALTY LLC,
YONAH ROTH, and BINYOMIN HERZL,

                         Defendants.
-------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS**
**EDELMAN SCHWARTZ PLLC'S AND ZEV SCHWARTZ'S MOTION TO DISMISS**

## TABLE OF CONTENTS

**Pages(s)**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT.................................................................................................................................... 2

   I.     PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE IT IS TIME-
        BARRED.........................................................................................................................2

  II.    PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE
        PLAINTIFFS LACK ARTICLE III STANDING.........................................................5

 III.   THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL
        JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS...............................7

 IV.   EVEN IF THIS COURT RETAINS JURISDICTION OVER THE
        STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS A
        MATTER OF LAW.........................................................................................................8

CONCLUSION .......................................................................................................................... 10

# TABLE OF AUTHORITIES

**Pages(s)**

**Cases**

*Anwar v. Fairfield Greenwich Ltd.*,
  728 F. Supp. 2d 372 (S.D.N.Y. 2010) ........................................................................10

*Baez v. N.Y. State Off. of Temp. & Disability Assistance*,
  2026 U.S. App. LEXIS 14355 (2d Cir. May 20, 2026) ..................................................6

*Baldeo v. Airbnb, Inc.*,
  2023 U.S. Dist. LEXIS 176085 (S.D.N.Y. Sept. 29, 2023) ...........................................8

*Benzemann v. Citibank N.A.*,
  806 F.3d 98 (2d Cir. 2015)............................................................................................4

*Calixto v. A. Balsamo & Rosenblatt, P.C.*,
  244 A.D.3d 674, 678 (2d Dep't 2025) ...........................................................................9

*Calka v. Kucker, Kraus & Bruh, LLP*,
  1998 U.S. Dist. LEXIS 11868 (S.D.N.Y. July 29, 1998) ..............................................5

*Campbell v. MBI Assocs., Inc.*,
  98 F. Supp. 3d 568 (E.D.N.Y. 2015) .............................................................................5

*Deutsche Lufthansa AG v. Boeing Co.*,
  2007 U.S. Dist. LEXIS 9519 (S.D.N.Y. Feb. 2, 2007) .................................................9

*Diaz v. Portfolio Recovery Assocs., LLC*,
  2012 U.S. Dist. Lexis 72724 (E.D.N.Y. May 24, 2012)..............................................4, 9

*Finch v. Slochowsky & Slochowsky, LLP*,
  2020 U.S. Dist. LEXIS 181698 (E.D.N.Y. Sept. 30, 2020) ...................................5, 7, 8

*Gomez v. Resurgent Capital Servs., L.P.*,
  129 F. Supp. 3d 147 (S.D.N.Y. 2015) ...........................................................................5

*Iacovo v. Maguilli*,
  2025 U.S. Dist. LEXIS 73478 (E.D.N.Y. Apr. 17, 2025) .............................................4

*Kolari v. New York Presbyterian Hosp.*,
  455 F.3d 118 (2d Cir. 2006)...........................................................................................7

*Lacourte v. Foster & Garbus LLP*,
  2014 U.S. Dist. LEXIS 25508 (S.D.N.Y. Feb. 20, 2014) .............................................7

*Lane v. Fein, Such & Crane, LLP*,
  767 F. Supp. 2d 382 (E.D.N.Y. 2011) .........................................................................10

*Maddox v. Bank of New York Mellon Tr. Co., N.A.*,
19 F.4th 58 (2d Cir. 2021) ...................................................................................6

*Maguire v. Citicorp. Retail Servs.*,
147 F.3d 232 (2d Cir. 1998) ................................................................................8

*Makarova v. United States*,
201 F.3d 110 (2d Cir. 2000) ................................................................................8

*McCrobie v. Palisades Acquisition XVI, LLC*,
664 Fed. Appx. 81 (2d Cir. 2016)........................................................................4

*Miller v. Upton Cohen & Slamowitz*,
687 F. Supp. 2d 86 (E.D.N.Y. 2009) ...................................................................4

*Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*,
930 F. Supp. 2d 532 (S.D.N.Y. 2013) ...............................................................10

*Morton v. Cty. of Erie*,
796 F. App'x 40 (2d Cir. 2019) ...........................................................................7

*Obal v. Deutsche Bank Nat'l Trust Co.*,
2015 U.S. Dist LEXIS 18124 (S.D.N.Y. Feb. 13, 2015) ....................................8

*Oliver v. U.S. Bancorp.*,
2015 U.S. Dist. LEXIS 88713 (S.D.N.Y. July 8, 2015) ........................2, 3, 4, 5

*Oswego Laborers' Loc.* 214 *Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20 (1995) ............................................................................................8

*Parker v. Pressler & Pressler, LLP*,
650 F. Supp. 2d 326 (D. N.J. 2009) ...................................................................11

*Pension Benefit Guar. Corp. v. Morgan Stanley Inv. Mgmt.*,
712 F.3d 705 (2d Cir. 2013) ................................................................................7

*Remler v. Cona Elder Law, PLLC*,
2022 U.S. Dist. LEXIS 177660 (E.D.N.Y. Sept. 29, 2022) ..............................8-9

*Rotkiske v. Klemm*,
589 U.S. 8 (2019) ..............................................................................................2, 5

*Sanchez v. Ehrlich*,
2018 U.S. Dist. LEXIS 69849 (S.D.N.Y. Mar. 29, 2018) ...................................4

*Sierra v. Foster & Garbus*,
48 F. Supp. 2d 393 (S.D.N.Y. 1999) .................................................................2, 3

*Spitz v. Caine & Weiner Co., Inc.*,
2024 U.S. Dist. LEXIS 2944 (E.D.N.Y. Jan. 5, 2024) .......................................6

*Small v. Lorillard Tobacco Co.*,
  720 N.E.2d 892, 897 (1997)........................................................................................................9

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................................................................................................................6

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ...................................................................................................................5

*Varela v. Investors Ins. Holding Corp.*,
  81 N.Y.2d 958 (1993) .................................................................................................................9

*Villalba v. Houselanger & Assocs., PLLC*,
  2022 U.S. Dist. LEXIS 55076 (E.D.N.Y. Mar. 28, 2022)............................................................9

*Wadsworth v. Kross, Lieberman & Stone, Inc.*,
  12 F.4th 665 (7th Cir. 2021) ......................................................................................................6

**Statutes and Rules**

N.Y. G.B.L. § 349 ......................................................................................................................1, 8, 9

N.Y. Judiciary Law § 487 ...............................................................................................................1, 9

Attorney Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss ("Motion") the April 10, 2026 Complaint ("Complaint" or "Compl.") filed by Plaintiffs Damian Batista and Sandra Batista (together, "Plaintiffs").[1]

## PRELIMINARY STATEMENT

Plaintiffs' Opposition does not (and cannot) dispute that the Attorney Defendants' rent collection efforts on behalf of the Landlord Defendants, as governed by the FDCPA, were initiated in February 2025—more than one year before Plaintiffs brought their FDCPA claim here—rendering the FDCPA claim time-barred. The case law Plaintiffs cite in opposition come from different Circuits, while failing to distinguish the controlling case law in this Circuit. The Opposition also does not adequately rebut that Plaintiffs lack standing to bring their FDCPA claim because the Complaint fails to allege a cognizable concrete injury. The Opposition arguments only serve to highlight this.

Accordingly, the Court should dismiss the FDCPA claim, and therefore decline to exercise supplemental jurisdiction over the remaining state law claims. Should the Court exercise such jurisdiction, those claims should nevertheless be dismissed as well, as the Opposition does not cure the fact that each of those claims are fatally flawed: the GBL § 349 claim does not affect the public at large, but rather a private transaction between one landlord and its tenants, and alleges no "deception" of Plaintiffs; the N.Y. Judiciary Law § 487 claim is not pleaded with any particularity, nor does the Complaint allege conduct by the Attorney Defendants that is "extreme or egregious"; and the gross negligence claim is likewise wholly insufficient and is seemingly abandoned by Plaintiff in its Opposition as it pertains to the Attorney Defendants.

