UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DAMIAN BATISTA and
SANDRA BATISTA,

                  Plaintiffs,                Case No. 26 Civ. 2557 (JSR)
  - against -

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ, 1915 REALTY LLC,
YONAH ROTH, and BINYOMIN HERZL,

                  Defendants.
--------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN SUPPORT OF THE LANDLORD DEFENDANTS' MOTION TO DISMISS

BERRY LAW PLLC
*Attorneys for defendants*
*1915 Realty LLC, Yonah Roth*
*and Binyomin Herzl*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777

New York, New York
May 22, 2026

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................ iii

**INTRODUCTION**............................................................................................. 1

**ARGUMENT** .................................................................................................... 1

    **Point I**............................................................................................................ 1
    The Batistas' Argument that they Do Not Need to Allege Deceit or Misleading Practices is Refuted by the Same Case Law they Cite................................................................ 1

    **Point II** ......................................................................................................... 3
    Statements and Conduct within A Private Lawsuit Are Not Actionable Consumer-Oriented Conduct under GBL §349(a) ......................................................................... 3

        (a)  The Batistas Ignore the Express Holding of Caldwell ............................................. 3

        (b)  Meritless Allegations in A Single Housing Court Case Are Not Actionable Under GBL §349.................................................................................................. 3

        (c)  Filing Meritless Allegations in a Single Housing Court Case is Not Consumer-Oriented Conduct ...................................................................................... 4

        (d)  The Involvement of NYCHA and DHCR Does Not Satisfy the Deceit Element...... 5

        (e)  Calixto Should Be Limited to Its Unique Facts Since Only the Legislature Can Fashion New Remedies for Litigation Misconduct ..................................................... 6

    **Point III**.......................................................................................................... 8
    Detrimental Reliance is a Necessary Element of a Gross Negligence Claim Based on Allegedly Deceptive Conduct ........................................................................... 8

    **Point IV** ......................................................................................................... 9
    The Court Should Decline to Exercise Supplemental Jurisdiction Over Any State Law Claims or Allegations That Survive the Motions to Dismiss ........................ 9

**CONCLUSION** .................................................................................................. 10

# TABLE OF AUTHORITIES

**Case**                                                                                    **Page(s)**

*A.G. Ship Maintenance Corp. v. Lezak*
   69 N.Y.2d 1, 503 N.E.2d 681, 511 N.Y.S.2d 216 (1986)....................................................... 8

*Aguaiza v. Vantage Properties, LLC*
   69 A.D.3d 422, 893 N.Y.S.2d 19 (1st Dept. 2010)................................................................. 10

*Aminov v. DraftKings, Inc.*
   2025 WL 2108543 (E.D.N.Y. July 28, 2025)........................................................................ 2

*Brake v. Slochowsky & Slochowsky, LLP*
   504 F.Supp.3d 103 (E.D.N.Y. 2020) .................................................................................... 5

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*
   701 F.Supp.2d 340 (E.D.N.Y. 2010) .................................................................................... 3

*Calixto v. A. Balsamo & Rosenblatt, P.C.*
   244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) ..................................................... passim

*Collazo v. Netherland Property Assets LLC*
   155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept. 2017)............................................................ 10

*Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*
   2025 WL 871637 (S.D.N.Y. Mar. 20, 2025) ......................................................................... 9

*Dains v. Bayer HealthCare, LLC*
   2022 WL 16572021 (N.D.N.Y. Nov. 1, 2022) ....................................................................... 6

*Finch v. Slochowsky & Slochowsky, LLP*
   2020 WL 5848616 (E.D.N.Y. Sept. 30, 2020) .................................................................. 3, 4

*Gabelli v. SEC*
   568 U.S. 442 (2013)............................................................................................................... 7

*Gale v. Smith & Nephew, Inc.*
   989 F.Supp.2d 243 (S.D.N.Y. 2013).................................................................................... 6

*Hawkins-El v. First American Funding, LLC*
   891 F.Supp.2d 402 (E.D.N.Y. 2012) .................................................................................... 9

*Heard v. MTA North Commuter R. Co.*
   2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003).................................................................. 10

*Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*
   2013 WL 5460196 (E.D.N.Y. Sept. 25, 2013) ...................................................................... 9

