Outlook

---

**Re: LT-310915-25/BX, 1915 Realty LLC v. Damian Batista, Sandra Batista**

---

**From** Jackie C. Spencer <jspencer@lsnyc.org>

**Date** Wed 10/1/2025 9:00 AM

**To** Zev Schwartz <zev@e-slaw.com>

**Cc** nyscef@e-slaw.com <nyscef@e-slaw.com>; Law Office Edelman Schwartz PLLC <office@e-slaw.com>

▌ 6 attachments (6 MB)

D Batista Rent Ledger.pdf; D Batista Payments for Months in Petition.pdf; MW610041OR.pdf; MN610078S.pdf; D Batista NYCHA Tenant share letters.pdf; D Batista Stipulation of Discontinuance.pdf;

Good afternoon,

I am writing again to request that you dismiss the case against my client with prejudice.

Mr. Batista did not, as you allege, owe approximately $9,200 in May 2025. Those arrears accrued due to missing Section 8 payments, which Mr. Batista cannot legally be held responsible for. Section 8 did not pay its share from January 2024 through November 2024. *(See attached rent ledger provided by your client.)* Section 8 began making payments again in December 2024, and in January 2025 it made additional payments to make up for some of the missing months. *Id.* But the arrears that accrued during this time were entirely from the Section 8 portion of the rent. Mr. Batista cannot be sued for this money. *(See attached NYCHA tenant share letters for Mr. Batista's portion of the rent.)*

In addition, the total monthly rent shown in the ledger is incorrect for many months because it does not adhere to the monthly rent required by the DHCR rent reduction order. *(Both the original order and denial of the landlord's request to restore the rent are attached.)*

Further, Mr. Batista was not credited the $2,500 settlement money because it should be applied only to his tenant share, and not the Section 8 portion of the rent. The attached ledger includes both Mr. Batista's tenant portion as well as the Section 8 portion, and therefore cannot demonstrate a credit of $2,500 to just the tenant portion of the rent.

As I noted in my previous email, Mr. Batista has made regular payments of his tenant share (*again, see tenant share letters attached*). These payments, shown in both the attachment with Mr. Batista's bank transactions and in the ledger provided by your client, shows that Mr. Batista has consistently paid his tenant share. Mr. Batista is not legally responsible for missing Section 8 payments, and therefore this case should be dismissed with prejudice.

I have again attached a stipulation for your signature. I request that you sign this stipulation dismissing the case with prejudice by 5pm on Monday, October 6.

Thank you,

Jackie Spencer
Staff Attorney, Housing Unit
Bronx Legal Services
369 E. 148th Street, 2nd Floor

Bronx, NY 10455
Tel: 718-928-3740
Email: jspencer@lsnyc.org

---

**From:** Zev Schwartz <zev@e-slaw.com>
**Sent:** Friday, September 26, 2025 3:44 PM
**To:** Jackie C. Spencer <jspencer@lsnyc.org>
**Cc:** nyscef@e-slaw.com <nyscef@e-slaw.com>; Law Office Edelman Schwartz PLLC <office@e-slaw.com>
**Subject:** Re: LT-310915-25/BX, 1915 Realty LLC v. Damian Batista, Sandra Batista

in may 2025 he owed around 9200 in may and we gave him 2500 credit in Feburary 2024

On Tue, Sep 23, 2025 at 9:31AM Jackie C. Spencer <jspencer@lsnyc.org> wrote:
Good morning,

I represent Damian Batista in LT-310915-25/BX, *1915 Realty LLC v. Damian Batista, Sandra Batista*. The petition that started this proceeding alleges that Mr. Batista owed $9,132.76 in rent from May 2024 through March 2025. But as you can tell from the attached documents, that rent is not owed. Specifically, the rent is not owed because:

