UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
DAMIAN BATISTA and
SANDRA BATISTA,

                   Plaintiffs,                 Case No. 26 Civ. 2557 (JSR)
  - against -

EDELMAN SCHWARTZ PLLC, *et al.*,

                   Defendants.
---------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF THE THE LANDLORD DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT


BERRY LAW PLLC
*Attorneys for defendants 1915*
*Realty LLC, Phelan Place*
*Holdings, LLC, DK & CK Management*
*Corp. and David Kleiner*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777


New York, New York
July 30, 2026

# TABLE OF CONTENTS

**Page**

Table of Authorities ........................................................................................................ iv

**INTRODUCTION**.............................................................................................................1

A. Introduction ...........................................................................................................1

B. Plaintiffs' Allegations against the Landlord Defendants ......................................3

(1) The Fraudulent Rent Collection Allegations..............................................3

(2) The Non-Housing Court Allegations ..........................................................4

**ARGUMENT**....................................................................................................................4

**Point I**................................................................................................................4
The Amended Complaint Fails to State a Claim Under GBL §349(a)

(A) The "Consumer-Oriented" Element of a GBL §349(a) Claim Is Not Plausibly
Alleged Since the Amended Complaint Identifies Only the Batistas' Own Billing
Dispute .................................................................................................................4

(B) The Batistas Do Not Plausibly Allege That They Were Misled..............................6

(1) The Batistas' Failure to Plausibly Allege That They Were Misled By the
Overcharges ..........................................................................................................6

(2) The Alleged Failure to Comply With Rent Reduction Orders and Attempts to
Collect the NYCHA Portion Are Not Actionable Under GBL §349(a) ..................8

(a) The Rent Reduction Orders ...................................................................8

(b) Attempts to Collect the Portions that NYCHA Failed to Pay ...........................9

(3) The Landlord Defendants' Alleged Overstatement of Arrears and Efforts in
Housing Court to Enforce the Rent Demands Are Not Actionable Under GBL
§349(a) ..................................................................................................................10

(4) The Allegation that the Landlord Defendants Did Not Submit Certifications to
NYCHA Before Rent Increases Does Not State a Claim Under GBL §349(a).....11

(5) The Claims Based on the August and September 2022 Overpayments Are
Time-Barred..........................................................................................................12

Table of Contents (con'd)

**Point II** .................................................................................................................12

The Batistas Cannot Establish a Deceit-Based Gross Negligence Claim

    A. The Batistas Cannot Show Justifiable Reliance as Required to State a Deceit-Based
Gross Negligence Claim ..................................................................................12

    B. The Landlord Defendants Did Not Owe the Batistas a Duty of Care .......................13

**Point III**................................................................................................................14

The Claims Against Kleiner Individually Should Be Dismissed Because He Acted on
Behalf of Juridical Entities and the Batistas Do Not Plead Actionable Veil-Piercing or Alter
Ego Allegations

**Point IV** ................................................................................................................16

Phelan Should Be Dismissed as a Defendant Since It Did Not Own the Building During the
Events At Issue and No Successor Liability Allegations Are Asserted

**Point V**..................................................................................................................17

The Court Should Decline to Exercise Supplemental Jurisdiction Over Any Allegations that
Remain After the Rule 12(b)(6) Motion is Decided

    A. The Court Should Decline to Exercise Jurisdiction Over Any State Law Allegations
Remaining After the Rule 12(b)(6) Motion is Decided to the Extent They Concern a
Series of Events More Expansive than Those Underlying the Housing Court Issues ...17

    B. In Accordance with 28 U.S.C. §1367(c)(1), the Court Should Decline Supplemental
Jurisdiction Over Any Surviving State Law Allegations Given the Unsettled State of
the Relevant New York Case Law..................................................................20

**CONCLUSION** .......................................................................................................21

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Aguaiza v. Vantage Properties, LLC*
    69 A.D.3d 422, 893 N.Y.S.2d 19 (1st Dept. 2010).....................................................................20

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009)..........................................................................................................................5

*Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*
    701 F.Supp.2d 340 (E.D.N.Y. 2010) .............................................................................................10

*Calixto v. A. Balsamo & Rosenblatt, P.C.*
    244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) .................................................13, 20, 21

*Cavender v. Sutter Lakeside Hosp., Inc.*
    2005 WL 2171714 (N.D. Cal. Sept. 6, 2005) .........................................................................19

*Chambers v. Time Warner, Inc.*
    282 F.3d 147 (2d Cir. 2002)..............................................................................................................6

*Cherensky v. New York Life Ins. Co.*
    942 F.Supp.2d 388 (S.D.N.Y. 2013).............................................................................................21

*Chufen Chen v. Dunkin' Brands, Inc.*
    954 F.3d 492 (2d Cir. 2020)..............................................................................................................6

*Collazo v. Netherland Property Assets LLC*
    155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept. 2017).....................................................................20

*Collazo v. Netherland Property Assets LLC*
    35 N.Y.3d 987, 125 N.Y.S.3d 337 (2020) .....................................................................................20

*Corsello v. Verizon N.Y., Inc.*
    18 N.Y.3d 777, 944 N.Y.S.2d 732 (2012) .....................................................................................12

*Dains v. BayerHealth Care, LLC*
    2022 WL 16572021 (N.D.N.Y. Nov. 1, 2022) ..............................................................................11

*Matter of DePetris v. Traina*
    211 A.D.3d 939, 181 N.Y.S.3d 298 (2d Dept. 2022) ..............................................................14, 15

*DiFolco v. MSNBC Cable L.L.C.*
    622 F.3d 104 (2d Cir. 2010)..............................................................................................................6

*Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP*
    2018 WL 2247206 (S.D.N.Y. May 16, 2018) ..............................................................................17

Table of Authorities (con'd)

*E.E.O.C. v. Bloomberg L.P.*
 778 F. Supp. 2d 458 (S.D.N.Y. 2011)..................................................................................5

