UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------X
DAMIAN BATISTA and
SANDRA BATISTA,

Plaintiffs, Case No. 26 Civ. 2557 (JSR)

- against -

EDELMAN SCHWARTZ PLLC, *et al.*,

Defendants.
---------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE THE LANDLORD DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**

BERRY LAW PLLC
*Attorneys for defendants 1915 Realty LLC, Phelan Place Holdings, LLC, DK & CK Management Corp. and David Kleiner*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777

New York, New York
July August 19, 2026

# TABLE OF CONTENTS


**Page**

Table of Authorities ........................................................................ iii

**INTRODUCTION**........................................................................ 1

**Point I** ........................................................................ 2

The Amended Complaint Does Not State a Claim Under General Business Law §349

(A) The Batistas Cannot Allege That They Were Materially Misled ........................ 2

(B) The Landlord Defendants' Conduct Was Not Consumer-Oriented ........................ 3

**Point II** ........................................................................ 4

The Gross Negligence Claim Should Be Dismissed Because the Batistas Were Not Misled, and the Landlord Defendants Were Not Subject to a Duty of Care

**Point III**........................................................................ 6

The Amended Complaint Does Not State a Claim Against Kleiner

**CONCLUSION** ........................................................................ 6

**TABLE OF AUTHORITIES**

**Cases** **Page(s)**

*Avilon Automotive Group v. Leontiev*
194 A.D.3d 537, 149 N.Y.S.3d 30 (1st Dept. 2021)....................................................3

*Brake v. Slochowsky & Slochowsky, LLP*
504 F. Supp. 3d 103 (E.D.N.Y. 2020) ....................................................................4

*Calixto v. A. Balsamo & Rosenblatt, P.C.*
244 A.D.3d 674, 246 N.Y.S.3d 446 (2d Dept. 2025) ...................................................5

*Fermetal v. Heckett*
6 A.D.2d 781, 174 N.Y.S.2d 719 (1st Dept. 1958).......................................................6

*Franceschi v. Mautner-Glick Corp.*
22 F. Supp. 2d 250 (S.D.N.Y. 1998).........................................................................5

*Garcia v. Kahan*
2026 WL 1724309 (S.D.N.Y. June 15, 2026) ...............................................................3

*Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.*
37 N.Y.3d 169, 150 N.Y.S.3d 79 (2021) ......................................................................2

*Lazar v. International Shoppes, LLC*
2025 WL 1475627 (E.D.N.Y. May 22, 2025) ...............................................................2

*Long v. Beneficial Finance Co. of N.Y.*
39 A.D.2d 11, 330 N.Y.S.2d 664 (4th Dept. 1972) .......................................................5

*Madison Home Equities, Inc. v. Echeverria*
266 A.D.2d 435, 698 N.Y.S.2d 703 (1st Dept. 1999)....................................................6

*Ogbon v. Beneficial Credit Services, Inc.*
2013 WL 1430467 (S.D.N.Y. Apr. 8, 2013)...................................................................6

*Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*
85 N.Y.2d 20, 623 N.Y.S.2d 529 (1995) ......................................................................3

*Rotterdam Ventures, Inc. v. Ernst & Young LLP*
300 A.D.2d 963, 752 N.Y.S.2d 746 (3d Dept. 2002) ...................................................4

*Small v. Lorillard Tobacco Co.*
94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999) ......................................................................2

*Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*
2018 WL 1545687 (E.D.N.Y. Mar. 29, 2018).................................................................3

*Water Street Leasehold LLC v. Deloitte & Touche LLP*
19 A.D.3d 183, 796 N.Y.S.2d 598 (1st Dept. 2005)......................................................4

**Statutes and Other Authorities**

General Business Law §349 .......... 1, 2, 3, 5

General Business Law §600(7) .......... 5

15 U.S.C. §1692a .......... 5

12 C.F.R. §1006.2(i)(1) .......... 5

22 NYCRR Part 130 .......... 4

Defendants 1915 Realty LLC, Phelan Place Holdings LLC, DK & CK Management Corp., and David Kleiner ("Landlord Defendants") respectfully submit this reply memorandum of law in further support of their motion to dismiss the Second and Fourth Claims in the Amended Complaint.

## INTRODUCTION

The Batistas do not refute two points that require dismissal of the claims against the Landlord Defendants. First, the Batistas always knew their actual rent and the portion for which they were responsible, so they cannot have been deceived. Second, this dispute concerns a single billing dispute and a solitary lawsuit resulting from that dispute, rather than consumer-oriented conduct.

The Batistas try to sidestep the requirement that they plausibly allege that they were misled by pointing out that reliance is not an element of a GBL §349 claim. The argument is wrong. A misleading statement and reliance are separate and distinct elements. GBL §349 does not require the plaintiff to allege reliance, but it does require that the consumer was misled. The Batistas cannot plausibly allege the latter. (Point I-A, *infra*.)

