**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- x

DAMIAN BATISTA, SANDRA BATISTA,

No: 1:26-CV-2557

Plaintiffs,

-against-

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ,
1915 REALTY LLC,
YONAH ROTH, and BINYOMIN HERZL,

Defendants.

-------------------------------------------------------------- x

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS EDELMAN SCHWARTZ PLLC'S AND ZEV SCHWARTZ'S MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**

## TABLE OF CONTENTS

**Page(s)**

**PRELIMINARY STATEMENT ..................................................................................... 1**

**ARGUMENT ............................................................................................................ 2**

**I. PLAINTIFFS' STILL FAIL TO PLEAD ARTICLE III STANDING ............................................................................................................ 2**

**II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS ................................ 5**

**III. EVEN IF THIS COURT RETAINS JURISDICTION OVER THE STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW ................................................................................................ 6**

**CONCLUSION ........................................................................................................ 10**

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aguaiza v. Vantage Properties, LLC*,
2009 N.Y. Misc. LEXIS 5700 (Sup. Ct. N.Y. May 21, 2009)....................8

*Anwar v. Fairfield Greenwich Ltd.*,
728 F. Supp. 2d 372 (S.D.N.Y. 2010)....................10

*Baez v. N.Y. State Off. of Temp. & Disability Assistance*,
2026 U.S. App. LEXIS 14355 (2d Cir. May 20, 2026)....................4, 5

*Baldeo v. Airbnb, Inc.*,
2023 U.S. Dist. LEXIS 176085 (S.D.N.Y. Sept. 29, 2023)....................6

*Brown v. New York City Health and Hospitals Corp.*,
225 A.D.2d 36 (2d Dep't 1996)....................4

*Calixto v. A. Balsamo & Rosenblatt, P.C.*,
244 A.D.3d 674, 678 (2d Dep't 2025)....................9

*Campbell v. MBI Assocs., Inc.*,
98 F. Supp. 3d 568 (E.D.N.Y. 2015)....................3

*Deutsche Lufthansa AG v. Boeing Co.*,
2007 U.S. Dist. LEXIS 9519 (S.D.N.Y. Feb. 2, 2007)....................10

*Diaz v. Portfolio Recovery Assocs., LLC*,
2012 U.S. Dist. Lexis 72724 (E.D.N.Y. May 24, 2012)....................9

*Finch v. Slochowsky & Slochowsky, LLP*,
2020 U.S. Dist. LEXIS 181698 (E.D.N.Y. Sept. 30, 2020)....................3, 4, 5, 7

*Kolari v. New York Presbyterian Hosp.*,
455 F.3d 118 (2d Cir. 2006)....................6

*Lacourte v. Foster & Garbus LLP*,
2014 U.S. Dist. LEXIS 25508 (S.D.N.Y. Feb. 20, 2014)....................6

*Lane v. Fein, Such & Crane, LLP*,
767 F. Supp. 2d 382 (E.D.N.Y. 2011)....................10

*Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*,
930 F. Supp. 2d 532 (S.D.N.Y. 2013)....................10

*Morton v. Cty. of Erie*,
796 F. App'x 40 (2d Cir. 2019)....................6

*Musah v. Houslanger & Assocs., PLLC*,
962 F. Supp. 2d 636 (S.D.N.Y. 2013)....................9

*Obal v. Deutsche Bank Nat'l Trust Co.*,
2015 U.S. Dist LEXIS 18124 (S.D.N.Y. Feb. 13, 2015) ....................7

*Oswego Laborers' Loc.* 214 *Pension Fund v. Marine Midland Bank, N.A.*,
85 N.Y.2d 20 (1995) ....................6

*Remler v. Cona Elder Law, PLLC*,
2022 U.S. Dist. LEXIS 177660 (E.D.N.Y. Sept. 29, 2022) ....................7

*Securitron Magnalock Corp. v. Schnabolk*,
65 F.3d 256 (2d Cir. 1995)....................9

