**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------x

DAMIAN BATISTA,
SANDRA BATISTA,

Plaintiffs,

-against-

EDELMAN SCHWARTZ PLLC,
ZEV SCHWARTZ,
1915 REALTY LLC,
PHELAN PLACE HOLDINGS LLC,
DK & CK MANAGEMENT CORP., and
DOVID KLEINER
aka DAVID KLEINER,
aka DAVID GREEN
aka DAVID DAVID;

Defendants.

---------------------------------------------------------x

Civil Action No. 1:26-cv-02557-JSR

**ANSWER WITH AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT OF DEFENDANTS EDELMAN SCHWARTZ PLLC AND ZEV SCHWARTZ**

Defendants EDELMAN SCHWARTZ PLLC and ZEV SCHWARTZ (hereinafter referred to as "Attorney Defendants"), by and through their undersigned counsel at Goldberg Segalla LLP, hereby file an answer to the First Amended Complaint of Plaintiffs DAMIAN BATISTA and SANDRA BATISTA (ECF No. 37), and assert the following affirmative defenses:

## ANSWER

## SUMMARY OF CLAIMS

Attorney Defendants aver that the allegations contained in the section titled "Summary of Claims" consist primarily of legal conclusions and Plaintiffs' characterization of the allegations in the Amended Complaint, to which no response is required. To the extent a response is required, the Attorney Defendants deny each and every allegation contained therein, except as expressly admitted in their responses to the numbered paragraphs below.

**AS TO THE "JURISDICTION AND VENUE"**

1. Attorney Defendants aver that the allegations set forth in paragraph 1 of the Amended Complaint amount to legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants do not contest subject-matter jurisdiction.

2. Attorney Defendants aver that the allegations set forth in paragraph 2 of the Amended Complaint amount to legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny that Plaintiffs are entitled to invoke supplemental jurisdiction under 28 U.S.C. §1367.

3. Attorney Defendants aver that the allegations set forth in paragraph 3 of the Amended Complaint amount to legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the availability of declaratory relief.

4. Attorney Defendants aver that the allegations set forth in paragraph 4 of the Amended Complaint amount to legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants do not contest venue.

**AS TO THE "PARTIES"**

5. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Amended Complaint.

7. Attorney Defendants deny the allegations set forth in paragraph 7 of the Amended Complaint, as stated, except admit that Edelman Schwartz PLLC is a professional limited liability company organized under the laws of the State of New York that engages in the practice of law in New York State.

8. Attorney Defendants deny the allegations set forth in paragraph 8 of the Amended Complaint, as stated, except admit that Edelman Schwartz PLLC represents landlords and owners in landlord-tenant proceedings, including nonpayment proceedings.

9. Attorney Defendants admit the allegations set forth in paragraph 9 of the Amended Complaint.

10. Attorney Defendants deny the allegations set forth in paragraph 10 of the Amended Complaint, as stated, except admit that Zev Schwartz, in his capacity representing landlord clients, has signed petitions in nonpayment proceedings, including the LT Petition in the underlying housing court proceeding concerning Plaintiffs.

11. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 of the Amended Complaint.

12. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Amended Complaint.

16. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Amended Complaint. To the extent a response is required, Attorney Defendants deny the allegations set forth in paragraph 16 of the Amended Complaint as stated.

17. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint. To the extent a response is required, Attorney Defendants deny the allegations set forth in paragraph 18 of the Amended Complaint as stated.

19. Attorney Defendants aver that the allegations set forth in paragraph 19 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations as stated, except admit that Edelman Schwartz PLLC and Zev Schwartz represented the Landlord Defendants in the underlying nonpayment proceeding.

## AS TO THE "FACTS"

### *"Mr. and Mrs. Batista's Rent-Stabilized Tenancy and Section 8 Subsidy"*

20. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Amended Complaint.

21. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Amended Complaint.

22. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint, and respectfully refer the Court to the 1915 Realty Rent bills for their complete and accurate content.

23. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24. Attorney Defendants aver that the allegations set forth in paragraph 24 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations as stated and respectfully refer the Court to the text of NYCHA's Section 8 program regulations for its complete and accurate meaning.