---

[1] Unless otherwise stated herein, the defined terms in this memorandum have the same meaning as they are defined in the Complaint, the Attorney Defendants' Motion, or Plaintiffs' June 10, 2026 Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.").

For these reasons and those set forth in more detail below and in the Attorney Defendants' Motion, Plaintiff's Complaint against the Attorney Defendants should be dismissed in its entirety.

## ARGUMENT

**I.     PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE IT IS TIME-BARRED.**

In their Opposition, Plaintiffs attempt to avoid the FDCPA's one-year statute of limitations by arguing that, "[w]here there has been a pattern of conduct, where each action is independently sufficient to violate the FDCPA, and the final act in the pattern occurred within the limitations period a court has separate grounds to find the claim within the FDCPA's statute of limitations without needing to rely on a continuing violation theory," and that the limitations period "begins anew and runs separately for each discrete violation of the FDCPA, notwithstanding that the violation is repetitive of an early violation in a series of communications or other collector actions which occurred outside the limitations period." (Opp. at 13.)  Under settled law in this Circuit— which Plaintiffs studiously avoid in their Opposition (citing instead District of Maryland and Eastern District of Kentucky cases (*see* Opp. at 13))—Plaintiffs are flat wrong.

***First***, Plaintiffs do not dispute that the Supreme Court has held that "the statute of limitations in § 1692k(d) begins to run on the date on which the alleged FDCPA violation occurs, not the date on which the violation is discovered." *Rotkiske v. Klemm*, 589 U.S. 8, 10 (2019).  And Plaintiffs cannot dispute that the law in this Circuit is that, "if the same alleged misrepresentation is repeated in court filings, the claim accrues on the date of the ***initial [mis]representation***." *Oliver v. U.S. Bancorp.*, 2015 U.S. Dist. LEXIS 88713, at *6 (S.D.N.Y. July 8, 2015) (emphasis added) (collecting cases).  The alleged "initial misrepresentation" here was the February 2025 Demand, which was indisputably sent to Plaintiffs more than one year prior to the filing of the Complaint. *See Sierra v. Foster & Garbus* 48 F. Supp. 2d 393, 395 (dismissing FDCPA claim because a

2

summons and complaint did not re-start the statute of limitations where court filings contained the same alleged deceptive representations as previous communications and noting that, "[i]f plaintiff's theory were correct . . . his cause of action could be kept alive indefinitely because each new communication would a start a fresh new statute of limitations"); *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6 ("A new FDCPA claim only arises if a new misrepresentation is alleged."). [2]

**Second**, while Plaintiffs argue otherwise, Plaintiffs' own Opposition underscores that the February 2025 Demand is the proper accrual date for purposes of the statute of limitations on their FDCPA claim.  Plaintiffs contend that "the facts that lead to the conclusion that the rent sought in the LT lawsuit and the rent sought in those earlier communications was not owed ***are the same***." (Opp. at 31 (emphasis added).)  In other words, based on the law in this Circuit (*see supra* pp. 2-3; Mot. at 9-11), the "facts that lead to the conclusion" that the Attorney Defendants' February 2025 Demand is the "initial misrepresentation" that began the accrual of the FDCPA's one-year statute of limitations is essentially undisputed.  And rightly so:  the February 2025 Demand was undoubtedly the alleged "initial misrepresentation" that started the continuous process of collecting allegedly unpaid rent on which Plaintiffs' FDCPA claim is based.  *See Sierra*, 48 F. Supp. 2d at 395 (S.D.N.Y. 1999); *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6.[3]