**Table of Authorities (con'd)**

*In re Ismailos*
    2026 WL 1216621 (Bankr. S.D.N.Y. May 4, 2026)........................................................ 7

*J&R Multifamily Group, Ltd. v. U.S. Bank National Association*
    2019 WL 6619329 (S.D.N.Y. Dec. 5, 2019) ........................................................ 3

*Lava Trading Inc. v. Hartford Fire Ins. Co.*
    326 F.Supp.2d 434 (S.D.N.Y. 2004)........................................................ 5

*Lazar v. International Shoppes, LLC*
    2025 WL 1475627 (E.D.N.Y. May 22, 2025) ........................................................ 2

*Maguire v. Citicorp Retail Services, Inc.*
    147 F.3d 232 (2d Cir. 1998)........................................................ 9

*Manchanda v. Educational Credit Management Corp.*
    2022 WL 137885 (S.D.N.Y. Jan. 14, 2022) ........................................................ 4

*Matos v. Kucker & Bruh*
    2007 WL 4639455 (Sup. Ct., N.Y. Co. Dec. 28, 2007)........................................................ 3

*New York Univ. v. Continental Ins. Co.*
    87 N.Y.2d 308, 662 N.E.2d 763, 639 N.Y.S.2d 283 (1995)........................................................ 4

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*
    85 N.Y.2d 20, 647 N.E.2d 741, 623 N.Y.S.2d 529 (1995)........................................................ 4

*Rodriguez v. Cheesecake Factory, Inc.*
    2017 WL 6541439 (E.D.N.Y. Aug. 11, 2017)........................................................ 2

*Rotterdam Ventures, Inc. v. Ernst & Young LLP*
    300 A.D.2d 963, 752 N.Y.S.2d 746 (3d Dept. 2002) ........................................................ 8

*Shamir v. Perry*
    2004 WL 2035004 (Sup. Ct., Kings Co. June 23, 2004) ........................................................ 7

*Small v. Lorillard Tobacco Co., Inc.*
    94 N.Y.2d 43, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999)........................................................ 2

*Water Street Leasehold LLC v. Deloitte & Touche LLP*
    19 A.D.3d 183, 796 N.Y.S.2d 598 (1st Dept. 2005)........................................................ 8

**United States Code**
28 U.S.C. §1367(c) ........................................................ 1
28 U.S.C. §1367(c)(1)........................................................ 1, 10
28 U.S.C. §1367(c)(2)........................................................ 10

**Table of Authorities (con'd)**

**Federal Rules**

Fed. R. Civ. P. 11 ................................................................................................... 8
Fed. R. Civ. P. 12(b)(1) ...................................................................................... 1, 11
Fed. R. Civ. P. 12(b)(6) .................................................................................. 1, 10, 11

**New York Statutes and Rules**

General Business Law §349 ................................................................................. passim
Judiciary Law §487 ............................................................................................... 8
Multiple Dwelling Law §325(2) ........................................................................... 7
22 N.Y.C.R.R. Part 130 ....................................................................................... 8

Defendants 1915 Realty LLC, Yonah Roth and Binyomin Herzl ("Landlord Defendants")

respectfully submit this reply memorandum of law in support of their motion to dismiss part of

the allegations against them pursuant to Fed. R. Civ. P. 12(b)(6) and, in accordance with Rule

12(b)(1) and 28 U.S.C. §1367(c) (1) and (2), an order declining to exercise supplemental

jurisdiction over any allegations that remain after the Rule 12(b)(6) motion is decided.

## INTRODUCTION

Point I of this reply memorandum shows that, contrary to the Batistas' argument, they are

required to allege deceit or  misleading practices to state a claim under General Business Law

§349(a).

Point II demonstrates that the sort of statements and misleading conduct within a single

private lawsuit that the Batistas' allege is not actionable consumer-oriented conduct under GBL

§349(a).

Point III shows that, contrary to the Batistas' argument, there is no duty of care applicable

that supports a gross-negligence claim against the Landlord Defendants.

Finally, the court should decline to exercise supplemental jurisdiction since any claims or

allegations that survive the Rule 12(b)(6) motions will involve issues best suited for resolution in

the New York state courts.  (Point IV, *infra*.)