1) The attached bank transactions show that Mr. Batista has made and continues to make regular payments of his share of the rent. Mr. Batista receives a NYCHA Section 8 subsidy and is not and cannot be held responsible for the NYCHA Section 8 portion of the rent. Mr. Batista mailed letters to his landlord in February 2024 and April 2024 to point out that he was being charged for the NYCHA Section 8 portion, but the rent bills and rent ledgers did not change. Mr. Batista's tenant share and corresponding payments for the months sought in the petition are as follows:

| Month | Tenant Share | Payment | Transaction # | Date |
|-------|-------------|---------|--------------|------|
| May 2024 | $1038.00 | $1038.00 | T019097 | May 3, 2024 |
| June 2024 | $1076.00 | $1076.00 | T019583 | June 4, 2024 |
| July 2024 | $1076.00 | $1076.00 | T019964 | July 1, 2024 |
| Aug 2024 | $892.00 | $892.00 | T020414 | Aug 1, 2024 |
| Sept 2024 | $892.00 | $892.00 | T021069 | Sept 6, 2024 |
| Oct 2024 | $892.00 | $892.00 | T021483 | Oct 2, 2024 |
| Nov 2024 | $892.00 | $892.00 | T021906 | Nov 1, 2024 |
| Dec 2024 | $892.00 | $892.00 | T022442 | Dec 2, 2024 |
| Jan 2025 | $892.00 | $892.00 | T022996 | Jan 2, 2025 |
| Feb 2025 | $892.00 | $892.00 | T023706 | Feb 7, 2025 |
| Mar 2025 | $892.00 | $892.00 | T024012 | Mar 1, 2025 |

2) Mr. Batista has made and continues to make regular payments of his full tenant share that include the months in the rent demand continuing to date.
3) In addition, the $2,500.00 building-wide settlement, credited on Mr. Batista's Tenant Statement on 2/12/25, should be applied to Mr. Batista's portion of the rent, and not the NYCHA Section 8 portion.

The rent demand and tenant ledgers show additional accounting issues:

4) A rent reduction order was issued for December 11, 2023 to January 4, 2024. Rent was set at $1. Mr. Batista paid his full tenant share ($1,038.00) for December 2023, though he occupied the apartment for only 10 days and should be responsible for only $334.84. ($1,038.00/31 x 10). Mr. Batista paid $1,022.89 for January 2024 (the payment was made in March 2024), though he occupied the apartment for only 28 days and should be responsible for only $937.55 ($1,038.00/31 x 28).

5) Further, a DHCR order issued 10/24/24 under Docket Number MN 610078 S (see attached) determined that "[t]he legal regulated rent is reduced to the level in effect prior to the most recent guidelines adjustment for the tenant's lease which commenced before the effective date of this order." Therefore, the total legal rent should be frozen at $2,051.28 for all of the months included in the petition, as well as all of the months to date. An order denying the owner's application to restore rent was issued on 9/12/25 under docket number MW 610041 OR (see attached), meaning the rent reduction is still in place.

Therefore, demand is made for you to sign and return to me by 5:00pm on Monday, September 29, 2025 a stipulation of dismissal with prejudice. I have drafted the attached stipulation for your review and signature.

If I do not receive a signed stipulation of dismissal order by that time I will begin to incur the time and expenses of drafting a motion for summary judgment, but I trust that will not be necessary.

Thank you,


Jackie Spencer
Staff Attorney, Housing Unit
Bronx Legal Services
369 E. 148th Street, 2nd Floor
Bronx, NY 10455
Tel: 718-928-3740
Email: jspencer@lsnyc.org



*This e-mail is sent by a law firm and contains information that may be privileged and confidential and may also be covered by the Health Insurance Portability and Accountability Act (HIPAA). If you are not the intended recipient, do not disseminate; please delete the e-mail and notify us immediately.*

🌲 *Please consider the environment before printing this email message.*


**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be

unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by Mimecast, a leader in email security and cyber resilience. Mimecast integrates email defenses with brand protection, security awareness training, web security, compliance and other essential capabilities. Mimecast helps protect large and small organizations from malicious activity, human error and technology failure; and to lead the movement toward building a more resilient world. To find out more, visit our website.