*East Hampton Union Free School Dist. v. Sandpebble Bldrs., Inc.*
 66 A.D.3d 122, 884 N.Y.S.2d 94 (2d Dept. 2009), aff'd, 16 N.Y.3d 775, 919 N.Y.S.2d 496
 (2011) ...................................................................................................................................15

*Eng v. Pacific Clinics*
 2013 WL 12129611 (C.D. Cal. May 17, 2013) ....................................................................19

*Fathi v. Pfizer Inc.*
 2009 WL 2950876 (Sup. Ct., N.Y. Co. 2009) ......................................................................11

*Figurowski v. Marbil Investors, LLC*
 2015 WL 4000500 (E.D.N.Y. July 1, 2015)..........................................................................19

*Fink v. Time Warner Cable*
 714 F.3d 739 (2d Cir. 2013)..................................................................................................6

*Gale v. Smith & Nephew, Inc.*
 989 F.Supp.2d 243 (S.D.N.Y. 2013).....................................................................................11

*Garcia v. Kahan*
 2026 WL 1724309 (S.D.N.Y. June 15, 2026) .......................................................................5

*Hawkins-El v. First American Funding, LLC*
 891 F.Supp.2d 402 (E.D.N.Y. 2012) ....................................................................................13

*Heard v. MTA North Commuter R. Co.*
 2003 WL 22176008 (S.D.N.Y. Sept. 22, 2003).....................................................................21

*Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*
 2013 WL 5460196 (E.D.N.Y. Sept. 25, 2013) ......................................................................18

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.*
 37 N.Y.3d 169, 150 N.Y.S.3d 79 (2021) ..............................................................................7

*Howell v. City of New York*
 2013 WL 3013663 (E.D.N.Y. June 18, 2013) .......................................................................5

*Lautman v. 2800 Coyle St. Owners Corp.*
 2014 WL 2200909 (E.D.N.Y. May 23, 2014) ...........................................2, 7, 10, 11, 17, 18

*Lorentzen v. Curtis*
 18 F.Supp.2d 322 (S.D.N.Y. 1998).......................................................................................8

Table of Authorities (con'd)

*Lyon v. Whisman*
    45 F.3d 758 (3d Cir. 1995).................................................................................19

*Maguire v. Citicorp Retail Services, Inc.*
    147 F.3d 232 (2d Cir. 1998)..............................................................................13

*Meckel v. Continental Resources Co.*
    758 F.2d 811 (2d Cir. 1985)................................................................................7

*Matter of Morris v. New York State Dept. of Tax. & Fin.*
    82 N.Y.2d 135, 603 N.Y.S.2d 807 (1993) ..................................................14, 15

*Neala Commc'ns LLC v. Xerox Corp.*
    747 F. Supp. 3d 625 (W.D.N.Y. 2024)..............................................................13

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*
    85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) .............................................................4

*People by Latisha James v. River Valley Estates, LLC*
    2025 WL 2970801 (Sup. Ct., Sullivan Co. Oct. 14, 2025)...............................20

*Puma Industrial Consulting, Inc. v. Daal Associates, Inc.*
    808 F.2d 982 (2d Cir. 1987)..............................................................................14

*Rotterdam Ventures, Inc. v. Ernst & Young LLP*
    300 A.D.2d 963, 752 N.Y.S.2d 746 (3d Dept. 2002) ........................................12

*Schuh v. Drukman & Sinel, LLP*
    2008 WL 542504 (S.D.N.Y. Feb. 29, 2008)............................................9, 10, 11

*Schumacher v. Richards Shear Co.*
    59 N.Y.2d 239, 464 N.Y.S.2d 437 (1983) .........................................................16

*Shamir v. Perry*
    2004 WL 2035004 (Sup. Ct., Kings Co. June 23, 2004) ...................................21

*Shearon v. Comfort Tech Mech. Co.*
    2014 WL 1330751 (E.D.N.Y. Mar. 31, 2014)....................................................19

*Sokolsky v. Trans Union Corp.*
    53 F.Supp.2d 307 (E.D.N.Y. 1999) .....................................................................8

*Town of Oyster Bay v. Northrop Grumman System Corp.*
    2010 WL 11623604 (E.D.N.Y. May 21, 2010) ..................................................19

*Victory State Bank v. EMBA Hylan, LLC*
    169 A.D.3d 963, 95 N.Y.S.3d 97 (2d Dept. 2019) ............................................14

Table of Authorities (con'd)

*Water Street Leasehold LLC v. Deloitte & Touche LLP*
  19 A.D.3d 183, 796 N.Y.S.2d 598 (1st Dept. 2005)..............................................................12

**United States Code**

  15 U.S.C. §1692 et seq. (Fair Debt Collection Practices Act)..................................... *passim*
  28 U.S.C. §1367(c) ....................................................................................1, 2, 17, 19, 20, 21
  28 U.S.C. §1367(c)(1)........................................................................................................20, 21
  28 U.S.C. §1367(c)(2)........................................................................................................2, 17, 19

**Code of Federal Regulations**

  24 C.F.R. §982.451 ................................................................................................................3
  24 C.F.R. §982.505 ................................................................................................................3

**Federal Rules**

  Fed. R. Civ. P. 10(c) .............................................................................................................6
  Fed. R. Civ. P. 12(b)(1)........................................................................................................1, 21
  Fed. R. Civ. P. 12(b)(6)............................................................................................ *passim*
  Fed. R. Evid. 406 ..................................................................................................................7

**New York General Business Law**

  N.Y. General Business Law §349................................................................................ *passim*
  N.Y. General Business Law §349(a) ........................................................................... *passim*

**New York Limited Liability Company Law**

  N.Y. LLC Law §609(a)..........................................................................................................14

**New York Multiple Dwelling Law**

  N.Y. Multiple Dwelling Law §325(2) ..................................................................................21

Defendants 1915 Realty LLC, Phelan Place Holdings, LLC, DK & CK Management Corp. and David Kleiner ("Landlord Defendants") respectfully submit this memorandum of law in support of their motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and, in accordance with Rule 12(b)(1) and 28 U.S.C. §1367(c) (1) and (2), for an order that the Court declines to exercise supplemental jurisdiction over any allegations that survive the Rule 12(b)(6) motion.