The Batistas have not pleaded consumer-oriented conduct. They do not allege that other tenants were harmed by the Landlord Defendants' billing practices, only that the potential for other harm exists. That speculative allegation is irrelevant, as are precedents involving recidivist conduct by a landlord or seller, rather than an isolated alleged error and resulting lawsuit. (Point I-B, *infra*.)

The gross negligence claim is defeated by the Batistas' inability to show either that they were misled or that the Landlord Defendants owed them a duty of care. (Point II, *infra*.)

Finally, the Batistas' attempt to argue that they are not attempting to pierce the corporate

veil (or LLC veil) to holder Kleiner personally liable are incorrect. Insulation of a company's principals for their acts "in furtherance" of its business applies even in cases alleging fraud and negligence where the individual was acting within the scope of his designated corporate responsibilities. (Point III, *infra*.)

## ARGUMENT

### Point I

### The Amended Complaint Does Not State a Claim Under General Business Law §349

**(A) The Batistas Cannot Allege That They Were Materially Misled**

The Batistas incorrectly argue that deceit is not an element of a §349(a) claim, citing *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 698 N.Y.S.2d 615 (1999). However, *Small* expressly holds that a plaintiff must allege "an act or practice that is deceptive or misleading in a material way." 94 N.Y.2d at 55, 698 N.Y.S.2d at 620.

The absence of a separate reliance element—the plaintiff acting upon the defendants' statement— does not eliminate the requirement of misleading statements or conduct. Whether something is misleading depends on its objective meaning to a *person in the plaintiff's circumstances*. *Himmelstein, McConnell, Gribben, Donoghue & Joseph, LLP v. Matthew Bender & Company, Inc.*, 37 N.Y.3d 169, 178, 150 N.Y.S.3d 79, 85 (2021) ("A defendant's actions are materially misleading when they are 'likely to mislead a reasonable consumer acting reasonably *under the circumstances*[.]'" (emphasis added)). The Batistas admit they knew what their rent was and what portion they were required to pay. Amended Complaint, ¶¶82-88. They cannot allege they were misled. *Lazar v. International Shoppes, LLC*, 2025 WL 1475627, *5 (E.D.N.Y.,

May 22, 2025) (dismissing §349 claim absent a misleading statement).[1]

**(B) The Landlord Defendants' Conduct Was Not Consumer-Oriented**

Section 349(a) reaches only conduct with "a broader impact on consumers at large." *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20, 25, 623 N.Y.S.2d 529, 532 (1995)

The Amended Complaint asserts that the Landlord Defendants manage roughly 1500 rental units (Amended Complaint, ¶¶ 139-141), and engaged in a "pattern and practice" of improper billing (*id.*, ¶158). However, the "pattern and practice" allegations are entirely conclusory. The Amended Complaint does not identify any other Housing Court proceedings filed by the Landlord Defendants.[2]

As noted in the Landlord Defendants' opening memorandum (ECF 47), in *Garcia v. Kahan*, 2026 WL 1724309 (S.D.N.Y., June 15, 2026), a §349(a) claim by a Section 8 tenant was dismissed for failure to plead consumer-oriented conduct since the recitations of broad impact "lack[ed] 'any factual detail, such as examples of other affected consumers or similar instances of misconduct[.]'" *Id.*, 2026 WL 1724309, at *2 (citation omitted).

The Batistas cite *Torres v. Gutman, Mintz, Baker & Sonnenfeldt P.C.*, 2018 WL 1545687 (E.D.N.Y. Mar. 29, 2018) as upholding §349(a) claims based solely on conduct toward a single

---

[1]Reliance, on the other hand, is justifiable conduct in response to the defendants' statement. *Avilon Automotive Group v. Leontiev,* 194 A.D.3d 537, 539, 149 N.Y.S.3d 30, 33 (1st Dept. 2021) ("The parties do not dispute that New York law on fraud, and English law on deceit, are similar, aside from New York's requirement that reliance be justifiable.")

[2]The proceedings against Lucas, Mijares and Martinez cited in the Amended Complaint were filed by the Attorney Defendants on behalf of other landlords.

tenant. *Torres* is contradicted by the overwhelming bulk of the precedent interpreting §349(a). *See*, *e.g.*, *Brake v. Slochowsky & Slochowsky, LLP*, 504 F. Supp.3d 103, 115 (E.D.N.Y. 2020) (dismissing because it involved "only a private dispute with the landlords and Slochowsky, rather than 'showing injury or potential injury to the public'" and requiring "concrete allegations concerning similar conduct aimed at an appreciable number of other tenants").