*Small v. Lorillard Tobacco Co.*,
720 N.E.2d 892 (1997)....................8

*Spitz v. Caine & Weiner Co., Inc.*,
2024 U.S. Dist. LEXIS 2944 (E.D.N.Y. Jan. 5, 2024) ....................3, 4

*Spokeo, Inc. v. Robins*,
578 U.S. 330 (2016)....................4

*Steubing v. United States*,
2008 U.S. Dist. LEXIS 2821 (N.D.N.Y. Jan. 14, 2008)....................3

*TransUnion LLC v. Ramirez*,
594 U.S. 413 (2021) ....................2

*Varela v. Investors Ins. Holding Corp.*,
81 N.Y.2d 958 (1993) ....................8, 9

*Villalba v. Houselanger & Assocs., PLLC*,
2022 U.S. Dist. LEXIS 55076 (E.D.N.Y. Mar. 28, 2022)....................9

*Wadsworth v. Kross, Lieberman & Stone, Inc.*,
12 F.4th 665 (7th Cir. 2021) ....................4

*Wilson v. Selip & Stylanou, LLP*,
2026 U.S. Dist. LEXIS 66316 (S.D.N.Y. Mar. 27, 2026) ....................10

**Statutes and Rules**

N.Y. G.B.L. § 349 ....................1, 6, 7, 8

N.Y. Judiciary Law § 487....................1, 9

The Attorney Defendants respectfully submit this reply memorandum of law in further support of their motion to dismiss ("Motion") the July 10, 2026 First Amended Complaint ("Amended Complaint" or "Am. Compl.") filed by Plaintiffs.[1]

**PRELIMINARY STATEMENT**

Plaintiffs' Opposition confirms the fundamental pleading defect in the Amended Complaint. Putting aside the question of whether the claim is barred by the statute of limitations (which the Court has ruled on, but the Attorney Defendants raise for purposes of assuring the issue is preserved for appeal), the Amended Complaint continues to plead only vague, non-cognizable injuries that do not amount to the required "concrete injury" expressly required by the Supreme Court to satisfy the Article III standing requirements.

The Court should therefore dismiss the FDCPA claim, and should thus decline to exercise supplemental jurisdiction over the remaining state law claims. Should the Court exercise such jurisdiction, those claims should nevertheless be dismissed as well, as the Opposition does not cure the fact that each of those claims continue to be fatally flawed: the GBL § 349 claim does not assert allegations of deceptive conduct affecting the public at large, but rather involves nothing more than a private transaction between one landlord and its tenants, and alleges no "deception" of Plaintiffs whatsoever (who throughout understood they were not responsible for the portion of the rent they claim was being erroneously charged to them); the N.Y. Judiciary Law § 487 claim is not pleaded with any particularity, nor does the Complaint allege conduct by the Attorney Defendants that is "extreme or egregious"; and the gross negligence claim is likewise wholly insufficient and the Opposition does nothing to rebut the fact that the Amended Complaint does

[1] Unless otherwise stated herein, the defined terms in this memorandum have the same meaning as they are defined in the Amended Complaint, the Attorney Defendants' Motion, or Plaintiffs' August 13, 2026 Memorandum of Law in Opposition to Defendants' Motion to Dismiss ("Opposition" or "Opp.").

not allege intentional wrongdoing by the Attorney Defendants.

Simply stated, even after amendment and some discovery-oriented factual embellishment, Plaintiffs still fail to allege facts plausibly showing that the Attorney Defendants knew the challenged rent arrears were improper at the time of the February 2025 Demand or March 2025 Petition. Throughout the Opposition, Plaintiffs repeatedly rely on allegations that the Attorney Defendants "should have known" or that a "meaningful attorney review" would have uncovered that Plaintiffs did not owe the rent sought. But those conclusory allegations do not plausibly plead a factual basis for the requisite allegations of knowledge, deception or intentional misconduct.