25. Attorney Defendants aver that the allegations set forth in paragraph 25 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations as stated and respectfully refer the Court to the text of NYCHA's Section 8 program regulations for its complete and accurate meaning.

26. Attorney Defendants aver that the allegations set forth in paragraph 26 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of NYCHA's Section 8 program regulations for its complete and accurate content and meaning.

27. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 27 of the Amended Complaint.

28. Attorney Defendants aver that the allegations set forth in paragraph 28 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of 24 C.F.R. §982.404 for its complete and accurate content and meaning.

29. Attorney Defendants aver that the allegations set forth in paragraph 29 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of 24 C.F.R. §982.404 for its complete and accurate content and meaning.

30. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31. Attorney Defendants aver that the allegations set forth in paragraph 31 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations as stated.

32. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 32 of the Amended Complaint.

33. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint, and respectfully refer the Court to the NYCHA Tenant Share Letters for their complete and accurate content.

34. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint, and respectfully refer the Court to the 1915 Realty Rent bills for their complete and accurate content.

35. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 35 of the Amended Complaint.

36. Attorney Defendants deny the allegations set forth in paragraph 36 of the Amended Complaint, as stated, and respectfully refer the Court to the Tenant Statement dated February 2, 2026 for its complete and accurate content.

37. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38. Attorney Defendants deny the allegations set forth in paragraph 38 of the Amended Complaint, as stated, and respectfully refer the Court to the Vacate Order dated December 11, 2023, for its complete and accurate content.

39. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 41 of the Amended Complaint.

42. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 42 of the Amended Complaint.

43. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 43 of the Amended Complaint.

44. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 44 of the Amended Complaint.

45. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 45 of the Amended Complaint.

46. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 46 of the Amended Complaint.

47. Attorney Defendants deny knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 47 of the Amended Complaint, and respectfully refer the Court to the Stipulation of Settlement dated February 12, 2025, for its complete and accurate content.

48. Attorney Defendants deny the allegations set forth in paragraph 48 of the Amended Complaint, as stated, and respectfully refer the Court to the LT Petition for its complete and accurate content.

49. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 49 of the Amended Complaint.

50. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 50 of the Amended Complaint. To the extent a response is required, Attorney Defendants deny the allegations set forth in paragraph 50, as stated.

***“Landlord Defendants Send Deceptive Rent Demands Seeking Money Not Owed by Mr. and Mrs. Batista”***

51. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 51 of the Amended Complaint.

52. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 52 of the Amended Complaint and respectfully refer the Court to the 1915 Realty Rent Bills for their complete and accurate contents.

53. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 53 of the Amended Complaint.

54. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 54 of the Amended Complaint.

55. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 55 of the Amended Complaint.

56. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the Amended Complaint.

57. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 57 of the Amended Complaint.

58. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 of the Amended Complaint and respectfully refer the Court to the deposition transcript of Kleiner for its complete and accurate content.

59. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 59 of the Amended Complaint and respectfully refer the Court to the deposition transcript of Mr. Kleiner for its complete and accurate content.

60. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 60 of the Amended Complaint.

61. Attorney Defendants deny the allegations set forth in paragraph 61 of the Amended Complaint, as stated, and respectfully refer the Court to the Fourteen-Day Rent Demand dated February 18, 2025, for its complete and accurate content.

62. Attorney Defendants deny the allegations set forth in paragraph 62 of the Amended Complaint, as stated, and respectfully refer the Court to the rent ledger for its complete and accurate content.

***"Defendants File a Lawsuit Seeking Rent Not Owed by Mr. and Mrs. Batista"***

63. Attorney Defendants deny the allegations set forth in paragraph 63 of the Amended Complaint, except admit that, on or about March 31, 2025, the Attorney Defendants commenced a nonpayment proceeding against Plaintiffs in Bronx County Housing Court captioned, *1915 Realty LLC v. Batista*, Index No. LT-310915-25/BX, and respectfully refer the Court to the LT Petition for its contents.

64. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 64 of the Amended Complaint. To the extent a

response is required, Attorney Defendants deny the allegations set forth in paragraph 64 of the Amended Complaint, as stated.

65. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 65 of the Amended Complaint.

66. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 of the Amended Complaint and respectfully refer the Court to the deposition transcript of Kleiner for its complete and accurate content.

67. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 67 of the Amended Complaint.

68. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 68 of the Amended Complaint, except admit that Attorney Defendants were provided with a rent ledger by their client.

69. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 69 of the Amended Complaint and respectfully refer the Court to the deposition transcript of Kleiner for its complete and accurate content.

70. Attorney Defendants deny the allegations set forth in paragraph 70 of the Amended Complaint, as stated, and respectfully refer the Court to the rent ledger for its complete and accurate content.

71. Attorney Defendants deny the allegations set forth in paragraph 71 of the Amended Complaint, as stated, and respectfully refer the Court to the rent ledger, NYCHA tenant share letters, and tenant statement, for their complete and accurate content.

72. Attorney Defendants deny the allegations set forth in paragraph 72 of the Amended Complaint, as stated, except admit that the petition sought the amounts stated therein and

respectfully refer the Court to the rent ledger, LT Petition, and tenant statement, for their complete and accurate content.

73. Attorney Defendants deny the allegations set forth in paragraph 73 of the Amended Complaint, as stated, and respectfully refer the Court to the rent demand, LT Petition, and tenant statement for their complete and accurate content.

74. Attorney Defendants aver that the allegations set forth in paragraph 74 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the LT Petition for its complete and accurate content.

75. Attorney Defendants aver that the allegations set forth in paragraph 75 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the LT Petition for its complete and accurate content.

76. Attorney Defendants aver that the allegations set forth in paragraph 76 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the rent ledger and LT Petition for their complete and accurate content.

77. Attorney Defendants deny the allegations set forth in paragraph 77 of the Amended Complaint, as stated, except admit that Defendant Zev Schwartz verified the petition and respectfully refer the Court to the LT Petition for its complete and accurate content.

78. Attorney Defendants deny the allegations set forth in paragraph 78 of the Amended Complaint, as stated.

79. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 of the Amended Complaint and respectfully refer the Court to the *Pro Se* Answer and Tenant Affirmation for their complete and accurate content.

80. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 80 of the Amended Complaint and respectfully refer the Court to the Tenant Affirmation for its complete and accurate content.

81. Attorney Defendants admit the allegations set forth in paragraph 81 of the Amended Complaint, and respectfully refer the Court to August 22, 2025 and October 24, 2025 orders for adjournment for their complete and accurate content.

82. Attorney Defendants deny the allegations set forth in paragraph 82 of the Amended Complaint, as stated, and respectfully refer the Court to the September 23, 2025 Email to Edelman Schwartz and September 26, 2025 Response from Zev Schwartz, for their complete and accurate content.

83. Attorney Defendants deny the allegations set forth in paragraph 83 of the Amended Complaint, as stated, and respectfully refer the Court to the October 1, 2025 Email to Edelman Schwartz for its complete and accurate content.

84. Attorney Defendants deny the allegations set forth in paragraph 84 of the Amended Complaint, as stated, and respectfully refer the Court to Plaintiffs' filed motion papers for an amended answer and summary judgment and/or dismissal, for their complete and accurate content.

85. Attorney Defendants deny the allegations set forth in paragraph 85 of the Amended Complaint, as stated, and respectfully refer the Court to the December 9, 2025 Stipulation for its complete and accurate content.

86. Attorney Defendants deny the allegations set forth in paragraph 86 of the Amended Complaint, as stated, and respectfully refer the Court to the December 12, 2025 Emails to Edelman Schwartz for its complete and accurate content.

87. Attorney Defendants deny the allegations set forth in paragraph 87 of the Amended Complaint, as stated, and respectfully refer the Court to the December 22, 2025 Stipulation for its complete and accurate content.

88. Attorney Defendants deny the allegations set forth in paragraph 88 of the Amended Complaint, as stated, and respectfully refer the Court to the February 3, 2026 Email to Edelman Schwartz and February 3, 2026 Response from Zev Schwartz, for their complete and accurate content.

89. Attorney Defendants admit the allegations set forth in paragraph 89 of the Amended Complaint, and respectfully refer the Court to the docket for its complete and accurate content.

90. Attorney Defendants deny the allegations set forth in paragraph 90 of the Amended Complaint, as stated, and respectfully refer the Court to the April 22, 2026 Stipulation of Discontinuance, for its complete and accurate content.

91. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 of the Amended Complaint.

***"Attorney Defendants' Pattern and Practice of Suing for Amounts Not Owed"***

92. Attorney Defendants deny the allegations set forth in paragraph 92 of the Amended Complaint.

93. Attorney Defendants deny the allegations set forth in paragraph 93 of the Amended Complaint.

94. Attorney Defendants deny the allegations set forth in paragraph 94 of the Amended Complaint.

95. Attorney Defendants deny the allegations set forth in paragraph 95 of the Amended Complaint.

96. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the number of proceedings referenced in paragraph 96 of the Amended Complaint and deny the characterization that any practice of the Attorney Defendants is "deceptive" or has affected or has the potential to affect "similarly situated consumers."

97. Attorney Defendants deny the allegations set forth in paragraph 97 of the Amended Complaint, as stated, and respectfully refer the Court to the Petitions referenced for their complete and accurate content.

98. Attorney Defendants deny the allegations set forth in paragraph 98 of the Amended Complaint, as stated, and respectfully refer the Court to the *Lucas* Petition for its complete and accurate content.

99. Attorney Defendants deny the allegations set forth in paragraph 99 of the Amended Complaint, as stated, and respectfully refer the Court to the *Lucas* Petition for its complete and accurate content.

100. Attorney Defendants deny the allegations set forth in paragraph 100 of the Amended Complaint, as stated, and respectfully refer the Court to the *Lucas* Petition for its complete and accurate content.

101. Attorney Defendants deny the allegations set forth in paragraph 101 of the Amended Complaint, as stated, and respectfully refer the Court to the *Lucas* Petition, for its complete and accurate content.

102. Attorney Defendants deny the allegations set forth in paragraph 102 of the Amended Complaint, as stated, and respectfully refer the Court to the *Lucas* Decision and Order dated January 25, 2023 for their complete and accurate content.

103. Attorney Defendants deny the allegations set forth in paragraph 103 of the Amended Complaint, as stated, and respectfully refer the Court to the *Mijares* Petition for its complete and accurate content.

104. Attorney Defendants deny the allegations set forth in paragraph 104 of the Amended Complaint, as stated, and respectfully refer the Court to the *Mijares* Petition for its complete and accurate content.

105. Attorney Defendants deny the allegations set forth in paragraph 105 of the Amended Complaint, as stated, and respectfully refer the Court to the *Mijares* Petition for its complete and accurate content.

106. Attorney Defendants deny the allegations set forth in paragraph 106 of the Amended Complaint, as stated, and respectfully refer the Court to the *Mijares* Petition for its complete and accurate content.

107. Attorney Defendants deny the allegations set forth in paragraph 107 of the Amended Complaint, as stated, and respectfully refer the Court to the *Mijares* Stipulation, dated June 29, 2023, for its complete and accurate content.

108. Attorney Defendants deny the allegations set forth in paragraph 108 of the Amended Complaint, as stated, and respectfully refer the Court to the *Martinez* Petition for its complete and accurate content.

109. Attorney Defendants deny the allegations set forth in paragraph 109 of the Amended Complaint, as stated, and respectfully refer the Court to the *Martinez* Petition for its complete and accurate content.

110. Attorney Defendants deny the allegations set forth in paragraph 110 of the Amended Complaint, as stated, and respectfully refer the Court to the *Martinez* Petition for its complete and accurate content.

111. Attorney Defendants deny the allegations set forth in paragraph 111 of the Amended Complaint, as stated, and respectfully refer the Court to the *Martinez* Petition for its complete and accurate content.

112. Attorney Defendants deny the allegations set forth in paragraph 112 of the Amended Complaint, as stated, and respectfully refer the Court to the *Martinez* Stipulation, dated April 10, 2025, for its complete and accurate content.

113. Attorney Defendants deny the allegations set forth in paragraph 113 of the Amended Complaint, as stated.

***"Defendants' Illegal Lawsuit Caused Mr. and Mrs. Batista to Lose Sleep and Even Jeopardized Their Health"***

114. Attorney Defendants aver that the allegations set forth in paragraph 114 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in paragraph 114 of the Amended Complaint.

115. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 115 of the Amended Complaint.

116. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 116 of the Amended Complaint.

117. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 117 of the Amended Complaint.

118. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 118 of the Amended Complaint.

119. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 119 of the Amended Complaint.

120. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 120 of the Amended Complaint.

121. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 121 of the Amended Complaint.

122. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 122 of the Amended Complaint.

123. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 123 of the Amended Complaint.

124. Attorney Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 of the Amended Complaint.

**AS TO THE FIRST CAUSE OF ACTION**
**(Violation of Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. against Attorney Defendants)**

125. In response to the allegations set forth in paragraph 125 of the Amended Complaint, Attorney Defendants reassert and reincorporate by reference their responses to paragraphs 1-124 above as if the same were set forth fully herein.

126. Attorney Defendants aver that the allegations set forth in paragraph 126 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is

required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of 15 U.S.C. §1692(e) for its complete and accurate meaning.

127. Attorney Defendants aver that the allegations set forth in paragraph 127 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of 15 U.S.C. §1692(e) for its complete and accurate content.

128. Attorney Defendants aver that the allegations set forth in paragraph 128 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 128 of the Amended Complaint.

129. Attorney Defendants aver that the allegations set forth in paragraph 129 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 129 of the Amended Complaint.

130. Attorney Defendants aver that the allegations set forth in paragraph 130 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 130 of the Amended Complaint .

131. Attorney Defendants deny the allegations set forth in paragraph 131 of the Amended Complaint.

132. Attorney Defendants deny the allegations set forth in paragraph 132 of the Amended Complaint.

133. Attorney Defendants aver that the allegations set forth in paragraph 133 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 133 of the Amended Complaint.

134. Attorney Defendants aver that the allegations set forth in paragraph 134 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 134 of the Amended Complaint.

135. Attorney Defendants aver that the allegations set forth in paragraph 135 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 135 of the Amended Complaint.

136. Attorney Defendants aver that the allegations set forth in paragraph 136 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 136 of the Amended Complaint.

**AS TO THE SECOND CAUSE OF ACTION**
**(Violation of New York General Business Law § 349 against All Defendants)**

137. In response to the allegations set forth in paragraph 137 of the Amended Complaint, Attorney Defendants reassert and reincorporate by reference their responses to paragraphs 1-136 above as if the same were set forth fully herein.

138. Attorney Defendants aver that the allegations set forth in paragraph 138 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is

required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of New York General Business Law §349 for its complete and accurate meaning.

139. Attorney Defendants deny the allegations set forth in paragraph 139 of the Amended Complaint.

140. Attorney Defendants deny the allegation set forth in paragraph 140 of the Amended Complaint.

141. Attorney Defendants deny the allegation set forth in paragraph 141 of the Amended Complaint.

142. Attorney Defendants deny the allegations set forth in paragraph 142 of the Amended Complaint.

143. Attorney Defendants deny the allegations set forth in paragraph 143 of the Amended Complaint.

144. Attorney Defendants aver that the allegations set forth in paragraph 144 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 144 of the Amended Complaint.

145. Attorney Defendants aver that the allegations set forth in paragraph 145 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 145 of the Amended Complaint.

146. Attorney Defendants aver that the allegations set forth in paragraph 146 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is

required, Attorney Defendants deny the allegations set forth in Paragraph 146 of the Amended Complaint.

147. Attorney Defendants aver that the allegations set forth in paragraph 147 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 147 of the Amended Complaint.

148. Attorney Defendants deny the allegations set forth in paragraph 148 of the Amended Complaint.

149. Attorney Defendants deny the allegations set forth in paragraph 149 of the Amended Complaint.

**AS TO THE THIRD CAUSE OF ACTION**
**(Violation of New York Judiciary Law § 487 against Attorney Defendants)**

150. In response to the allegations set forth in paragraph 150 of the Amended Complaint, Attorney Defendants reassert and reincorporate by reference their responses to paragraphs 1-149 above as if the same were set forth fully herein.

151. Attorney Defendants aver that the allegations set forth in paragraph 151 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of New York Judiciary Law §487 for its complete and accurate contents.

152. Attorney Defendants aver that the allegations set forth in paragraph 152 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations and respectfully refer the Court to the text of New York Judiciary Law §487 for its complete and accurate contents.