---

[2] Plaintiffs' attempt to distinguish *Sierra* (Opp. at 14-15) is unavailing. As Plaintiffs concede, the issue is provision of notice of intent to sue (Opp. at 15), which is what the February 2025 Demand provided.  (*See* Compl. ¶ 53 & Ex. A (ECF # 3-1) at 3; Mot. at 4. n.3.)  And the District Court cases cited by Plaintiffs, *Young v. Thieblot Ryan, P.A.*, involving a letter to collect pre-judgment interest on a debt allegedly owed by plaintiff and refunded amounts due to fraud, 2011 U.S. Dist. LEXIS 142960 at *2-*3 & n.5 (D. Md. Dec. 12, 2011), and *Dunn v. Adams, Stepner, Wolterman & Dusing, PLLC*, involving an allegedly forged debt collection invoices sent prior to the debt collector bringing suit, 2019 U.S. Dist. LEXIS 200451, at *3-*5 (E.D. Ky. Nov. 19, 2019), involve circumstances that do not exist here.

[3] As stated in the Motion (Mot. at 11 n.4), the fact that the rent amounts allegedly owed in the Petition may differ slightly from the rent amounts allegedly owed in the 2025 Demand (*see* Opp. at 14) does not change this result. *Accord Oliver*, 2015 U.S. Dist. LEXIS 88713, at *9 ("Plaintiffs' allegations concern whether [defendant] is entitled to any [amounts alleged in prior

3

**Third**, although Plaintiffs contend that the "Attorney Defendants cite no cases where a lawsuit relates back to a collection letter for statute of limitations purposes" (Opp. at 14), that is assertion is false (*see* Mot. at 9-11; *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6 (citing cases)), and it is also belied by cases Plaintiffs cite in its *own* Opposition. *See Benzemann v. Citibank N.A.*, 806 F.3d 98, 101 (2d Cir. 2015) ("To the extent [plaintiff] premised an FDCPA claim on the first [and separate] violation . . . the district court correctly found that any such claim is time-barred."); *McCrobie v. Palisades Acquisition XVI, LLC*, 664 Fed. Appx. 81, 84 (2d Cir. 2016) ("[A] plaintiffs' FDCPA cause of action cannot begin to run before the alleged violations themselves were committed," *i.e.*, when an "income execution," similar to the February 2025 Demand, was executed); *Diaz v. Portfolio Recovery Assocs., LLC*, 2012 U.S. Dist. Lexis 72724, at *13 (E.D.N.Y. May 24, 2012) ("*Miller III* identified both *a debt collection letter* and a litigation pleading as misleading communications establishing a claim under [the FDCPA].") (citing *Miller v. Upton Cohen & Slamowitz*, 687 F. Supp. 2d 86, 96 (E.D.N.Y. 2009) (emphasis added)); *Iacovo v. Maguilli*, 2025 U.S. Dist. LEXIS 73478, at *15 (E.D.N.Y. Apr. 17, 2025) (accrual date "depends on when an unlawful collection action" occurs, which includes "when the consumer has *notice*" of a potential lawsuit); *Sanchez v. Ehrlich*, 2018 U.S. Dist. LEXIS 69849, at * 13 (S.D.N.Y. Mar. 29, 2018) (finding that "*two letters* and their subsequent non-payment proceedings . . . fall outside of the one-year statute of limitations") (emphasis added).

In sum, based on well-settled case law in this Circuit, Plaintiffs' own admissions, and case law cited in their own Opposition, Plaintiffs' FDCPA claim is time-barred because it was filed more than one year after the February 2025 Demand was provided to Plaintiffs. It should therefore

---

communications]; plaintiffs do not allege that [defendant] misrepresented the precise amount . . . owed. As such, [defendant's] [petition] does not restart the statute of limitations.").

be dismissed. *See Rotkiske*, 589 U.S. at 10; *Oliver*, 2015 U.S. Dist. LEXIS 88713, at *6; *Calka v. Kucker, Kraus & Bruh, LLP*, 1998 U.S. Dist. LEXIS 11868, at *8-*9 (S.D.N.Y. July 29, 1998).