## ARGUMENT

### Point I

**The Batistas' Argument that they Do Not Need
to Allege Deceit or Misleading Practices is
Refuted by the Same Case Law they Cite**

The Landlord Defendants' motion to dismiss showed that the Batistas cannot plausibly

allege that they were misled or deceived since they always knew their actual rent, and the portion

due from them.  ECF 28, pp. 4-5.  Since the Batistas cannot argue that they were deceived or misled, they cannot state a claim under GBL §349, even if their allegations of reliance, causation and injury were plausible.

The Batistas incorrectly argue that deceit is not an element of the claim, contending that any prior law that "could have been read as requiring a plaintiff to have actually been deceived . . . has been superseded by" *Small v. Lorillard Tobacco Co., Inc.*, 94 N.Y.2d 43, 55, 698 N.Y.S.2d 615, 720 N.E.2d 892 (1999).  Batistas Opp. Memo [ECF 31], p. 17.  However, *Small* says exactly the opposite: "To state a claim under the statute, a plaintiff must allege that the defendant has engaged 'in an act or practice that is deceptive or misleading in a material way *and* that plaintiff has been injured by reason thereof[.]'"  94 N.Y.2d at 55, 698 N.Y.S.2d at 620, 720 N.E.2d at 897 (emphasis added).  Deceit means the plaintiff was reasonably misled.  As *Small* directly holds, it is required *in addition to* causation.  *Aminov v. DraftKings, Inc.*, 2025 WL 2108543, *6 n. 6 (E.D.N.Y., July 28, 2025) ("Because the Court finds that Plaintiff has not met the materially misleading element, it does not reach the injury element."); *Rodriguez v. Cheesecake Factor, Inc.*, 2017 WL 6541439, *2 n. 2 (E.D.N.Y., Aug. 11, 2017) ("Because plaintiff has not plausibly alleged a materially misleading practice, it is unnecessary to address these remaining arguments.")

The Batistas point out that deceit is judged objectively.  However, that doesn't mean that the alleged misrepresentation is reviewed out of context. A reasonable consumer who, like the Batistas, knows his actual rent and the portion for which he is obligated, cannot be misled by incorrect statements about those matters.  *Lazar v. International Shoppes, LLC*, 2025 WL 1475627, *5 (E.D.N.Y., May 22, 2025) ("Because plaintiffs do not allege that defendants made a

misleading statement, the Court grants defendants' motion to dismiss the GBL §349 claim.");

*J&R Multifamily Group, Ltd. v. U.S. Bank National Association*, 2019 WL 6619329, *8

(S.D.N.Y., Dec. 5, 2019) ("Plaintiff must be justified in its belief in the truth of the statement.")

**Point II**

**Statements and Conduct within A Private Lawsuit Are Not
Actionable Consumer-Oriented Conduct under GBL §349(a)**

Citing *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F.Supp.2d 340, 355

(E.D.N.Y.2010), the Landlord Defendants' May 22, 2026 memorandum of law showed that

misrepresentations within civil litigation are not actionable under GBL §349.  ECF 28, pp. 8-9.

The Batistas argue that "*Caldwell* holds no such thing."  ECF 31, p. 20.  Defendants also argue,

more broadly, that misleading a Court supplies the deceit element even if the consumer is not

misled.   These arguments do not have any merit.

**(a) The Batistas Ignore the Express Holding of *Caldwell***

*Caldwell* *expressly* holds:  "The Court agrees with the R & R that, to the extent this claim

is predicated on FPA's actions in the civil court litigation, that allegation is not the deceptive,

consumer-oriented conduct that §349 is intended to address."  (Emphasis added.)  701 F.Supp. 2d

at 355.  *See also:  Matos v. Kucker & Bruh*, 2007 WL 4639455, *4 (Sup. Ct., New York Co.,

Dec. 28, 2007) ("Plaintiff's cause of action (35) pursuant to GBL §349 do[es] not survive the

dismissal motions because the statute is directed at wrongs against the consuming public not

private disputes unique to the parties[.]")