## A. Introduction

Plaintiffs Damian and Sandra Batista reside at 1915 Billingsley Terrace, Bronx, New York. The multiple dwelling was owned by 1915 Realty at the time of the events alleged, and is now owned by Phelan. The Amended Complaint asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*., against the Landlord Defendants' Housing Court attorneys ("Attorney Defendants"). However, the Amended Complaint does not include a federal claim against the Landlord Defendants; the Landlord Defendants are purely pendent parties. Instead, plaintiffs allege that the Landlord Defendants violated §349(a) of New York's General Business Law in connection with a Housing Court matter (Second Claim), and committed gross negligence (Fourth Claim). GBL §349 outlaws and provides a damages remedy for unfair, deceptive and abusive acts and business and trade practices. (Citations to case law, certain statutes and regulations, and the exhibits to the Amended Complaint are hyperlinked.)

The GBL §349(a) claim asserts that the Landlord Defendants overstated the rent due from the Batistas in rent bills, rent demands and a Housing Court petition. Those are the same allegations underlying the FDCPA claims against the Attorney Defendants. The GBL §349(a) claim should be dismissed because the Batistas do not plausibly allege a "broad impact" on consumers, as the statute requires. It should also be dismissed because the exhibits to the Amended Complaint show that plaintiffs were not misled by the allegedly overstated rent

demands.  *Lautman v. 2800 Coyle St. Owners Corp.*, 2014 WL 2200909, *8 (E.D.N.Y., May 23, 2014) (dismissing GBL §349 claim since "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings").

The remaining charges against the Landlord Defendants as part of the GBL §349(a) claims—those that do not relate to their rent collection efforts—allege misconduct in connection with administrative proceedings before New York City Housing Authority ("NYCHA"), failure to comply with rent reduction orders by the New York State Division of Housing and Community Renewal ("DHCR") and habitability violations. These "non-Housing Court" allegations span a period of time that is lengthier and involve a set of transactions that is broader than those underlying the rent collection claims against the Landlord Defendants and the FDCPA claims against the Attorney Defendants. The Court should, as permitted under 28 U.S.C. §1367(c)(2), decline to exercise supplemental jurisdiction over these non-Housing Court allegations since they "substantially" predominate over the FDCPA claim.  *Lautman*, *supra*, 2014 WL 2200909, *supra* (declining to exercise supplemental jurisdiction over GBL §349(a) claims against a landlord based on "conduct other than in housing court" since they spanned a "substantially longer period of time" than the remaining FDCPA claims against the attorneys and involved "numerous rent bills and letters").  In accordance with 28 U.S.C. §1367(a)(1), the Court should also decline to exercise supplemental jurisdiction over the GBL§349(a) claim since it concerns an issue that has divided the First and Second Departments of the Appellate Division.

2

Kleiner should be dismissed as an individual defendant since he is alleged only to have acted only through his companies, 1915 Realty and DK & CK, and because the Amended Complaint does not contain any actionable *alter ego* allegation.  The claims against Phelan should likewise be dismissed since it had nothing to do with the events alleged, did not acquire the building until after this lawsuit was filed and there are no successor liability allegations in the Amended Complaint.

## B. Plaintiffs' Allegations against the Landlord Defendants

The Batistas receive a Section 8 Housing Choice voucher, a rent subsidy provided in a program administered by NYCHA.  Amended Complaint [ECF 37], ¶23, ¶32.

Under Section 8, NYCHA—not the landlord— calculates the tenant's monthly share of the contract rent and notifies the tenant of that share in writing.  24 C.F.R. §982.505; Amended Complaint, Exhibit D [ECF 37-4] (NYCHA Tenant Share Letter addressed to Damian Batista). NYCHA pays the balance, the "Housing Assistance Payment," directly to the landlord.  24 C.F.R. § 982.451.

### (1) The Fraudulent Rent Collection Allegations

The Batistas allege that, after they fell behind on the NYCHA-calculated tenant share, 1915  Realty served a 14-day rent demand and commenced a non-payment proceeding, *1915 Realty LLC v. Batista*, Index No. LT-310915-25/BX (Civ. Ct., Bronx Co.)  Amended Complaint, ¶¶47-62; Exhibit A [ECF 37-1]. They further allege that the rent stated in the demand and petition exceeded the legal rent, and that the rent bills were based on the full contract rent instead of just the tenant share as calculated by NYCHA.  Amended Complaint, ¶¶37-45.  The Batistas allege that this conduct deceived them and violated GBL §349(a).

3

**(2) The Non-Housing Court Allegations**

The Batistas also allege wrongful conduct outside the rent collection process and the Housing Court case. They assert that the Landlord Defendants mishandled the Housing Assistance Payments received from NYCHA (Amended Complaint ¶¶55-58) and failed to comply with DHCR rent reduction orders, including a $1.00 order dated February 26, 2025 (Amended Complaint, ¶39; **Exhibit G** [ECF 37-7]).

## ARGUMENT

### Point I

**The Amended Complaint Fails to
State a Claim Under GBL §349(a)**

**(A)  The "Consumer-Oriented" Element of a GBL §349(a) Claim
Is Not Plausibly Alleged Since the Amended Complaint
Identifies only the Batistas' Own Billing Dispute**

To state a claim under GBL §349(a), the plaintiff must allege "consumer-oriented" conduct that "has a broad impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995).

The Amended Complaint includes only "threadbare" incantations of the relevant legal standard.  It recites that the Landlord Defendants acted "systematically" and engaged in conduct that had a "broad impact on consumers at large."  Amended Complaint, ¶139, ¶141. The Batistas do not allege any facts supporting these conclusory allegations of a pattern and broad impact. *See* Amended Complaint, ¶¶52-58, ¶123, ¶139, ¶141,  ¶¶155–159.

"A formulaic recitation of the elements" of a claim is "not entitled to the

4

assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-679 (2009); *see also:  id.* at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice.").