Also, *Torres* involved three separate Housing Court proceedings against the same tenant. By contrast, in this case, there was only a single Housing Court case by the Landlord Defendants against the Batistas. The lack of recidivist litigation misconduct is critical. A ruling that would define as fraudulent (and punish) a single lawsuit merely because it was mistaken chills the important work of the plaintiffs' bar in constitutional, environmental, civil rights, employment, voting and investor protection cases. New York provides a remedy for filing a single lawsuit based on an incorrect factual premise, and that's Rule 130 (22 NYCRR Part 130), not GBL §349(a).

## Point II

## The Gross Negligence Claim Should Be Dismissed Because the Batistas Were Not Misled, and the Landlord Defendants Were Not Subject to a Duty of Care

Since the Fourth Claim for gross negligence alleges that the Batistas were misled, it must be dismissed since they cannot plausibly show reliance. *Rotterdam Ventures, Inc. v. Ernst & Young LLP*, 300 A.D.2d 963, 965, 752 N.Y.S.2d 746, 748 (3d Dept. 2002); *Water Street Leasehold LLC v. Deloitte & Touche LLP*, 19 A.D.3d 183, 185-186, 796 N.Y.S.2d 598, 600 (1st Dept. 2005).

The Batistas incorrectly allege that the Landlord Defendants owed them a duty of care. However, GBL §349(a) does not create a duty of care toward consumers. *Calixto v. A. Balsamo & Rosenblatt, P.C.*, 244 A.D.3d 674, 679, 246 N.Y.S.3d 446, 451 (2d Dept. 2025) ("[E]ven if the defendants violated General Business Law §349, a cause of action alleging negligence *per se* against them for violation of that statute cannot lie, as the statute does not impose a specific duty on the defendants[.]" (emphasis added)).

The Batistas are incorrect to the extent they suggest that, either under *Calixto* or by other reason, there is a common law duty of care owed by creditors or sellers. *Long v. Beneficial Finance Co. of N.Y.*, 39 A.D.2d 11, 13, 330 N.Y.S.2d 664, 666 (4th Dept. 1972) (no duty "to collect its debt in a careful manner").

The Batistas incorrectly argue that DK & CK and Kleiner are "debt collectors" under GBL §600(7). That section provides:

> "Debt collector" means an individual who, as part of his or her job, regularly collects or attempts to collect debts: (a) owed or due or asserted to be owed or due to another; or (b) obtained by, or assigned to, such person, firm or corporation, that are in default when obtained or acquired by such person, firm or corporation.

*Id.*

DK & CK is not an individual. Also the definition—"regularly collects or attempts to collect"—is identical to the federal definition under the FDCPA, *i.e.*, 15 U.S.C. §1692a and 12 CFR §1006.2(i)(1). The federal definition is interpreted to exclude landlords and their affiliated managing agents. *E.g.*, *Franceschi v. Mautner-Glick Corp.*, 22 F.Supp.2d 250, 253-254 (S.D.N.Y. 1998). Given the similar language in the federal definition, GBL §600(7) should likewise be interpreted to exclude landlords and their affiliated managing agents. *Ogbon v.*

*Beneficial Credit Services, Inc*., 2013 WL 1430467, *7 n.6 (S.D.N.Y., April 8, 2013) ("Because the language of this statute [concerning consumer reporting agencies] is substantially similar to theparallel federal provision, it must be construed the same way.")

**Point III**

**The Amended Complaint Does**
**Not State a Claim Against Kleiner**

All Kleiner's alleged activities were as an agent of 1915 Realty, DK & CK or Phelan, and within the scope of his responsibilities. The corporate veil protects individuals acting on behalf of corporations not only in contract actions, but also in tort cases. *Madison Home Equities, Inc. v. Echeverria*, 266 A.D.2d 435, 698 N.Y.S.2d 703, 704 (1st Dept. 1999) (fraud claim based on letter signed by "individual defendant in his corporate capacity" dismissed because "plaintiff failed to meet its burden of piercing the corporate veil so as to impose personal liability"); *Fermetal v. Heckett*, 6 A.D.2d 781, 174 N.Y.S.2d 719, 720 (1st Dept. 1958) (claim against officer acting on behalf of corporation dismissed where the complaint did not adequately allege that his decisions were motivated by desire for personal gain or were not legitimate management steps that resulted in an intentional breach).

**CONCLUSION**

For the foregoing reasons, and those in the Landlord Defendants' prior submissions, the motion should be granted in its entirety.

Dated: New York, New York
August 19, 2026

Berry Law PLLC
/s/Eric W. Berry
By: ____________________
Eric W. Berry [NY 2069524]
*Attorneys for defendants 1915 Realty LLC, Phelan Place Holdings LLC, DK & CK Management Corp. and David Kleiner*
745 Fifth Avenue, 5th Floor
New York, New York 10151
(212) 355-0777