For these reasons, and those set forth in more detail below and in the Attorney Defendants' Motion (and prior briefing on the Original Motion), Plaintiffs' Amended Complaint against the Attorney Defendants should be dismissed in its entirety.

## ARGUMENT

### I. PLAINTIFFS STILL FAIL TO PLEAD ARTICLE III STANDING.

In opposing the Attorney Defendants' motion to dismiss the FDCPA claim for lack of standing, Plaintiffs, resting on their Opposition to the Original Motion ("June Opposition" or "June Opp.") (*see* Opp. at 10), contend that Plaintiffs have asserted sufficient "concrete" injuries to provide them with standing because they "have alleged plausible monetary, emotional distress, and intangible injuries traceable to Defendants' conduct." (June Opp. at 8.) But a review of each of the alleged injuries suffered makes clear that, in fact, Plaintiffs fail to allege the requisite concrete harm. As such, Plaintiffs fail to allege facts giving them standing, and their FDCPA claim must be dismissed on this basis. *See TransUnion LLC v. Ramirez*, 594 U.S. 413, 417 (2021).

***First***, although Plaintiffs contend that they incurred "monetary harm" through "travel back and forth to Bronx Housing Court" and "lost time from work" (Opp. at 8-9), they do not address the fact that *de minimis* transportation costs to Bronx County Housing Court or undescribed (by

affidavit or otherwise)[2] lost wages by no means constitute a concrete injury that the FDCPA was designed to prevent, let alone to confer standing. *See Campbell v. MBI Assocs., Inc.*, 98 F. Supp. 3d 568, 585 (E.D.N.Y. 2015) ("[T]he Second Circuit . . . [has] refused to award statutory damages for *de minimis* or technical violations of FDCPA.") (collecting cases).

***Second***, Plaintiffs' contention that they have sufficiently alleged "emotional harm" to confer standing ignores the fact that courts in the Second Circuit have generally been circumspect in awarding damages for emotional harm in FDCPA cases and are generally loathe to treat the alleged effort to collect a debt erroneously as akin to the type of accompanying physical harm or fear of physical harm typically necessary to provide the basis for a negligent infliction of emotional distress claim. *See, e.g.*, *Finch v. Slochowsky & Slochowsky, LLP*, 2020 U.S. Dist. LEXIS 181698, at *10 (E.D.N.Y. Sept. 30, 2020) ("The filing of a lawsuit to collect a debt—even if the lawsuit is meritless—is not properly understood as 'conduct the natural consequence of which is to harass, oppress, or abuse any person' under [the FDCPA]"). This is particularly so where there is no affidavit or other evidence filed with the Amended Complaint that provides any support for such vague and conclusory allegations. *See Spitz v. Caine & Weiner Co., Inc.*, 2024 U.S. Dist. LEXIS 2944, at *11 (E.D.N.Y. Jan. 5, 2024) ("[Plaintiffs] do not plausibly allege that [Plaintiffs] experienced conduct analogous to negligent infliction of emotional distress, let alone that such an analogue could establish Article III standing for an FDCPA claim."); *Steubing v. United States*, 2008 U.S. Dist. LEXIS 2821, at *4 (N.D.N.Y. Jan. 14, 2008) (dismissing claims where "Plaintiffs failed to point to any proof of actual harm (emotional or otherwise) to themselves," and noting that

---

[2] *Cf. Onfroy v. The Law Offs. of Geoffrey T. Mott*, 751 F. Supp. 3d 195, 201-02 (E.D.N.Y. Sept. 30, 2024) (conferring standing based on affidavit "attesting to various injuries from having to attend proceedings in landlord-tenant court," but noting that "one district court, at least, has expressed doubt that" vague emotional distress allegations are sufficient to confer Article III standing) (citing *Magruder v. Capital One, N.A.*, 540 F. Supp. 3d 1, 8 (D. D.C. 2021)).