153. Attorney Defendants deny the allegations set forth in paragraph 153 of the Amended Complaint.

**AS TO THE FOURTH CAUSE OF ACTION**
**(Gross Negligence against All Defendants)**

154. In response to the allegations set forth in paragraph 154 of the Amended Complaint, Attorney Defendants reassert and reincorporate by reference their responses to paragraphs 1-153 above as if the same were set forth fully herein.

155. Attorney Defendants deny the allegation set forth in paragraph 155 of the Amended Complaint.

156. Attorney Defendants deny the allegation set forth in paragraph 156 of the Amended Complaint.

157. Attorney Defendants deny the allegations set forth in paragraph 157 of the Amended Complaint.

158. Attorney Defendants deny the allegations set forth in paragraph 158 of the Amended Complaint.

159. Attorney Defendants aver that the allegations set forth in paragraph 159 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 159 of the Amended Complaint.

160. Attorney Defendants aver that the allegations set forth in paragraph 160 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 160 of the Amended Complaint.

161. Attorney Defendants aver that the allegations set forth in paragraph 161 of the Amended Complaint contain legal conclusions to which no response is required. To the extent a response is required, Attorney Defendants deny the allegations set forth in Paragraph 161 of the Amended Complaint.

162. Attorney Defendants deny the allegation set forth in paragraph 162 of the Amended Complaint.

163. Attorney Defendants deny the allegation set forth in paragraph 163 of the Amended Complaint.

164. Attorney Defendants deny the allegation set forth in paragraph 164 of the Amended Complaint.

## **DEMAND FOR JURY TRIAL**

165. Attorney Defendants aver that the allegation set forth in paragraph 165 of the Amended Complaint sets forth Plaintiffs' demand for a jury trial, to which no response is required.

## **PRAYER FOR RELIEF**

Attorney Defendants deny that Plaintiffs are entitled to any of the relief requested with respect to the Counts I-IV, which name the Attorney Defendants.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' claims against the Attorney Defendants are barred, in whole or in part, for failure to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the applicable statutes of limitation, including, but not limited to the FDCPA's one-year limitations period set forth in 15 U.S.C. §1692k(d).

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs lack standing because they have not suffered an injury in fact sufficient to establish Article III standing.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent the Plaintiffs' FDCPA claim is dismissed or otherwise resolved, the Court should decline to exercise supplemental jurisdiction over any remaining state law claims pursuant to 28 U.S.C. §1367(c).

**FIFTH AFFIRMATIVE DEFENSE**

The Attorney Defendants did not engage in any conduct prohibited by the FDCPA, including any false, deceptive, or misleading representation, or any unfair or unconscionable act or practice.

**SIXTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state facts sufficient to establish a claim under New York General Business Law §349 against the Attorney Defendants.

**SEVENTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state facts sufficient to establish a claim under New York Judiciary Law §487 against the Attorney Defendants.

**EIGHTH AFFIRMATIVE DEFENSE**

The Amended Complaint fails to state facts sufficient to establish a claim for gross negligence against the Attorney Defendants.

**NINTH AFFIRMATIVE DEFENSE**

To the extent any violation of the FDCPA occurred, which is expressly denied, such violation resulted from a bona fide error notwithstanding reasonable procedures to avoid such error, pursuant to 15 U.S.C. §1692k(c).

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs have not sustained any actual damages recoverable from the Attorney Defendants, and any alleged harm is de minimis.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs are not entitled to treble, exemplary, or punitive damages.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' recovery is barred or reduced to the extent they failed to mitigate their alleged damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any alleged damages were caused, in whole or in part, by the conduct of persons or entities other than the Attorney Defendants, and any recovery must be apportioned accordingly.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

The Attorney Defendants reserve the right to assert additional affirmative defenses as may become available during the course of discovery or before trial.

Dated: October 13, 2026
New York, New York

**GOLDBERG SEGALLA LLP**

By: /s/ Andrew H. Reynard___________
Peter Biging, Esq.
Andrew Reynard, Esq.
711 3rd Avenue, Suite 1900,
New York, NY 10017
(646) 292-8796
pbiging@goldbergsegalla.com
areynard@goldbergsegalla.com
*Attorneys for Defendants Edelman Schwartz PLLC and Zev Schwartz*