## II.    PLAINTIFFS' FDCPA CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFFS LACK ARTICLE III STANDING.

Besides being time-barred, Plaintiffs' FDCPA claim also fails because Plaintiffs lack standing.  Plaintiffs' Opposition contends that Plaintiffs "have alleged plausible monetary, emotional distress, and intangible injuries traceable to Defendants' conduct, each of which is sufficient to establish standing."  (Opp. at 8.)  But the Opposition, in fact, fails to do so, making clear that the Complaint alleges "[n]o concrete harm," and thus Plaintiffs have "no standing" to assert their FDCPA claim.  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).

Although Plaintiffs contend that they incurred "monetary harm" through "travel back and forth to Bronx Housing Court" and "lost time from work" (Opp. at 8-9), they do not address the fact that *de minimis* transportation costs to Bronx County Housing Court or undescribed (by affidavit or otherwise)[4] lost wages by no means constitute a concrete injury that the FDCPA was designed to prevent, let alone to confer standing.  *See Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 585 (E.D.N.Y. 2015) ("[T]he Second Circuit . . . [has] refused to award statutory damages for *de minimis* or technical violations of FDCPA.") (collecting cases).

Moreover, the Opposition's claim that Plaintiffs have sufficiently alleged "emotional harm" to confer standing ignores that "courts in the Second Circuit have generally been circumspect in awarding damages for emotional harm in FDCPA cases," *Gomez v. Resurgent Capital Servs., L.P.*, 129 F. Supp. 3d 147, 153 (S.D.N.Y. 2015); *see also Finch v. Slochowsky &*

---

[4] *Cf. Onfroy v. The Law Offs. of Geoffrey T. Mott*, 751 F. Supp. 3d 195, 201-02 (E.D.N.Y. Sept. 30, 2024) (conferring standing based on affidavit "attesting to various injuries from having to attend proceedings in landlord-tenant court," but noting that "one district court, at least, has expressed doubt that" vague emotional distress allegations are sufficient to confer Article III standing) (citing *Magruder v. Capital One, N.A.*, 540 F. Supp. 3d 1, 8 (D. D.C. 2021)).

*Slochowsky, LLP*, 2020 U.S. Dist. LEXIS 181698, at *10 (E.D.N.Y. Sept. 30, 2020) ("The filing of a lawsuit to collect a debt—even if the lawsuit is meritless—is not properly understood as 'conduct the natural consequence of which is to harass, oppress, or abuse any person' under [the FDCPA]"), particularly where there is no affidavit or other evidence filed with the Complaint that provides any support for such vague and conclusory allegations that do not amount to "concrete" harm. *See Spitz v. Caine & Weiner Co., Inc.*, 2024 U.S. Dist. LEXIS 2944, at *11 (E.D.N.Y. Jan. 5, 2024) ("[Plaintiffs] do not plausibly allege that [Plaintiffs] experienced conduct analogous to negligent infliction of emotional distress, let alone that such an analogue could establish Article III standing for an FDCPA claim.").

Plaintiffs attempt to avoid the concrete injury requirement (and to distinguish *Spitz* (*see* Mot. at 12-14)) by claiming that they "do not premise their standing argument on an analogy to the harms suffered by plaintiffs in negligent infliction of emotional distress cases," and that they have also suffered "intangible harms" that are not "a common law analogue to negligent emotional distress, but rather wrongful civil proceedings." (Opp. at 12.) But the opposite is true: the claimed injuries purportedly resulting from the Attorney Defendants' alleged violations of the FDCPA are simply conclusory allegations of "significant emotional distress, embarrassment, humiliation [and] increase of blood pressure." (Compl. ¶ 117.) Those allegations are entirely "perfunctory" and "wholly incommensurate with the stimulant"—*i.e.*, the sending of the February 2025 Demand (*see* Mot. at 13)—which "is insufficient to plausibly allege constitutional standing." *Baez v. N.Y. State Off. of Temp. & Disability Assistance*, 2026 U.S. App. LEXIS 14355, at *8-*9 (2d Cir. May 20, 2026) (citing *Maddox v. Bank of N.Y. Mellon Tr. Co.*, 19 F. F. 4th 58, 66 (2d Cir. 2021)); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (alleged harm must be "concrete," *i.e.*, "real, and not abstract."); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021)

(holding that "anxiety and embarrassment are not injuries in fact" and noting that courts have "expressly rejected 'stress' as constituting concrete injury following an FDCPA violation.") (collecting cases); *Finch*, 2020 U.S. Dist. LEXIS 181698, at *10.