**(b) Meritless Allegations in A Single Housing Court
    Case Are Not Actionable Under GBL §349**

Misleading statements within a single housing court proceeding are not actionable under

GBL §349.  In *Finch v. Slochowsky and Slochowsky*, LLP, 2020 WL 5848616 (E.D.N.Y., Sept. 30, 2020) the plaintiff alleged "'a pattern and practice of misrepresenting the fact and amount of rental arrears to tenants and to courts,' and 'actively concealing the existence of prior payments, settlements, and court orders that affect rental arrears.'"  2020 WL 5848616, *2 (internal citations omitted).  Summarizing the precedents, *Finch* held:

> Plaintiff has not adequately pleaded a Section 349 claim under these principles. Plaintiff's complaint centers on a "private contract dispute," . . .  over plaintiff's rent payments and eviction lawsuits that stemmed from alleged failure to credit such payments.

2020 WL 5848616, *6 (citation omitted).

**(c) Filing Meritless Allegations in a Single Housing
      Court Case is Not Consumer-Oriented Conduct**

GBL §349 only pertains to misrepresentations "in the marketplace"—the other end of the spectrum from the private dispute at issue here.

Even if misrepresentations in housing court litigation could in certain circumstances support a GBL §349 claim, the Batistas allege a purely private dispute.  Section 349 reaches only conduct that is "consumer-oriented," *i.e.*, it has "a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 647 N.E.2d 741, 744, 623 N.Y.S.2d 529, 532 (1995). "Private contract disputes, unique to the parties," are outside the statute.  *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 320, 662 N.E.2d 763, 770, 639 N.Y.S.2d 283, 290 (1995).  As stated in *Manchanda v. Educational Credit Management Corp.*, 2022 WL 137885 (S.D.N.Y., Jan. 14, 2022):

> What matters is whether the defendant's allegedly deceptive act or practice is directed to the consuming public and the marketplace.  The consumer-oriented requirement precludes Section 349 claims based on private contract disputes,

4

unique to the parties. * * * Plaintiff's dispute is ultimately a private dispute concerning a contractual agreement and conduct unique to Plaintiff."

*Id.*, *3 (cleaned up).

The Batistas' allege a single housing court dispute about whether their NYCHA subsidy was properly credited and whether they were overcharged.  Complaint [ECF 3]. ¶¶ 45-46, 55.

In *Brake v. Slochowsky & Slochowsky, LLP*, 504 F.Supp.3d 103 (E.D.N.Y. 2020), the GBL §349 claim against the landlord was dismissed since it involved "only a private dispute with the landlords and Slochowsky, rather than 'showing injury or potential injury to the public.'" *Id.* at 115.  *Brake* held that for the claim to survive, "concrete allegations concerning similar conduct aimed at an appreciable number of other tenants" were required.  *Id.*   The Batistas do not allege the Landlord Defendants engaged in similar conduct toward other tenants.  (The other housing court proceedings the Complaint references — against Lucas, against Mijares, and against Martinez (ECF 3, ¶¶ 82-98)) were filed by Edelman Schwartz on behalf of *other* landlords.

**(d) The Involvement of NYCHA and DHCR**
     **Does Not Satisfy the Deceit Element**

The Batistas argue that had 1915 Realty: "presented the facts accurately to NYCHA, it would have been clear to NYCHA that the landlord was seeking the subsidy portion of the rent, . . . and NYCHA may not have approved the lawsuit."   The Batistas do not specify what facts were misrepresented or what information was omitted. *Lava Trading Inc. v. Hartford Fire Ins. Co.,* 326 F.Supp.2d 434, 438-439 (S.D.N.Y. 2004) ("conclusory allegations ... are not sufficient to state a claim under Section 349 in the absence of factual allegations in support thereof ").

The Batistas argue that the Landlord Defendants violated the so-called "Williams Consent

5

Decree" from 1982. That decree requires an owner, before filing a housing court proceeding, to certify to NYCHA, its factual basis for suing and that it is not seeking the subsidized portion of the rent from the tenant.   NYSCEF 30-1.

However, a disclosure or omission to an administrative agency does not transform a single private dispute to consumer-oriented conduct actionable under GBL §349.  *Gale v. Smith & Nephew, Inc.*, 989 F.Supp.2d 243, 250 (S.D.N.Y. 2013) (holding, in products liability case that:  "Plaintiff alleges S & N deceived the FDA [which approved the device], but he does not explain how this allegedly improper conduct was "consumer-oriented.");  *Dains v. BayerHealth Care, LLC*, 2022 WL 16572021, *9 (N.D.N.Y., Nov. 1, 2022) (". . . Plaintiff has not plausibly alleged a claim under GBL §349.  First, to the extent Plaintiff alleges that Defendants concealed information or deceived the FDA, she has not alleged that such conduct is consumer oriented.")  Any failure by the Landlord Defendants to comply with the Williams decree impacted only this case, not consumers at large.