*Garcia v. Kahan*, 2026 WL 1724309 (S.D.N.Y., June 15, 2026) concerns an action by a

Section 8 tenant against his landlord and the landlord's Housing Court attorneys that is nearly

identical to this case. The GBL §349 claims were dismissed since the recitations of broad

consumer impact: "lack[ed] 'any factual detail, such as examples of other affected consumers or

similar instances of misconduct' to support Garcia's claim that Prestige's debt collection efforts

were consumer oriented, and are therefore insufficient to support Garcia's §349 claim[.]" *Id.*,

2026 WL 1724309, at *2 (citation omitted) .

Here, as in *Garcia*, the Amended Complaint does not identify any other tenant, building,

ledger and  Housing Court case in which the Landlord Defendants over-charged a tenant.

Without plausible allegations that other consumers were similarly deceived, what allegedly

happened to the Batistas—a single incident— is  insufficient to plausibly allege a broad impact.

*Howell v. City of New York*, 2013 WL 3013663, *4 (E.D.N.Y. June 18, 2013) ("A single incident

alleged in a complaint . . . generally will not suffice to raise an inference of the existence of a

custom or policy." (internal citation omitted)); *E.E.O.C. v. Bloomberg L.P.*, 778 F. Supp. 2d 458,

468 (S.D.N.Y. 2011) ("[A] pattern or practice case cannot rest on the mere occurrence of

isolated or accidental or sporadic discriminatory acts.")

5

**(B) The Batistas Do Not Plausibly
    Allege That They Were Misled**

The  GBL §349(a) claim attributes several types of rent overstatements to the Landlord Defendants. These derive from the allegations at issue in the FDCPA claims against the Attorney Defendants.  They should be dismissed pursuant to Rule 12(b)(6) since they are refuted by the exhibits to the Amended Complaint.  *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-153 (2d Cir. 2002) ("the Complaint is deemed to include any written instrument attached to it as an exhibit"); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) ("In considering a motion . . . pursuant to Rule 12(b)(6), a district court may consider . . . documents incorporated by reference in the Complaint."); Fed. R. Civ. P. 10(c)  ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading[.]").

**(1) The Batistas' Failure to Plausibly Allege
    That They Were Misled By the Overcharges**

The Batistas allege that rent bills, (Amended Complaint, Exhibit C [ECF 37-3]), the Housing Court petition (Amended Complaint, Exhibit A [ECF 37-1]) and a 14-Day Notice (*id.*, at Page 3 of 11) demanded more rent than was due from them.  Amended Complaint, ¶¶37-45, ¶¶47-52.  These allegations do not state a claim under GBL §349(a) because the Batistas always knew the amount legally due from them, and were not misled by any incorrect rent statements in the bills, petition or 14-day notice.

Under GBL §349(a), "[d]eceptive acts are acts that are 'likely to mislead a reasonable consumer acting reasonably under the circumstances.'" *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 500 (2d Cir. 2020) (quoting *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d

6

Cir. 2013)); *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.*, 37 N.Y.3d 169, 178-179, 150 N.Y.S.3d 79, 86 (2021) (dismissing Amended Complaint alleging that legal publisher misrepresented the accuracy and completeness of litigation resource materials since sales contract contained publisher's express disclaimer of accuracy and completeness).

The Batistas acknowledge that the tenant's rent share is determined by NYCHA. Amended Complaint, ¶33; *see also: id.*, ¶24, ¶26.  NYCHA reset the Tenant's Share on July 1, 2021; August 1, 2022; June 1, 2023; June 1, 2024; August 1, 2024; and September 1, 2025.

While the Amended Complaint purports to attach the "Tenant Share Letters" (plural), Amended Complaint, ¶29, ¶33, in fact it attaches only one, that dated August 14, 2025.  The August 14, 2025 letter set the rent for the period September 1, 2025 forward.  Amended Complaint, Exhibit D [ECF 37-4].

Since the Amended Complaint attaches the August 14, 2025 Tenant Share letter addressed by NYCHA to Batista, under Federal Rule of Evidence 406 it can be presumed that the letters for prior periods were likewise timely sent and received.  *Meckel v. Continental Resources Co.*, 758 F.2d 811, 817 (2d Cir. 1985) (routine office mailing practice sufficient to justify presumption of receipt).

The Tenant Share letters for the periods starting July 1, 2021; August 1, 2022; June 1, 2023, June 1, 2024 and August 1, 2024 informed the Batistas of the amount of rent legally due from them.  Since the Batistas knew their actual legal share of the rent from the Tenant Share Letters,  they cannot plausibly allege they were misled by overcharges stated in the rent bills, Housing Court Petition and 14-day notice.  *Lautman*, *supra* (dismissing deceit allegation in a

GBL §349(a) case since "plaintiff does not assert that he himself was in any way misled by the allegedly false rent arrears and other charges claimed by defendants in the Housing Court proceedings"); *Sokolsky v. Trans Union Corp.*, 53 F.Supp.2d 307, 315 (E.D.N.Y. 1999) ("Unlike the FDCPA, Section 349 is violated, not when the 'least sophisticated consumer' would be confused, but when 'a reasonable consumer would have been misled by defendant's conduct.'" (citations omitted)); *Lorentzen v. Curtis*, 18 F.Supp.2d 322, 327 (S.D.N.Y. 1998) (dismissing RICO claims and noting with respect to certain mail fraud predicates: "Curtis does not-and cannot-assert his own reliance on the alleged misstatements contained in these letters, as he would have known of the statements' falsity immediately upon receipt of the letters and thus could not have relied upon them.")

**(2) The Alleged Failure to Comply With Rent Reduction Orders and Attempts to Collect the NYCHA Portion Are Not Actionable Under GBL §349(a)**

### (a) The Rent Reduction Orders

The Batistas seem to allege that the DHCR's October 24, 2024 order (Amended Complaint, Exhibit H [ECF 37-8]) effectively froze the total contract rent at $2,051.28 retroactive to March 1, 2024. (Amended Complaint, ¶¶43-44 & Exhibit Q [ECF 37-17], at ¶7, Exhibit U [ECF 37-21], at ¶14.)