"New York is fairly strict in requiring proof of actual damages" and that "[c]ircumstances upon which recovery is permitted for purely emotional harm is limited") (citing *Brown v. New York City Health and Hospitals Corp.,*225 A.D.2d 36, 44 (2d Dep't 1996)).

***Third***, while Plaintiffs attempt to avoid the concrete injury requirement (and to distinguish *Spitz* (*see* Orig. Mot. at 12-14)) by claiming that they "do not premise their standing argument on an analogy to the harms suffered by plaintiffs in negligent infliction of emotional distress cases," and that they have also suffered "intangible harms" that are not "a common law analogue to negligent emotional distress, but rather wrongful civil proceedings" (June Opp. at 11-12), the opposite is true. The claimed injuries purportedly resulting from the Attorney Defendants' alleged violations of the FDCPA are simply conclusory allegations of "significant emotional distress, embarrassment, humiliation [and] increase of blood pressure." (Am. Compl. ¶ 132.) Those allegations are entirely "perfunctory" and "wholly incommensurate with the stimulant"—*i.e.*, the sending of the February 2025 Demand and concomitant bringing of the March 2025 Petition—which "is insufficient to plausibly allege constitutional standing." *Baez v. N.Y. State Off. of Temp. & Disability Assistance*, 2026 U.S. App. LEXIS 14355, at *8-*9 (2d Cir. May 20, 2026); *Finch*, 2020 U.S. Dist. LEXIS 181698, at *10.

The alleged emotional harm here is nothing more than a vague set of conclusory generalities and, as such, is simply not sufficient. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340 (2016) (alleged harm must be "concrete," *i.e.*, "real, and not abstract."); *Wadsworth v. Kross, Lieberman & Stone, Inc.*, 12 F.4th 665, 668 (7th Cir. 2021) (holding that "anxiety and embarrassment are not injuries in fact" and noting that courts have "expressly rejected 'stress' as constituting concrete injury following an FDCPA violation.") (collecting cases). In fact, here, Plaintiffs allege that they never for one second believed they owed the debt, swiftly retained free legal counsel who quickly

helped them assemble records making clear that the unpaid rent in question was NYCHA's responsibility, not theirs, and, after provision of these records to the Attorney Defendants, followed by a couple of court adjournments to afford the Attorney Defendants the opportunity to review the records, obtained a voluntary dismissal of the action. (*See* Am. Compl. ¶¶ 61-63; 79-90.) This hardly sounds like something viewed as much more than a problem to be dealt with, and explains why no allegations have been provided of actual medical treatment being required or manifestations of emotional harm having been suffered.

***Fourth***, Plaintiffs ignore entirely that any allegations of "harm" that could possibly provide for satisfaction of the "concrete injury" requirement allegedly arose from the *existence* of the Housing Court Proceeding itself rather than from any cognizable FDCPA violation—*i.e.*, the initiation of the debt collection effort. The Housing Court Proceeding itself—which ultimately resulted in a voluntary dismissal—was not (and could not be) the alleged FDCPA violation on which Plaintiffs' FDCPA claim relies. *See Baez*, 2026 U.S. App. LEXIS 14355, at *8-*9; *Finch*, 2020 U.S. Dist. LEXIS 181698, at *10.

## II. THE COURT SHOULD DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFFS' STATE LAW CLAIMS.

If the Court dismisses Plaintiffs' FDCPA claim—the only basis for federal subject matter jurisdiction here—the Court should also decline to exercise supplemental jurisdiction over the remaining state law claims under 28 U.S.C. § 1367(c)(3). While Plaintiffs contend that the Court should exercise supplemental jurisdiction over the state law claims because "the facts that lead to the conclusion that the rent sought in the LT lawsuit and the rent sought in those earlier communications [such as the February 2025 Demand] are not owed are the same" (June Opp. at 31), and because the FDCPA claim and the state law claims all "arise out of a common nucleus of operative fact" (June Opp. at 32), aside from highlighting that their FDCPA claim should be

dismissed on statute of limitations grounds, ignores all of the relevant factors that go into the determination of whether a federal district court should exercise supplemental jurisdiction.