## III.    THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS.

If the Court dismisses Plaintiffs' FDCPA claim—the only basis for federal subject matter jurisdiction here—the Court should also decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3).  The Opposition contends that the Court should exercise supplemental jurisdiction over the state law claims because "the facts that lead to the conclusion that the rent sought in the LT lawsuit and the rent sought in those early communications [such as the February 2025 Demand] are not owed are the same" (Opp. at 31), and because the FDCPA claim and the state law claims all "arise out of a common nucleus of operative fact, and judicial economy would be served by trying them together."  (Opp. at 32.)

Putting aside the fact that Plaintiffs' argument in this regard only highlights that their FDCPA claim should be dismissed on statute of limitations grounds, Plaintiffs do not address any of the cases cited by the Attorney Defendants in their Motion on this issue (*see* Mot. at 14-16), nor do they attempt to argue why it is not the case that, in the event that "all federal-law claims are eliminated before trial," "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122) (2d Cir. 2006).  As set forth in the Attorney Defendants' Motion (Mot. at 14-16), those factors all point to the Court declining to exercise supplemental jurisdiction.  This Court should therefore dismiss the state law claims "in the interests of "judicial economy, convenience, fairness, and comity." *Morton v. Cty. of Erie*, 796 F. App'x 40, 44 (2d Cir. 2019) (citations omitted); *see also*, *e.g.*, *Lacourte v. Foster & Garbus LLP*, 2014 U.S. Dist. LEXIS 25508, at *8

7

(S.D.N.Y. Feb. 20, 2014) (Rakoff, J.) (dismissing FDCPA claim with prejudice and "declin[ing] to exercise supplemental jurisdiction over the remaining state law claims.").

## IV.  EVEN IF THIS COURT RETAINS JURISDICTION OVER THE STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW.

Even if the Court were inclined to exercise its discretion and retain jurisdiction over Plaintiffs' state law claims, those claims should be dismissed as a matter of law.

*First*, Plaintiffs' GBL § 349 claim should be dismissed because the Complaint by no means "affects the public interest" or "consumers at large." *See Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) ("Private contract disputes . . . [do] not fall within the ambit of the statute."); *Baldeo v. Airbnb, Inc*., 2023 U.S. Dist. LEXIS 176085, at *29 (S.D.N.Y. Sept. 29, 2023) ("[T]here is no claim under GBL § 349 where the private transaction does not have ramifications for the public at large."); (Mot. at 16-20).

The Opposition contends that this case is somehow different than the many cases cited in the Attorney Defendants' Motion because, here, the Complaint "includes specific allegations regarding stipulations in other cases admitting—and one adjudicated case finding—that the Attorney Defendants improperly sought rent not owed." (Opp. at 20.)  But the  allegations regarding a scant few other cases that fail to offer allegations of similar  circumstances does not turn this case into one that could possibly allow the Court to "draw the reasonable inference that defendants are engaged in a pattern of misconduct involving other tenants," as "there is nothing inherently inappropriate about a debt collector suing tenants for rental arrears." *Finch*, 2020 U.S. Dist LEXIS 181698, at *18 (internal quotations omitted).  Simply put, even with the allegations in the Complaint regarding other lawsuits, the fact remains that this case is merely a "disputed private transaction [that] does not have ramifications for the public at large." *Obal v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 18124, at *21 (S.D.N.Y. Feb. 13, 2015); *see also Remler v.*

*Cona Elder Law, PLLC*, 2022 U.S. Dist. LEXIS 177660, at *21-*22 (E.D.N.Y. Sept. 29, 2022).