**(e)  *Calixto* Should Be Limited to Its Unique Facts
Since Only the Legislature Can Fashion
New Remedies for Litigation Misconduct**

The Second Department decision in *Calixto v. A. Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) reinstated a GBL §349 claim against housing court lawyers.  It can't be read for the broader proposition that any housing court dispute in which the landlord is unsuccessful supports a GBL §349 claim, and should be confined to its unique facts. [1]

---

[1]As pointed out in the Landlord Defendants May 22, 2026 memorandum of law, *Calixto* is contrary to the law as stated in First Department decisions and this Court should decline to assume jurisdiction over GBL §349 claim so the conflicting precedents can be resolved in the

*Calixto* involved a building that was *not* registered with DHCR.  That meant, as the decision noted, that under the Multiple Dwelling Law, the owner was not entitled to collect any rent.  244 A.D.3d at 676, 246 N.Y.S.3d at 449.  *Id.*  Also, an owner's compliance with the registration requirement imposed under MDL §325(2) is a jurisdictional requirement for filing any housing court case.  *Shamir v. Perry*, 2004 WL 2035004, *2 (Sup. Ct., Kings Co., June 23, 2004).  In *Calixto*, the rights of several tenants were implicated since the building was an unregistered multiple dwelling.

In *Calixto*, the five-day demand that preceded the lawsuit and the housing court case itself were based on the implied misrepresentation that the building was properly registered, a matter the tenant was not required to determine from public records.  *In re Ismailos*, 2026 WL 1216621, *10 (Bankr., S.D.N.Y. May 4, 2026) (unlisted creditor allowed to file late proof of claim since she "was not obligated to conduct a docket search prior to that time" and "had no reason to consider whether Debtor had filed for bankruptcy"); *Gabelli v. SEC*, 568 U.S. 442, 450-451 (2013) ("Most of us do not live in a state of constant investigation; absent any reason to think we have been injured, we do not typically spend our days looking for evidence that we were lied to or defrauded. And the law does not require that we do so.")

Here, in contrast to *Calixto*, the rent bills preceding the petition concerned a matter—the amount of rent due—about which the Batistas were fully informed, so they were not misled.  The building was registered so neither the rent bills nor filing the housing court case misled the Batistas in that regard.  Since, by definition, there are at least two sides to every lawsuit with attorneys charged with the obligation of zealous advocacy, misstatements in litigation should be

state courts.  ECF 28, Point III., pp. 11-12.

7

actionable only where the legislature has spoken clearly, *e.g.*, Judiciary Law §487, Fed. R. Civ. P. 11; Judiciary Law §487; and 22 N.Y.C.R.R. Part 130 (New York's litigation sanctions rule similar to Rule 11).  *A.G. Ship Maintenance Corp. v. Lezak*, 69 N.Y.2d 1, 6, 503 N.E.2d 681, 684, 511 N.Y.S.2d 216, 219 (1986) (litigations sanctions remedy cannot be judicially fashioned and can only be imposed by "statute []or a court rule.")

**Point III**

**Detrimental Reliance is Necessary Element
of  a Gross Negligence Claim Based
on Allegedly Deceptive Conduct**

The Landlord Defendants' previously cited *Rotterdam Ventures, Inc. v. Ernst & Young LLP*, 300 A.D.2d 963, 965, 752 N.Y.S.2d 746, 748 (3d Dept. 2002) and *Water Street Leasehold LLC v. Deloitte & Touche LLP*, 19 A.D.3d 183, 185-186, 796 N.Y.S.2d 598, 600 (1st Dept. 2005). ECF 28, p1. 10.  Those decisions hold that an inability to allege detrimental reliance defeats gross negligence claims that sound in fraud.  The Batistas' gross negligence claims against the Landlord Defendants are based on the same allegations as their deceptive conduct claims under GBL §349, and sound in fraud.