The tenant share is set by NYCHA, not DHCR.  (Amended Complaint, Exhibit D [ECF 37-4]).  The tenant share was $1,038 from June 2023 through May 2024, $1,076 in June-July 2024, $892 from August 2024 through August 2025, and $707 from September 1, 2025 forward. (Amended Complaint, Exhibit Q [ECF 37-17], at ¶5 and  ¶¶9-11).

The Batistas obtained the DHCR orders, knew about them, and moved in Housing Court

to enforce both the DHCR and NYCHA rent determinations.  Amended Complaint, Exhibit G

[ECF 37-7], Exhibit H [ECF 37-8], and Exhibit U [ECF 37-21]; *see also* Amended Complaint,

¶39.  Since the Batistas knew the rent determined by DHCR and their tenants' share, as

determined by NYCHA, they were not deceived.

In similar circumstances, *Schuh v. Drukman & Sinel, LLP*, 2008 WL 542504, *10

(S.D.N.Y., Feb. 29, 2008), in granting a mortgage lender's motion to dismiss the borrower's

RICO claims, held:

> [T]he Amended Complaint does not allege any facts that
> suggest (let alone "plausibly" suggest) that the plaintiffs actually
> "believed and justifiably relied" on any statements made by the
> defendants with respect to the amounts required to pay off their
> mortgage or on any other statements alleged by plaintiffs to have
> been false. To the contrary, *the pleadings and the state court
> papers reflect that the plaintiffs repeatedly questioned or denied
> the amounts that the defendants asserted were required to be paid
> and other statements that had been made by the defendants.*

*Id.*, at *10 (emphasis added.)

### (b) Attempts to Collect the Portions that NYCHA Failed to Pay

The Batistas allege that the Landlord Defendants tried to collect from them the portion of

the rent NYCHA had stopped paying.  Amended Complaint,  ¶¶55-57; ¶¶61-62.  However, the

Batistas knew that NYCHA had stopped paying, asserted as much and refused to pay the

NYCHA share.  Exhibit M [ECF 37-13] (Batista's Feb. 5, 2024 letter to 1915 Realty requesting

that it call NYCHA to request that voucher payments resume), Exhibit N [ECF 37-14]) (Feb. 10,

2024 letter to NYCHA requesting restoration of voucher payments), and Exhibit O [ECF 37-15]

(Batista's Apr. 23, 2024 hand written letter to 1915 Realty stating that he was paying the tenants'

share and it was 1915 Realty's responsibility to call NYCHA and restart the voucher payments).

These allegation cannot support a deceit based claim.  *Lautman*, *supra*; *Schuh*, *supra*.

**(3)   The Landlord Defendants' Alleged Overstatement of
Arrears and Efforts in Housing Court to Enforce the
Rent Demands Are Not Actionable Under GBL §349(a)**

The Batistas allege that the Landlord Defendants attempted to collect overstated rent and arrears during the Housing Court proceeding.  Amended Complaint, ¶¶79-80,  ¶¶82-83,  ¶86 and ¶88.

Misrepresentations within civil litigation are not sufficient to state a claim under §349(a). *Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C.*, 701 F.Supp.2d 340, 355 (E.D.N.Y.2010) (adopting Magistrate's opinion that allegedly false misrepresentations made within civil litigation are not sufficient to state a claim under §349); *Lautman*, *supra* (misleading the Housing Court was not consumer-oriented conduct).

Second, Batistas were not misled by the Landlord Defendants' Housing Court pleadings. To the contrary, the Batistas were disputing the Landlord Defendants' rent claims.  Damian Batista's Housing Court affirmation states he "communicated with my landlord multiple times to explain that my rent ledger included more than my share of the rent, and I was not responsible for paying that rent."  Amended Complaint, ¶80; Exhibit Q [ECF 37-17], at ¶13.  The lawyer emails of September 23 and October 1, 2025 on the Batistas' behalf (Amended Complaint, Exhibits R [ECF 37-18] and T [ECF 37-20]) demanded dismissal of the petition, and cited and attached bank records and the DHCR orders and NYCHA letters. Amended Complaint, ¶¶82-83. On October 21, 2025, in the Housing Case, the Batistas filed a motion to enforce the NYCHA determination and the DHCR rent reduction orders. Amended Complaint, Exhibit U [ECF 37-21]. The Batistas' lawyers disputed the rent claims in emails to Landlord Defendants on

10

December 12, 2025 (Amended Complaint, Exhibit W [ECF 37-23]) and February 3, 2026

(Amended Complaint, Exhibit Y [ECF 37-25]); *see also* Amended Complaint, ¶84.  As in *Schuh*,

*supra*, the Batistas were not misled since "the pleadings and the state court papers reflect that the

plaintiffs repeatedly questioned or denied the amounts that the defendants asserted[.]"

### (4) The Allegation that the Landlord Defendants Did Not Submit Certifications to NYCHA Before Rent Increases Does Not State a Claim Under GBL §349(a)

The Batistas allege that the Landlord Defendants did not submit required certifications to

NYCHA before raising the rent.  Amended Complaint, ¶73.  However, a disclosure or omission

to an administrative agency does not transform a single private dispute to consumer-oriented

conduct actionable under GBL §349(a).  *Gale v. Smith & Nephew, Inc.*, 989 F.Supp.2d 243, 250

(S.D.N.Y. 2013) (holding, in products liability case that: "Plaintiff alleges S & N deceived the

FDA [which approved the device], but he does not explain how this allegedly improper conduct

was "consumer-oriented.");  *Dains v. BayerHealth Care, LLC*, 2022 WL 16572021, *9

(N.D.N.Y., Nov. 1, 2022) (". . . Plaintiff has not plausibly alleged a claim under GBL §349.  To

the extent Plaintiff alleges that Defendants concealed information or deceived the FDA, she has

not alleged that such conduct is consumer oriented.")