Looking at the briefing on this, it can be seen that Plaintiffs do not address any of the cases cited by the Attorney Defendants in their Motion on this issue (*see* Mot. at 15-17), nor do they attempt to argue why it is not the case that, in the event that "all federal-law claims are eliminated before trial," "the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York Presbyterian Hosp.*, 455 F.3d 118, 122) (2d Cir. 2006). Those factors all point to the Court declining to exercise supplemental jurisdiction. This Court should therefore dismiss the state law claims "in the interests of "judicial economy, convenience, fairness, and comity." *Morton v. Cty. of Erie*, 796 F. App'x 40, 44 (2d Cir. 2019) (citations omitted); *see also Lacourte v. Foster & Garbus LLP*, 2014 U.S. Dist. LEXIS 25508, at *8 (S.D.N.Y. Feb. 20, 2014) (Rakoff, J.) (dismissing FDCPA claim with prejudice and "declin[ing] to exercise supplemental jurisdiction over the remaining state law claims.").

## III. EVEN IF THIS COURT RETAINS JURISDICTION OVER THE STATE LAW CLAIMS, THOSE CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW.

While Plaintiffs attempt to offer arguments for why the state law claims as pled are sufficient, it is clear that even if the Court were inclined to exercise its discretion and retain jurisdiction over Plaintiffs' state law claims, those claims should be dismissed as a matter of law.

***First***, Plaintiffs' GBL § 349 claim should be dismissed because the Amended Complaint by no means "affects the public interest" or "consumers at large." *See Oswego Laborers' Loc. 214 Pension Fund v. Marine Midland Bank, N.A.*, 85 N.Y.2d 20, 25 (1995) ("Private contract disputes . . . [do] not fall within the ambit of the statute."); *Baldeo v. Airbnb, Inc.*, 2023 U.S. Dist. LEXIS 176085, at *30 (S.D.N.Y. Sept. 29, 2023) ("[T]here is no claim under GBL § 349 where the private transaction does not have ramifications for the public at large."); (Mot. at 17-21).

The Opposition contends that this case is somehow different than the many cases cited in the Attorney Defendants' prior briefing because, here, the Amended Complaint "allege[s] similar lawsuits against other tenants and practices that ensure many more Section 8 tenants have been and will be victims of lawsuits wrongfully seeking the subsidy share of their rent." (Opp. at 13.) But the allegations regarding a scant few other cases that fail to offer allegations of similar circumstances does not turn this case into one that could possibly allow the Court to "draw the reasonable inference that [the Attorney Defendants] are engaged in a pattern of misconduct involving other tenants," as "there is nothing inherently inappropriate about a debt collector suing tenants for rental arrears." *Finch*, 2020 U.S. Dist LEXIS 181698, at *18. And Plaintiffs have not even alleged factually similar cases, with the same alleged pattern of conduct, but rather cases with none of the same alleged facts (nor the same landlords) that they "infer" were similar. (*See* Am. Compl. ¶¶ 98-113.) Simply put, in the absence of allegations of a clearly evident pattern and practice that mirrored the alleged efforts to pursue rents that allegedly were not owed by Plaintiffs but instead were owed by NYCHA, the fact remains that this case is merely a "disputed private transaction [that] does not have ramifications for the public at large." *Obal v. Deutsche Bank Nat'l Trust Co.*, 2015 U.S. Dist. LEXIS 18124, at *21 (S.D.N.Y. Feb. 13, 2015); *see also Remler v. Cona Elder Law, PLLC*, 2022 U.S. Dist. LEXIS 177660, at *21-*22 (E.D.N.Y. Sept. 29, 2022).