Moreover, although the Opposition contends that they were "actually deceived" (Opp. at 17), the Complaint says otherwise. According to their own allegations, Plaintiffs were never "deceived" by letters from the Landlord Defendants or the Attorney Defendants regarding rent that they allegedly owed—they disputed the amount owed at every turn. *See Aguaiza*, 2009 N.Y. Mist. LEXIS 5700, at *14-*25 ("It may be quite true that Plaintiffs were frustrated, aggravated, emotionally distressed and/or even fearful about Defendants' activities wrongly calling into question their non-violation of any substantial obligation of their leases, but they were not fooled."); *Varela v. Investors Ins. Holding Corp.*, 81 N.Y.2d 958, 961 (1993) ("Whether or not defendant's actions were proper, manifestly they did not mislead plaintiffs in any material way and did not constitute 'deceptive acts' within the meaning of the statute.").[5]

***Second***, Plaintiffs are flat wrong that the Complaint somehow adequately alleges a claim under N.Y. Judiciary Law § 487. (Opp. at 24-27.) As set forth in the Attorney Defendants' Motion (*see* Mot. at 20-22), the Complaint alleges no such thing. The Complaint does not plead this claim with any particularity (as it must) and, in fact, makes only two cursory descriptions of the statute itself (*see* Compl. ¶¶ 136-137) rather than any "egregious conduct." Nor do the cases Plaintiffs cite support their inadequately pleaded claim.[6]

---

[5] Plaintiffs are wrong that the requirement under the GBL § 349 that Plaintiff has been "deceived" has been "superseded" by *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897 (1997) (*see* Opp. at 17), which involved deception regarding the addictive qualities of tobacco and thus has no bearing here, and, in any event, the Court of Appeals there found that there was *no deception* regarding the purchase price of cigarettes, and thus no support for a GBL § 349 claim.

[6] For example, *Diaz* involved "robosignings" by the defendant attorney (not alleged here), 2012 U.S. Dist. LEXIS 25802, at *44-*45, *Villalba* involved an attempt to "trick Plaintiff" regarding a *judgment* entered by the Housing Court (not alleged here), 2022 U.S. Dist. LEXIS 55076, at *58-*59 (E.D.N.Y. Mar. 28, 2022), and *Calixto* involved attorney defendants who had "knowledge that the [landlord] defendants had misrepresented the amount owed and misrepresented that the

***Finally***, with respect to the gross negligence claim, the Opposition ignores the fact that the Complaint contains no allegation—none—that the Attorney Defendants engaged in "deliberate or callous indifference to the rights of [Plaintiffs]," *Deutsche Lufthansa AG v. Boeing Co.*, 2007 U.S. Dist. LEXIS 9519, at *7 (S.D.N.Y. Feb. 2, 2007), or conduct that "smacks of intentional wrongdoing." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp 2d 372, 432 (S.D.N.Y. 2010). The Complaint alleges only that the Attorney Defendants began collection efforts on behalf of the Landlord Defendants through the February 2025 Demand and subsequently brought the Petition (Compl. ¶¶ 53-55), and, thereafter, Defendants discontinued the Petition following the provision of evidence supporting Plaintiffs' allegations that they had been overcharged on their rent (*see* Biging Decl. ¶ 1, Ex. 3). The Opposition does not cite any allegations in the Complaint that could possibly support their gross negligence claim, nor does it even address the cases cited in the Attorney Defendants' Motion. Accordingly, as set forth in the Motion (*see* Mot. 22-24), the gross negligence claim against the Attorney Defendants should therefore also be dismissed. *See Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391-92 (E.D.N.Y. 2011); *Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545 (S.D.N.Y. 2013).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Complaint should be dismissed.

Dated: June 19, 2026
New York, New York

**GOLDBERG SEGALLA LLP**

/s/ Peter J. Biging
Peter J. Biging
Andrew H. Reynard
*Attorneys for the Attorney Defendants*
711 Third Avenue
New York, New York 10017
pbiging@goldbergsegalla.com
areynard@goldbergsegalla.com

---

building was properly registered under rent stabilization laws" (not alleged here). 244 A.D.3d 674, 678 (2d Dep't 2025).

10