While the Batistas allege breach of "a duty of reasonable care in collecting . . . debts," there is no such duty applicable to the Landlord Defendants.  *Calixto*, *supra*, upheld the fraud-based gross negligence allegation for failure to register the building.   However, it also held that GBL §349(a) does not impose a duty care.  244 A.D.3d at 679, 246 N.Y.S.3d at 451 ("[Even if the defendants violated General Business Law §349, a cause of action alleging negligence *per se* against them for violation of that statute cannot lie, *as the statute does not impose a specific duty on the defendants*[.]" (emphasis added))

8

The decisions the Batistas cite refer to a duty of care arising under the FDCPA, rather than GBL §349(a) or common law.   The statutory duty of care established by FDCPA does not apply to the Landlord Defendants since creditors, as distinct from their collection agents, are not subject to the FDCPA.  *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).  *Hawkins-El v. First American Funding, LLC*, 891 F.Supp.2d 402 (E.D.N.Y. 2012), which the Batistas cite in their complaint (ECF 3, ¶145) dismisses on this precise ground, holding:

> Creditors and debt collectors owe debtors "a duty of reasonable care" in the collection of their debts. [Citation omitted.] *However, Plaintiff defines this duty as the* duty owed under RESPA and the FDCPA . . . which Defendants did not breach. [Citation omitted.]. Accordingly, summary judgment is granted to Defendants on Plaintiff's negligence claim.

891 F.Supp.2d at 412.  *Crespo v. Gutman, Mintz, Baker & Sonnenfeldt, LLP*, 2025 WL 871637 (S.D.N.Y., Mar. 20, 2025) concerned a gross negligence claim *against a debt collector*, not a creditor. The gross negligence claim was upheld since the plaintiff had stated a cause of action under the FDCPA, and defendants (who were attorneys and debt collectors) did not make any separate arguments for dismissal of the gross negligence claim.  *Id. Crespo* does not impose a duty of care on creditors, as opposed to their lawyers and other collection agents.

**Point IV**

**The Court Should Decline to Exercise Supplemental
Jurisdiction Over Any State Law Claims or
Allegations Actionable Under State Law
That Survive the Motions to Dismiss**

To the extent any claims that survive the motion to dismiss allege breach of the Landlord Defendants' habitability obligations or noncompliance with administrative orders,  the state courts are the proper forum.  *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 2013

WL 5460196, *6 (E.D.N.Y. Sept. 25, 2013) (in accordance with 28 U.S.C. §1367(c)(2), declining to assume jurisdiction over claims that "require significantly more proof and resolution of much broader issues" than the federal Fair Labor Standards Act claim to which they were appended).

To the extent the issue remaining after the motions to dismiss are decided is whether a GBL 349(a) claim can be based solely on misrepresentations made within a litigation, that should be determined in the state court.  Even if the Second Department decision in *Calixto*, *supra*, is interpreted as allowing that type of claim, that would present a conflict with the First Department decisions in *Aguaiza v. Vantage Properties, LLC*, 69 A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dept. 2010) and *Collazo v. Netherland Property Assets LLC*, 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept. 2017).  See *Heard v. MTA North Commuter R. Co.*, 2003 WL 22176008, *5 (S.D.N.Y., Sept. 22, 2003) (declining supplemental jurisdiction based on "the dispute among state courts over the proper standard for individual liability under the New York State Human Rights Law").

As shown in Point II(e), *supra*, remedies for misrepresentations in litigation should not be created by judicial interpretation, but by clear legislative directive.   28 U.S.C. §1367(c)(1) permits the Court to decline supplemental jurisdiction where the state court claim "raises a novel or complex issue of State law[.]"

## CONCLUSION

For the foregoing reasons, and those set forth in the Landlord Defendants' May 22, 2026 memorandum of law, the Second and Fourth Claims should be dismissed pursuant to Rule 12(b)(6) and the Court should decline to exercise supplemental jurisdiction over any

claims or allegations that are not dismissed under Rule 12(b)(6) and instead dismiss them

under Rule 12(b)(1).

Dated: New York, New York                   Berry Law PLLC
        June 19,  2026                              /s/Eric W. Berry

                                         By: _____
                                          Eric W. Berry [NY 2069524]
                                    *Attorney for defendants 1915 Realty LLC,*
                                        *Yonah Roth and Binyomin Herzl*
                                    745 Fifth Avenue, 5th Floor
                                    New York, New York 10151
                                    (212) 355-0777

Word Count 2897

11