GBL 349(a) is an antifraud statute.  The Batistas did not receive—and could not have

been misled by—the Landlord Defendants' communications to NYCHA.  For example, where,

under the "learned intermediary doctrine," pharmaceutical manufacturers are required to disclose

safety information to physicians (rather than patients), GBL §349(a) is inapplicable since "there

is . . . no consumer directed conduct[.]"  *Fathi v. Pfizer Inc.*, 2009 WL 2950876, *2 n.4 (Sup. Ct.,

New York Co.);  *Lautman*, *supra* ("To the extent [plaintiff's] argument is that defendants misled

11

the Housing Court, that argument must fail because it does not show consumer-oriented deception.")

### (5) The Claims Based on the August and September 2022 Overpayments Are Time-Barred

The statute of limitations for GBL §349(a) claims is three years. Any claims based on the August and September 2022 overpayments expired nine and eight months ago. The limitations period for §349(a) commences upon injury, and there is no discovery rule. *Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 790, 944 N.Y.S.2d 732, 739-740 (2012).

### Point II

### The Batistas Cannot Establish a Deceit Based Gross Negligence Claim

### A. The Batistas Cannot Show Justifiable Reliance as Required to State a Deceit-Based Gross Negligence Claim

Since the Batistas were not misled by the rent overcharges, they cannot state a gross negligence claim. *Rotterdam Ventures, Inc. v. Ernst & Young LLP*, 300 A.D.2d 963, 965, 752 N.Y.S.2d 746, 748 (3d Dept. 2002) (when a plaintiff pleads gross negligence based on deceptive conduct, the claim "sound[s] in fraud" and must satisfy all fraud elements including justifiable reliance); *Water Street Leasehold LLC v. Deloitte & Touche LLP*, 19 A.D.3d 183, 185-186, 796 N.Y.S.2d 598, 600 (1st Dept. 2005) (even if a separate gross negligence cause of action exists, "inability to demonstrate detrimental reliance" required dismissal).

12

**B.  The Landlord Defendants Did Not
     Owe the Batistas A Duty of Care**

While the Batistas allege breach of "a duty of reasonable care in collecting . . . debts,"

there is no such duty applicable to the Landlord Defendants.  *Calixto v. A. Balsamo &*

*Rosenblatt, P.C.*, 244 A.D.3d 674, 679, 246 N.Y.S.3d 446, 451 (2d Dept. 2025) ("[E]ven if the

defendants violated General Business Law §349, a cause of action alleging negligence per se

against them for violation of that statute cannot lie, as the statute does not impose a specific duty

on the defendants[.]" (emphasis added)).

The decisions the Batistas cited in opposing the prior motions to dismiss refer to a duty of

care arising under the FDCPA, rather than GBL §349(a) or common law.  The statutory duty of

care established by the FDCPA applies only to collection agents, and does not extend to

creditors.  *Maguire v. Citicorp Retail Services, Inc.*, 147 F.3d 232, 235 (2d Cir. 1998).

*Hawkins-El v. First American Funding, LLC,* 891 F.Supp.2d 402 (E.D.N.Y. 2012), which the

Batistas cite in their complaint (Amended Complaint,  ¶160), dismisses on this precise ground,

holding:

> Creditors and debt collectors owe debtors "a duty of reasonable care" in
> the collection of their debts. [Citation omitted.] However, Plaintiff defines this
> duty as the duty owed under RESPA and the FDCPA . . . which Defendants did
> not breach. [Citation omitted.] Accordingly, summary judgment is granted to
> Defendants on Plaintiff's negligence claim.

891 F.Supp.2d at 412.  *See also:  Neala Commc'ns LLC v. Xerox Corp.*, 747 F. Supp. 3d 625,

642 (W.D.N.Y. 2024) (dismissing negligence cause of action where the plaintiff had failed to

state a §349(a) claim and rejecting "the proposition that a statutory violation may create an

independent duty in tort separate from a defendant's contractual duties").

13

**Point III**

**The Claims Against Kleiner Individually Should Be Dismissed
Because He Acted on Behalf of Jural Entities and the Batistas Do
Not Plead Actionable Veil-Piercing or *Alter Ego* Allegations**

The Amended Complaint alleges that Kleiner is an officer or agent of the 1915 Realty and Phelan, which are LLCs, and DK & CK, a corporation.

Under New York LLC Law §609(a), a member, manager, or agent of a limited liability company is not "liable for any debts, obligations or liabilities of the limited liability company . . . whether arising in tort, contract or otherwise, solely by reason of being such member, manager or agent or . . . participating . . . in the conduct of the business of the limited liability company."

Similarly, "there is generally no individual liability for principals of a corporation for actions taken 'in furtherance of the corporation's business[.]" *Victory State Bank v. EMBA Hylan, LLC*, 169 A.D.3d 963, 966, 95 N.Y.S.3d 97, 102 (2d Dept. 2019) (citation omitted). The same protection extends to corporate officers. *Puma Industrial Consulting, Inc. v. Daal Associates, Inc.*, 808 F.2d 982, 986 (2d Cir.1987) (officers of corporation cannot be held individually liable when they act in their capacities as officers).

The complaint does not state a claim that Kleiner is liable as an *alter ego* of 1915 Realty, Phelan or DK & CK. *Alter ego* liability requires that the defendant "(1) exercised complete domination of the [company] in respect to the transaction attacked"; and (2) "through [his or her] domination, *abused the privilege of doing business in the corporate form* to perpetrate a wrong or injustice against that party such that a court in equity will intervene[.]." *Matter of Morris v New York State Dept. of Tax. & Fin.*,  82 N.Y.2d 135 141-142, 603 N.Y.S.2d 807, 810-811 (1993) (emphasis added): *see also: Matter of DePetris v. Traina*, 211 A.D.3d 939, 941-942, 181

14

N.Y.S.3d 298, 300-301 (2d Dept. 2022) (applying the standard to an LLC).

The Batistas do not adequately plead any basis for veil piercing or Kleiner's liability as an *alter ego*. The Amended Complaint alleges only that Kleiner "owns and controls DKCK," is a "shareholder" of 1915 Realty and Phelan, "runs DKCK," and "personally" decided to forward the Batistas' account and provided the rent ledger to the Attorney Defendants. Amended Complaint, ¶¶17-18, ¶¶65-68. Ownership and control of an entity, and making business decisions on its behalf, do not suffice. *Morris, supra* also requires "abuse[] [of] the privilege of doing business in the corporate form to perpetrate a wrong or injustice" against the plaintiff.