Moreover, the Opposition contends, on the one hand, that "Defendants do not deny that their attempts to collect rent not owed . . . were deceptive," but then, in the same paragraph, state that "Defendants allege . . . that their efforts to collect money they were not owed were not deceptive." (Opp. at 11.) Not only do these contradicting assertions make no sense, it is clear from the allegations in the Amended Complaint that Plaintiffs have failed to allege any actionable "deception" here. Indeed, according to their own allegations, Plaintiffs were never "deceived" by

letters from the Landlord Defendants or the Attorney Defendants regarding rent that they allegedly owed—they disputed the amount owed at every turn. This means the requisite element of deception is missing, which is also fatal to Plaintiffs' GBL claim. *See Aguaiza v. Vantage Properties, LLC*, 2009 N.Y. Misc. LEXIS 5700, at *14-*26 (Sup. Ct. N.Y. May 21, 2009) ("It may be quite true that Plaintiffs were frustrated, aggravated, emotionally distressed and/or even fearful about Defendants' activities wrongly calling into question their non-violation of any substantial obligation of their leases, but they were not fooled."); *Varela v. Investors Ins. Holding Corp.*, 81 N.Y.2d 958, 961 (1993) ("Whether or not defendant's actions were proper, manifestly they did not . . . constitute 'deceptive acts' within the meaning of the statute.").[3]

To the extent that Plaintiffs now allege that "they overpaid more than $3,000 as a result of Defendants' misrepresentations" (Opp. at 12 (citing Am. Compl. at 4), there is no allegation regarding the Attorney Defendants with respect to any such overpayment, nor does the Amended Complaint contain even a single allegation specifically regarding the Attorney Defendants about such an alleged overpayment or claiming that they were in any way responsible for the same. In short, the Amended Complaint continues to fail to plead consumer-oriented conduct that affects the public at large, and contains no allegations that the Attorney Defendants "deceived" Plaintiffs in any way. The GBL § 349 claim should therefore be dismissed. *Aguaiza*, 2009 N.Y. Mist. LEXIS 5700, at *14-*26; *Varela*, 81 N.Y.2d at 961.[4]

---

[3] Plaintiffs are wrong that the requirement under GBL § 349 that Plaintiff has been "deceived" has been "superseded" by *Small v. Lorillard Tobacco Co.*, 720 N.E.2d 892, 897 (1997) (*see* Opp. at 11), which involved deception regarding the addictive qualities of tobacco and thus has no bearing here, and, in any event, the Court of Appeals there found that there was *no deception* regarding the purchase price of cigarettes, and thus no support for a GBL § 349 claim.

[4] Plaintiffs' citations of *Musah v. Houslanger & Assocs., PLLC*, 962 F. Supp. 2d 636, 639 (S.D.N.Y. 2013) and *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) are unavailing. In *Musah*, the plaintiff allegedly never even received notice of an assignment of a judgment against it in state court from the defendant, and thus there was a question of fact. 962 F.

***Second***, while Plaintiffs again argue that they have somehow adequately alleged a claim under N.Y. Judiciary Law § 487 (*see* June Opp. at 24-27), the Amended Complaint once again fails to state such a claim. As set forth in the Attorney Defendants' Motion (*see* Mot. at 21-23), the Amended Complaint does not plead this claim with any particularity (as it must) and, in fact, continues to make only two cursory descriptions of the statute itself (*see* Am. Compl. ¶¶ 151-152) rather than any "egregious conduct." Nor do the cases Plaintiffs cite support any even arguably analogous support for their inadequately pleaded claim.[5]

***Finally***, with respect to the gross negligence claim, the Opposition continues to ignore the fact that the Amended Complaint (despite an opportunity to amend) contains no allegation—none—that the Attorney Defendants engaged in "deliberate or callous indifference to the rights of [Plaintiffs]," *Deutsche Lufthansa AG v. Boeing Co.*, 2007 U.S. Dist. LEXIS 9519, at *7 (S.D.N.Y. Feb. 2, 2007), or conduct that "smacks of intentional wrongdoing." *Anwar v. Fairfield Greenwich Ltd.*, 728 F. Supp 2d 372, 432 (S.D.N.Y. 2010). The Amended Complaint alleges only that the