"Factors to be considered in determining whether the owner has abused the privilege of doing business in the corporate form include whether there was a failure to adhere to corporate formalities, inadequate capitalization, commingling of assets, and use of corporate funds for personal use[.]" *East Hampton Union Free School Dist. v. Sandpebble Bldrs., Inc.*, 66 A.D.3d 122, 127, 884 N.Y.S.2d 94, 99 (2d Dept. 2009), *aff'd*,16 N.Y.3d 775, 776, 919 N.Y.S.2d 496, 497 (2011). Since the Amended Complaint does not allege any of these factors, the claims against Kleiner should be dismissed. *DePetris*, *supra*, 211 A.D.3d at 941-942, 181 N.Y.S.3d at 301 (dismissing *alter ego* claim since the individual defendant "ran a real business, with employees, customers, and vendors, and the petitioner presented no evidence that the LLC was undercapitalized or that Traina commingled the assets of the LLC with his own or used corporate funds for personal use").

The Batistas also fail to allege a wrong distinct from their substantive claims. The wrong that supports piercing must be "more than the breach or injury that gives rise to the underlying claim[.]" *Morris, supra*, 82 N.Y.2d at 141-142, 603 N.Y.S.2d at 811.

15

**Point IV**

**Phelan Should Be Dismissed as a Defendant Since it
Did Not Own the Building During the Events At Issue
and no Successor Liability Allegations Are Asserted**

The claims against Phelan should be dismissed because it did not own the building when the events at issue took place, and the Amended Complaint includes no actionable successor liability allegations.

Title to the building was transferred to Phelan on April 23, 2026; that is, *after* this action was filed.  Amended Complaint, ¶¶ 13-14.  The Amended Complaint alleges that 1915 Realty—not Phelan—sent the bills, served the rent demands and commenced the Housing Court proceeding.  Amended Complaint, ¶¶13-14,  ¶¶47-62.

The mere transfer of assets by a defendant to another entity is not sufficient to state a successor liability claim against the transferee.  The transferee is only liable for the tort of the transferor if "(1) it expressly or impliedly assumed the predecessor's tort liability, (2) there was a consolidation or merger of seller and purchaser, (3) the purchasing corporation was a mere continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape such obligations."  *Schumacher v. Richards Shear Co.*, 59 N.Y.2d 239, 244-245, 464 N.Y.S.2d 437, 439 (1983). The Amended Complaint does not allege facts supporting any of these circumstances.

The Amended Complaint contradicts any theory that Phelan could be liable as a successor to 1915.  It alleges that 1915 "was never shut down," that rent payments "continued to be issued in the name 1915 Realty," and that the building "was still effectively run through 1915 Realty." Amended Complaint, ¶14.

16

**Point V**

**The Court Should Decline to Exercise
Supplemental Jurisdiction Over Any
Allegations that Remain After the
Rule 12(b)(6) Motion is Decided**

**A.  The Court Should Decline to Exercise Jurisdiction
Over Any State Law Allegations Remaining After
the Rule 12(b)(6) Motion is Decided to The Extent
they Concern a Series of Events More Expansive
than Those Underlying the Housing Court Issues**

In *Dzganiya v. Cohen Ehrenfeld Pomerantz & Tenenbaum, LLP,* 2018 WL 2247206

(S.D.N.Y., May 16, 2018) the Court declined to exercise supplemental jurisdiction over state

court claims that were "broader in scope than those that support the FDCPA claim."  *Id.* at *8

*Dzganiya* held: "Because of the additional evidence needed regarding business practices at large

for a GBL §349 claim, "[r]esolution of the FDCPA claim . . . would not decide the GBL claim."

*Id.* at *10.

In *Lautman*, *supra*, the Court first granted the landlord a Rule 12(b)(6) dismissal of

deceit-based GBL §349(a) allegations that arose from the same housing court case at issue in the

FDCPA claims against his lawyers.  *Lautman* then declined under §1367(c)(2) to assume

supplemental jurisdiction of the remaining GBL §349(a) allegations since they "substantially

predominated over" the FDCPA claims.  The decision reasoned

> An evaluation of plaintiff's [non-housing court] section 349 claims would
> require the court to examine the conduct of the defendants against whom the
> federal claims have been dismissed spanning a substantially longer period of time
> and involving numerous rent bills and letters sent by those defendants as well as
> their alleged actions subsequent to the voluntary dismissal of the relevant Housing
> Court proceeding.

*Id.*

17

In *Lautman* the Court declined to exercise jurisdiction over the surviving claims, even though, like the FDCPA claims against the lawyers, they concerned rent overcharges. In this case, the §349(a) claims that will remain if only the FDCPA claim is dismissed under Rule 12(b)(6) allege:

> ! Failure to submit certifications to NYCHA before raising the rent. Amended Complaint, ¶73.

> ! Failure to maintain the apartment to NYCHA Housing Quality Standards, which can trigger subsidy suspension. Amended Complaint, ¶¶27-31.

> ! A partial collapse of the building and a vacate order. Amended Complaint, ¶38 and ¶55.

> ! Allegations the Landlord Defendants knew NYCHA had suspended the voucher payments, but did not call to restart them. Amended Complaint, ¶¶56-58.

> - and -

> ! Actions by the *Attorney Defendants* in connection with other Section 8 tenants in buildings that the Landlord Defendants do not own or manage. Amended Complaint, ¶¶ 92-113.

These allegations are even more complex and involve even a broader assemblage of events than those the Court declined to exercise supplemental jurisdiction over in *Lautman*. The more expansive claims in this case relate to City and State administrative proceedings (rather than Housing Court), and habitability issues.