---

Supp. 2d at 639. There is no allegation here that Plaintiffs were not on notice of the allegedly wrongful debt collection action and did not have every opportunity to defend themselves therein. In *Securitron*, the defendant allegedly gave false information to "a regulatory agency primarily concerned with the safety of the public." 65 F.3d at 264. Although Plaintiffs state for the first time in their Opposition that Defendants "effectively defraud[ed] the government" (Opp. at 13), there are no such allegations (nor could there be) in the Amended Complaint, as the alleged conduct here involves a single transaction between a landlord and tenant, and nothing more.

[5] For example, *Diaz* involved "robosignings" by the defendant attorney (not alleged here), 2012 U.S. Dist. LEXIS 25802, at *44-*45, *Villalba* involved an attempt to "trick Plaintiff" regarding a *judgment* entered by the Housing Court (not alleged here), 2022 U.S. Dist. LEXIS 55076, at *58-*59 (E.D.N.Y. Mar. 28, 2022), and *Calixto* involved attorney defendants who had "knowledge that the [landlord] defendants had misrepresented the amount owed and misrepresented that the building was properly registered under rent stabilization laws" (not alleged here). 244 A.D.3d 674, 678 (2d Dep't 2025). Here, again, nothing is alleged beyond purported failure to conduct a "meaningful" assessment of the rent owed before engaging in their collection efforts (whatever that general and conclusory statement is supposed to mean), followed by agreements to put proceedings on hold and review records provided in support of Plaintiffs' position that they did not owe the portion of the rent at issue and subsequently a voluntary discontinuance of the action.

Attorney Defendants began collection efforts on behalf of the Landlord Defendants through the February 2025 Demand and subsequently brought the Petition (Am. Compl. ¶¶ 61-63), thereafter discontinuing the Petition following the provision of evidence that Plaintiffs had been overcharged on their rent (*see* Biging Decl. ¶ 4, Ex. 2). The Opposition does not cite any allegations in the Complaint that could possibly support their gross negligence claim, nor does it even address the cases cited in the Attorney Defendants' Motion.[6] Accordingly, as set forth in the Motion (*see* Mot. 23-25), the gross negligence claim against the Attorney Defendants should also be dismissed. *See Lane v. Fein, Such & Crane, LLP*, 767 F. Supp. 2d 382, 391-92 (E.D.N.Y. 2011); *Morgan Stanley & Co. v. Peak Ridge Master SPC Ltd.*, 930 F. Supp. 2d 532, 545 (S.D.N.Y. 2013).

**CONCLUSION**

For the foregoing reasons, Plaintiffs' Amended Complaint should be dismissed in its entirety with prejudice and without additional leave to replead.

Dated: August 20, 2026
New York, New York

**GOLDBERG SEGALLA LLP**

/s/ Peter J. Biging
Peter J. Biging
Andrew H. Reynard
711 Third Avenue
New York, New York 10017
pbiging@goldbergsegalla.com
areynard@goldbergsegalla.com

*Attorneys for the Attorney Defendants*

[6] Instead, the Opposition merely highlights that the allegations in the Amended Complaint amount only to a purported failure by the Attorney Defendants to "conduct[] a meaningful review" of Plaintiffs' rent ledger (Opp. at 21), but that by no means amounts to an "intentional misrepresentation," nor does it come close to alleging any such misrepresentation with sufficient particularity. Nor does *Wilson v. Selip & Stylanou, LLP*, 2026 U.S. Dist. LEXIS 66316 (S.D.N.Y. Mar. 27, 2026) aid Plaintiffs. There, the plaintiff alleged that "she was deceived by [defendant's] filing a false affidavit of service," *id.*, which is entirely inapplicable to the facts alleged here.