The federal courts routinely decline to exercise supplemental jurisdiction in these circumstances. *Hernandez v. Mauzone Home Kosher Prods. of Queens, Inc.*, 2013 WL 5460196, *6 (E.D.N.Y., Sept. 25, 2013) (declining supplemental jurisdiction over claims alleging violation of NYS and NYC age discrimination statutes since they "require significantly more proof and

18

resolution of much broader issues" than the federal Fair Labor Standards Act claim to which they were appended).  *Accord: Figurowski v. Marbil Investors, LLC*, 2015 WL 4000500, \*3-\*4 & n.3 (E.D.N.Y., July 1, 2015). *See also:  Shearon v. Comfort Tech Mech. Co.*, 2014 WL 1330751, \*3 (E.D.N.Y. Mar. 31, 2014) ("bare link" that both FLSA claim and state law disability discrimination claims arose out of plaintiff's employment "does not establish supplemental jurisdiction"); *Lyon v. Whisman*, 45 F.3d 758, 762 (3d Cir. 1995) (declining supplemental jurisdiction over breach of contract claim concerning promised bonus since relevant facts were "quite distinct" from the FLSA allegations).

The outcome should be the same if the allegations remaining following the Rule 12(b)(6) determination are viewed as a gross negligence claim, rather than one under §349(a).  *Town of Oyster Bay v. Northrop Grumman System Corp.*, 2010 WL 11623604, \*3 (E.D.N.Y., May 21, 2010) (declining supplemental jurisdiction under §1367(c)(2) since the "state claims for negligence, ultra-hazardous and/or abnormally dangerous activities, unjust enrichment and contribution differ in proof and scope in comparison to defendants' CERCLA claims"); *Eng v. Pacific Clinics*, 2013 WL 12129611, \*6 (C.D. Cal., May 17, 2013) (declining supplemental jurisdiction under §1367(c)(2) since, compared to the §1983 allegations, "the state law claims raise a much wider scope of issues, including negligence"); *Cavender v. Sutter Lakeside Hosp., Inc.*, 2005 WL 2171714, \*6 (N.D. Cal, Sept. 6, 2005) (declining supplemental jurisdiction over a negligence claim involving an entire course of treatment as "significantly broader than" the Emergency Medical Treatment and Labor Act claim that was based "exclusively on events that occurred in the early hours of August 1, 2003").

**B. In accordance with 28 U.S.C. §1367(c)(1),**
**the Court Should Decline Supplemental**
**Jurisdiction Over Any Surviving State**
**Law Allegations Given the Unsettled State**
**of the Relevant New York Case Law**

28 U.S.C. §1367(c)(1) permits the Court to decline supplemental jurisdiction where the state court claim "raises a novel or complex issue of State law[.]"

The First Department has held on at least two occasions that GBL §349 does not apply to "private disputes between landlords and tenants." *Aguaiza v. Vantage Properties, LLC,* 69 A.D.3d 422, 423, 893 N.Y.S.2d 19, 20 (1st Dept. 2010). In *Collazo v. Netherland Property Assets LLC*, 155 A.D.3d 538, 64 N.Y.S.3d 537 (1st Dept. 2017), the First Department adhered to *Aguaiza*.[1]  The First Department approach has been applied in the trial Courts. *People by Latisha James v. River Valley Estates, LLC*, 2025 WL 2970801,*14 (Sup. Ct., Sullivan Co., Oct. 14, 2025) ("[Since petitioners do not allege that respondents' conduct was aimed at any persons with whom respondents did not already have a contractual relationship, . . . petitioner has not sufficiently met the first prong of proof required to maintain its action pursuant to Section 349[.]")

By contrast, the Second Department holds that allegations that a landlord sued for "more than the amount owed and misrepresent[ed] the amount owed to the court" may state a claim under GBL §349(a). *Calixto v. A .Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674, 677, 246

---

[1]In *Collazo*, the Court of Appeals affirmed the dismissal of the §349(a) claim on different grounds in a decision that "assume[d] without deciding" that "a claim may lie under General Business Law §349 based upon a landlord's alleged misrepresentation to the public that an apartment was exempt from rent regulation[.]"  *Collazo v. Netherland Property Assets LLC*, 35 N.Y.3d 987, 991, 125 N.Y.S.3d 337, 339 (2020) (emphasis added).

N.Y.S.3d 446, 450 (2d Dept. 2025).[2]

If the GBL §349(a) claim is not dismissed under Rule 12(b)(6), *see* Point I, *supra*, the Court should decline supplemental jurisdiction over it under §1367(c)(1) since the conflict between the First and Second Departments should be resolved in the state courts. *Heard v. MTA North Commuter R. Co.*, 2003 WL 22176008, *5 (S.D.N.Y., Sept. 22, 2003) (declining supplemental jurisdiction based on "the dispute among state courts over the proper standard for individual liability under the New York State Human Rights Law"); *Cherensky v. New York Life Ins. Co.*, 942 F.Supp.2d 388, 395 (S.D.N.Y., Mar. 11, 2013) ("comity is especially implicated when state law has not been definitively interpreted by the state courts").

## CONCLUSION

For the foregoing reasons, the Second and Fourth Claims should be dismissed pursuant to Rule 12(b)(6) and the Court should decline to exercise supplemental jurisdiction over any claims or allegations that are not dismissed under Rule 12(b)(6) and dismiss them under Rule 12(b)(1).

Dated: New York, New York       Berry Law PLLC
    July 30, 2026             /s/Eric W. Berry
                                 By: _____
                                    Eric W. Berry [NY2069524]
                                *Attorneys for Defendants 1915 Realty LLC,*
                                    *Phelan Place Holdings, LLC, DK & CK*
                                *Management Corp. and David Kleiner*
                                  745 Fifth Avenue, 5th Floor
                                  New York, New York 10151
                                  (212) 355-0777

---

[2]The outcome in *Calixto* should be limited to its facts.  As the decisions discussed herein reveal, *Calixto* is an outlier.  It  involved a building that was not registered, and therefore the owner was not permitted even to sue for rent.  MDL §325(2);  *Shamir v. Perry*, 2004 WL 2035004, *2 (Sup. Ct., Kings Co., June 23, 2004).